April 21, 2022

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      *Flores* v. *The National Football League, et al.*, No. 22-cv-871-VEC

Dear Judge Caproni:

    Pursuant to the Court's Notice dated February 2, 2022 and its subsequent Order dated March 4, 2022, the parties write jointly in advance of the initial pretrial conference scheduled for April 29, 2022 at 11:00 a.m.  In addition, the parties submit the enclosed proposed civil case management plan and scheduling order for the Court's consideration.  The parties believe an initial pretrial conference will be helpful in resolving the disputes set forth therein, and have no objection to proceeding by teleconference.

**I.**   **Brief Description of the Case**

    **Plaintiffs' Position**:  Plaintiffs, on behalf of themselves and as Class Representatives for the proposed class, allege systemic race discrimination within the NFL with regard to hiring practices, termination practices and the terms and conditions of employment.  Plaintiffs individually and collectively allege that the NFL is/was their employer and/or prospective employer under all applicable laws.

    Plaintiff Brian Flores alleges (i) race discrimination with respect to the terms and conditions of employment and the termination of his employment by the Miami Dolphins ("Dolphins"), (ii) retaliatory termination by the Dolphins in violation of the Florida Private Whistleblower Statute, (iii) post-termination retaliation against the Dolphins with regard to, *inter alia*, refusal to comply with the termination provisions of his employment agreement and attempts to claw back previously paid compensation, (iv) discrimination in the hiring process and/or discriminatory failure to hire by the New York Giants, (v) retaliation against the Houston Texans for disparate treatment in the hiring process and failure to hire due to the pending litigation and related protected activity, and (vi) discrimination against the Denver Broncos for disparate treatment in the hiring process and failure to hire.

    Plaintiff Steve Wilks alleges race discrimination claims against the Arizona Cardinals.  Mr. Wilks claims, *inter alia*, that he was subjected to disparate terms and conditions of employment and discriminatory termination.  Mr. Wilks alleges that he was hired as a "bridge coach," was not given a legitimate opportunity to succeed and was terminated after just one year as Head Coach.  Mr. Wilks alleges that, at the same time he was subjected to disparate treatment, the Cardinals provided substantial leeway and opportunities to similarly situation white colleagues.

Plaintiff Ray Horton alleges race discrimination claims against the Tennessee Titans. Mr. Horton claims, *inter alia*, that he was subjected to discrimination in the hiring process and/or discriminatory failure to hire. Specifically, Mr. Horton alleges that (i) he was subjected to a sham Head Coach interview and that the Titans did not hire him due to his race; (ii) the Head Coach the Titans hired, Mike Mularkey, has publicly admitted in a recorded interview that he was told he had been offered the Head Coach job before Mr. Horton had been interviewed, and (iii) the Titans only went forward with minority candidate interviews to appear to provide opportunities to minority candidates and/or comply with an NFL policy known as the Rooney Rule.

Plaintiffs will also be asserting claims under Title VII of the Civil Rights Act of 1964 following issuance of a Notice to Right to Sue or other conclusion of the Charge of Discrimination to be submitted to the Equal Employment Opportunity Commission.

Plaintiffs assert that any effort on the part of Defendants to compel any part or all of this case to arbitration would be futile. Plaintiffs further assert that their pleading is sufficient with respect to all causes of action and as against all Defendants, including the NFL, which Plaintiffs adequately allege was an employer for the purposes of the state and local anti-discrimination laws. Furthermore, this Court has jurisdiction over all Defendants and is the appropriate venue for the litigation Plaintiffs' claims and those of the putative class. In addition, to the extent that the statute of limitations on any claim has passed, Plaintiffs submit that equitable tolling is applicable to revive any such claim.

**Defendants' Position**: Plaintiff Brian Flores, former head coach of the Miami Dolphins and current senior defensive assistant and linebackers coach for the Pittsburgh Steelers, filed this putative class action on February 1, 2022 against the NFL and its Member Clubs the Dolphins, the New York Giants, and the Denver Broncos following his termination by the Dolphins. The Amended Complaint, filed on April 7, 2022, adds two more plaintiffs—Steve Wilks, former head coach of the Arizona Cardinals (and current defensive passing game coordinator and secondary coach for the Carolina Panthers), and Ray Horton, former defensive coordinator of the Tennessee Titans—and names as additional defendants the Cardinals, the Titans, and the Houston Texans.

Mr. Flores alleges that the Dolphins terminated him because he refused purported requests by Club management to intentionally lose games and to violate the NFL's anti-tampering rules. Mr. Flores also alleges—based on an ambiguous text message from a coach of another team—that the Giants, which courted him for weeks, supposedly had no intention of hiring him when they interviewed him for their head coach position. Mr. Flores contends that the Giants subjected him to a "sham" interview solely to comply with the NFL's "Rooney Rule," a longstanding policy that requires Clubs to interview minority candidates for head coach and other leadership positions. Mr. Flores alleges that the Broncos subjected him to a similar "sham" interview for their head coach position over three years ago. In the Amended Complaint, Mr. Flores now also alleges that the Texans refused to hire him as their head coach during the most recent hiring cycle—instead selecting another Black candidate—in retaliation for his filing of this lawsuit; he alleges

that the Dolphins also retaliated against him by, among other things, withholding severance payments he believes he is owed.

Mr. Wilks alleges that the Cardinals unfairly terminated him in 2018, after one season as their head coach. Mr. Horton alleges that the Titans interviewed him for their head coach position over six years ago, in 2016, without a genuine intent to hire him.

Plaintiffs purport to assert claims for discrimination and retaliation under 42 U.S.C. § 1981, New York State and New York City law, New Jersey law, and the Florida Private Whistleblower Statute.

Defendants deny the allegations in this lawsuit. Defendants have not discriminated against Plaintiffs (or the Black coaches and general managers they purport to represent) on the basis of their race, nor have Defendants retaliated against Mr. Flores for filing this lawsuit.

Indeed, there are numerous defenses to Plaintiffs' claims. As a threshold matter, Plaintiffs must arbitrate their claims, pursuant to their employment agreements with the Clubs and the NFL Constitution and Bylaws, which their employment agreements expressly incorporate and by which Plaintiffs agreed to be bound. The Dolphins already noticed for arbitration Mr. Flores's claims in this action and his related demand for severance payments.

Even if Plaintiffs could proceed in this Court, their claims lack legal merit under the relevant statutes and fail to state a viable cause of action for several reasons. For example, to prevail on their Section 1981 claims, Plaintiffs must plead and prove but-for causation: that is, Plaintiffs must plausibly allege that they would not have experienced the alleged adverse employment actions if they were not Black. *See Comcast Corp.* v. *Nat'l Assoc. of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). None of Plaintiffs' allegations plausibly supports such a conclusion—and Plaintiffs will not be able to prove that element at trial—for the simple reason that race played no role in the employment decisions challenged here. Plaintiffs do not plausibly allege otherwise. Mr. Flores himself alleges that he was terminated by the Dolphins for reasons plainly unrelated to his race, including his alleged refusal to intentionally lose games or to violate NFL rules. The Section 1981 claims against the NFL separately fail because Plaintiffs do not identify any statutorily protected right that was impaired by the NFL's conduct.

Plaintiffs' claims under state and local law fail for similar reasons. The substantive standards for Plaintiffs' claims under New York State, New York City, and New Jersey law largely track the *McDonnell Douglas* framework under Title VII, and there are numerous reasons why the Amended Complaint does not satisfy those standards. To start, the NFL is not and has never been Plaintiffs' employer under the relevant statutes (notwithstanding Plaintiffs' conclusory assertions to the contrary), so as a matter of law it is not subject to liability for the actions challenged here. As to the other Defendants, Plaintiffs do not plausibly allege, and cannot prove, that race was a motivating factor in any of the adverse employment actions taken against them. They do not identify any particular employment practice that is causing a disparate impact on Black coaches or

Hon. Valerie E. Caproni                                                                                                    4

coaching candidates. Nor have they identified a pervasive policy of intentional discrimination across the Clubs that would give rise to pattern-or-practice liability (because there is none). To the contrary, each challenged decision was made by different actors at different Clubs on different (non-race-related) grounds—which also precludes class certification. Mr. Flores's claims under Florida's whistleblower statute likewise fail because he does not adequately identify any statutorily protected activity, or plausibly allege a causal connection between that activity and the allegedly retaliatory actions.

Defendants plan to assert multiple other defenses to Plaintiffs' claims, including potential jurisdictional, venue, and statute-of-limitations defenses.

## II.   Contemplated Motions

**Plaintiffs' Position**: Plaintiffs will oppose Defendants' anticipated motion to compel arbitration and/or dismiss the case. Given the basis for these proposed motions, and as noted in the parties proposed case management plain, Plaintiffs believe that certain discovery is necessary prior to the disposition of Defendants' proposed motion. In particular, Plaintiffs seek discovery related to, *inter alia*: (i) arbitrator bias; (ii) the arbitration process, *e.g.*, will Plaintiffs have a process similar to those they would have in Court to ensure that they are able to effectively vindicate their statutory rights; (iii) jurisdiction and/or venue issues in connection with any claim that any Defendant or claim is not properly brought in this Court; and (iv) issues related to equitable tolling in connection with the claims brought by Plaintiff Ray Horton. As such, Plaintiffs intend to oppose any motion for a stay.

Plaintiff intends to file a motion for class certification following the close of discovery.

**Defendants' Position**: Based on the defenses described above, Defendants intend to file a motion to compel arbitration of Plaintiffs' claims or, in the alternative, dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. One or more Defendants may also file motions based on improper venue and/or lack of personal jurisdiction. Pursuant to the parties' stipulation dated April 18, 2022, Defendants will file their motions on June 21, 2022.

If Plaintiffs serve discovery requests before those motions are decided, Defendants also intend to seek a stay of discovery pending resolution of those motions. In the interest of judicial economy, and to conserve the resources of the parties, "a motion to stay discovery pending a motion to compel arbitration . . . should be granted absent compelling reasons to deny it." *Ahmad* v. *Day*, No. 20-cv-4507, 2021 U.S. Dist. LEXIS 32401, at *3 (S.D.N.Y. Feb. 22, 2021). This is especially so here, where the issue of arbitrability can be decided based solely on the relevant employment agreements and the NFL Constitution and Bylaws—all of which Plaintiffs expressly incorporate into their Amended Complaint—and thus requires no discovery to resolve. *See Nicosia* v. *Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) ("[W]hen it is apparent—on the face of the complaint and documents properly incorporated therein—that claims are subject to arbitration, a district court may dismiss in favor of arbitration without the delay of

[engaging in] discovery."). Plaintiffs' proposed discovery into the bases for the jurisdictional, venue, and statutes-of-limitations defenses anticipated by Plaintiffs is also unwarranted, where all of those issues can likewise be fully resolved based on Plaintiffs' pleadings and incorporated documents.

### III.    Subject-Matter Jurisdiction

The parties agree that this Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367.

### IV.    Prospect for Settlement

**Plaintiffs' Position**: Plaintiffs have proposed mediation before and with the assistance of a neutral third party, including retired federal judges and respected members of the legal and civil rights community. Plaintiffs have expressed a desire, at such mediation, to discuss meaningful measures the NFL can take to address what the NFL has admitted is a "double standard" for Black coaches and executives and what the NFL has admitted is an "unacceptable" under-representation of persons of color in such positions. Plaintiffs have offered to provide the NFL exactly what they have requested; namely, to speak directly to Black coaches and executives and hear about their experiences in their efforts to improve diversity and inclusion. Defendants have declined Plaintiffs' request to mediate.

**Defendants' Position**: Defendants are engaged in ongoing efforts to improve diversity among coaches and staff, and would welcome the involvement of Plaintiffs and other Black coaches and executives in those efforts. However, Defendants believe that the claims asserted in this lawsuit are without merit as a matter of law, and intend to vigorously defend against them. Defendants remain open to productive discussions but do not believe there is a likelihood of settlement in the near future.

Respectfully submitted,

| WIGDOR LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|---|---|
| By: _/s/ Douglas H. Wigdor_ <br> Douglas H. Wigdor <br> Michael J. Willemin <br> David E. Gottlieb <br> 85 Fifth Avenue <br> New York, NY 10003 <br> (212) 257-6800 <br><br> *Attorneys for Plaintiffs* | By: _/s/ Loretta E. Lynch_ <br> Loretta E. Lynch <br> Brad S. Karp <br> Lynn B. Bayard <br> Brette Tannenbaum <br> 1285 Avenue of the Americas <br> New York, NY 10019 <br> (212) 373-3000 <br><br> *Attorneys for Defendants* |

Hon. Valerie E. Caproni 6

ELEFTERAKIS, ELEFTERAKIS &
PANEK

By: _____*/s/ John Elefterakis*_____
John Elefterakis
Nicholas Elefterakis
Raymond Panek
Johnson Atkinson
80 Pine Street
New York, NY 10005
(212) 532-1116

*Attorneys for Plaintiffs*