UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN FLORES, STEVE WILKS and RAY HORTON,
as Class Representatives, on behalf of themselves and all
others similarly situated,

                         Plaintiffs,

                         -v-

THE NATIONAL FOOTBALL LEAGUE; NEW YORK
FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS;
MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS;
DENVER BRONCOS FOOTBALL CLUB d/b/a
DENVER BRONCOS; HOUSTON NFL HOLDINGS,
L.P. d/b/a HOUSTON TEXANS; ARIZONA
CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA
CARDINALS; TENNESSEE TITANS
ENTERTAINMENT, INC. d/b/a TENNESSEE TITANS
and JOHN DOE TEAMS 1 through 26,

                         Defendants.

1:22-cv-00871 (VEC)

**[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent_____ / do not consent __**X**__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2.     Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), additional amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

    **Plaintiffs' Position:** Plaintiffs respectfully submit that they are entitled to file a Second Amended Complaint, if necessary, following receipt of any motion to dismiss and/or to compel arbitration. Two of the three Plaintiffs have not yet amended their claims and claims against new Defendants also have not been amended.

**Defendants' Position:** Pursuant to the Court's March 4, 2022 Order, Plaintiffs filed their Amended Complaint on April 7, 2022. Under Fed. R. Civ. P. 15(a)(1), Plaintiffs are entitled to amend their complaint only once as of right, regardless of whether new parties or claims have been added to the case. Accordingly, it is Defendants' position that Plaintiffs may further amend their complaint only with Defendants' consent or with leave of Court. Defendants would oppose any request by Plaintiffs for leave to file a second amended complaint.

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

    **Plaintiffs' Position:** Plaintiffs believe that Initial Disclosures should be completed no later than May 13, 2022. Plaintiffs also believe that in addition to the information required by Fed. R. Civ. P. 26(a)(1), Initial Disclosures should include disclosure by each party (i) custodians likely to have discoverable information on electronic platforms, (ii) the electronic platforms (i.e. email systems, electronic storage systems, content management systems, social media platforms, hard drives, share drives, devices) likely to contain discoverable information, and (iii) confirmation that document preservation and litigation holds have been put in place with respect to each such custodian and electronic platform.

    **Defendants' Position:** As noted in the parties' joint letter, Defendants intend to file a motion to compel arbitration of Plaintiffs' claims or, in the alternative, dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Given that the Court's rulings on these motions will address whether this case remains in federal court and, if it does, the scope of relevant discovery, Defendants believe that the deadlines to serve initial disclosures should be 21 days after the Court rules on those motions. If the Court is inclined to set a deadline for the exchange of initial disclosures in advance of ruling on those motions, Defendants believe that the scope of those disclosures should not exceed what is expressly contemplated under Fed. R. Civ. P. 26(a)(1).

4. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

    **Plaintiffs' Position:** To the extent records protected by HIPAA are requested by Defendants and are discoverable, Plaintiffs will meet and confer with Defendants regarding the form and manner of such production within 30 days of the commencement of full discovery. Plaintiffs reserve rights to obtain such records and produce such records in a form and manner which appropriately protects the confidentiality and/or potential privileges of such material.

    **Defendants' Position:** As described in paragraph 8 below, Defendants believe that discovery should be stayed until after their forthcoming motions to compel arbitration and to dismiss are resolved. Defendants do not otherwise object to Plaintiffs' proposed schedule described above, but reserve the right to seek any discoverable medical records

directly from Plaintiffs' providers upon receipt of HIPAA-compliant medical records release authorizations.

5. Discovery

   a. All fact discovery shall be completed no later than _____. [*A date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   **Plaintiffs' Position:** As described in paragraph 8 below, Plaintiffs believe that certain discovery is necessary prior to the disposition of Defendants' proposed motion to dismiss and/or compel arbitration. Plaintiffs propose a period of 60 days to complete any discovery related to Defendants' anticipated motions. Plaintiffs further propose a nine-month discovery schedule after the Court rules on any motions.

   **Defendants' Position:** As described in paragraph 8 below, Defendants believe that all discovery should be stayed until after their forthcoming motions to compel arbitration and to dismiss are resolved. Defendants dispute that any discovery is necessary for Plaintiffs to oppose, or for the Court to rule on, those motions. Defendants otherwise agree with Plaintiffs' proposal that fact discovery be completed within nine months after the Court's rulings on those motions.

   b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than <u>90 days after the deadline to complete fact discovery in Paragraph 5(a)</u>. [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).*]

   c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

   d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   _____   Immediate referral to the District's Mediation Program

   _____   Immediate referral to a Magistrate Judge

|  | Referral to the District's Mediation Program after the close of fact discovery |
|---|---|
|  | Referral to a Magistrate Judge after the close of fact discovery |
|  | Other |
| **X** | The parties do not believe the listed mechanisms would be productive at this time. |

7. This case [is_____ / is not_____] to be tried to a jury.

   **Plaintiffs' Position:** This case is to be tried by a jury.

   **Defendants' Position:** As Defendants explain in the parties' joint letter, this case should be in arbitration.

8. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   **Plaintiffs' Position:** As noted above, Plaintiffs believe that certain discovery is necessary prior to the disposition of any motion to dismiss and/or compel arbitration. In particular, Plaintiffs seek discovery related to, *inter alia*: (i) arbitrator bias; (ii) the arbitration process, *e.g.*, will Plaintiffs have a process similar to those they would have in Court to ensure that they are able to effectively vindicate their statutory rights; (iii) jurisdiction and/or venue issues in connection with any claim that any Defendant or claim is not properly brought in this Court; and (iv) issues related to equitable tolling in connection with the claims brought by Plaintiff Ray Horton.

   Plaintiffs' response to Defendants' proposed motions is contained in paragraph __ of the joint letter submitted by the parties along with this proposed case management plan.

   **Defendants' Position:** As noted in the parties' joint letter, Defendants intend to file a motion to compel arbitration of Plaintiffs' claims or, in the alternative, dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Given that the Court's rulings on these motions will address whether this case remains in federal court and, if it does, the scope of relevant discovery, Defendants believe—in the interest of judicial economy, and to conserve the parties' resources—that discovery should be stayed until after these motions are resolved.

   Defendants further believe that the discovery Plaintiffs seek is not appropriate at this juncture, or necessary in order for Plaintiffs to oppose—or for the Court to resolve—Defendants' motions. Plaintiffs' proposed discovery into arbitration-related issues is unwarranted here, where the arbitrability of the dispute can be decided based solely on Plaintiffs' allegations and the documents expressly incorporated into the Amended Complaint, including Plaintiffs' employment agreements and the NFL Constitution and Bylaws. Plaintiffs' proposed discovery into the bases for the jurisdictional, venue, and statutes-of-limitations defenses anticipated by Plaintiffs is also unnecessary, where all of

4

those issues can likewise be fully resolved based on Plaintiffs' pleadings and incorporated documents. In all events, Plaintiffs' discovery requests are also premature, given that Defendants have yet to file their motions; Plaintiffs' claimed need for such discovery is thus wholly speculative.

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for _____ at _____ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a. a statement of all existing deadlines, due dates, and/or cut-off dates;

    b. a brief description of any outstanding motions;

    c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

    g. any other issue that the parties would like to address at the pretrial conference; and

    h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

| | |
|---|---|
| WIGDOR LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| By: _____/s/ Douglas H. Wigdor_____<br>Douglas H. Wigdor<br>Michael J. Willemin<br>David E. Gottlieb<br>85 Fifth Avenue<br>New York, NY 10003<br>(212) 257-6800<br><br>*Attorneys for Plaintiffs* | By: _____*/s/ Loretta E. Lynch*_____<br>Loretta E. Lynch<br>Brad S. Karp<br>Lynn B. Bayard<br>Brette Tannenbaum<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000<br><br>*Attorneys for Defendants* |
| ELEFTERAKIS, ELEFTERAKIS & PANEK | |
| By: _____*/s/ John Elefterakis*_____<br>John Elefterakis<br>Nicholas Elefterakis<br>Raymond Panek<br>Johnson Atkinson<br>80 Pine Street<br>New York, NY 10005<br>(212) 532-1116<br><br>*Attorneys for Plaintiffs* | |

**SO ORDERED.**

**Date:** _____
      **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**