PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3118

WRITER'S DIRECT FACSIMILE

(212) 492-0118

WRITER'S DIRECT E-MAIL ADDRESS

lelynch@paulweiss.com

June 21, 2022

BY ELECTRONIC FILING

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      *Flores, et al.* v. *The National Football League, et al.*, No. 22-cv-871-VEC

Dear Judge Caproni:

      Pursuant to Rule 5.B(ii) of Your Honor's Individual Practices in Civil Cases, I write on behalf of Defendants in the above-captioned matter to request leave to file in redacted form Exhibits 2 through 7 to the Declaration of Dolores F. DiBella in Support of Defendants' Motion to Compel Arbitration and Stay Further Proceedings (the "DiBella Declaration"). These exhibits consist of the relevant excerpts from Plaintiffs' employment agreements, which include the specific provisions—including the arbitration provisions—that Defendants rely upon in their motion. Defendants seek leave to redact the surrounding provisions included in these excerpts. We understand that Plaintiffs oppose the proposed redactions, except with respect to personal contact information and information related to Plaintiffs' compensation.

      Defendants seek to redact the provisions at issue on the ground that they are not relevant to the issues raised in their motion. Under Second Circuit law, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed in the matters before them. *Geller* v. *Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Here, the public interest in "monitoring the federal courts" is already satisfied because the publicly filed excerpts will include all contract provisions that are relevant to the adjudication of Defendants' motion. *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Under such circumstances, it is fully within the Court's discretion to permit the other, non-relevant provisions to remain redacted. *See Torain* v. *Clear Channel Broad.*,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

*Inc.*, 651 F. Supp. 2d 125, 131 n.2 (S.D.N.Y. 2009) (permitting employment agreement to be filed under seal where "[a]ll of the contractual provisions relied upon by the parties . . . [were] quoted in the parties' submissions and [were] therefore incorporated in the . . . record").

As a separate and additional basis for redaction, the redacted provisions contain confidential and proprietary business and employment information, which federal courts have repeatedly recognized as a legitimate basis for redaction or sealing. *See, e.g.*, *Hanks* v. *Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020); *Oliver Wyman, Inc.* v. *Eielson*, 282 F. Supp. 3d 684, 706–07 (S.D.N.Y. 2017); *Avocent Redmond Corp.* v. *Raritan Ams., Inc.*, No. 10-cv-6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012). Indeed, courts in this Circuit routinely permit parties to file employment agreements in redacted form or under seal. *See, e.g.*, *SEC* v. *Ahmed*, No. 15-cv-675, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018); *Kelly* v. *Evolution Mkts., Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009); *Torain*, 651 F. Supp. 2d at 131 n.2.

The same result should follow here. The excerpted agreements are confidential employment agreements that contain proprietary and sensitive information relating to the terms of employment between certain of the NFL's member clubs and their coaches, including terms relating to compensation and coaching responsibilities. Those agreements are not generally available to the public or other NFL member clubs or coaches, and they all contain broad confidentiality provisions prohibiting the disclosure of their terms. *See* Flores-Dolphins Agreement ¶ 14 (Ex. 2); Flores-Patriots Agreement ¶ 12(A)–(B) (Ex. 3); Flores-Steelers Agreement ¶ 7 (Ex. 4); Wilks-Cardinals Agreement ¶ 6(a) (Ex. 5); Wilks-Panthers Agreement ¶ 14 (Ex. 6); Horton-Titans Agreement ¶ 3(a), (d) (Ex. 7); *Kelly*, 626 F. Supp. 2d at 377 (permitting employment agreement that was confidential "by its express terms" to be filed under seal); *see also DiRussa* v. *Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826–28 (2d Cir. 1997); *Torain*, 651 F. Supp. 2d at 131 n.2. Disclosure of the non-relevant terms of these agreements would thus place the member clubs at a competitive disadvantage to rival clubs who compete for the same coaching candidates. Disclosure would equally disadvantage Plaintiffs, as coaches and coaching candidates, in their potential negotiations and dealings with other clubs.

In addition, some of these agreements—in particular, Plaintiff Brian Flores's agreements with the New England Patriots and the Pittsburgh Steelers and Plaintiff Steve Wilks's agreement with the Carolina Panthers—involve clubs who are not named parties to this litigation and whose privacy interests should "weigh heavily" against disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation omitted); *see Statoil (Nigeria) Ltd.* v. *Nigerian Nat'l Petroleum Corp.*, No. 18-cv-2392, 2020 WL 3170566, at *1 (S.D.N.Y. June 15, 2020) (granting request to redact third-party information); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (same).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

      For these reasons, Defendants respectfully request that the Court enter an order (i) granting leave for Defendants to file in redacted form Exhibits 2 through 7 to the DiBella Declaration, and (ii) prohibiting Plaintiffs from publicly filing any other versions of the employment agreements excerpted in those exhibits.

      Respectfully submitted,

      /s/ Loretta E. Lynch
      Loretta E. Lynch

cc:    Counsel of Record (via electronic filing)