# EXHIBIT 2

## EMPLOYMENT AGREEMENT

**THIS AGREEMENT** (this "Agreement") is made and entered into this 4th day of February 2019 (the "Effective Date"), by and between the **MIAMI DOLPHINS, LTD.**, a Florida limited partnership existing under the laws of the State of Florida (the "Club"), and **BRIAN FLORES** an individual ("Employee").

**WHEREAS,** the Club owns and operates a professional football team known as the Miami Dolphins and is a member club of the National Football League ("NFL"); and

**WHEREAS,** the Club desires to employ Employee, and Employee desires to be employed by Employer, on the terms and conditions set forth herein;

**NOW, THEREFORE,** for good and sufficient consideration, receipt of which is hereby acknowledged, the respective parties contract and agree as follows:

1. **EMPLOYMENT.**

The Club hereby employs Employee as the Head Coach of the Miami Dolphins professional football team during the Term (as defined below), and Employee hereby accepts such employment, on the terms and conditions set forth herein, including, but not limited to, performing the duties set forth in Paragraph 4 below. Employee will report directly to the Club's General Manager, currently Chris Grier (the "Club Designee"), or such other Club Designee as may be designated by the Club's Managing General Partner/Principal Owner, currently Stephen M. Ross (the "Owner"), from time to time.

2. **TERM.**

2.1   The period of Employee's employment hereunder shall commence as of the Effective Date and end on the later of (x) January 31, 2024 and (y) five days following the playing of the Miami Dolphins' last game, including post-season games, of the 2023/2024 NFL season (the "Expiration Date"), unless terminated earlier pursuant to this Agreement (the "Term"). As used herein, the term "Contract Year" shall mean the period from February 1 of a year of the Term to January 31 of the following year; provided that the first Contract Year shall commence on the Effective Date and end on January 31, 2020.

2.2   Notwithstanding the foregoing, the parties recognize that this is a contract for personal services and that Employee's employment hereunder may be terminated by either party at any time, subject to the terms hereof.





## 7. NFL CONSTITUTION, BYLAWS AND RULES AND REGULATIONS.

7.1 Employee has reviewed, understands, and agrees to comply at all times with, and to be bound by, the Constitution, Bylaws and the Rules and Regulations of the NFL (as they now exist or as they may be amended), which are hereby made a part of this Agreement, as well as the decisions of the Commissioner of the NFL (the "Commissioner"), including, but not limited to, decisions construing or interpreting this Agreement (collectively, the "NFL Rules"), which decisions shall be final, conclusive and non-appealable, unless the NFL Rules or this Agreement provide otherwise.

7.2 In turn, each party hereto agrees that if it is involved or affected in any manner by a decision of the Commissioner pursuant to Paragraph 7.1 above, it will waive, release and discharge, and by these presents does forever waive, release and discharge the Commissioner individually or in his official capacity, the NFL, any league in which the Club may hereinafter become a member, each of its subsidiaries, affiliates and member clubs, and each of their respective owners, stockholders, directors, officers or employees of corporate member clubs, or individual holders (whether partners, joint ventures, proprietors or otherwise) of any interest in a member club, in their individual and representative capacities, from any and all claims, demands, suits, losses, damages, liabilities, actions and/or causes of action arising out of, relating to or in any way connected to any decision of the Commissioner (whether in connection with a dispute involving Employee and the Club or otherwise) that involves or in any way affects Employee, except to the extent of award made to Employee by the Commissioner.

7.3 Each party hereto further agrees that any award or finding made by the Commissioner, acting under provisions of the Constitution, Bylaws and Rules and Regulations of the NFL, shall in all respects be well and faithfully kept and observed and may be enforced by judgment of a court of competent jurisdiction.





## 12. COMMISSIONER'S AUTHORITY TO ARBITRATE DISPUTES.

12.1   Employee agrees to comply at all times with, and to be bound by, the Constitution and By-Laws and rules, regulations and policies of the NFL, in their present form and as amended from time to time hereafter, which are hereby made a part of this Agreement and by the decisions of the Commissioner thereof. Employee hereby acknowledges that Employee has read the Constitution and By-Laws and rules, regulations and policies of the NFL, and understands their meaning.

12.2   Employee and the Club agree that all matters in dispute between Employee and the Club, including, without limitation, any dispute arising from the terms of this Agreement, Employee's employment with the Club, or otherwise, shall be referred to the Commissioner of the NFL for binding arbitration in accordance with the NFL's Dispute Resolution Procedural Guidelines (attached to this Agreement as Exhibit A).

12.3   Employee and the Club, if involved or affected in any manner by a decision of the Commissioner, hereby release and discharge the Commissioner, the NFL and any league in which Club may hereafter become a member, each of its subsidiaries, affiliates and member clubs, and each of their respective owners, directors, stockholders, partners, officers, employees, agents and holders of an interest therein, and all of them, in their individual and representative capacities, from any and all claims, demands, suits, losses, damages, liabilities, actions and/or causes of action arising out of, relating to or in any way connected with any decision of the Commissioner (whether in connection with a dispute involving Employee and Club or otherwise) that involves or in any way affects Employee, except to the extent of awards made to Employee by the Commissioner.

12.4   Employee and the Club agree that the purpose of this Paragraph 12 and Exhibit A is to ensure that any and all disputes that may arise between the Club and Employee will be resolved through binding, conclusive arbitration as opposed to court or administrative litigation. If any portion or aspect of this provision of this Agreement is found to be unenforceable for any reason, in whole, or in part, the parties agree that the unenforceable portion or aspect of this Agreement will be severed and the remainder of the provision, including the agreement to submit to binding arbitration, will remain valid and in effect.







**IN WITNESS WHEREOF,** the parties have executed this Agreement on the day and year first above written.

**MIAMI DOLPHINS, LTD.,**
a Florida limited partnership

_____
Chris Grier
General Manager


**EMPLOYEE:**

_____
Brian Flores


APPROVED:


Approved by Commissioner Goodell          May 1, 2019
_____          _____
ROGER GOODELL, Commissioner              Date
National Football League

## EXHIBIT A

## NATIONAL FOOTBALL LEAGUE
## DISPUTE RESOLUTION
## PROCEDURAL GUIDELINES

1.  *Certification of Dispute for Arbitration.*

    1.1   A party wishing to certify a dispute for arbitration (the "Claimant") shall send the Commissioner a written request asking him to hear and decide the matter, with a copy of the request to all other directly affected persons (the "Respondents").

    1.2   The request for arbitration shall contain a description of the claim, the facts supporting it, and the relief or remedy sought, including any amounts claimed.

    1.3   Within 20 days after receipt of the request for arbitration, any Respondent shall deliver to the Commissioner, with a copy to all directly affected persons, a written statement of the general nature of the defense, and may also include a description of additional facts relevant to the dispute.

    1.4   The Respondent may include in its statement any setoffs, counterclaims or third-party claims related to the request for arbitration, along with the information required in Section 1.2 above. If a counterclaim or third party claim is asserted, the Claimant or third party claim Respondent shall reply within 20 days after receipt of the counterclaim or third-party claim in accordance with Section 1.3.

    1.5   Upon receiving the request for arbitration and any response, the Commissioner shall determine whether the dispute is football-oriented (defined as a dispute relating to or arising out of the Constitution and Bylaws of the National Football League, or any NFL or Club policies, rules or regulations) or not football-oriented (defined as a dispute that does not relate to or arise out of the Constitution and Bylaws of the National Football League, or any NFL or Club policies, rules or regulations and which could arise between any employer and employee, such as a dispute relating to or arising out of discrimination, wage and hour, or family and medical leave issues).

    1.6   If the Commissioner, in his sole discretion, determines that the dispute is football-oriented, the dispute shall be subject to arbitration under these Guidelines.

    1.7   If the Commissioner, in his sole discretion, determines that the dispute is not football-oriented, the Commissioner may direct that the dispute be referred for final, binding, and conclusive arbitration administered by the alternative dispute resolution provider agreed to by the parties, or in the absence of such agreement, by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules and Procedures.

    1.8   If the Commissioner, in his sole discretion, determines that the dispute raises issues that are both football-oriented and not football-oriented, the Commissioner, in his sole discretion, shall determine if the dispute: (a) will be resolved in its entirety by arbitration under these Guidelines, (b) will be resolved in its entirety by referral to the alternative dispute resolution provider agreed to by the parties, or in the absence of

such agreement, by JAMS, Inc., pursuant to its Comprehensive Arbitration Rules and Procedures, or (c) will be bifurcated for resolution of the football-oriented issues by the Commissioner or his designee and resolution of the non-football-oriented issues by the alternative dispute resolution provider agreed to by the parties, or in the absence of such agreement, by JAMS, Inc. pursuant to its Comprehensive Arbitration Rules and Procedures.

2. *Representation.* The parties may represent themselves or be represented or assisted by persons, including attorneys, of their choice.

3. *General Procedures.*

   3.1 The Commissioner will conduct the arbitration in a manner designed to reach a fair and prompt outcome, consistent with the circumstances of the particular dispute.

   3.2 The Commissioner may be assisted by persons from his staff in conducting arbitration proceedings, including by serving as the hearing officer in such proceedings as the Commissioner's designee. In such instances, the Commissioner's designee shall have all the authority and responsibilities of the Commissioner in these proceedings as described herein.

   3.3 The Commissioner may impose time limits he considers reasonable on each phase of the proceeding.

   3.4 All documents or information supplied to the Commissioner by one party shall at the same time be communicated by that party to all other parties. *Ex parte* communications with the Commissioner relating to the material facts of the dispute are not permitted unless the parties and the Commissioner agree otherwise or a party is in default, as defined in Section 11 below.

   3.5 The parties may jointly propose alternative methods of proceeding or variations from these Guidelines in a particular arbitration, which the Commissioner may permit in his discretion.

4. *Location and Choice of Law.*

   4.1 The Commissioner may conduct hearings and other proceedings at the NFL office in New York, at the offices of the Club involved, or at any other location mutually agreed upon by the parties. He may conduct management conferences by telephone. Hearings may be conducted by telephone if the parties consent.

   4.2 The Commissioner will apply the substantive law, including the burdens of proof, that would be applied by a court with jurisdiction over the subject matter of the arbitration unless otherwise agreed upon by the parties.

5. *Management Conferences.*

5.1 Promptly after certification of the dispute, the parties shall confer in person or by telephone for the purpose of organizing, scheduling and agreeing to procedures to expedite subsequent proceedings. The parties shall submit a joint scheduling proposal with respect to subsequent proceedings, including discovery, dispositive motions, pre-hearing memoranda, and the conduct of a hearing if necessary.

5.2 The Commissioner may, in his discretion or at the request of a party, convene a conference, in person or by telephone, to resolve any disagreements as to the matters specified in Section 5.1, and to consider any matters that would expedite the proceedings including, for example:

(a) the issues to be arbitrated;
(b) the need for an oral hearing or whether the dispute can be resolved by written submissions;
(c) the date, time and estimated duration of the hearing;
(d) the resolution of outstanding discovery issues and establishment of discovery parameters;
(e) the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;
(f) whether the parties will submit pre-hearing and/or post-hearing memoranda;
(g) the form of any award or relief to be granted; and
(h) the allocation of attorney's fees, costs, and the expenses of the arbitration.

6. *Discovery.*

6.1 Consistent with the expedited nature of arbitration and the needs of the parties, the Commissioner may in his discretion or at the request of a party, permit, limit or disallow discovery, or compel a party to provide such discovery that is reasonably necessary to arbitrate the dispute. Such discovery may include depositions, written discovery requests, as well as any other discovery adequate to arbitrate both statutory and non-statutory claims. The Commissioner is not required to apply the rules of discovery used in judicial proceedings, provided, however, that the Commissioner shall apply the attorney-client privilege and the attorney-work product doctrine.

6.2 The Commissioner may issue orders to protect the confidentiality of proprietary information, trade secrets and other sensitive information.

7. *Resolution on Motion or Written Submissions.* The parties are encouraged to narrow the issues in dispute prior to any hearing, to stipulate to facts, and to identify those issues which may be susceptible to resolution on motion or written submissions without an oral hearing.

8. *Settlement and Mediation.* The Commissioner may suggest that the parties explore settlement or mediation, and may give such assistance in settlement negotiations or mediation as the parties may request or with the consent of the parties.

9. *Hearing.*

9.1 The Commissioner shall determine the manner in which the parties shall present their cases. Unless otherwise determined by the Commissioner, the Claimant shall present

    evidence to support its claim, then the Respondent shall present evidence supporting its defense and counterclaims, if any, and then there may be opportunity for further rebuttal as appropriate. Exhibits, when offered by either party, may be received in evidence by the Commissioner.

  9.2 The Commissioner is not required to apply the rules of evidence used in judicial proceedings; provided, however, that the Commissioner shall apply the attorney-client privilege and the attorney work-product doctrine.

  9.3 Witnesses may be questioned by each party and by the Commissioner. The Commissioner may receive and consider the evidence of witnesses by affidavit or deposition, but shall give such evidence only such weight as he deems it warrants after consideration of any objection made to its admission.

  9.4 The Commissioner may exclude witnesses from hearings during the testimony of other witnesses or at other times if he deems it appropriate.

  9.5 The hearing shall be maintained as confidential and the Commissioner may, in his discretion, issue appropriate orders to safeguard that confidentiality.

  9.6 When the Commissioner is satisfied that the parties have had a reasonable opportunity to present their cases, he shall close the hearing.

10. *Post-Hearing Memoranda.* If requested or authorized by the Commissioner, the parties shall submit post-hearing memoranda summarizing the evidence and proposing findings of fact and conclusions of law.

11. *Default.* If any of the parties refuses or fails to take part in the arbitration or any stage thereof, without showing sufficient cause for such failure as determined by the Commissioner, the Commissioner may proceed with the arbitration and may resolve the dispute on the evidence before him.

12. *Interim Measures of Protection.* The Commissioner may take or require such interim measures as he deems necessary in respect of the subject matter of the dispute. If requested by a party, the Commissioner may require security for the costs of such measures. An order for interim relief is without prejudice to the rights of the parties or to the final determination of the dispute.

13. *Decision.*

  13.1 The award or decision resolving the dispute shall be in writing and shall set forth the factual and legal basis for the decision. The Commissioner may grant final, interim, interlocutory and partial relief, and may grant any remedy or relief that would have been available to the parties had the matter been litigated in court.

  13.2 The decision of the Commissioner shall be final and binding on the parties, and shall be effective as of the date it is delivered to the parties to the fullest extent permitted by law. The decision may be enforced by any court of competent jurisdiction.

13.3 The Commissioner shall issue a written decision within 90 days of the conclusion of the hearing or the submission of post-hearing briefs, whichever occurs later. The failure of the Commissioner to meet this or any other deadline shall not affect the validity of the arbitration award.

14. *Fees and Costs.* Subject to any agreement between the parties to the contrary, each party shall pay its own costs and attorneys' fees to the fullest extent permitted by law; provided that the Commissioner will have authority to award reimbursement of attorney's fees to the prevailing party in accordance with applicable law.