# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

June 27, 2022

<u>VIA ECF</u>

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

      Re:    <u>Flores, et al. v. The National Football League, et al</u>.; No. 22 Civ. 00871 (VEC)

Dear Judge Caproni,

We represent Plaintiffs in the above-referenced matter and write in opposition to Defendants' motion to seal Exhibits 2 through 7 of Docket No. 49.  Defendants' motion should be denied.[1]

It is well established that "[j]udicial documents are subject . . . to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." <u>Mirlis v. Greer</u>, 952 F.3d 51, 58 (2d Cir. 2020).  Courts engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document.  <u>Doe v. Solera Cap. LLC</u>, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *3 (S.D.N.Y. Jan. 20, 2021).  First, a court will determine whether the document is a "judicial document . . . [defined as] one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  <u>Mirlis</u>, 952 F.3d at 59 (quoting <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995)).  Second, the court must "determine the weight of the presumption of access" to the particular document, <u>United States v. Erie Cty.</u>, 763 F.3d 235, 239 (2d Cir. 2014), with the right of access being given "strong weight."  <u>Mirlis</u>, 952 F.3d at 60.  Third, the court will balance the weight of the presumption of access against "all of the factors that legitimately counsel against disclosure of the judicial document." <u>Mirlis</u>, 952 F.3d at 59 (citing <u>United States v. Amodeo</u>, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The presumption of access is "based on the need for federal courts ... to have a measure of accountability and for the public to have confidence in the administration of justice."  <u>Amodeo</u>, 71 F.3d at 1048.  Thus, sealing requests must be "carefully and skeptically review[ed] ... to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from

---

[1] Defendants correctly state that Plaintiffs consent to sealing of personal contact and identifying information as well as compensation information.

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

public inspection.  Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994).  The burden "rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).  To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Wells Fargo Bank, N.A. v. Wales LLC, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted).

Defendants argue that the employment contracts relied upon should be partially sealed because certain provisions are "not relevant" to the motion.  See Dkt. No. 46 at p. 1.  While not addressing the proper standard set forth above, Defendants also argue that the employment contracts contain "proprietary and sensitive information relating to the terms of employment between certain of the NFL member clubs and their coaches, including terms relating to compensation and coaching responsibilities."  See id. at p. 2.  But it is not true that these documents have such broad scope—they are each simply the contracts between one team and one coach, containing the terms between those specific parties.  See e.g. Whittaker v. MHR Fund Management LLC, No. 20 Civ. 7599 (AT), 2021 WL 4441524, at *1-4 (S.D.N.Y. Sept. 28, 2021), appeal withdrawn, No. 21-2717, 2022 WL 1280382 (2d Cir. Feb. 7, 2022) (denying motion to seal employment agreements because the documents were limited to the terms between the two parties).  Defendants have not articulated in any specific manner how or why the specific terms sought to be redacted constitute any measure of "trade secret" or are legitimately "proprietary" such that disclosure could create any legitimate harm or competitive disadvantage for any team or the league.  It is not and should not be Plaintiffs' burden or obligation, in opposition to such a request, to go through each such provision and explain why they are not deserving of a sealing designation when Defendants have that burden the first instance.  Nor should the Court be asked to engage in the same exercise.

Numerous opinions undermine Defendants' request for such a broad sealing request, particularly based such on a seemingly presumptive request.  See e.g. Whittaker, 2021 WL 4441524, at *1-4 (denying employer's motion to seal and/or partially seal the plaintiff's own bonus and tax advance agreements over similar arguments to those advanced here, and further denying sealing as to documents containing information related to "employee departures, investor characteristics, fundraising efforts, and hiring details" because "merely conclusory assertions that documents are proprietary or maintained under confidentiality cannot support sealing absent a specific showing of harm") (citations omitted); Bernstein et al. v. O'Reilly, 307 F. Supp. 3d 161 (S.D.N.Y. 2018) (denying request to seal or partially redact confidential settlement agreements, where defendant did not meet burden even though documents were confidential by their terms and defendant had articulated potential to harm defendant's business relationships); Franklin v. Waters, No. 16 Civ. 9819 (AKH), 2019 WL 10890249, at *9 (S.D.N.Y. Oct. 25, 2019), on reconsideration in part, No. 16 Civ. 9819 (AKH), 2020 WL 29875 (S.D.N.Y. Jan. 2, 2020) (refusing to seal documents where defendants failed to articulate a basis under appropriate standard); Grayson v. Gen. Elec. Co., No. 13 Civ. 1799 (WWE), 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (denying sealing motion as to customer complaints in consumer fraud class action even while acknowledging that public disclosure of such documents could generate some level of harm); see also Alexandria Real Estate



Equities, Inc. v. Fair, No. 11 Civ. 3694 (LTS), 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011) ("[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access.").[2]

As the Court is aware, this matter has drawn substantial public attention given that it involves a decades-old practice of systemic discrimination in a very prominent set of organizations (the NFL and its member clubs), and the public's interest in openness in these proceedings is therefore paramount. The documents Defendants rely on in their attempt to move this matter into a private forum may contain provisions that Defendants prefer the public not know exist, but that preference is not the standard. We further suspect that Defendants' request here is the first step in what will ultimately be a long and sustained effort to maintain confidentiality with respect numerous aspects of these proceedings. The NFL and its teams should not be permitted to simply dictate confidentiality based on their unilateral purported "relevance" determinations and preferences, in contravention of the well settled law. Allowing the NFL to do so at this early stage would not only set an improper precedent for the remainder of this proceeding, but it would incorrectly signal to other litigants in this District that the presumption of openness is easily overcome.

Respectfully submitted,

Douglas H. Wigdor

cc:     All Counsel of Record (via ECF)

---

[2] Defendants' cited case for the proposition that "non-relevant provisions" of an employment agreement should be sealed, Torain v. Clear Channnel Broad., 651 F. Supp. 2d 125, 131 n.2 (S.D.N.Y. 2009), merely has a footnote in which the court referenced the document filed under seal without analyzing the presumption of openness and sealing issue, as it appears to have been a non-litigated sealing request.