# Exhibit A

# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

June 24, 2022

**VIA EMAIL**

Loretta E. Lynch, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

   Re: *Flores v. The National Football League, et al*.; Case No. 22 Civ. 00871 (VEC)

Dear Loretta,

We have reviewed Defendants' motion to compel arbitration (the "Motion") and, as previously advised, certain discovery is necessary for us to properly respond and for the Court to rule on the issues presented.  Accordingly, pursuant to the Court's order dated May 2, 2022, we request the following discovery from all Defendants in an expedited manner:

1. All documents[1] regarding Defendants' policies and procedures related to arbitration.

2. All documents regarding any agreements and/or policies between any Plaintiff and any NFL team, including but not limited to all contracts, handbooks and/or onboarding documents.

3. All documents regarding the NFL Commissioner Roger Goodell's compensation over the last 10 years, including but not limited to employment contracts, addendums and/or extensions, and documents reflecting base, bonuses and/or incentive compensation.

4. All documents regarding Mr. Goodell's negotiation, requests and/or dialogue related to his compensation over the last 10 years.

5. All documents related to the NFL teams' evaluation and/or assessment of Mr. Goodell's performance.

6. All documents regarding Mr. Goodell's involvement as an arbitrator in any dispute involving an NFL member team, including but not limited to, determinations on whether a

---

[1] The term "documents" as used herein is defined as set forth in Local Civil Rule 26.3.



dispute is "football related," pleadings, orders, discovery-related decisions, motion decisions and/or awards.

7.    All documents regarding Mr. Goodell's personal, social and/or professional relationship with any NFL team owners and/or senior executives; or, in the alternative, a full disclosure describing any and all personal, social and/or professional relationships Mr. Goodell has with any NFL team owners and/or senior executives.

8.    All documents regarding Mr. Goodell's personal, social and/or professional relationship with any lawyer or law firm representing any Defendants in this action, including but not limited to, Paul, Weiss, Rifkind, Wharton & Garrison LLP and Quinn Emanuel Urquhart & Sullivan, LLP.

9.    All documents regarding any statements or communications, by, from, to, with, or between, any NFL senior executive, including, without limitation, Mr. Goodell, regarding (i) any Plaintiff, (ii) the Flores et al. matter, including but not limited to its merits or supposed lack thereof and (iii) the allegations in the Complaint and/or Amended Complaint.

10.    All documents regarding, supporting or undermining Defendants' contention that Plaintiffs agreed to arbitrate their clams with the NFL as set forth on pages 21-24 of Defendants' Memorandum of Law in support of the Motion, including but not limited to any and all documents reflecting the overlap, interconnectivity and intertwined operations between the NFL teams and the NFL.

11.    A deposition of Mr. Goodell, limited in scope to the matters at issue in the Motion and Plaintiffs' anticipated response.

We anticipate that these requests will involve the search, review and production of certain electronically stored information ("ESI"), including but not limited to emails, text and instant messages, and other electronic data.  We will work cooperatively and expeditiously with you in the formulation of an ESI protocol to address these matters.

Please let us know if Defendants will provide the discovery requested by Monday, June 27, 2022. We are also available to meet and confer at your earliest convenience.

Sincerely,

Douglas H. Wigdor