# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

September 26, 2022

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

    Re:    <u>Flores, et al. v. The National Football League, et al.; No. 22 Civ. 00871 (VEC)</u>

Dear Judge Caproni,

We represent Plaintiffs in the above-referenced matter and write to respectfully request leave to file a 10-page sur-reply in further opposition to Defendants' motion to compel arbitration. Despite Plaintiffs' counsel having explained the basis for opposing Defendants' motion to compel arbitration in correspondence between counsel, during the May 2, 2022 Rule 16(b) conference, and in Plaintiffs' motion to compel discovery filed on July 1, 2022, Defendants did not address those already articulated arguments in their moving papers and instead chose to tactically wait until reply papers to raise arguments that Plaintiffs would not have an opportunity to oppose. Defendants should not be permitted to benefit from what was clearly a tactical decision. <u>See, e.g., Sec. & Exch. Comm'n v. Ripple Labs, Inc.</u>, No. 20 Civ. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (sur-replies permitted to address new arguments raised in reply papers); <u>Am. S.S. Owners Mut. Protection & Indem. Ass'n, Inc. v. Am. Boat Co., LLC</u>, No. 11 Civ. 6804 (PAE), 2012 WL 32352, at *1 (S.D.N.Y. Jan. 6, 2012) (granting leave to file sur-reply when new arguments raised in moving party's reply brief).

For instance, by way of example, although Defendants were well aware that Plaintiffs would argue that the purported arbitration agreements are unenforceable on the basis of Commissioner Goodell's bias, Defendants argued for the first time in their reply papers the Court can simply sever any such provision and the remainder of the arbitration agreement could remain in full force and effect—and in doing so cited new case law not referenced in Defendants' moving papers or Plaintiffs' reply papers. Plaintiffs have not had any opportunity to address this argument or the associated case law. Defs.' Reply. Br. at pp. 6-7. As another example, despite knowing that Plaintiffs would argue that Commissioner Goodell is unconscionably biased, Defendants cited numerous cases for the first time in their reply papers for the purported proposition that he has a history of ruling against the NFL's interest (despite having previously resisted Plaintiffs' request for discovery on this precise topic and opposing Plaintiffs request for such documents on relevance grounds), and for the proposition that courts regularly "recognize" Commissioner Goodell's



authority.  See Defs.' Reply. Br. at pp. 4-5.  Plaintiffs have not had any opportunity to oppose these arguments or rebut this case law.  In total, Defendants cited an astounding 28 cases not cited in either the moving papers or opposition papers.  It would be manifestly unfair for Defendants' motion to be decided without Plaintiffs having an opportunity to address these matters.

Plaintiffs requested Defendants' consent (with an abridged version of the reasons laid out here) in connection with this application.  Defendants responded, "We dispute the reasons you cite below for needing a sur-reply, but we leave the issue to the Court and take no position on your request."

We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Douglas H. Wigdor

cc:  All counsel of record (*via* ECF)