PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS         NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3118

WRITER'S DIRECT FACSIMILE

(212) 492-0118

WRITER'S DIRECT E-MAIL ADDRESS

lelynch@paulweiss.com

October 20, 2022

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  *Flores, et al.* v. *The National Football League, et al.*, No. 22-cv-871-VEC

Dear Judge Caproni:

  Defendants write in response to Plaintiffs' October 14, 2022 letter (Dkt. 68) regarding an unpublished order recently entered in *Gruden* v. *NFL*, No. A-21-844043-B (Nev. Dist. Ct. Clark Cty). That order sets forth the grounds for the Nevada state court's prior ruling, delivered orally from the bench in May, which denied a motion to compel arbitration of a former coach's state-law tort claims against the NFL and the NFL Commissioner. The NFL has appealed that decision.

  Contrary to Plaintiffs' arguments, the *Gruden* order does not in any way bear on Defendants' pending motion to compel arbitration here. As an initial matter, there is nothing "new" about last week's order, which merely elaborates on the grounds for the court's prior oral ruling (already relied upon in Plaintiffs' opposition briefing) from several months ago. We believe that ruling, and the subsequent order, are inaccurate as a matter of controlling law, for multiple reasons that the NFL will explain on appeal.

  But more importantly, the Nevada state court's decision has no bearing whatsoever on whether these Plaintiffs should be compelled to arbitrate their claims. Among many other crucial distinctions, the plaintiff in *Gruden* has not asserted any claims against any clubs. Here, in contrast, Plaintiffs have expressly asserted claims against the clubs that employed them and with which they entered into controlling arbitration agreements. Plaintiffs' claims against the NFL and the other clubs are inextricably intertwined with their claims against those clubs. *See* Defs.' Mot. to Compel Arbitration 22–23 (Dkt. 48). Plaintiffs' claims are thus exactly the kind of claims that they specifically agreed would be

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

        2

subject to arbitration under the unambiguous terms of their employment agreements and the NFL Constitution.

Accordingly, the *Gruden* decision is entirely inapposite, and Defendants' motion to compel arbitration should be granted for the reasons set forth in our briefing.

        Respectfully submitted,

        */s/ Loretta E. Lynch*
        Loretta E. Lynch

cc:    Counsel of Record (via ECF)