```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 02/01/2023
```

------------------------------------------------------------X
BRIAN FLORES, STEVE WILKS, and RAY  :
HORTON, as Class Representatives, on  :
behalf of themselves and all others similarly  :
situated,  :
                                            Plaintiff,  :
                  -against-  :
   :
THE NATIONAL FOOTBALL LEAGUE; NEW  :
YORK FOOTBALL GIANTS, INC. d/b/a NEW  :
YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a  :   22-CV-0871 (VEC)
MIAMI DOLPHINS; DENVER BRONCOS  :
FOOTBALL CLUB d/b/a DENVER BRONCOS;  :   ORDER
HOUSTON NFL HOLDINGS, L.P. d/b/a  :
HOUSTON TEXANS; ARIZONA CARDINALS  :
FOOTBALL CLUB LLC d/b/a ARIZONA  :
CARDINALS; TENNESSEE TITANS  :
ENTERTAINMENT, INC. d/b/a TENNESSEE,  :
TITANS and JOHN DOE TEAMS 1 through 26,  :
   :
                                      Defendants.  :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on June 21, 2022, Defendants moved to compel arbitration and stay further proceedings, Dkt. 47;

       WHEREAS section 10(e) of the Wilks-Cardinals Agreement states that "the arbitrator . . . shall have exclusive authority to resolve any dispute concerning the . . . enforceability or formation of this Agreement, including without limitation any claim that all or any part of this Agreement is void or voidable," DiBella Decl. Ex. 5 § 10(e), Dkt. 49;

       WHEREAS the United States Supreme Court has held that clauses that delegate to the arbitrator questions regarding whether the arbitration agreement is "void or voidable" assign the threshold question of arbitrability — including disputes as to whether the arbitration agreement

1

as a whole is unconscionable — to the arbitrator, *see Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70, 72–73 (2010); and

WHEREAS in their reply, Defendants cite to portions of the parties' contracts that were not included in the excerpts of the contracts provided to the Court, *see* Defs. Reply, Dkt. 67 at 3 n.2 (quoting ¶ 19 of the Flores-Dolphins Agreement and ¶ 23 of the Wilks-Cardinals Agreement).

IT IS HEREBY ORDERED that by no later than **February 9, 2023**, Defendants must submit a supplemental brief regarding the impact of the delegation clause on the pending motion to compel arbitration. Plaintiffs' response is due by **February 16, 2023**. The parties' submissions must not exceed five double-spaced pages.

IT IS FURTHER ORDERED that Defendants must file complete copies of the contracts attached as exhibits to the DiBella Declaration at docket entries 49 and 50 by no later than **February 6, 2023**. Pursuant to the Court's order at docket entry 53, Defendants may file redacted versions of the exhibits on the public docket, but the Defendants must file complete, unredacted versions of the contracts with the Court pursuant to Rule 5 the Undersigned's Individual Practices.

**SO ORDERED.**

Date: **February 1, 2023**
New York, New York

_____
VALERIE CAPRONI
United States District Judge