**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN FLORES, STEVE WILKS and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE TITANS and JOHN DOE TEAMS 1 through 26,<br><br>     Defendants. | Civil Action No.: 22-cv-00871 (VEC) |

## SUPPLEMENTAL BRIEF OF DEFENDANTS IN RESPONSE TO THE COURT'S ORDER DATED FEBRUARY 1, 2023

## TABLE OF CONTENTS

Page

A.    The Delegation Provision Should Be Enforced .................................................. 2

B.    Any Challenge to the Delegation Provision Should Be Rejected ....................... 3

## TABLE OF AUTHORITIES

**CASES**

*Arrigo* v. *Blue Fish Commodities, Inc.*,
    408 F. App'x 480 (2d Cir. 2011) ............................................................... 3

*Drake* v. *Conn's HomePlus*,
    2019 WL 2568841 (D. Ariz. June 21, 2019) ............................................ 3

*GHA Techs. Inc.* v. *McVey*,
    2012 WL 209024 (Ariz. Ct. App. Jan. 24, 2012) ..................................... 3

*Henry Schein, Inc.* v. *Archer & White Sales, Inc.*,
    139 S. Ct. 524 (2019) ................................................................................ 2

*Micheli & Shel, LLC* v. *Grubhub Inc.*,
    588 F. Supp. 3d 483 (S.D.N.Y. 2022) ...................................................... 3

*NFL Mgmt. Council* v. *NFL Players Ass'n*,
    820 F.3d 527 (2d Cir. 2016) ..................................................................... 4

*Rent-A-Center, West, Inc.* v. *Jackson*.
    561 U.S. 63 (2010) ............................................................................ 2, 3, 4

*Sena* v. *Uber Techs., Inc.*,
    2016 WL 1376445 (D. Ariz. Apr. 7, 2016) .............................................. 3

*Wells Fargo Advisors, LLC* v. *Sappington*,
    884 F.3d 392 (2d Cir. 2018) ..................................................................... 3

**STATUTES**

Federal Arbitration Act ....................................................................................... 2

Defendants submit this supplemental brief pursuant to the Court's order dated February 1, 2023 (Dkt. 70), and in further support of their pending motion to compel arbitration (Dkt. 47).  As Defendants demonstrated in their earlier briefing, all of Plaintiffs' claims belong in arbitration under the multiple arbitration agreements into which Plaintiffs entered during their long careers as coaches employed by member clubs of the NFL.  Plaintiffs' primary argument for avoiding arbitration—that the NFL Commissioner is allegedly biased against them—fails for multiple reasons.  As an initial matter, the agreements permit the Commissioner to refer this dispute to an alternative arbitral forum, rendering Plaintiffs' claims of arbitrator bias premature and potentially inapposite.  Plaintiffs' allegations of bias also cannot demonstrate substantive unconscionability because, among other reasons, Plaintiffs indisputably agreed, on multiple occasions, to expressly designate the Commissioner as arbitrator.  Plaintiffs likewise cannot show any degree of procedural unconscionability (and do not meaningfully argue otherwise).  For these and other reasons set forth in our briefing, Plaintiffs' arbitration agreements should be enforced, and all of their claims should be compelled to arbitration.

Plaintiff Steve Wilks's employment agreement with defendant the Arizona Cardinals includes a broad arbitration provision, which makes clear that all disputes, including "dispute[s] relating to or arising out of discrimination," must be arbitrated.  Wilks-Cardinals Agreement ¶ 10c (Dkt. 72-5 & 73-5).  Further, and as relevant here, the agreement also includes an express delegation provision giving the arbitrator "exclusive authority" to resolve any gateway issues of arbitrability.  *Id*. ¶ 10e.  Under settled law, this provision should be enforced, and Mr. Wilks has offered and can offer no viable argument to the contrary.  Even if Mr. Wilks challenges this delegation provision on the ground of supposed arbitrator bias, the Court should reject that challenge—for all the same reasons it should reject Plaintiffs' broader bias-based challenges—and

refer all other issues of arbitrability concerning Mr. Wilks's claims against the Cardinals to arbitration.

A.     **The Delegation Provision Should Be Enforced**

As the Court is aware, the Federal Arbitration Act permits parties to agree that an arbitrator, rather than a court, will resolve "gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc.* v. *Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (citation and internal quotation marks omitted). One way for parties to accomplish that result is by including in their arbitration agreement a provision delegating the authority to resolve questions of arbitrability to an arbitrator. Courts will enforce a delegation provision as long as there is "clear and unmistakable" evidence of an agreement to delegate such authority. *Id*. at 530 (citation omitted).

Mr. Wilks's employment agreement with the Cardinals evidences the parties' clear and unmistakable intent to delegate all questions of arbitrability to the arbitrator. The agreement includes the following express delegation provision:

> [Mr. Wilks] and [the Cardinals] agree that the arbitrator, and not any federal, state or local court or agency, shall have the exclusive authority to resolve any dispute concerning the interpretation, applicability, enforceability or formation of this Agreement, including without limitation any claim that all or any part of this Agreement is void or voidable.

Wilks-Cardinals Agreement ¶ 10e. This language is almost word-for-word identical to the language that the Supreme Court recognized as a valid delegation of questions of arbitrability in *Rent-A-Center, West, Inc*. v. *Jackson*. 561 U.S. 63, 66, 68 (2010) ("[T]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable."). Numerous courts, including courts in this Circuit, have consistently interpreted similarly worded provisions to be

enforceable delegations of authority. *See, e.g.*, *Wells Fargo Advisors, LLC* v. *Sappington*, 884 F.3d 392, 399 (2d Cir. 2018) ("Any controversy relating to . . . the validity or enforceability of this arbitration clause . . . shall also be arbitrated[.]"); *Arrigo* v. *Blue Fish Commodities, Inc*., 408 F. App'x 480, 482–83 (2d Cir. 2011) (summary order) ("[T]he Arbitrator . . . shall have exclusive authority to resolve any dispute relating to the . . . enforceability or formation of this Agreement . . ."); *Micheli & Shel, LLC* v. *Grubhub Inc*., 588 F. Supp. 3d 483, 490–91 (S.D.N.Y. 2022) ("[T]he arbitrator . . . shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Arbitration Agreement . . . .").[1]  Consistent with this express delegation provision, the Court should refer all questions of arbitrability with respect to Mr. Wilks's claims against the Cardinals to arbitration.

**B.**     <u>Any Challenge to the Delegation Provision Should Be Rejected</u>

Despite the unconscionability challenges raised in Plaintiffs' prior briefing, Mr. Wilks has never challenged the enforceability of this delegation provision and there is no basis for him to do so now.  In order to avoid a delegation provision, it is not enough for a party to challenge the broader arbitration agreement as unenforceable.  This is because, as the Supreme Court has made clear, the federal rule of severability—which allows courts to sever, and enforce, an arbitration provision from an otherwise unenforceable contract—also applies to delegation provisions found within broader agreements to arbitrate.  *See Rent-A-Center*, 561 U.S. at 70–72.  Thus, the party resisting arbitration must "challenge[] the delegation provision specifically."  *Id*. at 72.  Absent a

---

[1]   To the extent the interpretation of a delegation provision is guided by state law principles of contract interpretation, Arizona contract law, which governs the Wilks-Cardinals agreement, leads to the same conclusion.  Wilks-Cardinals Agreement ¶ 23.  Courts applying Arizona law have interpreted similar provisions as enforceable delegation provisions.  *See, e.g.*, *Drake* v. *Conn's HomePlus*, 2019 WL 2568841, at *2 (D. Ariz. June 21, 2019); *Sena* v. *Uber Techs., Inc*., 2016 WL 1376445, at *1, 8 (D. Ariz. Apr. 7, 2016); *GHA Techs. Inc*. v. *McVey*, 2012 WL 209024, at *1–3 (Ariz. Ct. App. Jan. 24, 2012) (memorandum decision).

specific challenge, the delegation provision must be enforced, and any challenge to the broader arbitration agreement must be decided by the arbitrator rather than the court. *Id*. at 71–72.

Here, Mr. Wilks has made no specific or viable challenge to the delegation provision, instead arguing that the arbitration agreements as a whole are unconscionable, primarily because they designate the Commissioner, who Plaintiffs contend is biased against them, as the arbitrator in the first instance. *See* Opp. 5–17 (Dkt. 62). Absent such a challenge, the delegation provision should be enforced as written, and "any claim that all or any part of this Agreement is void or voidable"—which would include any claims based on unconscionability—should be referred to arbitration. Wilks-Cardinals Agreement ¶ 10e. *See Rent-A-Center*, 561 U.S. at 72–76. In response to the Court's order, Mr. Wilks will likely argue that the Commissioner's alleged bias renders the delegation provision itself unconscionable as well. But even if that argument is a sufficiently specific challenge to the delegation provision itself, the Court should reject that challenge, for the same exact reasons the Court should reject Plaintiffs' broader bias-based challenges to their arbitration agreements.

As set forth in Defendants' earlier briefing, Plaintiffs' allegations of bias provide no grounds to avoid their binding arbitration agreements. As an initial matter, the agreements allow the Commissioner to refer Plaintiffs' claims to an alternative dispute resolution provider, rendering Plaintiffs' claims of bias premature. Any claim of actual bias should be addressed, if at all, only after an award is entered. *See* Reply 1–2 (Dkt. 64.) Plaintiffs have also failed to demonstrate unconscionability. Plaintiffs have not—and cannot—show any degree of procedural unconscionability in the formation of Plaintiffs' highly lucrative coaching contracts. *See id.* at 3–4. Nor can Plaintiffs demonstrate substantive unconscionability. "[T]he parties to an arbitration can ask for no more impartiality than inheres in the method they have chosen," *NFL Mgmt. Council*

v. *NFL Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016), and numerous courts have recognized the authority of the Commissioner and his designee to arbitrate disputes under arbitration agreements similar to those here.  *See* Reply 4–6.  Finally, even if (contrary to fact) some portion of the arbitration agreements were found to be unconscionable, the appropriate remedy would be to sever that unconscionable portion, and enforce the remainder of Plaintiffs' binding agreements to arbitrate.  *See id.* at 6–7.

For these reasons, the Court should reject Plaintiffs' bias-based challenges to the arbitration agreements—including to the extent those challenges may also apply to the delegation provision—and refer all other threshold questions of arbitrability concerning Mr. Wilks's claims against the Cardinals to arbitration.  Those questions include (to the extent disputed) whether Mr. Wilks entered into a valid agreement to arbitrate with the Cardinals and whether his claims fall within the scope of that agreement.

*     *     *

Defendants' motion to compel arbitration and stay further proceedings should be granted.

Dated: New York, New York
February 9, 2023

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  */s/ Loretta E. Lynch*
Loretta E. Lynch
Brad S. Karp
Lynn B. Bayard
Brette Tannenbaum
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3900
lelynch@paulweiss.com
bkarp@paulweiss.com
lbayard@paulweiss.com
btannenbaum@paulweiss.com

*Attorneys for the National Football League, New York Giants, Miami Dolphins, Denver Broncos, Houston Texans, Arizona Cardinals, and Tennessee Titans*