UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
BRIAN FLORES, STEVE WILKS and RAY : 
HORTON, as Class Representatives, on behalf of : 
themselves and all others similarly situated, : 
 : 
                           Plaintiffs, : 
 : 
     v. : 
 : 
THE NATIONAL FOOTBALL LEAGUE; NEW :   Civil Action No.: 22-cv-00871 (VEC)
YORK FOOTBALL GIANTS, INC. d/b/a NEW : 
YORK GIANTS; MIAMI DOLPHINS, LTD. : 
d/b/a MIAMI DOLPHINS; DENVER BRONCOS : 
FOOTBALL CLUB d/b/a DENVER BRONCOS; : 
HOUSTON NFL HOLDINGS, L.P. d/b/a : 
HOUSTON TEXANS; ARIZONA CARDINALS : 
FOOTBALL CLUB LLC d/b/a ARIZONA : 
CARDINALS; TENNESSEE TITANS : 
ENTERTAINMENT, INC. d/b/a TENNESSEE : 
TITANS and JOHN DOE TEAMS 1 through 26, : 
 : 
                           Defendants. : 
---------------------------------------------------------- X

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEF

**WIGDOR LLP**

Douglas H. Wigdor
Michael J. Willemin
David E. Gottlieb

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
dgottlieb@wigdorlaw.com

*Counsel for Plaintiffs*

**ELEFTERAKIS, ELEFTERAKIS & PANEK**

John Elefterakis
Nicholas Elefterakis
Raymond Panek
Johnson Atkinson

80 Pine Street, 38th Floor
New York, New York 10005
Telephone: (212) 532-1116
Facsimile: (212) 532-1176

*Counsel for Plaintiffs*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ..........................................................................................................................1

I.   DEFENDANTS WAIVED ANY POTENTIAL DELEGATION RIGHTS .......................1

II.  DEFENDANTS WAIVED THE ABILITY TO ASSERT THE ARGUMENT..................3

III. DELEGATION TO THE COMMISSIONER IS UNCONSCIONABLE ...........................4

IV.  THE DELEGATION CLAUSE IS OPERATIONALLY PROBLEMATIC.......................5

V.   NFL CONSTITUTION DOES NOT CONTAIN ANY DELEGATION CLAUSE ...........5

CONCLUSION.......................................................................................................................6

## **TABLE OF AUTHORITIES**

Cases                                                                                                                               Page(s)

Bombardier Transp. (Holdings) USA Inc. v. HDR Eng'g Inc.,
    No. Civ. 21-01460-PHX-SPL, 2022 WL 17811661 (D. Ariz. Dec. 19, 2022) ........................... 1

Cabello-Rondon v. Dow Jones & Co., Inc.,
    720 F. App'x 87 (2d Cir. 2018) ................................................................................................ 3

Emigra Grp., LLC v. Fragomen, et al, LLP,
    612 F. Supp. 2d 330 (S.D.N.Y. 2009) ...................................................................................... 3

Hill v. Xerox Bus. Servs.,LLC,
    20 Civ. 35838 (JCC), 2023 WL 1490808 (9th Cir. Feb. 3, 2023) ............................................ 2

Herrera v. Manna 2nd Ave,
    20 Civ. 110269 (GHW), 2022 WL 2819072 (S.D.N.Y. July 18, 2022) ................................... 1

Morgan v. Sundance,
    142 S. Ct. 1708 (2022) ............................................................................................................. 1

Rent A Center, West, Inc. v. Jackson,
    561 U.S. 63 (2010) ................................................................................................................... 4

U.S. ex rel. Dorsa v. Miraca Life Sciences, Inc.,
    21 Civ. 5338, 2022 WL 1403038 (6th Cir. May 4, 2022) ........................................................ 3

United States v. Olano,
    507 U.S. 725 (1993) ................................................................................................................. 1

**PRELIMINARY STATEMENT**

Defendants not only made a calculated decision not to enforce any delegation clause in the Wilks-Cardinals contract, but affirmatively availed themselves of this Court's authority for a determination on arbitrability—thereby waiving any potential contractual right to delegation. Moreover, any delegation clause would suffer from the same unconscionability described in Plaintiffs' opposition papers, as Mr. Goodell is wholly incapable of presiding over critical gateway issues that substantially impact Plaintiffs' rights due to his blatant and obvious bias. For these reasons and others set forth below, Defendants' newly asserted argument should be denied.

**ARGUMENT**

**I.   DEFENDANTS WAIVED ANY POTENTIAL DELEGATION RIGHTS**

Defendants consciously and deliberately chose *not* to enforce any delegation clause and to *affirmatively seek* the Court's determination as to arbitrability. Waiver of a contractual right occurs when there is the "intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993). The Supreme Court recently held that "prejudice" is not applicable to any waiver analysis. See Morgan v. Sundance, 142 S. Ct. 1708, 1712-14 (2022) (the analysis "focuses on the actions of the person who held the right.").

Waiver applies where the party resisting arbitration can show "(1) knowledge of an existing right to compel arbitration and (2) acts inconsistent with that existing right." Bombardier Transp. (Holdings) USA Inc. v. HDR Eng'g Inc., No. Civ. 21-01460-PHX-SPL, 2022 WL 17811661, at *2 (D. Ariz. Dec. 19, 2022);[1] see also Herrera v. Manna 2nd Ave, 20 Civ. 110269 (GHW), 2022 WL 2819072, at *8 (S.D.N.Y. July 18, 2022) ("Waiver may be established by affirmative conduct or by a failure to act that evinces intent to abandon the right.").

---

[1]   The Wilks-Cardinals contract designates application of Arizona law. See Dkt. No. 74 at n. 1.

1

The inconsistent conduct element is satisfied where "a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." Hill v. Xerox Bus. Servs., LLC, 20 Civ. 35838 (JCC), 2023 WL 1490808, at *11 (9th Cir. Feb. 3, 2023). As succinctly stated by the Ninth Circuit:

> [I]nferences drawn from the party's choice to rely on judicial proceedings . . . amount to a waiver, because one cannot claim to be interested in preserving his right to an arbitration forum if he instead relies on the *judicial* process. Thus, under our implicit waiver analysis, we are tasked with evaluating a party's actions and asking whether those actions, even if seemingly commonplace and not an express disavowal of arbitral forums, evinced the party's partiality for a judicial resolution of the claims.

Id., 2023 WL 1490808, at *12 (internal citations omitted).

Here, in the more than one year, Defendants have never raised the issue of delegation, intentionally disregarded every conceivable opportunity to do so, and have repeatedly asked that the Court—not an arbitrator— decide issues of arbitrability. Specifically:

- On April 21, 2022, the parties filed a joint letter in which Defendants articulated their intention to file a motion to compel arbitration—Defendants made no mention of any intention to rely on or enforce a delegation provision. See Dkt. No. 35.

- On May 2, 2022, the Court held a Rule 16(b) conference which included lengthy discussion on the anticipated motion to compel arbitration—Defendants made no mention of any intention to rely on or enforce a delegation provision. See Dkt. No. 54, Ex. C.

- On June 21, 2022, Defendants filed their motion to compel arbitration including a 25-page Memorandum of Law setting forth numerous arguments—Defendants made no mention of any intention to rely on or enforce a delegation provision and did not cite the well-known case law on the topic. See Dkt. No. 48.

- On June 24, 2022, Plaintiffs served lengthy discovery requests aimed at information related to Mr. Goodell's bias to serve as arbitrator—Defendants' response made no mention of any intention to rely on or enforce a delegation provision as to the discovery-related determinations and permitted the Court to issue an order. See Dkt. No. 54, Ex. B.

- On July 8, 2022, Defendants submitted opposition to Plaintiff's motion to compel discovery—never did Defendant argue that the Court was not authorized to rule on the discovery dispute because of an arbitral delegation provision. See Dkt. No. 55.

2

- On September 16, 2022, Defendants submitted a reply brief on the arbitration motion—Defendants made no argument to enforce of any delegation provision.  See Dkt. No. 64.

Clearly Defendants made a very conscious, tactical and strategic decision *not* to seek enforcement of any delegation provision.  It is inconceivable that the team representing the NFL was merely "negligent" or engaged in "law office failure" in failing to seek such enforcement.  As such, Defendants should be held to the course of action they have chosen.

A nearly identical issue was addressed in U.S. ex rel. Dorsa v. Miraca Life Sciences, Inc., 21 Civ. 5338, 2022 WL 1403038, at *4 (6th Cir. May 4, 2022), where the defendant moved to compel arbitration only to "[o]n reply, [defendant] change course to contend that an *arbitrator* had to rule on the arbitrability of the claim."  The Sixth Circuit held that "filing of the motion to [compel arbitration and] dismiss is completely inconsistent with its later attempts to rely on the arbitration agreement.  [Defendant] may not first ask the district court to determine arbitrability and then later argue that the court cannot decide . . ."[2]  Clearly waiver is far more applicable here than in Miraca given Defendants' extensive actions wholly inconsistent with delegation.

We could muse about the reasons Defendants did not seek to enforce delegation—but we need not do so.  The fact is that Defendants intentionally acted inconsistent with any right to delegation over an extended course of conduct, thereby waiving any such contractual right.

## II. DEFENDANTS WAIVED THE ABILITY TO ASSERT THE ARGUMENT

In addition to having waived delegation for the reasons set forth above, Defendants also waived delegation by failing to raise the issue in their motion papers.  See e.g. Emigra Grp., LLC v. Fragomen, et al, LLP, 612 F. Supp. 2d 330, 349 (S.D.N.Y. 2009) ("a moving party will not be heard to advance a new argument for the first time in its reply brief"); Cabello-Rondon v. Dow

---

[2] The Miraca court concluded this quote with ". . . after receiving an unfavorable ruling," but defendant's argument was asserted on reply before any ruling on the motion.

3

Jones & Co., Inc., 720 F. App'x 87, 89 (2d Cir. 2018) ("we frequently have found that arguments raised only in a reply brief are waived or abandoned").  Here, Defendants did not even assert the argument in reply and have not provided a basis for this repeated failure.

### III.     **DELEGATION TO THE COMMISSIONER IS UNCONSCIONABLE**

Plaintiffs do not dispute that under Rent A Center, West, Inc. v. Jackson, 561 U.S. 63 (2010) an express agreement to delegate disputes related to arbitrability may be enforced. However, Rent-A-Center is inapplicable where, as here, any delegation provision itself would be independently unconscionable for appointing a biased decisionmaker.

Under the delegation provision, Mr. Goodell would make an antecedent determination as to whether this dispute is arbitrable.  As previously explained (Dkt. No. 62 at pp. 5-8 *et seq.*), Mr. Goodell is irreconcilably biased given that, *inter alia*, (i) he is a direct employee of the NFL whose job is to act in the NFL's interest; (ii) he reports to the NFL teams and only serves at their discretion; (iii) he has substantial financial and professional incentive to favor the NFL and its teams; (iv) he publicly stated that the allegations are "without merit"; and (v) he will be a witness in this matter.  However, Mr. Goodell is even further biased as a decider on arbitrability—the organization he leads has already decided the matter is arbitrable.  It would be unconscionable to be forced to arbitrate arbitrability before someone who has already made up his mind.

A biased decisionmaker cannot make critical gateway decisions that dramatically impact a litigant's rights just as one cannot rule on the ultimate merits of an action.  The arbitrability determination has a significant impact on Plaintiffs' rights including, but not limited to, whether this matter will be public or confidential, whether Plaintiffs can pursue this matter as a class action, whether Plaintiffs can pursue this action together or be forced to proceed individually, whether Plaintiffs are entitled to engage in discovery, what discovery Plaintiffs will be entitled

to, whether Plaintiffs are entitled to take depositions, whether Plaintiffs are entitled to a jury to decide their claims, and untold additional matters. Of course, Mr. Goodell's arbitrability determination will lead to another biased arbitrator—him *again*—determining whether this dispute is "football-oriented," and whether Mr. Goodell will then *also* be the merits arbitrator.

Put together, for all the reasons previously set forth above and in Plaintiffs' opposition papers, the delegation provision cannot be enforced because it, specifically, is unconscionable.

## IV. THE DELEGATION CLAUSE IS OPERATIONALLY PROBLEMATIC

The arbitration clause operationally does not allow for delegation. In a typical arbitration agreement with delegation, an arbitrator is selected in the first instance and then arbitrability is addressed. However, the arbitration agreement here is unique in that it requires preliminary arbitral action by Mr. Goodell as to whether the dispute is "football-oriented" or not, or in part, before any arbitrator is selected. See Dkt. No. 72, Ex. 5 at ¶¶10(a)-(e). Plaintiffs contest Mr. Goodell's authority to make any arbitral decisions based on, *inter alia*, unconscionability. See e.g. Dkt. No. 62 at pp. 5-8; Dkt. No. 67 at pp. 3-4. Thus, as drafted, the arbitration agreement provides for a method of arbitrator selection but does not allow that process to proceed until an unconscionable decision maker makes arbitral determinations in the first instance.

## V. NFL CONSTITUTION DOES NOT CONTAIN ANY DELEGATION CLAUSE

Defendants argue throughout their motion papers that the Court should enforce the arbitration provision in Section 8.3 of the NFL Constitution because they argue that all Plaintiffs' contracts are governed and enforced by that document. Defendants have never argued, even to the present, that Section 8.3 contains any delegation provision. Given Defendants' repeated reliance on the NFL Constitution, Defendants cannot now disregard its silence on delegation. Thus, for this additional reason, the Court should determine issues of arbitrability.

5

## **CONCLUSION**

For the reasons set forth herein, Defendants' argument as to delegation should be denied.

Dated: February 16, 2023
      New York, New York      Respectfully submitted,

**WIGDOR LLP**

By: _____
    Douglas H. Wigdor
    Michael J. Willemin
    David E. Gottlieb

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
dgottlieb@wigdorlaw.com

*Counsel for Plaintiffs*
*Proposed Counsel for the Proposed Class*

    - and -

**ELEFTERAKIS, ELEFTERAKIS & PANEK**

By: _____/s/_____
    John Elefterakis
    Nicholas Elefterakis
    Raymond Panek
    Johnson Atkinson

80 Pine Street, 38th Floor
New York, New York 10005
Telephone: 212-532-1116
Facsimile: 212 532-1176

*Counsel for Plaintiffs*
*Proposed Counsel for the Proposed Class*