UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
BRIAN FLORES, STEVE WILKS and RAY : 
HORTON, as Class Representatives, on behalf of : 
themselves and all others similarly situated, : 
 : 
                       Plaintiffs, : 
 : 
      v. : 
 : 
THE NATIONAL FOOTBALL LEAGUE; NEW :   Civil Action No.: 22-cv-00871 (VEC)
YORK FOOTBALL GIANTS, INC. d/b/a NEW : 
YORK GIANTS; MIAMI DOLPHINS, LTD. : 
d/b/a MIAMI DOLPHINS; DENVER BRONCOS : 
FOOTBALL CLUB d/b/a DENVER BRONCOS; :   **ORAL ARGUMENT REQUESTED**
HOUSTON NFL HOLDINGS, L.P. d/b/a : 
HOUSTON TEXANS; ARIZONA CARDINALS : 
FOOTBALL CLUB LLC d/b/a ARIZONA : 
CARDINALS; TENNESSEE TITANS : 
ENTERTAINMENT, INC. d/b/a TENNESSEE : 
TITANS and JOHN DOE TEAMS 1 through 26, : 
 : 
                       Defendants. : 
------------------------------------------------------------ X

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. 1292(B)**

| **WIGDOR LLP** | **ELEFTERAKIS, ELEFTERAKIS & PANEK** |
|---|---|
| Douglas H. Wigdor | John Elefterakis |
| Michael J. Willemin | Nicholas Elefterakis |
| David E. Gottlieb | Raymond Panek |
| Marjorie Mesidor | Johnson Atkinson |
| | |
| 85 Fifth Avenue | 80 Pine Street, 38th Floor |
| New York, NY 10003 | New York, NY 10005 |
| Facsimile: (212) 257-6845 | Telephone: (212) 532-1116 |
| dwigdor@wigdorlaw.com | Facsimile: (212) 532-1176 |
| mwillemin@wigdorlaw.com | |
| dgottlieb@wigdorlaw.com | *Counsel for Plaintiffs* |
| mmesidor@wigdorlaw.com | |

*Counsel for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL HISTORY........................................................................................................1

ARGUMENT ................................................................................................................................2

I.  PLAINTIFFS' NOTICE OF CROSS-APPEAL DOES NOT DIVEST THE COURT
    OF JURISDICTION OVER THIS MOTION...................................................................2

II. PLAINTIFFS' PROPOSED APPEAL MEETS THE STANDARDS IN §1292(b)............6

    A.  Plaintiffs Cited the Proper Standard for §1292(b) Review ......................................6

    B.  Defendants' Claim that Plaintiffs "Repackaged" Arguments Is Irrelevant ............7

    C.  Plaintiffs Have Presented a Pure Question of Law for Appeal................................7

    D.  Plaintiffs Have Identified a Substantial Ground for Difference of Opinion............8

    E.  Plaintiffs' Proposed Appeal Has Precedential Value................................................9

    F.  Plaintiffs' Proposed Appeal Would Materially Advance This Litigation ..............10

CONCLUSION..........................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                **Pages**

Adler v. Dell, Inc.,
　No. 8 Civ. 13170, 2009 WL 646885 (E.D. Mich. Mar. 10, 2009) ............................................. 8

Barker v. Halliburton Co.,
　No. 7 H. 02677, 2008 WL 536640 (S.D. Tex. Feb. 27, 2009) ................................................... 8

Cristini v. City of Warren,
　No. 07 Civ. 11141 (DML), 2013 WL 12180905 (E.D. Mich. Jan. 3, 2013) .............................. 6

Cross & Brown Co. v. Nelson,
　4 A.D.2d 501 (1st Dep't 1957) .................................................................................................. 8

Cuadras v. MetroPCS Wireless, Inc.,
　No. 09 Civ. 7897 (CAS) (AJW), 2011 WL 11084069 (C.D. Cal. Oct. 11, 2011) ..................... 8

Dill v. JPMorgan Chase Bank, N.A.,
　No. 19 Civ. 10947 (KPF), 2021 WL 3406192 (S.D.N.Y. Aug. 4, 2021) ............................ 7, 10

Gilmer v. Interstate/Johnson Lane Corp.,
　500 U.S. 20 (1991) .................................................................................................................... 7

Hart v. Rick's Cabaret Int'l, Inc.,
　73 F. Supp. 3d 382 (S.D.N.Y. 2014) ......................................................................................... 8

Hooters of America, Inc. v. Phillips,
　173 F.3d 933 (4th Cir. 1999) ..................................................................................................... 8

In re A2P SMS Antitrust Litig.,
　No. 12 Civ. 2656 (AJN), 2015 WL 876456 (S.D.N.Y. Mar. 2, 2015) .................................... 10

In re Bank of Am. Corp. Sec., Derivative, & Empl. Ret. Income Sec. Act (ERISA) Litig.,
　No. 10 Civ. 275 (PKC), 2012 WL 1308993 (S.D.N.Y. Apr. 16, 2012) ..................................... 2

Inland Bulk Transfer Co. v. Cummins Engine Co.,
　332 F.3d 1007 (6th Cir. 2003) ................................................................................................... 3

Islam v. Lyft, Inc.,
　No. 20 Civ. 3004 (RA), 2021 WL 2651653 (S.D.N.Y. June 28, 2021) .................................. 10

Kaye v. Amicus Mediation & Arb. Grp., Inc.,
　No. 13 Civ. 347 (JCH), 2014 WL 12755000 (D. Conn. Oct. 29, 2014) ................................... 2

Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In
    Amministrazione Straordinaria,
    921 F.2d 21 (2d Cir. 1990) ........................................................................................... 9

Kogut v. County of Nassau,
    No. 06 Civ. 6695 (JS) (WDW), 2010 WL 844745 (E.D.N.Y. Mar. 8, 2010) .............................. 2

Leonhard v. United States,
    633 F.2d 599 (2d Cir. 1980) ......................................................................................... 4

Litovich v. Bank of Am. Corp.,
    No. 20 Civ. 3154 (VEC), 2022 WL 16856436 (S.D.N.Y. Nov. 10, 2022) .............................. 3, 5

Maye v. Smith Barney Inc.,
    903 F. Supp. 570 (S.D.N.Y. 1995) ................................................................................ 7

McMullen v. Meijer, Inc.,
    355 F.3d 485 (6th Cir. 2004) ....................................................................................... 8

Murray v. UBS Secs., LLC,
    No. 12 Civ. 5914 (KPF), 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014) ............................ 7, 9, 10

New York v. United States Dep't of Homeland Sec.,
    974 F.3d 210 (2d Cir. 2020) ......................................................................................... 2

Pokorny v. Quixtar, Inc.,
    601 F.3d 987 (9th Cir. 2010) ....................................................................................... 8

Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
    388 U.S. 395 (1967) .................................................................................................... 7

Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon,
    297 F.R.D. 218 (S.D.N.Y. 2013) ................................................................................... 5

S.A. Mineracao Da Trindade-Samitri v. Utah Int'l Inc.,
    579 F. Supp. 1049 (S.D.N.Y. 1984) ............................................................................. 10

Teladoc, Inc. v. Texas Med. Bd.,
    No. 15 Civ. 343 (RP), 2016 WL 4362208 (W.D. Tex. Aug. 15, 2016) ................................ 5, 6

United States v. Jacques,
    6 F.4th 337 (2d Cir. 2021) ........................................................................................... 3

Walker v. Ryan's Family Steak Houses,
    400 F.3d 370 (6th Cir. 2005) ....................................................................................... 8

Weir v. Propst,
    915 F.2d 283 (7th Cir. 1990) .................................................................................................. 2

**Statutes**

28 U.S.C. 1292(b) ................................................................................................................ passim

**Rules**

Fed. R. App. P. 4(a)(3) ................................................................................................................ 1

Fed. R. Civ. P. 62.1 ................................................................................................................. 3, 5

**Other Authorities**

C. WRIGHT, A. MILLER, E. COOPER & E. GRESSMAN, 16 FEDERAL PRACTICE AND
    PROCEDURE § 3930 (1977) ................................................................................................ 10

*The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*,
    143 F.R.D. 307 (1992) .......................................................................................................... 3

Plaintiffs respectfully submit this Reply Memorandum of Law in Further Support of their Motion for Certification Pursuant to 28 U.S.C. 1292(b) ("§1292(b) Motion").

## PRELIMINARY STATEMENT

Defendants' opposition is simply strategic gamesmanship aimed at preventing Plaintiffs from fairly availing themselves of their statutory right to even seek an interlocutory appeal under §1292(b). While concurrently arguing to this Court that Plaintiffs' notice of cross-appeal wholly vests jurisdiction with the Second Circuit such that this Court cannot certify Plaintiffs' proposed appeal, Defendants will argue to the Second Circuit that Plaintiffs' currently filed notice of cross-appeal is improper due to a lack of appellate jurisdiction. Defendants cannot be permitted to have it both ways. Respectfully, Plaintiffs must be permitted to pursue an appeal of the Court's Arbitration Order and Reconsideration Order under the mechanisms available under the law.

Plaintiffs have firmly set forth the appropriateness of certification for appellate review under §1292(b). Defendants fail to rebut Plaintiffs many arguments addressing the appropriate standard—and in many cases ignoring Plaintiffs' cited authority altogether—establishing substantial ground for disagreement over controlling issues of law raised by the proposed appeal and the material advancement of this litigation and judicial economy the proposed appeal will serve. Respectfully, under these circumstances, the Second Circuit should be permitted an opportunity to decide whether to hear this appeal.

## PROCEDURAL HISTORY

On March 1, 2023 and July 25, 2023, the Court issued the Arbitration Order and Reconsideration Order, respectively (together, the "Orders"). See Dkt. Nos. 76, 102. On August 23, 2023, Defendants filed a notice of appeal as to the aspects of the Orders denying their motion to compel arbitration. See Dkt. No. 113. Pursuant to Fed. R. App. P. 4(a)(3), on September 5,

1

2023, Plaintiffs filed a timely notice of cross-appeal, invoking pendant appellate jurisdiction, as to the aspects of the Orders that compelled arbitration.  See Dkt. No. 122.  Also on that date, Plaintiffs filed this §1292(b) Motion.[1]  See Dkt. No. 119-20.  Defendants have not yet filed any opening appellate brief and no brief is scheduled to be filed until December 5, 2023.

Absent a decision on this §1292(b) Motion, the parties will for many months litigate the entire appeal currently on notice, which will involve substantial briefing, appellate argument and an appellate order.  This will consume the time and resources of all counsel and numerous members of the Second Circuit and their staff.  If, following that process, the Second Circuit declines jurisdiction over Plaintiffs' cross-appeal, Plaintiffs will then be back before this Court with the same motion as the one at bar—potentially re-doing the entire appellate process all over again.[2]  The federal and appellate rules, applicable case law and judicial economy all reject Defendants' proposed course.  This is precisely the type of inefficiency the courts seek to avoid.

## ARGUMENT

**I.  PLAINTIFFS' NOTICE OF CROSS-APPEAL DOES NOT DIVEST THE COURT OF JURISDICTION OVER THIS MOTION**

Generally, the rule is that a "timely and sufficient notice of appeal divests the district court of jurisdiction as to any matters involved in the appeal or as to the matters covered by the notice."  New York v. United States Dep't of Homeland Sec., 974 F.3d 210, 215 (2d Cir. 2020) (internal quotation marks and citations omitted).  Under those circumstances, a district court

---

[1] There is no statutory deadline for filing a §1292(b) motion.  However, "reasonable simultaneity of the certification with the order certified is required."  Kaye v. Amicus Mediation & Arb. Grp., Inc., No. 13 Civ. 347 (JCH), 2014 WL 12755000, at *1 (D. Conn. Oct. 29, 2014) (quoting Weir v. Propst, 915 F.2d 283, 286 (7th Cir. 1990) (denying certification motion due to five-month delay)); In re Bank of Am. Corp. Sec., Derivative, & Empl. Ret. Income Sec. Act (ERISA) Litig., No. 10 Civ. 275 (PKC), 2012 WL 1308993, at *1 (S.D.N.Y. Apr. 16, 2012) (six-month delay weighed against certification); Kogut v. County of Nassau, No. 06 Civ. 6695 (JS) (WDW), 2010 WL 844745, at *2 (E.D.N.Y. Mar. 8, 2010) (two months "likely untimely").

[2] Of course, if Plaintiffs were to wait until the pending appeal is resolved before moving for certification under §1292(b), Defendants would then argue that such motion is untimely.  See supra at n. 1.

2

faced with a motion for which it lacks jurisdiction may "(1) defer consideration of the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Litovich v. Bank of Am. Corp., No. 20 Civ. 3154 (VEC), 2022 WL 16856436, at *2 (S.D.N.Y. Nov. 10, 2022) (citing Fed. R. Civ. P. 62.1). For several reasons, Plaintiffs' motion is appropriately before this Court.

First, contrary to Defendants' conclusory assertion, Plaintiffs' 1292(b) Motion does not seek a ruling on matters covered by Plaintiffs' notice of appeal. Defendants' argument to that end is respectfully devoid of analysis and does not cite any meaningful authority. Plaintiffs simply seek certification that the Orders meet the statutory requirements under §1292(b). The issue of whether the Orders meet the statutory requirements under §1292(b) is not one that is presently before the Second Circuit. That should be the end of the inquiry.

A ruling on this motion will not create risk of any inconsistency or competing orders. If the Court certifies the Orders, Plaintiffs will be permitted to request the Second Circuit's permission for an interlocutory appeal—and potentially obviate litigation over pendant appellate jurisdiction. If the Court denies this motion, it will preclude Plaintiffs from appealing the Orders through a permissive interlocutory appeal. Either way, nothing that this Court decides can possibly be inconsistent with the Second Circuit's decisions on the issues presently before it.

Second, even if otherwise divested of jurisdiction by the pending appeal, district courts still retain residual jurisdiction over matters that would aid the appeal. United States v. Jacques, 6 F.4th 337, 341 (2d Cir. 2021). In assessing whether a motion should be entertained under this exception, courts look to whether doing so would "merely aid in the appellate process" or "alter the case on appeal." Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1013 (6th Cir. 2003) (citing Allan Ides, *The Authority of a Federal District Court to Proceed After a*

*Notice of Appeal Has Been Filed,* 143 F.R.D. 307, 323 (1992)). Here, ruling on Plaintiffs' §1292(b) Motion will unquestionably "aid the appeal." If Plaintiffs are ultimately permitted to proceed with an interlocutory appeal, the parties would not need to brief, nor would the Second Circuit need to decide, the issue of pendant appellate jurisdiction. Moreover, if this §1292(b) Motion is not decided now, and the Second Circuit declines to exercise pendant jurisdiction over Plaintiffs' cross-appeal, the §1292(b) Motion will have to be decided *after* a lengthy appellate process (and if granted, a second appeal will follow the current one). By saving resources and serving judicial economy, this §1292(b) Motion will "aid the appeal."

Third, Defendants will argue Plaintiffs' notice of appeal is insufficient because—in their view—the Second Circuit lacks jurisdiction over Plaintiffs' cross-appeal. See Defs.' Br. at p. 4. While Plaintiffs firmly contend that the notice of cross-appeal is proper and pendant appellate jurisdiction has been properly invoked, the District Court's jurisdiction is only divested from a *properly* filed notice of appeal. See e.g. Leonhard v. United States, 633 F.2d 599, 610 (2d Cir. 1980) (citing cases).[3] Defendants cannot be permitted to, on the one hand, argue that Plaintiffs' notice of appeal was improper such that the Second Circuit does not have jurisdiction; yet, on the other hand, argue that the District Court is also divested of jurisdiction to certify the Orders for a proposed appeal. In effect, Defendants are engaged in gamesmanship to block Plaintiffs from pursuing appellate relief permitted by statute due to the unique procedural posture of this action.[4]

---

[3] See also 9 Moore's Federal Practice P 203.11, at 3-51-52 (1980) ("If the court of appeals acquires no jurisdiction, it seems to follow that the district court loses no jurisdiction that it otherwise would have . . . To hold [] that the mere invocation of the jurisdiction of the court of appeals when it is obvious that it has none, will stay all proceedings in the district court, appears to be a most inefficient way to manage the case.").

[4] Plaintiffs filed this §1292(b) Motion 42 days following the Reconsideration Order, prompt by any measure. See supra at n. 1. Even if Plaintiffs had filed it earlier, it is simply implausible that full briefing and a Court order would have been completed by Plaintiffs' cross-appeal deadline. Thus, Defendants' argument effectively leads to the result that despite statutes providing litigants with avenues for relief from an interlocutory order, Plaintiffs are simply unable to avail themselves of these rights.

4

Fourth, and finally, even if the Court were to find a lack of jurisdiction, the Court can still issue an indicative ruling under Fed. R. Civ. P. 62.1. An indicative ruling is designed to "allow for the timely resolution of motions which may further the appeal or obviate its necessity." Litovich, 2022 WL 16856436, at *2 (citing Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon, 297 F.R.D. 218 (S.D.N.Y. 2013)). Here, an indictive ruling would potentially serve judicial economy by obviating the need to litigate the issue of pendant appellate jurisdiction—assuming the Second Circuit were to then remand jurisdiction back to this Court. The parties and the Second Circuit could then address the substantive issues on appeal without concern that procedural maneuverings will hold the entire case in a logjam of multiple appeals over a multi-year period. An indicative ruling will allow for a timely resolution of matters on appeal, rather than create any interference. See e.g. Ret. Bd. of Policemen's Annuity, 297 F.R.D. at 221-22 (refusing indicative ruling that would "do little to aid the Second Circuit's consideration of the appeal" and "slow this action and impede the appeal.").

Defendants cite Teladoc, Inc. v. Texas Med. Bd., No. 15 Civ. 343 (RP), 2016 WL 4362208, at *4-5 (W.D. Tex. Aug. 15, 2016) without description other than a short parenthetical. In Teladoc, the defendant appealed a denial of a motion to dismiss arguing that appellate jurisdiction lied pursuant to the collateral order doctrine; yet, six months after the appeal was filed and while the appellate briefing was under way, filed a motion with the District Court for §1292(b) certification. The court declined to entertain the motion because,

> The timing of Defendants' motion raises problematic procedural and jurisdictional questions. If this Court indicated that it would grant the motion for certification, might Plaintiffs still need to file their response brief in the pending appeal if the Fifth Circuit had not yet made a decision regarding whether it would remand? If certification was ultimately granted by the Fifth Circuit, would the parties start their briefing over? After certification, would the parties be able to raise issues outside of state-action immunity within the appeal? In short, the procedural posture of this case—

5

> in the middle of appellate briefing—warrants the denial of Defendants' motion . . . Finally, the Court finds that there is no good excuse for Defendants' delay in seeking certification.

The Teladoc court even stated that it might have otherwise exercised jurisdiction *if the procedural posture were aligned to the matter at bar*—where a prompt §1292(b) motion has been filed. See id. at *5 ("appellate review of the antitrust-immunity review might be beneficial, and if the procedural posture of the case were different or if a good justification for delay existed, the Court might be more willing to entertain Defendants'' motion.").[5]

Plaintiffs promptly filed this §1292(b) Motion, and even as of submission of these reply papers, Defendants' appellate brief is not due for another several weeks. Notwithstanding, Plaintiffs would be amenable to adjusting the briefing schedule of the appeal as may be efficient and practical for all parties, the Second Circuit and this Court.

## II. PLAINTIFFS' PROPOSED APPEAL MEETS THE STANDARDS IN §1292(b)

For the sake of brevity, Plaintiffs succinctly address the appropriateness of §1292(b) certification given the extensive submissions to date—both in this motion and the previous related motions. Plaintiffs have made the necessary showing for certification such that the Second Circuit should have an opportunity to decide whether to accept an interlocutory appeal.

### A. Plaintiffs Cited the Proper Standard for §1292(b) Review

Defendants are incorrect that there is a judicial rule effectively blockading §1292(b) certification from an order compelling arbitration. Nothing in the Federal Arbitration Act ("FAA") nor §1292(b) states that a different and "more demanding" standard should be applied to such certification motions. See Defs.' Br. at p. 5. Defendants' argument to the contrary

---

[5] The only other jurisdictional case cited by Defendants is Cristini v. City of Warren, No. 07 Civ. 11141 (DML), 2013 WL 12180905, at *1 (E.D. Mich. Jan. 3, 2013), a non-controlling out-of-circuit case which provides no explanation as to why the §1292(b) motion would have altered the pending appeal would aid in the appeal.

ignores the Supreme Court's clear directive that the FAA merely "make[s] arbitration agreements as enforceable as other contracts, but not more so." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 n. 12 (1967); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991) (the FAA "place[d] arbitration agreements on the same footing as other contracts."). Defendants rely on cases where the §1292(b) standards were not otherwise met and courts stated in dicta that the FAA reflects a "national policy favoring arbitration."[6]

### B. Defendants' Claim that Plaintiffs "Repackaged" Arguments Is Irrelevant

Defendants repeatedly argue that Plaintiffs' motion is deficient because it "repackage[es]" arguments previously submitted and rejected by this Court. See Defs.' Br. at 2, 6-7, 10-11. Respectfully, this is a facile and irrelevant point. Naturally, a proposed appeal will repeat similar arguments and authority already submitted and rejected. Appeals exist to provide a forum to review previously rejected arguments. The issue in this §1292(b) Motion is not whether the Court previously rejected the arguments, but whether the proposed appeal involves a controlling issue of law over which there is a substantial basis for disagreement and whether an appeal may materially advance the litigation. Here, the proposed appeal meets all these elements.

### C. Plaintiffs Have Presented a Pure Question of Law for Appeal

Defendants are incorrect that Plaintiffs' proposed appeal does not present a pure question of law. See Defs.' Br. at pp. 6-10. Defendants heavily rely on three out-of-circuit cases to argue that because Plaintiffs' proposed appeal seeks application of the doctrine of unconscionability and the effective vindication doctrine, the issues necessarily involve "mixed questions of law and fact." Id. at p. 7. But, as previously cited, courts regularly address these doctrines as pure

---

[6] See Defs.' Br. at p. 6 (citing Murray v. UBS Secs., LLC, No. 12 Civ. 5914 (KPF), 2014 WL 1316472, at *8 (S.D.N.Y. Apr. 1, 2014); Dill v. JPMorgan Chase Bank, N.A., No. 19 Civ. 10947 (KPF), 2021 WL 3406192, at *9-10 (S.D.N.Y. Aug. 4, 2021); Maye v. Smith Barney Inc., 903 F. Supp. 570, 574 (S.D.N.Y. 1995)).

questions of law without the need for an expanded factual or evidentiary record. See e.g. Gruden v. NFL, No. A-21-844043-B, at 13-14 (Nev. Dist. Ct. Oct. 12, 2022); Hooters of America, Inc. v. Phillips, 173 F.3d 933 (4th Cir. 1999), McMullen v. Meijer, Inc., 355 F.3d 485 (6th Cir. 2004), Pokorny v. Quixtar, Inc., 601 F. 3d 987 (9th Cir. 2010), Walker v. Ryan's Family Steak Houses, 400 F.3d 370 (6th Cir. 2005); Nostalgic Partners, LLC v. N.Y. Yankees P'ship, No. 656724/2020 (N.Y. Sup. Ct. Dec. 17, 2021); Cross & Brown Co. v. Nelson, 4 A.D.2d 501 (1st Dep't 1957).

Here, Plaintiffs respectfully dispute this Court's interpretation of the law—not the facts. Thus, Defendants' cited cases yield no different conclusion. See Cuadras v. MetroPCS Wireless, Inc., No. 09 Civ. 7897 (CAS) (AJW), 2011 WL 11084069, at *4 (C.D. Cal. Oct. 11, 2011) (denying motion because "plaintiff's dispute is with how the law is applied *to these facts,* and thus is not a pure, controlling question of law") (emphasis in original); Adler v. Dell, Inc., No. 08 Civ. 13170, 2009 WL 646885, at *2 (E.D. Mich. Mar. 10, 2009) (denying motion where factual analysis necessary to determine which state law applied); Barker v. Halliburton Co., No. 07 H. 02677, 2008 WL 536640, at *2 (S.D. Tex. Feb. 27, 2008) (denying motion where plaintiff sought "additional findings of fact" and therefore involved "questions of law as applied to the facts.").

As previously cited, courts focus on whether a question is a pure issue of law by assessing if "the reviewing court could decide quickly and cleanly without having to study the record." Hart v. Rick's Cabaret Int'l, Inc., 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) (citing cases). Plaintiffs' proposed appeal does not require any further factual or evidentiary record.

### D. Plaintiffs Have Identified a Substantial Ground for Difference of Opinion

Defendants argue that the Court's Order was "consistent with controlling law" and therefore does not present issues with a substantial ground for difference of opinion. See Defs.' Br at p. 10. Again, Defendants side-step the issue and confuse the standard. The issue is not

whether the Orders have a legal basis—the issue is whether the questions presented on appeal are "particularly difficult" or matters of "first impression."  See Pls.' Br. at p. 12 (citing cases). Plaintiffs have set forth numerous examples of such disagreement, including numerous courts invalidating arbitration agreements on the basis of unconscionability (Pls.' Br. at pp. 14-15), arguably distinguishing features of the authority relied upon by this Court (Pls.' Br. at pp. 16-21), and numerous law professors who have disputed this Court's analysis of the law through an amicus brief (Pls.' Br. at pp. 13-14).  Moreover, another court recently invalidated the *same arbitration agreement at issue herein on the same grounds Plaintiffs have argued herein*.  Pls.' Br. at 14 (citing Gruden, at 13-14).[7]  Arguing only that the Orders had a valid legal basis and characterizing Plaintiffs as being merely "dissatisfied," Defendants advance no legitimate argument as to why this does not reflect substantial disagreement.  See Defs.' Br. at p. 11.

### E. Plaintiffs' Proposed Appeal Has Precedential Value[8]

Defendants argue that Plaintiffs fail to establish "precedential value" for being "unable to cite a single pending case that would be impacted by their proposed appeal."  Defs.' Br. at p. 8. However, as already cited, for a proposed appeal to have "precedential value" it need not impact any specific pending or potential cases.  See e.g. Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990) ("[non-movants argue] the resolution of the question must also have precedential value for a number of pending cases. We disagree.").  Defendants' cited cases to support this point also miss the mark.  See Defs.' Br. at pp. 8-9 (citing Murray v. UBS Secs., No. 12 Civ. 5914 (KPF),

---

[7]  Incredibly, Defendants do not even acknowledge that the Gruden court analyzing the same issues found the arbitration agreement to be unconscionable.

[8]  In one sentence, Defendants argue that Plaintiffs' proposed appeal cannot be controlling on Mr. Wilks' claims because the Court determined that issues as to arbitrability be delegated to the arbitrator.  See Defs.' Br. at p 7-8.  However, that is precisely the determination that Plaintiffs seek to appeal.  Defendants ignore that the delegation of gateway issues to the arbitrator—NFL Commissioner Roger Goodell—suffers from the same form of unconscionability as the compelling of claims to arbitration on the merits.  See e.g. Dkt. No. 75.

9

2014 WL 1316472, at *4 (S.D.N.Y. Apr. 1, 2014) (the fact that other the potential appeal could impact other cases was not *alone* sufficient to warrant certification); Dill v. JPMorgan Chase Bank, N.A., No. 19 Civ. 10947 (KPF), 2021 WL 3406192, at *6 n. 5 (S.D.N.Y. Aug. 4, 2021) (impact on putative class members alone is insufficient)).  Rather, in answering this question, courts consider "the system-wide costs and benefits of allowing the appeal." Id. (citing *inter alia* C. WRIGHT, A. MILLER, E. COOPER & E. GRESSMAN, 16 FEDERAL PRACTICE AND PROCEDURE § 3930, at 159 (1977) ("[t]he suggestion . . . that the question must be important to a large number of other suits . . . is not supported by any statutory purpose.")).  Plaintiffs respectfully refer the Court to pp. 9-12 of their moving papers describing the system-wide benefits, including the impact on potential future cases, resulting from the proposed appeal.

### F. Plaintiffs' Proposed Appeal Would Materially Advance This Litigation

Plaintiffs have set forth why the proposed appeal will materially advance the litigation. See Pls.' Br. at pp. 5-8, 23-24.  As Plaintiffs acknowledged, some courts find the mere saving of time and resources of a potential arbitration proceeding is insufficient.  Id. at p. 6 (citing Murray, 2014 WL 1316472, at *8).  However, other courts find it to be a factor favoring certification.  Id. at pp. 6-7, 24 (citing S.A. Mineracao Da Trindade-Samitri v. Utah Int'l Inc., 579 F. Supp. 1049 (S.D.N.Y. 1984); In re A2P SMS Antitrust Litig., No. 12 Civ. 2656 (AJN), 2015 WL 876456 (S.D.N.Y. Mar. 2, 2015); Islam v. Lyft, Inc., No. 20 Civ. 3004 (RA), 2021 WL 2651653 (S.D.N.Y. June 28, 2021)).  The prudent approach is to take neither as a "rule" and look at the circumstances of each case to serve judicial economy.  Here, given the unique circumstances of this action, this factor weighs heavily in Plaintiffs' favor.  See Pls.' Br. at pp. 5-6.

Defendants cite in chief only cases stating that avoiding the time and resources associated with an arbitration is insufficient and relegate their attempts to distinguish the alternative set of

10

decisions in a footnote.  See Defs.' Br. at p.14 n. 3.  Defendants' footnote only demonstrates Plaintiffs' position that this factor must be considered in some circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order certifying Plaintiffs' - proposed appeal under §1292(b), and for such other and further relief deemed just and proper.

Dated: New York, New York
October 20, 2023

Respectfully submitted,

**WIGDOR LLP**

By: _____
Douglas H. Wigdor
David E. Gottlieb
Michael J. Willemin
Marjorie Mesidor
85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
dgottlieb@wigdorlaw.com
mwillemin@wigdorlaw.com
mmesidor@wigdorlaw.com
*Counsel for Plaintiffs*
*Proposed Counsel for the Proposed Class*

- and -

**ELEFTERAKIS, ELEFTERAKIS & PANEK**
By: ____/s/_____
John Elefterakis
Nicholas Elefterakis
Raymond Panek
Johnson Atkinson
80 Pine Street, 38th Floor
New York, New York 10005
Telephone: 212-532-1116
Facsimile: 212 532-1176

11

*Counsel for Plaintiffs*
*Proposed Counsel for the Proposed Class*