USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/04/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BRIAN FLORES, STEVE WILKS, and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated,

                                  Plaintiffs,

                -against-

THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE, TITANS and JOHN DOE TEAMS 1 through 26,

                                  Defendants.
-------------------------------------------------------------- X

22-CV-0871 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

       Plaintiffs, who are current and former coaches for teams in the National Football League (the "NFL"), have sued the NFL and various member teams for racial discrimination and retaliation in violation of 42 U.S.C. § 1981 and several state laws. *See* Am. Compl., Dkt. 22. On March 1, 2023, the Court granted in part and denied in part Defendants' motion to compel arbitration. *See* Op. & Order, Dkt. 76 (the "Arbitration Opinion"). The Court compelled arbitration of the claims brought by Ray Horton against the Tennessee Titans, Steve Wilks against the Arizona Cardinals, and Brian Flores against the Miami Dolphins, as well as all related claims against the NFL.[1] *Id.* The Court denied the parties' motions for reconsideration

---

[1] The Court denied the motion to compel arbitration of Mr. Flores's claims against the New York Giants, the Denver Broncos, and the Houston Texans, as well as his related claims against the NFL. *See* Arbitration Opinion, Dkt. 76.

1

on July 25, 2023. *See* Op. & Order, Dkt. 102 (the "Reconsideration Opinion"). Defendants appealed to the Second Circuit those portions of the Arbitration Opinion and the Reconsideration Opinion (together, the "Opinions") that denied their motion to compel arbitration. *See* Not. of Appeal, Dkt. 113. Plaintiffs both cross-appealed those portions of the Opinions that compelled arbitration, *see* Not. of Cross-Appeal, Dkt. 122, and filed the instant motion, pursuant to 28 U.S.C. § 1292(b), to certify for appeal certain legal issues that led the Court to compel arbitration, *see* Not. of Mot., Dkt. 119. For the following reasons, Plaintiffs' motion is DENIED.

## DISCUSSION[2]

### I.  Legal Standard

Under 28 U.S.C. § 1292(b), a district court may certify for appellate review any interlocutory order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." That statute creates a narrow exception to the "basic tenet of federal law" that appellate review should follow final judgment. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted). The Second Circuit has held that interlocutory appeals "must be strictly limited to the precise conditions stated in the law." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (internal quotation marks and citation omitted).

As to the first criterion, a controlling question of law "must [be] a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) (quoting *In re Worldcom, Inc.*, No. M–47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). The question must also

---

[2]  The Court assumes familiarity with the factual background set forth in the Arbitration Opinion. *See* Arbitration Opinion at 2–5.

be "controlling," meaning that reversal of the order would "'result in dismissal of the action'"; reversal of the order could "'significantly affect the conduct of the action'"; or the issue on appeal "'has precedential value for a large number of cases.'" *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 535–36 (S.D.N.Y. 2014) (quoting *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013)).

As to the second criterion, a "substantial ground for difference of opinion" exists where "'there is conflicting authority on the issue'" or where "'the issue is particularly difficult and of first impression in the Second Circuit.'" *Hometrust Mortg. Co. v. Lehman Bros. Holdings, Inc.*, No. 15-CV-4060 (WHP), 2015 WL 5674899, at *2 (S.D.N.Y. Sept. 25, 2015) (quoting *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)).

As to the third criterion, an appeal "advance[s] the ultimate termination of the litigation" if the appeal promises to "'advance the time for trial or shorten the time required for trial.'" *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).

Even when all three criteria are met, a district court retains "unfettered discretion" to deny leave to appeal for "any reason," including judicial economy. *In re Facebook*, 986 F. Supp. 2d at 530 (quoting *Klinghoffer*, 921 F.2d at 24). As a general rule, interlocutory appeals are "strongly disfavored" in the federal system. *Id.* (internal quotation marks and citation omitted). They should be "strictly reserved for exceptional cases," and they are "especially rare in early stages of litigation." *Id.* at 533; *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (discussing the "exceptional" circumstances justifying interlocutory appeal).

## II. Plaintiffs Fail to Establish Exceptional Circumstances Warranting Certification for Appellate Review

Plaintiffs request that the Court certify for appeal (1) whether an arbitration agreement that is not the result of collective bargaining is unconscionable and therefore unenforceable if it designates a biased party representative as arbitrator to resolve statutory discrimination claims (the "Unconscionability Issue"); and (2) whether the effective vindication doctrine renders an arbitration agreement unenforceable if it designates a biased party representative as arbitrator to resolve statutory discrimination claims (the "Effective Vindication Issue") (together, the "Issues for Appeal"). *See* Pls. Mem., Dkt. 120, at 3. These issues do not qualify for interlocutory appeal because they do not present controlling questions of law, do not raise a substantial ground for difference of opinion, and would not materially advance this litigation if resolved by the Second Circuit, which Plaintiffs assert has pendant appellate jurisdiction over their cross-appeal.[3]

### A. Pure and Controlling Questions of Law

Plaintiffs assert that the Issues for Appeal involve pure questions of law that can be decided without studying "any substantial record" because this Court decided them without the benefit of discovery. *See* Pls. Mem. at 5. Plaintiffs are misguided.

---

[3] Although the filing of a notice of appeal ordinarily "divests a district court of jurisdiction over the issues presented in the appeal," *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 n.4 (2d Cir. 2014) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)), a district court may still take action "in aid of the appeal," *New York v. DHS*, 974 F.3d 210, 215 (2d Cir. 2020) (quoting *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F. 2d 1014, 1017 (2d Cir. 1988)); *see also Hoffenberg v. United States*, No. 00-CV-1686 (RWS), 2004 WL 2338144, at *4 (S.D.N.Y. Oct. 18, 2004) (deciding a plaintiff's motion for interlocutory appeal on the merits even though the plaintiff had already filed a notice of appeal "in aid of the appellate jurisdiction of the Court of Appeals and in the interest of judicial economy"). Moreover, even if the Court lacks jurisdiction to grant Plaintiffs' motion, it may still deny it pursuant to Federal Rule of Civil Procedure 62.1 ("Rule 62.1"). Because the Court denies Plaintiffs' motion for the reasons discussed *infra*, it need not decide whether it would have jurisdiction to grant it. *See Paguirigan v. Prompt Nursing Empl. Agency LLC*, No. 17-CV-1302 (NG) (JO), 2020 WL 239456, at *1 n.1 (E.D.N.Y. Jan. 9, 2020) (denying a motion for interlocutory appeal certification of certain legal issues where the movant had already filed a notice of appeal of the Court's decision including those issues and noting that the Court "need not assess, issue by issue, [its] jurisdiction over [the present] motion" because Rule 62.1 provided "express authority to deny it") (citing Fed. R. Civ. P. 62.1)).

As a preliminary matter, Plaintiffs ignore that although discovery was unnecessary for the Court to issue the Opinions, the Court considered allegations in the Amended Complaint, the NFL rules and policies, and Plaintiffs' employment contracts — a substantial factual record — when resolving the parties' motions. *Cf. Dill v. JPMorgan Chase Bank, N.A.*, No. 19-CV-10947 (KPF), 2021 WL 3406192, at *6 (S.D.N.Y. Aug. 4, 2021) (denying plaintiffs' motion for interlocutory appeal of a decision compelling arbitration in part because requiring the Second Circuit to address "the interpretation and enforceability" of an arbitration provision would "'mandate an examination of the entire arbitration agreement'" (quoting *In re Anderson*, 550 B.R. 228, 237 (S.D.N.Y. 2016)).

Plaintiffs' argument also misinterprets the standard for certification. A "pure" question of law is "not synonymous with 'an issue that might be free from a factual contest.'" *In re Belton*, No. 15-CV-1934 (VB), 2016 WL 164620, at *1 n.1 (S.D.N.Y. Jan. 12, 2016) (citation omitted) (denying plaintiffs' motion for interlocutory appeal of a decision compelling arbitration in part because the Court's determination "require[d] a particularized inquiry into the nature of the claim" (internal quotation marks and citation omitted)). Rather, a question of law is only suitable for certification if it raises "an abstract legal issue." *In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (internal quotation marks and citation omitted). Simply "refram[ing] the factual issues in [the] case as questions of law" by "turning them into hypotheticals" is insufficient. *Bishop v. Best Buy, Co. Inc.*, No. 08-CV-8427 (LBS), 2011 WL 4011449, at *13 (S.D.N.Y. Sept. 8, 2011); *see also Goldfarb v. Channel One Russia*, No. 18-CV-8128 (JPC), 2021 WL 1392850, at *10 (S.D.N.Y. Apr. 13, 2021) ("[D]isputes concerning the application of

the law to the specific facts of a case typically are not appropriate for an interlocutory appeal." (citations omitted)).[4]

The Unconscionability Issue does not raise a pure question of law because its resolution would require the Second Circuit to assess whether Plaintiffs' arbitration agreements are unconscionable based on the unique facts of this case, including the NFL Commissioner's role, the NFL Commissioner's statements, the language in Plaintiffs' contracts, and the purported absence of collective bargaining. Far from raising a pure question of law, the Unconscionability Issue would require the Second Circuit to pore over the factual circumstances surrounding distinct arbitration agreements. Such mixed factual and legal analysis is not suitable for interlocutory appeal. *See, e.g.*, *Cuadras v. MetroPCS Wireless, Inc.*, No. 09-CV-7897 (CAS), 2011 WL 11084069, at *4 (C.D. Cal. Oct. 11, 2011) (denying plaintiffs' motion for interlocutory appeal of a decision compelling arbitration despite plaintiffs' argument that the agreement was unconscionable because plaintiffs did not advance a pure question of law); *Adler v. Dell, Inc.*, No. 08-CV-13170 (GCS), 2009 WL 646885, at *2 (E.D. Mich. Mar. 10, 2009) (same because "fact[-]specific inquiries" regarding the relevant agreement's unconscionability were not pure questions of law).

The Effective Vindication Issue[5] is unsuitable for appeal on similar grounds. Plaintiffs' framing of the issue assumes that the NFL Commissioner is "biased." Reaching that conclusion,

---

[4] Courts, therefore, routinely conclude that pre-discovery opinions raise mixed questions of law and fact rather than pure questions of law suitable for appeal. *See, e.g., SEC v. Bernard L. Madoff Inv. Secs. LLC*, No. 23-CV-992 (AT), 2023 WL 5671544, at *2–3 (S.D.N.Y. Sept. 1, 2023) (denying defendants' motion for interlocutory appeal of a decision denying a pre-discovery motion to dismiss because the court's "routine application of law to the factual allegations in the complaint d[id] not present an issue of pure law" (citations omitted)); *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*, No. 19-CV-10067 (PAE), 2023 WL 4249356, at *18 (S.D.N.Y. June 29, 2023) (same because the case presented "an application of law to the unique set of facts pled in [the complaint]").

[5] Plaintiffs argue that the NFL Commissioner's alleged bias will prevent them from vindicating their claims in arbitration. The effective vindication doctrine is "a judge-made exception to the [Federal Arbitration Act]" that "finds its origins in the desire to prevent prospective waiver of a party's right to pursue statutory remedies." *Am.*

however, and determining the extent of any bias, would require a fact-specific analysis of the NFL Commissioner's role, the NFL Commissioner's conduct, and the parties' agreements. Plaintiffs cannot obtain certification by embedding fact-specific assumptions in purported questions of pure law. *See Bishop*, 2011 WL 4011449, at *13 (concluding that the plaintiff did not identify questions of pure law for certification because his proposed questions "depend[ed] on" factual conclusions that had not been reached by the district court).

For all of those reasons, the Issues for Appeal do not raise pure questions of law for interlocutory review.[6]

---

*Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235–236 (2013) (internal quotation marks and citation omitted). The Supreme Court has recognized two types of arbitration agreements to which this doctrine may apply: an agreement "forbidding the assertion of certain statutory rights" and an agreement imposing arbitration fees "so high as to make access to the forum impracticable." *Id.* at 236 (citation omitted).

[6] Because the Issues for Appeal are not pure questions of law, the Court need not decide whether any pure questions of law would be sufficiently "controlling" to warrant appeal. Plaintiffs acknowledge, however, that the "mere potential reversal of an order compelling arbitration" does not typically satisfy the "controlling" question of law requirement. Pls. Mem., Dkt. 120, at 6.

Plaintiffs also assert that the Court should grant their motion because Defendants are already appealing those portions of the Opinions denying arbitration. Plaintiffs argue that, under those circumstances, it would be unfair to prevent Plaintiffs from appealing those portions of the Opinions compelling arbitration. *See* Pls. Mem. at 7–8. The Federal Arbitration Act (the "FAA") expressly allows for this asymmetry, however, by only authorizing interlocutory appeals of orders *denying* arbitration. *See* 9 U.S.C. § 16. The FAA thereby "endeavor[s] to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." *Augustea Impb Et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95, 98 (2d Cir. 1997) (internal quotation marks and citation omitted); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("Notably, Congress provided for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration."). In any event, Plaintiffs still have the opportunity to argue in favor of pendant appellate jurisdiction before the Second Circuit. *See The Boeing Co. v. Egyptair*, No. 05-5986 (CV), 2007 WL 1315716, at *2–3 (2d Cir. May 7, 2007) (noting that the Second Circuit may exercise pendant appellate jurisdiction "(a) where an issue is inextricably intertwined with a question that is the proper subject of an immediate appeal, or (b) where review of a jurisdictionally insufficient issue is necessary to ensure meaningful review of a jurisdictionally sufficient one" (quoting *U.S. Fidelity & Gar. Co. v. Braspetro Oil Servs., Co.*, 199 F.3d 94, 97 (2d Cir. 1999)) (summary order).

### B. Substantial Ground for Difference of Opinion

Plaintiffs assert that there is substantial ground for difference of opinion regarding the Issues for Appeal because "no definitive case law" by the Supreme Court or the Second Circuit applies, amici objected to the Court's reasoning, and courts in other jurisdictions adopted Plaintiffs' reasoning. *See* Pls. Mem. at 12–16. The Court disagrees.

It is well established that "[s]imply because" a question of law has "not yet been directly addressed by the Supreme Court or the Second Circuit" does not mean that it raises a reasonable ground for difference of opinion. *Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) (collecting cases and concluding that interlocutory appeal was inappropriate). In this case, however, the Supreme Court and the Second Circuit *have* issued key decisions on the Issues for Appeal; those decision simply do not align with Plaintiffs' position.

Regarding the Unconscionability Issue, the Second Circuit already rejected the argument that, as a matter of law, the NFL Commissioner cannot fairly arbitrate claims regarding the NFL's conduct. *See* Arbitration Opinion at 22–23 (discussing *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016)); Reconsideration Opinion at 13–14 (same). Plaintiffs have not cited any applicable state law that would require a contrary result. *See* Arbitration Opinion at 16–17, 25–26 (analyzing Arizona, Florida, and Tennessee contract law); Reconsideration Opinion at 15–16.[7]

As for the Effective Vindication Issue, the Supreme Court has not recognized alleged structural bias in arbitration agreements as grounds for applying the effective vindication

---

[7] Plaintiffs accuse the Court of "relying on out-of-jurisdiction case law" to support its reasoning, and of selectively disregarding out-of-jurisdiction caselaw that favors Plaintiffs. Pls. Mem. at 27. The federal caselaw that the Court cited in support of its decision applied the state laws at issue in this case. *See* Arbitration Opinion at 24–25 (discussing Eleventh and Sixth Circuit cases applying Florida and Tennessee law). The out-of-jurisdiction decisions that the Court summarily disregarded, *see id.* at 25 n.25, are state law decisions that have no bearing on this federal action involving Florida, Tennessee, and Arizona contract law.

doctrine. To the contrary, Justice Kagan warned that the Supreme Court's jurisprudence would enable companies to appoint "obviously biased" arbitrators. *See* Arbitration Opinion at 24 (discussing *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013)); Reconsideration Opinion at 15 (same).[8] Moreover, contrary to Plaintiffs' position, federal law does provide protection against biased arbitrators. It does so, however, by allowing arbitration awards to be overturned upon a showing of "evident partiality or corruption," not by preventing arbitration from the get-go. *See* Arbitration Opinion at 23 (discussing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) and 9 U.S.C. § 10(a)(2)); Reconsideration Opinion at 13–14 (same).

For all of those reasons, Plaintiffs have not established substantial ground for difference of opinion regarding the Issues for Appeal.

### C. Advancing the Ultimate Resolution of the Litigation

Plaintiffs maintain that certifying the Issues for Appeal may materially advance the ultimate termination of this case because, if the Court grants certification and the Second Circuit rules in Plaintiffs' favor, the parties will avoid wasting time in arbitration. *See* Pls. Mem. at 23–24. For the reasons discussed *supra*, however, it is more likely that the Second Circuit would affirm the Court's decision or decline to hear the appeal, resulting in "unnecessar[y]" delay. *Murray v. UBS Secs., LLC*, No. 13-CV-5914 (KPF), 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1,

---

[8] As Plaintiffs acknowledge, *see* Pls. Mem. at 22–23, the Court already distinguished federal caselaw from other jurisdictions. *See* Arbitration Opinion at 24 n.22. The Court also found amici's objections unpersuasive. *See* Reconsideration Opinion at 14 n.14.

The law journal excerpt Plaintiffs cite in their favor, *see* Michael Conklin et al., *Brian Flores's Employment Discrimination Lawsuit Against the NFL: A Game Changer or Business As Usual?* [hereinafter "Conklin Article"], 29 Jeffrey S. Moorad Sports L. J. 299, 306 (2022) ("Unfortunately for the NFL, case law is clear regarding the essential nature of arbitrator neutrality."), is purportedly justified by a Supreme Court case that even *Plaintiffs* do not reference because it is so far afield. *See Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 146–48 (1968) (wherein the parties' arbitration agreement required them to select a "neutral" third member of an arbitration panel and one of the parties failed to disclose its "close financial relations" with the purportedly neutral arbitrator; the Supreme Court therefore set aside the arbitration award). Plaintiffs' decision to cite a law journal article that "call[s] into question" their litigation strategy is also curious. Conklin Article at 324.

9

2014); *see also Dill*, 2021 WL 3406192, at *9 (denying plaintiffs' motion for interlocutory appeal of a decision compelling arbitration in part because certification "would be inconsistent with the national policy favoring arbitration, and the Second Circuit's distaste for delaying the arbitral process through appellate review" (internal quotation marks and citations omitted)); *In re Belton*, 2016 WL 164620, at *2 ("Proceeding to arbitration, rather than certifying an interlocutory appeal, is the fastest way for these cases to be decided on the merits.").[9]  Certifying the Issues for Appeal is, therefore, unlikely to materially advance the ultimate resolution of the litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to certify the Issues for Appeal to the Second Circuit is DENIED.  The Clerk of Court is respectfully directed to close the open motion at Docket Entry 119.

**SO ORDERED.**

**Date:  January 4, 2024**
**       New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[9] The cases Plaintiffs cite to the contrary are readily distinguishable. *See S.A. Mineracao Da Trindade-Samitri*, 579 F. Supp. 1049, 1050–51 (S.D.N.Y. 1984) (wherein the plaintiff raised controlling questions of law about which there was substantial ground for difference of opinion); *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656 (AJN), 2015 WL 876456, at *5 (S.D.N.Y. Mar. 2, 2015) (same and wherein, absent appeal, the arbitration could "only proceed in fits and starts, with successive rounds of motions to vacate or confirm interim arbitration awards"); *Islam v. Lyft*, No. 20-CV-3004 (RA), 2021 WL 2651653, at *5–6 (S.D.N.Y. June 28, 2021) (same and wherein a parallel interlocutory appeal regarding the identical issue was already pending before the Second Circuit).