USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

BRIAN FLORES, STEVE WILKS, and RAY     :
HORTON, as Class Representatives, on     :
behalf of themselves and all others similarly     :
situated,     :
:
                                    Plaintiff,     :
          -against-     :
:
THE NATIONAL FOOTBALL LEAGUE; NEW     :
YORK FOOTBALL GIANTS, INC. d/b/a NEW     :
YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a :          22-CV-0871 (VEC)
MIAMI DOLPHINS; DENVER BRONCOS     :
FOOTBALL CLUB d/b/a DENVER BRONCOS;     :          ORDER
HOUSTON NFL HOLDINGS, L.P. d/b/a     :
HOUSTON TEXANS; ARIZONA CARDINALS     :
FOOTBALL CLUB LLC d/b/a ARIZONA     :
CARDINALS; TENNESSEE TITANS     :
ENTERTAINMENT, INC. d/b/a TENNESSEE,     :
TITANS and JOHN DOE TEAMS 1 through 26,     :
:
                                    Defendants.     :
-----------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on January 23, 2025, Michael Caspino filed a Notice of Appearance in this

case, in which he wrote: "I am admitted or otherwise authorized to practice in this court," and his

signature block stated, "*Pro Hac Vice Pending*," *see* Dkt. 135;

WHEREAS on June 5, 2025, Mr. Caspino filed a notice of withdrawal of appearance of

counsel, *see* Dkt. 136, and the Court directed the Clerk of Court to terminate Mr. Caspino as

counsel for Plaintiff Steve Wilks, *see* Dkt. 137;

WHEREAS on June 16, 2025, the Court received a copy of a June 2, 2025 Order from

the District of Arizona in *McDonough et al. v. Bidwell et al*, No. 24-CV-764, in which that Court

suspended Mr. Caspino from practicing law in the District of Arizona for one year for the

unauthorized practice of law and for making misrepresentations to the Court;

WHEREAS upon receipt of the order in *McDonough*, the Court investigated whether Mr.

Caspino was, as he had represented, admitted or otherwise authorized to practice in this Court

and discovered that it appeared that he is neither barred in the State of New York nor admitted to

practice in the Southern District of New York ("SDNY");

WHEREAS the Court ordered Mr. Caspino to show cause by July 7, 2025, why the Court

should not refer him to the disciplinary panel of this Court to consider whether he should be

sanctioned for his misconduct.  *See* Dkt. 138 ("the Order").  The Order required Mr. Caspino to

provide a certificate of good standing from each state in which he is a member of the bar and

explain, under oath: 1) how he was able to file a Notice of Appearance in SDNY on ECF despite

not being a member of the bar for the Southern District of New York; 2) why his signature block

in filings at docket entries 135 and 136 states "*Pro Hac Vice Pending*" despite the fact that Mr.

Caspino never filed a motion to be admitted *Pro Hac Vice* in SDNY; 3) why he represented in

the notice of appearance that he is "admitted or otherwise authorized to practice in this court"

when it appears that it not accurate;  4) why as of June 17, 2025, his website

(https://www.pricecaspino.com/michael-caspino) continued to represent falsely that he is a

member of the Arizona bar; and 5) unless he provided a certificate of good standing from the

bars of California, Colorado, and Nevada, why, as of June 17, 2025, his website represented that

he is a member of the bars of those states.  The Order indicated that if Mr. Caspino failed to

provide at least one certificate of good standing from the bar of at least one state, then his

submission must also address why a criminal referral for the unauthorized practice of law would

not be appropriate;

2

WHEREAS on July 7, 2025, Mr. Caspino filed a declaration in response to the Order, stating that he is licensed to practice law in California;

WHEREAS Mr. Caspino also represented that he had reinstated his membership with the Arizona Bar, although he is currently under investigation by that bar;

WHEREAS Mr. Caspino stated in his declaration that he was attaching a Certificate of Good Standing from the State of California, but he actually attached a Certificate of Good Standing from the U.S. District Court for the Central District of California;

WHEREAS the Order required Mr. Caspino to submit a certificate of good standing from each state in which is he is admitted to practice, not a certificate of good standing from district courts in which he is admitted to practice;

WHEREAS Mr. Caspino did not explain how he was able to file a Notice of Appearance in SDNY on ECF despite not being a member of the SDNY bar;

WHEREAS Mr. Caspino stated that his bar licenses in Colorado and Nevada had lapsed;

WHEREAS Mr. Caspino stated and the Court has confirmed that his firm's website (https://www.pricecaspino.com/michael-caspino) has been updated to reflect that he is only licensed to practice in California but failed to explain why, as of June 17, 2025, the website falsely represented that he was authorized to practice in Arizona, Colorado and Nevada;

WHEREAS Mr. Caspino stated that the Notice of Appearance that he filed on January 23, 2025, erroneously represented that he was "admitted or otherwise authorized to practice in this Court" but failed to explain how such an "error" could have been made;

WHEREAS Mr. Caspino admitted that he represented in the Notice of Appearance that a motion for *pro hac vice* admission was "pending" despite having not filed a motion for admission *pro hac vice*, explaining that it has been his long-standing practice to represent that admission *pro hac vice* was "pending" whenever he planned to move for such admission;

3

WHEREAS Mr. Caspino provided no explanation for how he understood the word "pending" to mean "it will be pending when the motion is filed";

WHEREAS Mr. Caspino represented that he did not perform any substantive work in this case, did not bill the client for any work, and did not file any other documents in the case other than the Notice of Appearance;

WHEREAS Mr. Caspino represented that he never filed a motion for admission *pro hac vice* because a decision was made at some undisclosed time that he would not be representing Mr. Wilks in this matter; and

WHEREAS Mr. Caspino failed to respond to the portion of the Order that required him to explain why he should not be referred to the disciplinary panel of this Court in light of his misconduct.

IT IS HEREBY ORDERED that Mr. Caspino is ordered to explain, under oath, how he was able to file a Notice of Appearance in SDNY on ECF despite not being a member of the SDNY bar and to provide a Certificate of Good Standing from the California Bar by no later than **July 31, 2025**.

IT IS FURTHER ORDERED that, also not later than **July 31, 2025**, Mr. Caspino must provide a more complete explanation of how he came to represent falsely that he was "admitted or otherwise authorized to practice in this court;" when it was decided that he would not represent Mr. Wilks in this action; why he thought it appropriate to state that admission *pro hac vice* was pending when no motion had been made; when his membership in the bars of Nevada and Colorado lapsed; when he was reinstated to the Arizona Bar and proof from the Arizona Bar that he has, in fact, been reinstated; and why he should not be referred to the disciplinary panel of this Court in light of his admitted misrepresentations to the Court.

5

The Clerk of Court is respectfully directed to mail a copy of this Order to Show Cause to

Michael Caspino at 30442 Esperanza, Rancho Santa Margarita, CA 92688 and to email a copy to

mcaspino@pricecaspino.com.


**SO ORDERED.**

**Date:  July 9, 2025**
**New York, New York**                                  **VALERIE CAPRONI**
                                                        **United States District Judge**