Case 1:22-cv-00871-VEC   Document 148-1   Filed 08/25/25   Page 1 of 4

Court of Appeal, Fourth Appellate District, Division Two
Brandon L. Henson, Clerk/Executive Officer
Electronically FILED on 7/10/2025 by J. Hoar, Deputy Clerk

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

## ORDER

| | |
|---|---|
| 3700 KYLE CROSSING, LLC,<br>    Cross-complainant and Appellant,<br>v.<br>MEHDI MOSTAEDI,<br>    Cross-defendant and Respondent. | E086038<br><br>(Super. Ct. No. CIVDS1820570)<br><br>The County of San Bernardino |

THE COURT

It is ORDERED that this appeal is accepted for participation in the Settlement Conference Program.  **A settlement conference is scheduled to be held Tuesday, August 26, 2025, at 9:30 a.m.   The conference will be held at the State Court of Appeal, 3389 Twelfth Street, Riverside, California.**  The date, time, and location have been selected for the convenience of the mediator.  No continuance of the conference will be considered except upon a showing of good cause served and filed at least 15 days prior to the date of the conference.  (See Local Rules of the California Courts of Appeal, Fourth District, Division Two, local rule 4(f)(2),(3).)

The parties are DIRECTED to **serve and file** a Settlement Conference Statement **within 15 days of the date of this order**.  (Local Rules of the California Courts of Appeal, Fourth Appellate District, Division Two, local rule 4(d)(2).)   Contained in the Settlement Conference Statement should be the following:   (i) the trial court name and case title and number; (ii) the name of the judge who rendered the judgment or order appealed and the date of its entry; (iii) the date the notice of appeal was filed; (iv) the names, addresses, and telephone numbers of counsel for all parties to the appeal; (v) a brief description of the judgment or order appealed; (vi) a concise statement of the case, including a brief procedural history and all facts material to consideration of the issues presented; and (vii) the issues expected to be raised in the briefs.  **The purpose of the last three items is to inform the mediator about the case in the same way that an appellant's opening brief or respondent's brief informs the court.   The description of the ruling appealed need only be a paragraph, but the statement of the case should be at least a page in length, and the expected issues should include the two or three most important issues and cover at least two or three pages.   The description of the issues should include a discussion of the standard of review and citations to the relevant legal authority, and should apply that authority to the facts of the case.   The total length of the Settlement Conference Statement should be no more than eight pages**.

All proceedings in the appeal, **except the filing of the record**, but including the filing of any briefs, are STAYED pending further order of this court to permit settlement proceedings to go forward.  (Local Rules of the California Courts of Appeal, Fourth Appellate District, Division Two, local rule 4(c)(3).)

Counsel are DIRECTED to read the attached Settlement Conference Procedure and to advise and inform his or her client of the rules and procedures described.  A failure of a party and/or the party's counsel to comply with any of the requirements set forth in this notice is punishable by sanctions as determined at a subsequent order to show cause hearing.

RAMIREZ

_____
Presiding Justice

cc:     See attached list

Attachment

## SETTLEMENT CONFERENCE PROCEDURE

All parties and their counsel of record are required to personally attend the Settlement Conference. Counsel may not have other counsel specially appear on their behalf. The personal attendance of an insurance adjuster is required where the party is relying upon insurance proceeds to settle the case.

If in counsel's opinion the attendance of his or her client is impractical, counsel shall serve and file with the clerk of this court at least 15 days prior to the conference, a written request showing good cause for the client's attendance to be excused. A non-corporate party requesting to be excused must sign and attach to the request (1) a written authorization granting to counsel full settlement authority to negotiate and bind the party to a settlement agreement without further approval by the client or (2) promise to be available by telephone during the entire period the Settlement Conference is in session.

A corporate party, including a corporation or governmental body, is considered to be its board of directors or other governing board and all board members must personally attend. If in counsel's opinion the attendance of the governing board is impractical, at least 15 days prior to the conference, counsel shall serve and file a written request to excuse the personal attendance of all board members. Counsel must attach to the request an authorization by the governing board granting to a governing board member or high-ranking executive full settlement authority. This authority may be subject only to final approval by the board of directors or governing body. The authorized member or executive must personally attend the conference. The court will order all members of the entity's governing board to appear if necessary to assure meaningful settlement discussions. (See Local Rules of the California Courts of Appeal, Fourth District, Division Two, local rule 4(f)(6); Sigala v. Anaheim City School Dist. (1993) 15 Cal.App.4th 661, 674 (conc. opn. of Sills, P.J.).)

A settlement may take the form of a stipulated court of appeal opinion or dismissal of the appeal. The dismissal alternative leaves the judgment or order appealed in effect, subject to the settlement agreement. If the agreement is breached, any party may bring an action in the superior court to enforce the agreement by an action for breach of contract. Where the parties do not want to leave the existing judgment or order intact, they may stipulate or move to reverse, modify and affirm, or any number of possible dispositions. A copy of the original settlement agreement must be attached to the stipulation or motion, and may be attached to the short opinion the court will file setting forth the requested disposition. The mediator and/or the court's managing attorney will be available to answer any questions that may arise concerning the two alternatives. (See Code Civ. Proc., §128, subd.(a)(8); Neary v. Regents of University of California (1992) 3 Cal.4th 273, 286 (dis. opn. of Kennard, J.).)

In either alternative, the parties should stipulate as to who pays the costs on appeal --the parties usually stipulate to bear their own costs. (See Cal. Rules of Court, rule 8.278(a)(5).) The parties may also stipulate to have the immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).) Unless otherwise arranged, the court will expect the motion or stipulation to be served and filed within 15 days of the conference at which the settlement is agreed upon.

MAILING LIST FOR CASE: E086038
3700 Kyle Crossing, LLC v. Mehdi Mostaedi


Michael William Caspino
Price Caspino
30442 Esperanza
Rancho Santa Margarita, CA 92688


Michael John Weiler
Price Caspino
30442 Esperanza
Rancho Santa Margari, CA 92688


Patrick Christophe McGarrigle
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, CA 91311