UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/25

| | |
|---|---|
| BRIAN FLORES, STEVE WILKS, and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated, <br><br>            Plaintiffs, <br>     -against- <br><br>THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE, TITANS and JOHN DOE TEAMS 1 through 26, <br><br>            Defendants. | 22-CV-0871 (VEC) <br><br> DECLARATION OF <br> MICHAEL W. CASPINO <br> REGARDING DOCKET 147 |

I, Michael W. Caspino, do hereby declare as follows:

1.    I am over the age of 18.

2.    All the facts herein attested are of my personal knowledge and if called upon to testify in their regard, I could and would do so competently.

3.    The Court has asked why I waited so long to make it known that I had a motion for summary judgment on calendar for August 25, 2025. This is because I expected that the matter would not be argued once the tentative ruling was issued by the Court. We received the tentative ruling last week, and it required oral argument.

4.    After I determined that oral argument was necessary, I promptly notified this Court.

1

5. I did not review the Court's Order of Saturday August 23, 2025, until the afternoon of the next business day, August 25, 2025.

6. I did not review this Order (docket 147) until the afternoon of August 25, after my hearing on the Motion for Summary Judgment.

7. This Order compels me to be in New York City on August 26, 2025, at 2:30 p.m.

8. Thus, I received this Order with less than 24 hours' notice to travel across the country for this hearing.

9. On August 26, 2025, at 9:30 a.m., I have been ordered to attend a Mandatory Settlement Conference before the State of California 4th District Court of Appeals, Division 2, in Riverside, California.

10. Attached herewith is a copy of the Order regarding this Mandatory Settlement Conference.

11. At every turn, and to the best of my ability, I have voluntarily complied with each order issued by this Court.

12. As I have previously offered to this Court, I can attend the Order to Show Cause via videoconference or telephone.

13. I ask that the Court take into consideration that I am a practitioner in a small law firm, with limited resources.

14. I have very limited ability to "hand off" court appearances to other attorneys in my firm.

15. I finally ask that the Court also take into consideration that my family and I are currently involved in a private medical situation that limits my ability to travel.

16. Taking these considerations into account, I respectfully suggest that the court allow me to appear via videoconference. Or in the alternative, that I have the opportunity to speak with the Clerk of the Court to discuss an appropriate date for the Order to Show Cause hearing. This would constitute an effort to set a date that does not conflict with mandatory appearances in other courts and my family commitments, and that fits within the Court's schedule.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of August, 2025, in Rancho Santa Margarita, Orange County, California.

_____
Michael W. Caspino, Esq.

---

Application DENIED.  Mr. Caspino's request to appear telephonically at the August 26, 2025 conference is DENIED. Pursuant to the Undersigned's Individual Rule 2(C), all adjournment requests must be made at least 48 hours prior to the original due date.

SO ORDERED.

8/26/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3

Case 1:22-cv-00871-WEC   Document 1491   Filed 08/25/25   Page 4 of 7

Court of Appeal, Fourth Appellate District, Division Two
Brandon L. Henson, Clerk/Executive Officer
Electronically FILED on 7/10/2025 by J. Hoar, Deputy Clerk

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

| | |
|---|---|
| 3700 KYLE CROSSING, LLC,  Cross-complainant and Appellant, | E086038 |
| v. | (Super. Ct. No. CIVDS1820570) |
| MEHDI MOSTAEDI,  Cross-defendant and Respondent. | The County of San Bernardino |

THE COURT

     It is ORDERED that this appeal is accepted for participation in the Settlement Conference Program. **A settlement conference is scheduled to be held Tuesday, August 26, 2025, at 9:30 a.m. The conference will be held at the State Court of Appeal, 3389 Twelfth Street, Riverside, California.** The date, time, and location have been selected for the convenience of the mediator. No continuance of the conference will be considered except upon a showing of good cause served and filed at least 15 days prior to the date of the conference. (See Local Rules of the California Courts of Appeal, Fourth District, Division Two, local rule 4(f)(2),(3).)

     The parties are DIRECTED to **serve and file** a Settlement Conference Statement **within 15 days of the date of this order**. (Local Rules of the California Courts of Appeal, Fourth Appellate District, Division Two, local rule 4(d)(2).) Contained in the Settlement Conference Statement should be the following: (i) the trial court name and case title and number; (ii) the name of the judge who rendered the judgment or order appealed and the date of its entry; (iii) the date the notice of appeal was filed; (iv) the names, addresses, and telephone numbers of counsel for all parties to the appeal; (v) a brief description of the judgment or order appealed; (vi) a concise statement of the case, including a brief procedural history and all facts material to consideration of the issues presented; and (vii) the issues expected to be raised in the briefs. **The purpose of the last three items is to inform the mediator about the case in the same way that an appellant's opening brief or respondent's brief informs the court. The description of the ruling appealed need only be a paragraph, but the statement of the case should be at least a page in length, and the expected issues should include the two or three most important issues and cover at least two or three pages. The description of the issues should include a discussion of the standard of review and citations to the relevant legal authority, and should apply that authority to the facts of the case. The total length of the Settlement Conference Statement should be no more than eight pages**.

All proceedings in the appeal, **except the filing of the record**, but including the filing of any briefs, are STAYED pending further order of this court to permit settlement proceedings to go forward.  (Local Rules of the California Courts of Appeal, Fourth Appellate District, Division Two, local rule 4(c)(3).)

Counsel are DIRECTED to read the attached Settlement Conference Procedure and to advise and inform his or her client of the rules and procedures described.   A failure of a party and/or the party's counsel to comply with any of the requirements set forth in this notice is punishable by sanctions as determined at a subsequent order to show cause hearing.

RAMIREZ
_____
Presiding Justice

cc:     See attached list

Attachment

## SETTLEMENT CONFERENCE PROCEDURE

All parties and their counsel of record are required to personally attend the Settlement Conference. Counsel may not have other counsel specially appear on their behalf. The personal attendance of an insurance adjuster is required where the party is relying upon insurance proceeds to settle the case.

If in counsel's opinion the attendance of his or her client is impractical, counsel shall serve and file with the clerk of this court at least 15 days prior to the conference, a written request showing good cause for the client's attendance to be excused. A non-corporate party requesting to be excused must sign and attach to the request (1) a written authorization granting to counsel full settlement authority to negotiate and bind the party to a settlement agreement without further approval by the client or (2) promise to be available by telephone during the entire period the Settlement Conference is in session.

A corporate party, including a corporation or governmental body, is considered to be its board of directors or other governing board and all board members must personally attend. If in counsel's opinion the attendance of the governing board is impractical, at least 15 days prior to the conference, counsel shall serve and file a written request to excuse the personal attendance of all board members. Counsel must attach to the request an authorization by the governing board granting to a governing board member or high-ranking executive full settlement authority. This authority may be subject only to final approval by the board of directors or governing body. The authorized member or executive must personally attend the conference. The court will order all members of the entity's governing board to appear if necessary to assure meaningful settlement discussions. (See Local Rules of the California Courts of Appeal, Fourth District, Division Two, local rule 4(f)(6); Sigala v. Anaheim City School Dist. (1993) 15 Cal.App.4th 661, 674 (conc. opn. of Sills, P.J.).)

A settlement may take the form of a stipulated court of appeal opinion or dismissal of the appeal. The dismissal alternative leaves the judgment or order appealed in effect, subject to the settlement agreement. If the agreement is breached, any party may bring an action in the superior court to enforce the agreement by an action for breach of contract. Where the parties do not want to leave the existing judgment or order intact, they may stipulate or move to reverse, modify and affirm, or any number of possible dispositions. A copy of the original settlement agreement must be attached to the stipulation or motion, and may be attached to the short opinion the court will file setting forth the requested disposition. The mediator and/or the court's managing attorney will be available to answer any questions that may arise concerning the two alternatives. (See Code Civ. Proc., §128, subd.(a)(8); Neary v. Regents of University of California (1992) 3 Cal.4th 273, 286 (dis. opn. of Kennard, J.).)

In either alternative, the parties should stipulate as to who pays the costs on appeal --the parties usually stipulate to bear their own costs. (See Cal. Rules of Court, rule 8.278(a)(5).) The parties may also stipulate to have the immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).) Unless otherwise arranged, the court will expect the motion or stipulation to be served and filed within 15 days of the conference at which the settlement is agreed upon.

MAILING LIST FOR CASE: E086038
3700 Kyle Crossing, LLC v. Mehdi Mostaedi


Michael William Caspino
Price Caspino
30442 Esperanza
Rancho Santa Margarita, CA 92688


Michael John Weiler
Price Caspino
30442 Esperanza
Rancho Santa Margari, CA 92688


Patrick Christophe McGarrigle
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, CA 91311