# Exhibit B



**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

September 26, 2025

<u>**VIA EMAIL**</u>

Peter C. Harvey, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue Of The Americas
New York, NY 10036

   Re: <u>Flores, et al. v. The National Football League, et al</u>.

Dear Mr. Harvey.

We represent Claimants Brian Flores, Steve Wilks and Ray Horton with respect to their claims against the National Football League ("NFL"), Miami Dolphins ("Dolphins"), Arizona Cardinals ("Cardinals") and Tennessee Titans ("Titans") and write in response to your correspondence of September 23, 2025.  Respectfully, your correspondence—issued after almost nine months of complete silence on this case, yet only days after we raised your conduct with the Court—demonstrates an unacceptable disregard for these proceedings that is further indicative of bias and the need for full arbitral disclosures.  However, as we have filed a motion seeking reconsideration of the District Court order which ultimately led to your appointment as arbitrator, the outcome of which could divest you of any authority, no action should be taken on this arbitration pending the final outcome of that motion.

Notwithstanding the above, we are compelled to respond to the substance of your correspondence.  This arbitration was filed on June 4, 2024.  As of this writing, 16 months have passed and nothing has happened in the litigation beyond Mr. Goodell, in a clearly biased and illogical order, finding that the matter was "football oriented" and assigning it to you for arbitration, with Bill Polian acting as an advisor.  The Second Circuit took express issue with Mr. Goodell's order.  The Second Circuit found that Mr. Goodell's delegation of his authority to you,

> neither provides for a facially independent arbitral forum, nor remedies the Commissioner's unilateral contractual authority over both the substance of [the] statutory claims and the procedures governing [the] alleged 'arbitration."  In fact, the Commissioner's unilateral designation of an advisor to the NFL represents a further extension of his unilateral power rather than its remedy.



<u>Flores v National Football League, et al.</u>, No. 23-1185, 2025 WL 2349199, at *8 (2d Cir. Aug. 14, 2025). The Second Circuit also confirmed that Mr. Goodell's order contradicted his obligations under the Dispute Resolution Procedural Guidelines ("DRPG"):

> Indeed, the unilateral designation of Harvey to arbitrate federal statutory claims appears to be facially inconsistent with these procedures. *See* National Football League Dispute Resolution Procedural Guidelines, §§ 1.5, 1.7., J.A. 501 (setting forth that when the dispute is "not football-oriented," such as when it "relat[es] to or aris[es] out of discrimination," the Commissioner may either direct the dispute to "the alternative dispute resolution provider *agreed to by the parties*" or to "JAMS, Inc." (emphasis added)).

In the arbitration proceeding, even before any initial conference, we immediately raised concerns about your designation as arbitrator and sought arbitral disclosures regarding, *inter alia*, potential conflicts of interest. <u>See</u> Correspondence dated September 24, 2024. Without any response to that correspondence, you scheduled an initial conference which was ultimately set for November 4, 2024. In advance of the initial conference, the NFL's counsel contacted us to ask for our consent to a stay of arbitral proceedings pending the outcome of the then-pending Second Circuit appeal. We did not consent to that request. <u>See</u> Ex. A (emails between counsel with redactions for confidential communications). To be clear, we also did not consent to that request at the initial conference.

Rather, at the initial conference, we raised again—on behalf of the Claimants—the need, and the legal obligation, for you and others acting in an arbitral role, to provide disclosures which, as I am sure you know, are routine in all arbitrations. We also raised the issue of Mr. Wilks' claims having been compelled to arbitration for the limited initial purpose of deciding the arbitrability of his claims. The parties agreed that those issues should be resolved in the first instance before proceeding with discovery. That is fully reflected in the emails that followed, in which the parties agreed on a briefing schedule with respect to those issues and submitted the proposed schedule to you for approval. <u>See</u> Ex. B (emails related to briefing schedule).[1] The parties proceeded to submit more than 21 single-spaced pages of briefing on the disclosure issue.

Though you claim in your September 23, 2025 correspondence that you "had the understanding that both parties wished to pause this arbitration proceeding until the Second Circuit rendered a final decision" on the <u>Flores</u> appeal, there is absolutely nothing supporting that position. That position is contrary to anything we said during the initial conference. There is not a single reference in any email, in any brief or otherwise to any supposed "stay" of proceedings pending the Second Circuit appeal. In fact, it would have made little sense to proceed with briefing the arbitral disclosure issue at all if there was an agreed upon stay. The only thing that was holding

---

[1]    The parties agreed to limit the initial briefing to the arbitral disclosure issue and to hold the issue of arbitrability of Mr. Wilks' claims in abeyance.



Peter C. Harvey, Esq.
September 26, 2025
Page 3

up the arbitral proceedings was the need for a ruling on the disclosure request and motion—an item not even mentioned in your recent correspondence.

On August 14, 2025, the Second Circuit issued its decision on the <u>Flores</u> appeal. The decision was widely reported in mass media and legal publications.[2] If you were genuinely waiting for the Second Circuit's decision to proceed with this arbitration, one would have expected you to communicate with the parties or take some action in the weeks that followed. You did nothing. That further undermines the proposition that you were operating under the assumption that the matter was stayed by agreement pending the Second Circuit appeal. In the end, you appear to have simply given the NFL its desired stay through your complete inaction.

On September 16, 2025, we filed a motion in the district court seeking reconsideration of the order that compelled the Flores-Dolphins, Wilks-Cardinals and Horton-Titans claims to arbitration. <u>See</u> <u>Flores et al. v. National Football League, et al.</u>, No. 22 Civ. 00871, Dkt. Nos. 153-155. In the motion papers, we set forth the fact that you had abdicated and disregarded your role and obligations as an arbitrator by refusing to provide disclosures, rule on our disclosure motion or even communicate with the parties. <u>Id.</u> Incredibly, it was only after that submission, and before the NFL had to file its response, that you issued your correspondence in which you feigned a belief that the parties had agreed to a stay. It appears that your correspondence was an attempt to justify your inaction to date. Your correspondence also conveniently gives the NFL something to say in their opposition papers to defend the legitimacy of this so-called arbitration proceeding.

To make matters worse, your September 23, 2025 correspondence misstates that "The Second Circuit made it clear that the claims in this arbitration will stay in arbitration, . . . *See Brian Flores v. N.Y. Football Giants, Inc.*, No. 23-1185-cv, Dkt. No. 110, \*13, 29."[3] This statement could not be further from the truth—and evidences further bias on behalf of the NFL's interests. In fact, even the citations referenced—pages 13 and 29—say nothing of the sort. Rather, page 13 merely states that the Second Circuit did not have jurisdiction over the claims pending in arbitration, and page 29 merely states that the Second Circuit affirmed the aspects of the lower court order denying the motion to compel arbitration. The Second Circuit did not have jurisdiction over the matters pending in arbitration and therefore did not rule directly on whether these matters would stay in arbitration.[4] Your correspondence goes on to describe the procedural status of the appellate proceedings, but you fully neglect the most significant judicial proceeding

---

[2]     <u>See</u> <u>e.g.</u> ESPN News Services, *Court agrees Brian Flores' suit vs. NFL, 3 teams can go to trial*, ESPN (Aug. 15, 2025); Elaine Briseno, *2nd Circ. Denies NFL Arbitration In Flores Case*, Law360 (Aug. 14, 2025); Jayna Bardahl, Brian Flores' racial discrimination lawsuit against NFL can advance, court rules, The New York Times (Aug. 18, 2025); Tom Schad, *NFL loses another round in Brian Flores' suit alleging racial discrimination*, USA Today (Aug. 14, 2025).

[3]     Just as Mr. Goodell's decision that the matters were "football oriented" was so illogical that it did not withstand judicial scrutiny, this legal conclusion follows the same path.

[4]     The only comments the Second Circuit made regarding the pending arbitrations were that Mr. Goodell misused his authority by holding the matters were "football oriented" and delegating you to be the arbitrator. <u>See</u> <u>Flores</u>, 2025 WL 2349199, at \*8.



Peter C. Harvey, Esq.
September 26, 2025
Page 4

relevant to this arbitration—that Claimants filed a motion with the district court seeking reconsideration of the order compelling to arbitration the claims over which you preside. If that motion is granted, you would be immediately divested of any authority over these matters.

Your claim to be "concerned about delaying these proceedings" is belied by the uncontroverted facts and the manner in which you have presided over this arbitration to date. Your correspondence does not even mention, let alone address, the motion for arbitral disclosures which everyone agreed was the preliminary matter for you to address before proceeding with the arbitration. Under the current circumstances, no further proceedings should be held in this arbitration until there is a final order on the pending motion for reconsideration.

Respectfully submitted,

Douglas H. Wigdor

Enc.

# Exhibit A

| | |
|---|---|
| **From:** | Douglas Wigdor |
| **To:** | Bayard, Lynn B; David Gottlieb |
| **Cc:** | Karp, Brad S |
| **Subject:** | RE: Flores Arbitration |
| **Date:** | Thursday, October 31, 2024 1:31:00 PM |
| **Attachments:** | image514520.png |
| | image588377.png |
| | image040169.png |
| | image968043.png |
| | image710382.png |

Hi Lynn –

Without waiving any right to contest the arbitration and/or our arguments made in opposition to the appeal concerning the arbitration, we don't see any reason to stay the matter ████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████

**Douglas Wigdor**

Founding Partner

212 257 6800

85 Fifth Avenue

New York, NY 10003

**wigdorlaw.com**





This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

**From:** Bayard, Lynn B <lbayard@paulweiss.com>
**Sent:** Thursday, October 31, 2024 12:42 PM
**To:** Douglas Wigdor <dwigdor@wigdorlaw.com>; David Gottlieb <dgottlieb@wigdorlaw.com>
**Cc:** Karp, Brad S <bkarp@paulweiss.com>
**Subject:** Flores Arbitration

Hi Doug and David -

Please let me know if one or both of you wants to connect tomorrow on the stay question in

advance of Monday's call.  Thanks.

**Lynn B. Bayard** | Partner ([Bio](#))
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3054 (Direct Phone) | 212 492 0054 (Direct Fax)
lbayard@paulweiss.com | www.paulweiss.com

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

# Exhibit B

| | |
|---|---|
| **From:** | David Gottlieb |
| **To:** | Harvey, Peter C. (x2810) |
| **Cc:** | Douglas Wigdor; Birch, Adolpho [Titans]; William Burck; Dan Nash (dnash@AKINGUMP.COM); john@elefterakislaw.com; JP Kernisan; Karp, Brad S; Lynch, Loretta; Michael J. Willemin; Jeff Pash Esq.; Djang, Catherine (x2817); Boston, Robert E (NSH - X28953); Myles Pistorius; Katherine Vask; Bayard, Lynn B; Barron, Kerissa N. |
| **Subject:** | RE: Flores, et al. v. The National Football League, et al. |

Mr. Harvey,

The arbitration issue remains open, with all parties reserving their rights. However, the parties have been in discussion about potential options which could obviate the need for motion practice. While such conversations are ongoing, the parties agreed to hold such motion practice in abeyance.

**From:** Harvey, Peter C. (x2810) <pcharvey@pbwt.com>
**Sent:** Monday, November 11, 2024 3:23 PM
**To:** David Gottlieb <dgottlieb@wigdorlaw.com>
**Cc:** Douglas Wigdor <dwigdor@wigdorlaw.com>; Birch, Adolpho [Titans] <abirch@titans.nfl.com>; William Burck <williamburck@quinnemanuel.com>; Dan Nash (dnash@AKINGUMP.COM) <dnash@akingump.com>; john@elefterakislaw.com; JP Kernisan <jpkernisan@quinnemanuel.com>; Karp, Brad S <bkarp@paulweiss.com>; Lynch, Loretta <lelynch@paulweiss.com>; Michael J. Willemin <mwillemin@wigdorlaw.com>; Jeff Pash Esq. <Jeff.Pash@nfl.com>; Djang, Catherine (x2817) <cdjang@pbwt.com>; Boston, Robert E (NSH - X28953) <Bob.Boston@hklaw.com>; Myles Pistorius <mpistorius@dolphins.com>; Katherine Vask <kvask@wigdorlaw.com>; Bayard, Lynn B <lbayard@paulweiss.com>; Barron, Kerissa N. <kbarron@paulweiss.com>
**Subject:** Flores, et al. v. The National Football League, et al.

Mr. Gottlieb:

Thank you for your message.

A point of clarification: Does your communication mean that your client, Claimant Steve Wilks, takes the position that his claims have been, or should be, the subject of an arbitration proceeding? Or, is it your client's position that this arbitration issue remains open with respect to Mr. Wilks?

Peter Harvey

On Nov 11, 2024, at 12:24 PM, David Gottlieb <dgottlieb@wigdorlaw.com> wrote:

**External: Think before you click.**

Mr. Harvey,

Claimant Steve Wilks and Respondents NFL and Arizona Cardinals have agreed to hold in abeyance any motion practice as to whether Mr. Wilks' claims have been or should be compelled to arbitration.  As such, the only motion which is currently scheduled to be briefed is the issue of arbitrator disclosures.

Regards,


**David Gottlieb**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**
_ _ _ _
_

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

**From:** Harvey, Peter C. (x2810) <pcharvey@pbwt.com>
**Sent:** Thursday, November 7, 2024 9:04 AM
**To:** David Gottlieb <dgottlieb@wigdorlaw.com>
**Cc:** Douglas Wigdor <dwigdor@wigdorlaw.com>; Birch, Adolpho [Titans] <abirch@titans.nfl.com>; William Burck <williamburck@quinnemanuel.com>; Dan Nash (dnash@AKINGUMP.COM) <dnash@akingump.com>; john@elefterakislaw.com; JP Kernisan <jpkernisan@quinnemanuel.com>; Karp, Brad S <bkarp@paulweiss.com>; Lynch, Loretta <lelynch@paulweiss.com>; Michael J. Willemin <mwillemin@wigdorlaw.com>; Jeff Pash Esq. <Jeff.Pash@nfl.com>; Djang, Catherine (x2817) <cdjang@pbwt.com>; Boston, Robert E (NSH - X28953) <Bob.Boston@hklaw.com>; Myles Pistorius <mpistorius@dolphins.com>; Katherine Vask <kvask@wigdorlaw.com>; Bayard, Lynn B <lbayard@paulweiss.com>; Barron, Kerissa N. <kbarron@paulweiss.com>
**Subject:** Flores, et al. v. The National Football League, et al.

Thank you, Mr. Gottlieb.

Peter Harvey

On Nov 6, 2024, at 6:42 PM, David Gottlieb <dgottlieb@wigdorlaw.com>
wrote:

<mark>**External: Think before you click.**</mark>

Mr. Harvey,

Following the initial conference, the parties have conferred regarding a
schedule to brief the issues of (i) Claimants' request for arbitrator
disclosures and (ii) whether Mr. Wilks' claims have been or should be
compelled to arbitration.  All parties consent to the following schedule,
subject to your approval:

11/20:  Claimant's moving papers
12/16:  Respondents' opposition
12/30:  Claimants' reply

Thank you.

Regards,

**David Gottlieb**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**
– – – –
–

This communication may contain Confidential or Attorney-Client Privileged
Information and/or Attorney Work Product. If you are not the addressee
indicated in this message or its intended recipient (or responsible for delivery
of the message to such person(s)), do not read, copy, or forward this
message to anyone and, in such case, please immediately destroy or delete
this message, including any copies hereof, and kindly notify the sender by
reply e-mail or phone. Thank you.

the addressee indicated in this message (or responsible for delivery of the message to

such person), you may not copy or deliver this message to anyone. In such case, you

should destroy this message and kindly notify the sender by reply email. Please advise

immediately if you or your employer do not consent to receiving email messages of this

kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---