UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
BRIAN FLORES, STEVE WILKS and RAY HORTON, as : 
Class Representatives, on behalf of themselves and all :
others similarly situated, : Civil Action No.: 22-cv-00871
 : (VEC)
                            Plaintiffs, :
 :
      v. :
 :
THE NATIONAL FOOTBALL LEAGUE; NEW YORK :
FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; :
MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; :
DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER :
BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a :
HOUSTON TEXANS; ARIZONA CARDINALS :
FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; :
TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a :
TENNESSEE TITANS and JOHN DOE TEAMS 1 through :
26, :
 :
                            Defendants. :
------------------------------------------------------------------------ X

## PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION

| | |
|---|---|
| **WIGDOR LLP** | **ELEFTERAKIS, ELEFTERAKIS & PANEK** |
| Douglas H. Wigdor | John Elefterakis |
| David E. Gottlieb | Nicholas Elefterakis |
| Michael J. Willemin | Raymond Panek |
| | Johnson Atkinson |
| 85 Fifth Avenue | |
| New York, NY 10003 | 80 Pine Street, 38th Floor |
| Telephone: (212) 257-6800 | New York, NY 10005 |
| Facsimile: (212) 257-6845 | Telephone: (212) 532-1116 |
| dwigdor@wigdorlaw.com | Facsimile: (212) 532-1176 |
| dgottlieb@wigdorlaw.com | *Counsel for Plaintiffs* |
| mwillemin@wigdorlaw.com | |
| *Counsel for Plaintiffs* | |


# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT .......................................................................................................................................... 1

I.  Defendants Have Not Meaningfully Explained How or Why the Court Does Not Have Jurisdiction Over the Matters Compelled to Arbitration ............................................. 1

II. The Court Should Not Issue an Indefinite Blanket Stay ......................................................... 2

III. Plaintiffs Did Not Move Pursuant to S.D.N.Y. Local Civil Rule 6.3 ................................. 3

IV. Defendants Did Not Meaningfully Rebut the Need for Reconsideration ........................... 6

    A.  The Court Should Not Disregard Controlling Law ..................................................... 6

    B.  The Second Circuit's *Flores* Decision is Controlling Here ....................................... 7

CONCLUSION ....................................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

Clinton v. Brown & Williamson Holdings, Inc.,
　652 F. Supp. 2d 528 (S.D.N.Y. 2009) ................................................................................... 5

Coinbase, Inc. v. Bielski,
　143 S. Ct. 1915 (2023) ......................................................................................................... 6

Commerzbank AG v. U.S. Bank, N.A.,
　100 F. 4th 362 (2d Cir. 2024) ............................................................................................... 5

Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.,
　No. 22 Civ. 3256 (KPF), 2022 WL 17547438 (S.D.N.Y. Dec. 9, 2022) ............................... 2

DDR Constr. Servs. Inc. v. Siemens Indus. Inc.,
　No. 09 Civ. 9605 (ALC) (JLC), 2012 WL 4711677 (S.D.N.Y. Sept. 26, 2012) ................... 3

DuBois v. City of White Plains,
　No. 16 Civ. 7771 (NSR), 2023 WL 3304678 (S.D.N.Y. May 8, 2023) ................................ 5

Flores v. Nat'l Football League,
　No. 22 Civ. 0871 (VEC), 2023 WL 4744191 (S.D.N.Y. July 25, 2023) ............................... 8

Flores v. New York Football Giants, Inc,
　150 F. 4th 172 (2d Cir. 2025) ...................................................................................... 6, 7, 8

Hoover v. HSBC Mortg. Corp. (USA),
　No. 13 Civ. 149 (MAD) (DEP), 2014 WL 12781322 (N.D.N.Y. Jul. 9, 2014) ................ 2, 3

In re CRM Holdings, Ltd. Sec. Lit.,
　No. 10 Civ. 00975 (RPP), 2013 WL 787970 (S.D.N.Y. March 4, 2013) ............................. 3

In re Rezulin Prods. Liab. Litig.,
　224 F.R.D. 346 (S.D.N.Y. 2004) ...................................................................................... 3, 4

J.P. Morgan Chase Bank, N.A. v. Reifler,
　No. 11 Civ. 4016 (DAB), 2013 WL 12177061 (S.D.N.Y. Sept. 20, 2013) .......................... 5

James v. Niagara-Wheatfield Cent. Sch. Dist.,
　No. 21 Civ. 759 (JLS), 2025 WL 821884 (W.D.N.Y. Mar. 14, 2025) ................................. 2

King v. Habib Bank Ltd.,
　No. 20 Civ. 4322 (LGS), 2023 WL 8355359 (S.D.N.Y. Dec. 1, 2023) ............................... 5

Lichtenberg v. Besicorp Grp., Inc.,
    204 F. 3d 397 (2d Cir. 2000)......................................................................................... 3

Merryman v. J.P. Morgan Chase Bank, N.A.,
    No. 15 Civ. 9188 (VEC), 2017 WL 456470 (S.D.N.Y. Feb 2, 2017) ....................... 7

Morales v. Quintiles Transnat'l Corp.,
    25 F. Supp. 2d 369 (S.D.N.Y. 1998)............................................................................. 4

Sherald v. Embrace Techs. Inc.,
    No. 11 Civ. 939 (KBF), 2013 WL 3527989 (S.D.N.Y. July 11, 2013) ..................... 4

Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.,
    160 F. Supp. 2d 580 (S.D.N.Y. 2001)........................................................................... 5

Utica Mut. Ins. Co. v. Clearwater Ins. Co.,
    No. 13 Civ. 1178 (GLS) (TWD), 2015 WL 4496374 (N.D.N.Y. Jul. 23, 2015)...... 5

Wilson v. New York and Presbyterian Hospital,
    No. 17 Civ. 5012 (RRM), 2021 WL 2987134 (S.D.N.Y. July 15, 2021)............. 3, 4

Yelle v. Mount St. Mary Coll.,
    No. 18 Civ. 10927 (PMH), 2021 WL 311213 (S.D.N.Y. Jan. 29, 2021) ................. 3

## Other Authorities

Fed. R. App. P. 41(d) ............................................................................................................ 1

Fed. R. Civ. P. 54(b) ........................................................................................................ 3, 4

Fed. R. Civ. P. 59(3) ............................................................................................................ 3

Fed. R. Civ. P. 60(b) ............................................................................................................ 3

Loc. Civ. R. 6.3 ........................................................................................................... passim

iii

**PRELIMINARY STATEMENT**

Plaintiffs ask for nothing more than the Court to apply Second Circuit law in the matter at bar.  In contrast, Defendants ask the Court to decline jurisdiction, endlessly stay proceedings and affirmatively disregard controlling precedent for an array of incorrect technical and procedural reasons.  Defendants are wrong on the law, and their arguments are consistent with a strategy—successful to date—to delay and drag out these proceedings for as long as possible to functionally deny Plaintiffs the ability to have their claims adjudicated in a fair forum.

**ARGUMENT**

**I.      Defendants Have Not Meaningfully Explained How or Why the Court Does Not Have Jurisdiction Over the Matters Compelled to Arbitration**

Defendants ask the Court to endorse a brand-new form of "issue-based jurisdiction" that has never been endorsed by any court.  See Defs.' Br. at pp. 3-4.  Defendants contended that because the "issue" of the enforceability of an arbitration agreement designating a party's chief executive as the arbitrator was pending before the Second Circuit—by virtue of a then-pending *en banc* petition—the Court did not have jurisdiction over the stayed claims pending in arbitration.  However, yesterday, the Second Circuit denied *en banc* review, Flores v. National Football League, No. 23-1185 at Dkt. No. 200, which should moot that argument.

In any event, even if Defendants were to argue that the mandate has not yet been formally issued—and that the issuance of a mandate may[1] be stayed pending a Supreme Court petition for *certiorari*—Defendants never previously took the position that this Court was divested of jurisdiction as to those claims by virtue of the appeal.  To the contrary, Defendants vehemently argued that the Second Circuit could not assert jurisdiction over the claims compelled to

---

[1]      To the extent Defendants seek Supreme Court review, they will have to affirmatively seek a stay of the issuance of the mandate under Fed. R. App. P. 41(d).

1

arbitration and the Second Circuit agreed.  Flores v. National Football League, No. 23-1185 at Dkt. Nos. 32, 90, 104, 109, 120.  Defendants' argument even begs the question—if this Court does not have jurisdiction over Plaintiffs' claims, which court does?  Defendants do not even recognize or attempt to address the procedural absurdity that would arise from their position.

For that reason, Defendants conclude their half-hearted jurisdictional argument by arguing just that "it makes no sense" for the Court to consider these issues now.  Not only is this not how jurisdiction operates, but it is illogical.  If the Second Circuit has issued controlling precedent that would make the arbitration agreements at issue unenforceable, the Court should not permit these matters to unlawfully remain in arbitration (where the arbitrator has done nothing to advance proceedings, has not provided legally required conflict disclosures, has disregarded gateway motions and stayed proceedings at the NFL's wishes without any communication).[2]  Respectfully, that would "make no sense" and be contrary to law.

## II.     The Court Should Not Issue an Indefinite Blanket Stay

Defendants are not entitled to an effectively indefinite stay "through Supreme Court review."  Defs.' Br. at p. 4.  Defendants' cited cases do not justify a stay, and all relate to a separate and distinct issue—whether a court should stay discovery pending an appeal[3] or stay decision on a dispositive motion pending an imminent controlling decision.  See Defs.' Br. at pp. 3-4 (James v. Niagara-Wheatfield Cent. Sch. Dist., No. 21 Civ. 759 (JLS), 2025 WL 821884, at *2 (W.D.N.Y. Mar. 14, 2025) (seeking stay of discovery pending appeal); Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc., No. 22 Civ. 3256 (KPF), 2022 WL 17547438, at *1 (S.D.N.Y.

---

[2]     As we have already seen, this is not an issue of mere formality.  The designated arbitrator, Peter C. Harvey, Esq., has demonstrated a lack of deference to this Court's authority, see Dkt. Nos. 156, 158, and has otherwise refused to handle proceedings in a reasonable and fair manner.  See Dkt. No. 154.
[3]     A motion to stay discovery should be filed only if, and after, the Court reconsiders its prior order and denies Defendants' motion to compel arbitration.  Plaintiffs reserve all rights with respect to any such motion.

Dec. 9, 2022) (granting stay on a motion to dismiss where controlling Supreme Court decision was potentially imminent because the parties "asked for an expedited decision . . . and that the Supreme Court both hear the case and issue a decision during the current term"); Hoover v. HSBC Mortg. Corp. (USA), No. 13 Civ. 149 (MAD) (DEP), 2014 WL 12781322, at *1 (N.D.N.Y. July 9, 2014) (granting stay of dispositive motion where the Second Circuit had already approved interlocutory appeal in potentially controlling decision)).  Defendants have not cited a single case suggesting that a case should remain pending in an unlawful arbitration forum pending an appeal.  Defendants also cannot identify any legitimate prejudice created by this Court reconsidering its prior order—the only harm identified is the "costs of litigation," but there are no "costs" associated with having this matter administratively transferred from arbitration to this Court.  See also supra n. 3.

### III.     Plaintiffs Did Not Move Pursuant to S.D.N.Y. Local Civil Rule 6.3

Defendants attempt to contort procedural law to make it appear as if Plaintiffs failed to comply with Loc. Civ. R. 6.3.  See Defs.' Br. at nn. 1, 3.  This is categorically wrong.  By its express terms, the motion at bar is not covered by Loc. Civ. R. 6.3.

There are several forms of motions for reconsideration—including motions pursuant to Rules 54(b), 59(e), 60(b) and Loc. Civ. R. 6.3—and only certain narrow types are implicated by Loc. Civ. R. 6.3.[4]  Loc. Civ. R. 6.3, by its express terms, only governs motions for

---

[4]     Numerous cases discuss the difference between motions for reconsideration brought on these various grounds and distinguish certain motions for reconsiderations from Loc. Civ. R. 6.3 motions.  Defendants either intentionally ignored this vast body of caselaw in their opposition papers or did not take the time to research it.  See e.g.; DDR Constr. Servs. Inc. v. Siemens Indus. Inc., No. 09 Civ. 9605 (ALC) (JLC), 2012 WL 4711677 at *1 (S.D.N.Y. Sept. 26, 2012) (describing plaintiff "framing [the motion] as an application pursuant to Rule 54(b), when in actuality it is a motion for reconsideration or re-argument governed by Loc. Civ. R. 6.3."); In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (describing Loc. Civ. R. 6.3 and Rule 54(b) motions as different vehicles); In re CRM Holdings, Ltd. Sec. Lit., No. 10 Civ. 00975 (RPP), 2013 WL 787970, at *2 (S.D.N.Y. March 4, 2013) (same).  Loc. Civ. R. 6.3 is most commonly implicated in the context of motions under Rule 59(e) given that the standards are virtually identical.  See e.g. Yelle v. Mount St. Mary Coll., No. 18 Civ. 10927 (PMH), 2021 WL 311213, at *2, n. 1 (S.D.N.Y. Jan. 29, 2021) (collecting cases); Wilson, 2021 WL 2987134, at *3-4 (describing Rule

3

reconsideration based on "matters or controlling decisions which the moving party believes the court has overlooked." Loc. Civ. R. 6.3 is "narrow," and a motion is governed by that rule only when predicated on "overlooked factual matters or controlling precedent *that were presented to [the Court] on the underlying motion* and that would have changed its decision." Wilson v. New York and Presbyterian Hospital, No. 17 Civ. 5012 (RRM), 2021 WL 2987134, at *3 (S.D.N.Y. July 15, 2021) (emphasis added); see also Morales v. Quintiles Transnat'l Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (Loc. Civ. R. 6.3 "review is narrow and applies *only to already considered issues.*") (emphasis added); Sherald v. Embrace Techs. Inc., No. 11 Civ. 939 (KBF), 2013 WL 3527989, at *1 (S.D.N.Y. July 11, 2013) (Loc. Civ. R. 6.3 applies in "narrow circumstances" where "the Court overlooked 'controlling decisions or factual matters' *that had been previously put before it*.") (emphasis added). It is precisely because such a motion is specific to issues already presented to the court that Loc. Civ. R. 6.3 proscribes a 14-day limitation period, to avoid an open-ended period to relitigate issues already presented.

In contrast, Rule 54(b) permits the court to "revise" prior orders "at any time"[5] within the Court's discretion.[6] A typical Rule 54(b) motion is one in which a party seeks a revision to a prior order because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 350 (S.D.N.Y. 2004).[7] Nothing in Loc. Civ. R. 6.3 speaks to Rule 54(b), and for good reason. In virtually all cases, the circumstances in which a Rule 54(b)

---

59(e) and Loc. Civ. R. 6.3 motions in tandem); Lichtenberg v. Besicorp Grp., Inc., 204 F. 3d 397, 404-405 (2d Cir. 2000) (same).

[5] Even to the extent Loc. Civ. R. 6.3 were to apply to Plaintiffs' motion—which it clearly does not—it provides a caveat that the 14-day limitation does not apply where "otherwise provided by the court, by statute or rule." Rule 54(b) expressly provides for a revision to a prior order "at any time."

[6] To that end, Plaintiffs' motion perhaps would have been more accurately titled as a "Motion for Revision Under Rule 54(b)," rather than the more colloquially used "Motion for Reconsideration."

[7] Ostensibly, a Rule 54(b) motion could be governed by Loc. Civ. R. 6.3 if it were to be based on matters or then-controlling decisions that a party claims were "overlooked" in the underlying motion. That is not the case here.

motion would be appropriate will fall long after any 14-day period—i.e. sufficient time would have had to pass for "new evidence" to become known or for controlling law to change.

Defendants' cited cases are only instructive by contrast. See Commerzbank AG v. U.S. Bank, N.A., 100 F. 4th 362, 377-378 (2d Cir. 2024) (acknowledging Loc. Civ. R. 6.3 does not set deadline to move for reconsideration based on a change in the law and merely acknowledging that such a motion would be timely if filed within 14 days or a reasonable time thereafter; under an abuse of discretion standard of review, declining to reverse a decision finding that such a motion was untimely when filed *nine months* after the change in the law); Utica Mut. Ins. Co. v. Clearwater Ins. Co., No. 13 Civ. 1178 (GLS) (TWD), 2015 WL 4496374, at *2 (N.D.N.Y. Jul. 23, 2015) (finding motion for reconsideration untimely when filed *four months* after the purportedly controlling precedent, but nonetheless substantively addressing the motion and denying reconsideration on the basis that the intervening precedent did not dictate reconsideration).[8]

Defendants' argument that Plaintiffs' motion is somehow "untimely" is unfortunately consistent with the NFL's desire to delay any merits adjudication on this action for years. This motion would not even be necessary if the NFL had simply consented to Plaintiffs' proposed cross-appeal of the aspects of the original Order that compelled arbitration, which would have maximized efficiencies given that the Second Circuit would already be ruling on these issues—

---

[8] Several courts have expressly stated that the Loc. Civ. R. 6.3 time limitation is inapplicable on motions for reconsideration where it would be illogical to apply. See e.g. King v. Habib Bank Ltd., No. 20 Civ. 4322 (LGS), 2023 WL 8355359, at *1 (S.D.N.Y. Dec. 1, 2023) ("Courts, however, may disregard the deadline imposed by Local Civil Rule 6.3 when justice so requires. . . "[and] justice requires the exercise of this discretion when, for example, there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision."); DuBois v. City of White Plains, No. 16 Civ. 7771 (NSR), 2023 WL 3304678 (S.D.N.Y. May 8, 2023) (same; permitting motion for reconsideration based on new controlling law more than three months after operative decision); Clinton v. Brown & Williamson Holdings, Inc., 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) (same); J.P. Morgan Chase Bank, N.A. v. Reifler, No. 11 Civ. 4016 (DAB), 2013 WL 12177061, at *3 (S.D.N.Y. Sept. 20, 2013) (Rule 6.3 time limitation inapplicable on motion for consideration based on evidence discovered after the 14-day period elapsed); Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 160 F. Supp. 2d 580, 584 (S.D.N.Y. 2001) (same).

5

but the NFL refused. See Flores v. National Football League, No. 23-1185 at Dkt. Nos. 32, 90, 104, 109, 120. Even if this Court were to grant reconsideration, the NFL will likely then take an appeal from that order and seek a further stay under Coinbase, Inc. v. Bielski, 143 S. Ct. 1915 (2023). See also Dkt. No. 114. Clearly the NFL somehow even prevailed on Mr. Harvey to stay arbitration proceedings (although no one was given any notice whatsoever that he had stayed the actions) and not to provide any arbitral conflict disclosures. See Dkt. Nos. 154, 156, 158.

### IV. Defendants Did Not Meaningfully Rebut the Need for Reconsideration

Defendants' argument that the Court should disregard controlling law due to incorrect hyper-technical reasons or that Flores does not constitute controlling precedent due to irrelevant and utterly minor differences should respectfully be rejected.

#### A. The Court Should Not Disregard Controlling Law

Defendants' lead substantive argument against reconsideration is that Plaintiffs never previously argued that the arbitration agreements constitute "arbitration" in name-only, which was one of the Second Circuit's holding. See Defs.' Br. at pp. 6-7. That is both false and irrelevant. First, it cannot be seriously called into question whether Plaintiffs raised this argument. Plaintiffs argued at length that the arbitration agreements were blatantly unconscionable and bias, calling the process it provided for a "kangaroo court," that was "grossly and manifestly unfair," "failed to comport with basic principles of fairness," and created a "level of blatant conflict, bias and partiality [that is] is both overwhelming and astounding." See e.g. Dkt. No. 62 at pp. 1, 6, 8. It was precisely for these reasons—the same exact arguments we raised—that the Second Circuit found that the process was an arbitration-in-name-only. See Flores v. New York Football Giants, Inc, 150 F. 4th 172, 182-185 (2d Cir. 2025).

Second, and more importantly, while it is true that a party may not raise new arguments on a typical motion for reconsideration brought under Loc. Civ. R. 6.3, there is no authority for

6

the proposition that the Court should disregard a change in controlling law because the argument on which the new authority is based was never previously raised. The sole case Defendants cite for this point, Merryman v. J.P. Morgan Chase Bank, N.A., No. 15 Civ. 9188 (VEC), 2017 WL 456470, at *4 (S.D.N.Y. Feb 2, 2017), involved a standard Loc. Civ. R. 6.3 motion based on matters the movant had previously presented but Your Honor but argued that the Court overlooked. At the reconsideration stage, the movant added an entirely new legal argument related to tolling of the statute of limitations which the Court rejected as improper. Id. Put another way, Merryman had absolutely nothing to do with an intervening change in controlling law that Your Honor said should be disregarded, as Defendants argue should happen here.

B.   **The Second Circuit's *Flores* Decision is Controlling Here**

Defendants argue that the Flores decision is not controlling because it involved the arbitration provision of the NFL Constitution rather than the club-specific agreements between Mr. Flores, Mr. Wilks and Mr. Horton and the Dolphine, Cardinals and Titans, respectively. However, that is a distinction without a difference where the precise reason the Second Circuit invalidated the NFL Constitution arbitration provision—the bestowing of complete unilateral authority on the Commissioner—also exists in the club-specific agreements. Flores, 150 F.4th at 187 ("Flores's agreement to submit his statutory claims against the Broncos and the NFL to the unilateral discretion of the NFL Commissioner is unenforceable because the agreement fails to guarantee that Flores can 'vindicate [his] statutory cause of action in [an] arbitral forum'" and stating the same as to claims against the Giants, Texans or the NFL.).

It cannot be legitimately disputed otherwise: the Flores-Dolphins Agreement provides the Commissioner with unfettered discretion and authority both in the contract and DRPG; the Horton-Titans Agreement has a single-sentence provision conferring unfettered discretion and authority on the Commissioner, and; the Wilks-Cardinals Agreement delegated the gateway issue

7

of arbitrability to the Commissioner, followed by the his unfettered discretion and authority in arbitration.[9]

Finally, the NFL's argument that the NFL Constitution should be treated as wholly unique and separate from the individual contracts is a pure argument-of-convenience undermined by their own positions throughout this litigation. Defendants have always treated the arbitration provisions in the contracts and the NFL Constitution as one and the same, never distinguishing one from another. We pointed this out in our original motion papers, which Defendants never rebutted. See Dkt. No. 62 at n. 5; Dkt. No. 64 at p. 1-2 (stating the DRPG applies to all arbitrations); see also Flores v. Nat'l Football League, No. 22 Civ. 0871 (VEC), 2023 WL 4744191, at *5 (S.D.N.Y. July 25, 2023) (referring to ". . . the NFL Dispute Resolution Procedural Guidelines, which govern any arbitral proceeding between a coach and the NFL"). The DRPG is just an outgrowth of the Commissioner's powers under Section 8 of the NFL Constitution to "establish policy and procedure" in his own unilateral discretion. See Dkt. No. 50, Ex. 1 at §8.5. The NFL even argued to the Second Circuit that Mr. Goodell's appointment of Mr. Harvey to serve as arbitrator under the DRPG was relevant to the claims at issue on appeal and consistent with his powers under the NFL Constitution. See Flores, No. 23-115 at Dkt. No. 154 at p. 15, Dkt. No. 157. Moreover, all the employment contracts make clear that the terms, including the arbitration terms, are governed by the NFL Constitution. See e.g. Dkt. No. 50, Ex. 2 at §§7, 12, Ex. 5 at §§9-10, Ex. 7 at §6.

---

[9] The Flores Court's reference to the lack of procedure in the NFL Constitution and contrasting that against the DRPG does not change anything. First, the lack of procedure in the NFL Constitution was only raised by the Second Circuit as just one of many reasons for finding that the NFL Constitution's arbitration program did not bear resemblance to a bona fide arbitration. Second, that issue was not given any consideration in the second independent basis for the Flores decision—that an agreement conferring complete discretion and authority on the Commissioner fails under the "effective vindication" doctrine. See Flores, 150 F. 4th at 185-186.

8

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court reconsider the previous Order and deny Defendants the applicable motions to compel arbitration.

Dated: October 7, 2025
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
Douglas H. Wigdor
David E. Gottlieb
Michael J. Willemin

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
dgottlieb@wigdorlaw.com
mwillemin@wigdorlaw.com
*Counsel for Plaintiffs*

- and -

**ELEFTERAKIS, ELEFTERAKIS & PANEK**

By: _____/s/_____
John Elefterakis
Nicholas Elefterakis
Raymond Panek
Johnson Atkinson

80 Pine Street, 38th Floor
New York, New York 10005
Telephone: 212-532-1116
Facsimile: 212 532-1176
*Counsel for Plaintiffs*