# Exhibit B

**BEFORE THE PRESIDING DISCIPLINARY JUDGE**

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA<br><br>MICHAEL W. CASPINO<br>  Bar No. 020791,<br><br>     **Respondent.** | PDJ 2025-9038<br><br>ORDER OF SUSPENSION BASED ON RECIPROCAL DISCIPLINE<br><br>[State Bar File No. 25-1410-RC]<br><br>**FILED JULY 28, 2025** |

At issue in this reciprocal discipline proceeding is the United States District Court, District of Arizona's ("District Court") Order issued on June 2, 2025, ("Order") which suspended Respondent Michael W. Caspino from practicing law in the District of Arizona for a period of one year, beginning the date of that Order.

On June 19, 2025, the Presiding Disciplinary Judge of the Supreme Court of Arizona ("PDJ") directed the parties to advise of any claim that imposition of identical or substantially similar discipline in Arizona is unwarranted for one or more of the reasons set forth in Rule 57(b)(3), Ariz. R. Sup. Ct. Both the Respondent (on July 17, 2025) and the State Bar (on July 21, 2025) filed timely responsive pleadings.

The District Court's findings of fact and conclusions of law may not be relitigated in these proceedings. Rule 57(b)(5), Ariz. R. Sup. Ct. ("…a final adjudication in another jurisdiction that a lawyer has been found guilty of misconduct shall establish conclusively the misconduct for purposes of a discipline proceeding in this state."); *see also In re Bryant*, 255 Ariz. 5 (2023) (lawyer facing reciprocal discipline in Arizona may not relitigate merits of underlying disciplinary order); *Hancock v. O'Neil*, 253 Ariz. 509 (2022) (attorney

1

disciplined by another jurisdiction is precluded from relitigating whether he committed the underlying ethical violations, subject to the provisions of Rule 57(b)).

**THE ORDER**

While the District Court's complete findings are not restated herein, in considering the pleadings, the PDJ highlights the following findings from the Order:

> On February 10, 2025, the [District] Court issued an order that noted that "Mr. Caspino 'has appeared as one of Plaintiffs' attorneys in an action and has signed or jointly signed several of Plaintiffs' filings" and 'is also identified as counsel of record in the caption of several other Plaintiffs' filings," despite having been "suspended from practicing in the District some time ago."
>
> …
>
> On March 26, 2025, the Court issued an Order to Show Cause ("OSC") why Mr. Caspino should not be sanctioned for the unauthorized practice of law and/or misrepresentations to the Court, as Mr. Caspino had "represented (or allowed other attorneys to represent) that he had a pending application for *pro hac vice* admission in this case" in at least 13 filings between May 2024 and August 2024, despite not having attempted to file a pro hac vice application until June 2024 and then immediately being advised by the [District] Court's attorney admissions staff that he could not file a pro hac vice application due to his status as a suspended member of the Arizona State Bar.

Hearing was set on April 28, 2025, to allow Mr. Caspino to "show cause . . . why sanctions should not be assessed against him for practicing law in this District while suspended from doing so and for misrepresenting his status…."

> The Court noted that Mr. Caspino could be subject to a fine or further suspension and noted that

2

Mr. Caspino "must be afforded all of the procedural protections required for due process before a punitive sanction can be assessed." To ensure that due process was afforded, the [District] Court ordered Mr. Caspino to "be prepared to advise the Court at the show-cause hearing whether he intends to exercise any or all of [various] rights."

During the April 28, 2025 OSC hearing, Mr. Caspino explained that "[s]even or eight years ago," he decided he no longer needed his Arizona Bar membership and thus stopped paying his fees with the assumption he would "be taken off the [roll] of attorneys." Mr. Caspino stated he "was never given a notice of suspension by the Bar," such that "the first indication" he had of his suspension was when he attempted to submit a pro hac vice application in this case in June 2024. Mr. Caspino further stated that upon learning he was a suspended member of the Arizona Bar and therefore unable to apply for *pro hac vice* status in the District of Arizona, he spoke with the Bar and discovered that "[i]t is a very difficult process to get reinstated" following a suspension… Mr. Caspino stated that the Bar informed him of the steps he would need to take and that at least one step "can take up to three to four months."

…

The [District] Court asked Mr. Caspino how he justified continuing to represent himself as "*pro hac* pending" in court filings throughout July and August 2024 after being "informed point blank" by the Court's attorney admissions staff on June 6, 2024 that he was not allowed to file a *pro hac vice* application. … The [District] Court asked if it was Mr. Caspino's belief that it was permissible during the period after June 6, 2024 to keep using the phrase "*pro hac vice* pending" because he believed that the suspension "would shortly get resolved" and he would be filing a *pro hac vice* application after that, and Mr. Caspino confirmed that this was his belief.

3

> The Court next asked why, even as of the date of the OSC hearing, Price Caspino (Mr. Caspino's law firm) continued to represent on its website that Mr. Caspino is licensed in the State of Arizona when he had been aware for seven or eight years that he was no longer an active member of the Arizona Bar (and assertedly understood, at least as of June 6, 2024, that he was a suspended member of the Arizona Bar). … When the Court stated it was surprising that this was not fixed before the hearing, because the Court had pointed out the inaccurate website information in the OSC issued on March 26, 2025, Mr. Caspino replied that he had asked the firm's office manager "to take care of that" and "didn't follow up."

**RECIPROCAL AUTHORITY**

Rule 57(b)(3), provides in pertinent part:

> [T]he presiding disciplinary judge shall impose the identical or substantially similar discipline, unless [state] bar counsel or respondent establishes a basis under that rule for not imposing such discipline. Any such claim must be established by a preponderance of the evidence, through affidavits or documentary evidence, or as a matter of law by reference to applicable legal authority, or the presiding disciplinary judge finds on the face of the record from which the discipline is predicated, it clearly appears that:
> A.   the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> B.   there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the presiding disciplinary judge could not, consistent with its duty, accept as final the other jurisdiction's conclusion on that subject; or
> C.   the imposition of the same discipline would result in grave injustice; or
> D.   the misconduct established warrants substantially different discipline in this state.

Arizona relies on the ABA *Standards for Imposing Lawyer Sanctions* (the "*Standards*"). ABA's *Annotated Standards for Imposing Lawyer Sanctions* describes under, Standard 2.9, Purpose of Reciprocal Discipline:

> A lawyer who has been disciplined in one U.S. jurisdiction is subject to reciprocal discipline in any other U.S. jurisdiction in which the lawyer is admitted. The purposes of reciprocal discipline are to prevent a lawyer admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another jurisdiction, to prevent relitigating of misconduct that already has been established in another jurisdiction, and to protect the public from lawyers who commit such misconduct.

In fact, the commentary goes on to note that "Public confidence in the profession is enhanced when lawyers who are admitted in more than one jurisdiction are prevented from avoiding the effect of discipline in one jurisdiction by practicing in another."

**ANALYSIS**

The District Court's detailed findings are not restated herein but incorporated by reference. The PDJ finds the ethical violations adjudicated in the District Court proceeding would also constitute ethical violations in Arizona. Mr. Caspino was found to have engaged in the unauthorized practice of law, in violation of ER 5.5, Rule 42, Ariz. R. Sup. Ct., (Unauthorized Practice of Law; Multijurisdictional Practice of Law), and Rule 31.2, Ariz. R. Sup. Ct., (Unauthorized Practice of Law). Mr. Caspino's unauthorized practice of law was also found to be during a period of suspension. Therefore, the District Court found a violation of a separate provision in LRCiv 83.1(e), as well as the terms of his suspension order. Finally, the District Court held that by "holding himself out as '*pro*

5

*hac vice* pending'," Mr. Caspino violated ER 3.3(a)(1), Rule 42, Ariz. R. Sup. Ct., (Candor Toward the Tribunal). The presumptive sanction is suspension for violations of *Standards* 7.2, (knowing violation of duty as a professional); 6.22, (knowing violation of a court order or rule); and 6.12, (knowingly made false statements or documents submitted to court). "The unauthorized practice of law is a serious ethical violation, and one that would usually result in a suspension, at least." *Matter of Stevens*, 872 P.2d 665, 667 (Ariz. 1994). ["Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty as a professional"—including unauthorized practice of law—"and causes injury or potential injury to a client, the public, or the legal system."] *See* ABA Standard 7.2.

As well, the PDJ has considered a recent decision by this Court in a proportionality review[1]. *In re Geare*, PDJ 2024-9083, the Hearing Panel imposed a one-year suspension from the practice of law where the primary violation was practicing law while suspended. *See* Decision and Order Imposing Sanctions, filed March 10, 2025.

**FINDINGS/ ORDERS**

Respondent has failed to establish by a preponderance of the evidence that any of the exceptions set forth in Rule 57(b)(3) apply.

Additionally, the Respondent requests a stay by this Court simply because he has filed a Notice of Appeal. He does not show that he has made any affirmative steps to

---

[1] Rule 58k provides that in determining the appropriate sanction, in addition to consideration of the *Standards*, if appropriate, shall conduct a proportionality analysis.

request the District Court issue a stay. Simply filing an appeal does not demonstrate that a stay should be granted by this Court.

Based on the foregoing,

**IT IS ORDERED denying** Respondent's alternative request that this matter be stayed pending his appeal.

**IT IS FURTHER ORDERED suspending Michael W. Caspino, Bar No.020791**, from the practice of law in Arizona for one-year, effective June 2, 2025.[2]

**IT IS FURTHER ORDERED** that the Respondent comply with the obligations imposed by Rule 72, Ariz. R. Sup. Ct., for suspended lawyers.

**IT IS FURTHER ORDERED** Respondent shall pay the State Bar's costs and expenses in the amount of $1,282.90 within 30 days.

**DATED** this 28th day of July, 2025,

*Lisa A. VandenBerg*
**Hon. Lisa A. VandenBerg**
**Presiding Disciplinary Judge**

Copy of the foregoing e-mailed
this 28th day of July 2025, to:

Michael W. Caspino
mcaspino@pricecaspino.com
mcaspino@forwardcounsel.com

---

[2] *See* Rule 72(d), Ariz. R. Sup. Ct.

Kelly A. Goldstein
LRO@staff.azbar.org


by: <u>SHunt</u>