UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN FLORES, STEVE WILKS, and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE TITANS; and JOHN DOE TEAMS 1 through 26,<br><br>     Defendants. | Civil Action No.: 22-cv-00871 (VEC) |

## NOTICE OF APPEAL

Defendant Tennessee Football, LLC d/b/a Tennessee Titans, as legal successor to the named defendant Tennessee Titans Entertainment, LLC ("Titans"), appeal to the United States Court of Appeals for the Second Circuit from this Court's Order of February 13, 2026, granting plaintiffs' motion for reconsideration and thereby denying defendant's motion to compel arbitration of plaintiffs' claims against the Titans (the "Order"). *See* Dkt. 182. The Titans recognize that this notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) is filed, at this time, to not only preserve the substantive challenges of the Court's Order, but to address and preserve all of its rights to appeal with respect to the Titans' motion to alter or amend

the order being appealed pursuant to Federal Rule of Civil Procedure 59(e). *See* Dkt. 187. Accordingly, this notice of appeal is filed out of an abundance of caution to preserve the Titans' appellate rights. Specifically, it is intended to foreclose any contention that a subsequent notice of appeal would be untimely if measured from the date of the Court's Order—the same Order that the Titans have respectfully moved the Court to reconsider for the reasons set forth in their pending motion. This filing is made notwithstanding the fact that the motion for reconsideration remains pending before the Court and has not yet been resolved. As a result, the Titans understand the Court to retain jurisdiction to resolve those pending motions despite the filing of this notice of appeal. *See, e.g., Hodge ex rel. Skiff* v. *Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001); *Williams* v. *United States*, Nos. 20-cv-1554 (RJS), 2025 WL 268452, at *2 (S.D.N.Y. Jan. 21, 2025); *Sanders* v. *City of New York*, 218 F. Supp. 2d 538, 539 (S.D.N.Y. 2002), *aff'd*, 361 F.3d 749 (2d Cir. 2004). This notice of appeal will become effective upon the Court's resolution of the last of those pending motions. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Dated: New York, New York
       March 13, 2026

**HOLLAND & KNIGHT LLP**

/s/ *Duvol M. Thompson*
Duvol M. Thompson
Noah W.S. Parson
Bob Boston (admitted *pro hac vice*)
Drew Warth (admitted *pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, NY 10019
Telephone: (212) 513-3200
Fax: (212) 385-9010
duvol.thompson@hklaw.com
noah.parson@hklaw.com
bob.boston@hklaw.com
drew.warth@hklaw.com

*Attorneys for Defendant Tennessee Football, LLC d/b/a Tennessee Titans*