# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Loretta E. Lynch**
**Direct Dial:** +1 212 373 3118
**Email:** lelynch@paulweiss.com

March 16, 2026

**<u>VIA ECF</u>**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

*Flores, et al.* v. *The National Football League, et al.*, No. 22-cv-871-VEC

Dear Judge Caproni:

Pursuant to Paragraphs 2(A) and (C) of Your Honor's Individual Practices in Civil Cases, the National Football League ("NFL"), New York Giants, Houston Texans, and Denver Broncos' (together the "Certiorari Defendants") respectfully make their first request for a brief adjournment of the April 3, 2026 pretrial conference (including the March 26, 2026 deadline to submit a joint status letter and case management plan), and the April 17, 2026 deadline to file motion(s) to dismiss. These Defendants request this adjournment pending the resolution of their petition for certiorari at the U.S. Supreme Court (No. 25-790), which appeals the decision issued by the Second Circuit denying the arbitrability of the claims asserted against them. The Supreme Court's decision on the petition is expected by the end of April. The Certiorari Defendants submit that the most efficient path forward is to wait for that decision, because if the Supreme Court grants the petition, they intend to move for a stay of proceedings in this Court during the pendency of the Supreme Court appeal under the principles articulated by *Coinbase, Inc.* v. *Belski*, 599 U.S. 736, 747 (2023).

Mr. Flores does not consent to this brief adjournment.

## I.    Background

In March 2023, the Court granted in part and denied in part Defendants' motion to compel arbitration. ECF No. 76. As relevant here, the Court denied the motion as to Mr. Flores's claims against the Giants, Broncos, and Texans, and his related claims against the NFL, based on the arbitration provision in the NFL Constitution. *Id.* at 9–11, 13–14. On August 14, 2025, the Second Circuit affirmed the Court's order. *See Flores* v. *New York Football Giants*, 150 F.4th 172, 187 (2d Cir. 2025). These Defendants filed a petition for certiorari with the Supreme Court on January 2, 2026, arguing that the Second Circuit's decision cannot be reconciled with the Federal Arbitration Act's text and history, is inconsistent with the decisions of federal circuit courts across

the country, and creates a novel and unworkable "federal unconscionability" doctrine that undermines the purpose of the FAA.  Petition for Writ of Certiorari at 18, *New York Football Giants, Inc.* v. *Flores* (No. 25-790).  Mr. Flores opposed the petition on March 6, 2026, and it will be fully briefed on March 25, 2026.  The Certiorari Defendants expect the Supreme Court to resolve the petition by the end of April.

In September 2025, after the Second Circuit's decision, Plaintiffs filed a second motion for reconsideration of the portion of the Court's March 2023 order pertaining to the Arizona Cardinals, Miami Dolphins, and Tennessee Titans (and the related claims against the NFL).  ECF No. 154.  The Court granted that motion on February 13, 2026.  ECF No. 182.  In that order, the Court also lifted the stay of proceedings as to all claims, set a pretrial conference for April 3, 2026 with an associated March 26, 2026 deadline to file a joint status letter and proposed case management plan.  *Id.* at 14.  The Court subsequently set an April 17, 2026 deadline for Defendants' motions to dismiss.  ECF No. 202 at 2.

## II.     The Court Should Enter a Brief Adjournment of the Pending Deadlines as to the Claims Asserted Against the Certiorari Defendants

The Certiorari Defendants respectfully submit that a brief adjournment of the pending deadlines until the Supreme Court resolves their petition for certiorari is warranted.[1]  Courts in this district frequently do not move forward with proceedings when a pending petition for certiorari may "control a key issue" and "facilitate a simpler resolution" of a case.  *Nextgen IP Mgmt., LLC* v. *Cloudflare, Inc.*, 2025 WL 3089175, at \*2 (S.D.N.Y. Nov. 5, 2025); *see also NML Cap., Ltd.* v. *Republic of Argentina*, 2014 WL 2451142, at \*1 (S.D.N.Y. Apr. 18, 2014) ("[C]ourts in this circuit have repeatedly found it appropriate to stay proceedings when a higher court is close to settling an important issue of law bearing on the action.") (citation and internal quotation marks omitted).[2]

That is the case here.  If the petition for certiorari is granted, the forthcoming decision by the Supreme Court would have binding implications as to the arbitrability of the claims asserted by Mr. Flores against the Certiorari Defendants.  For that reason, if the Supreme Court agrees to hear the appeal, the Certiorari Defendants anticipate moving for a stay of proceedings, consistent with the Supreme Court's reasoning in *Coinbase.  See Coinbase*, 599 U.S. at 743 ("If the district court

---

[1]   The Court has the authority to "control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *North American Co.*, 299 U.S. 248, 254 (1936).  In making the stay determination, courts generally consider five factors: (1) plaintiffs' interests in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See Kappel* v. *Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  The balance of the factors is "a case-by-case determination" and the "basic goal" in determining whether to issue a stay "is to avoid prejudice." *Id.* (citation omitted).

[2]   Courts in this district likewise "generally engage in a presumption that there should be a stay of discovery pending the decision on a motion to compel arbitration." *Paniccioli* v. *Northstar Source Grp. LLC*, 2025 WL 1427007, at \*1 (S.D.N.Y. May 16, 2025) (granting stay pending resolution of motion to compel arbitration); *Merida Cap. Partners III LP* v. *Fernane*, 2025 WL 1541072, at \*4 (S.D.N.Y. May 30, 2025) (same, noting that "a stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it") (citation and internal quotation marks omitted).

could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along."); *see also id.* (explaining that the "worst possible outcome" for the parties is to proceed "litigating a dispute in the district court" only for an appeal to "reverse and order the dispute arbitrated") (citations omitted).

Because we will likely know the Supreme Court's intentions very soon, it is imprudent to proceed with expending party and judicial resources during the intervening period, including with respect to negotiating a case management schedule (and adjudicating any disputes related thereto), holding the April 3 pretrial conference, and briefing the forthcoming motion(s) to dismiss. *See id.* ("From the Judiciary's institutional perspective . . . allowing a case to proceed simultaneously in the district court and [on appeal] creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event."); *Consumer Fin. Protective Bureau* v. *MoneyGram Int'l*, 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) ("[C]ourts and judicial efficiency would be served by staying a decision on the motion to dismiss, as a potential Supreme Court decision may resolve or otherwise bear on important issues in this case.").

While the Certiorari Defendants appreciate the Court's concern that this action has been pending for several years, any further delay will be brief because the arbitrability of Mr. Flores' claims against them will be finally determined soon. *James* v. *Niagara-Wheatfield Cent. Sch. Dist.*, 2025 WL 821884, at *1 (W.D.N.Y. Mar. 14, 2025) (noting "minimal" delay where petition for certiorari would be decided during Supreme Court's current term); *see also MoneyGram Int'l, Inc.*, 2022 WL 17547438, at *3. If the Supreme Court denies the petition, the claims against the Certiorari Defendants will promptly proceed in this Court. There is no prejudice to Mr. Flores for waiting for the Supreme Court to resolve the pending petition—and certainly no prejudice that would outweigh the significant benefits to the parties and the Court by proceeding with litigation only once the proper forum for Mr. Flores's claims is determined through the appellate process.

\*    \*    \*

For the reasons set forth above, the Certiorari Defendants respectfully request that the Court: (i) adjourn the April 3, 2026 pretrial conference (and the associated March 26, 2026 deadline to submit a joint letter and case management plan) until a date in late May that is convenient for the Court; and (ii) adjourn the April 17, 2026 deadline for the Certiorari Defendants to file motion(s) to dismiss, and issue an order that in the event that the Supreme Court denies the pending petition for certiorari, the Certiorari Defendants' motion(s) to dismiss will be due on June 5, 2026.

Respectfully,

/s/ *Loretta E. Lynch*
Loretta E. Lynch

cc:    Counsel of record (via ECF)