

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

March 18, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

> Re:    *Flores v. The National Football League, et al.*; Case No. 22 Civ. 00871 (VEC)

Dear Judge Caproni,

We represent Plaintiffs and write in opposition to all Defendants' recent applications to further stay discovery, adjourn the deadline to submit a case management plan, adjourn the pretrial conference scheduled for April 3, 2026 and adjourn the motion to dismiss briefing schedule.  See Dkt. Nos. 219, 220, 221.  This case has been in a perpetual stay, "idling at the starting block," see Dkt. No. 182 at p. 1, for more than four years as Defendants have fought endlessly to avoid litigation in a judicial forum.[1]  The time is long overdue for this case to move forward, not revert to yet another stay.

First, the NFL, Giants, Texans and Broncos ask for a stay of the entire case, or an adjournment of all upcoming deadlines, pending the outcome of their petition for certiorari before the Supreme Court—an argument Defendants previously advanced (Dkt. No. 159 at pp. 4-6) and that the Court rejected.  Dkt. No. 182 at pp. 5-6.  Defendants had 14 days to file a motion for reconsideration under Local Civil Rule 6.3.  They did not.  Moreover, as previously noted by the Court, "[a]lthough Defendants had the opportunity in the Second Circuit to seek a stay of the issuance of the mandate under Fed. R. App. P. 41(d) while they sought Supreme Court review, they did not."  See Dkt. No. 182, n. 7.  An untimely letter motion for reconsideration, without any justification for its untimeliness, should not be permitted.[2]

---

[1]    Even for the aspects of the case that had previously been compelled to arbitration, Commissioner Goodell's designated arbitrator, Peter C. Harvey, Esq., sat on his hands and did absolutely nothing for almost a full year following an initial conference.  See Dkt. No. 154 at pp. 5-8.  Plaintiffs had filed a motion at the start of the arbitral proceedings seeking to compel standard arbitral conflict disclosures (required by law), and he refused to rule on the motion, which in effect placed the arbitration in a stay.  Id.  It was only after Plaintiffs notified the Court about this conduct that Mr. Harvey resumed communications with the parties—still refusing to rule on the motion for conflict disclosures—and attempted to thrust the matter forward while the motion for reconsideration was pending before this Court.  The Court had to intervene to prevent that from happening.  See Dkt. No. 160.

[2]    The two cases cited by Defendants to support their stay or adjournment request involved matters where the Supreme Court had already granted certiorari.  That is not the case here.



Second, the Dolphins, Cardinals and Titans ask for a stay pending the outcome of their motions for reconsideration—also an argument that has also already been made and rejected (Dkt. Nos. 159, 182), has since been advanced again (Dkt. Nos. 195, 197) and is now being asserted a third time.  The Court already held that while it is "sensitive to the interests of judicial economy" a continued stay of this matter would be inappropriate.  See Dkt. No. 182 at p. 6.  Those teams (now joined by the Titans and NFL per Dkt. Nos. 219, 220) are not content to wait for a ruling on the pending motion and have filed another application seeking the same exact relief.  See Dkt. No. 219 at p. 1 (seeking a stay "until the Court resolves the Clubs' pending motions for reconsideration").  The only changed circumstances are that the Dolphins, Cardinals and Titans have prematurely filed inoperative notices of appeal,[3] apparently to use them as a justification for this stay request.  Those notices of appeal do not have any impact on any of the other claims in this litigation, which means discovery is advancing in this matter irrespective of any appeals.

Third, all Defendants ask, in the alternative, for an adjournment of the March 26, 2026 deadline to file a case management plan motion, the April 3, 2026 conference and the motion to dismiss briefing schedule starting April 17, 2026.  For all the same reasons set forth above, that alternative requested relief should also be denied, and the case should be permitted to move forward.  As to the anticipated motion to dismiss, Defendants proposed the briefing schedule just two weeks ago (to which Plaintiffs consented).  See Dkt. No. 201.  Defendants should not be permitted to ask the Court to endorse a briefing schedule—when a motion for reconsideration was pending and when they surely knew notices of appeal would be filed—only to then demand that it be pulled down for so-called "judicial efficiency."

Respectfully submitted,

David E. Gottlieb

---

[3]      The teams appear to recognize that notices of appeal are premature under Fed. R. App. P. 4(a)(4)(A)(iv). We note that the NFL, Giants, Texans and Broncos did not file similar notices of appeal following the Court's March 1, 2023 order, while a timely filed motion for reconsideration was pending.