quinn emanuel    trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8258**

WRITER'S EMAIL ADDRESS
**jpkernisan@quinnemanuel.com**

March 20, 2026

**VIA ELECTRONIC FILING**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Flores, et al. v. The National Football League, et al.*; No. 22-cv-00871-VEC

Dear Judge Caproni:

The Dolphins, Cardinals, and Titans (the "Clubs") respectfully submit this reply in further support of their letter motion (Dkt. 219) for a stay of proceedings, or in the alternative an adjournment of deadlines, pending resolution of the Clubs' motions for reconsideration (Dkts. 195, 197).

Plaintiffs mischaracterize the Clubs' request for a stay as a rehash of previously rejected arguments. Dkt. 222. It is not. When the Court lifted the prior stay, (1) it did so in the same decision in which it rejected (on revision of its prior order) the Clubs' motion to compel arbitration without addressing the severability argument had been previously briefed in 2022, (Dkt. 64), and (2) no notices of appeal had been filed. Now the severability argument has been renewed before the Court and notices of appeals have been filed, and together those developments present a reality Plaintiffs do not appear to deny: there is no outcome in which the Clubs will be litigating a motion to dismiss at this juncture. If the Court grants the pending motions for reconsideration, Plaintiffs' claims against the Clubs return to arbitration. If the Court denies them, the Clubs' notices of appeal become effective and an automatic stay applies under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023). The Clubs renewed their stay request after filing their notices of appeal precisely because those filings eliminated any remaining uncertainty about whether further proceedings would serve a purpose.

Plaintiffs' own characterization of the notices of appeal as "premature" and "inoperative" (Dkt. 222 at 2 & n.3) reinforces the Clubs' point. If the appeals are not yet effective, the Court unquestionably retains jurisdiction to decide the pending motions for reconsideration, and should do so. Plaintiffs cannot simultaneously maintain that the appeals are inoperative ***and*** that the Court

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

should forge ahead with motion to dismiss briefing rather than resolve the threshold question whether Plaintiffs' claims against the Clubs belong in this Court at all.  As one court in this District observed in an analogous posture, where a motion to compel arbitration is pending and an appeal is inevitable, the efficient course is to grant a stay and resolve the arbitrability question before any further proceedings, because "[i]f the [Clubs'] motion is granted, the parties can proceed without delay to arbitration, and if it is denied, Defendants can quickly take the inevitable appeal and obtain the corresponding stay." *McSweeney v. Cohen*, 2025 WL 1898351, at *1 (S.D.N.Y. July 9, 2025).

Finally, consenting to a proposed briefing schedule did not waive the Clubs' right to seek a stay.  Proposing a schedule in the event the case proceeds is not inconsistent with seeking to pause that schedule while a threshold question is pending.  The schedule was proposed before the Clubs' motions for reconsideration were fully briefed and before the notices of appeal were filed.

Respectfully submitted,

*/s/JP Kernisan*
JP Kernisan
Counsel for Defendant Miami Dolphins, Ltd.

*/s/Eric Savage*
Eric Savage
Counsel for Defendant Arizona Cardinals Football Club LLC

*/s/Duvol M. Thompson*
Duvol M. Thompson
Counsel for Defendant Tennessee Football, LLC

cc:      All Counsel of Record (via electronic filing)