

**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

# MEMO ENDORSED

WRITER'S DIRECT DIAL NO.
**(202) 538-8258**

WRITER'S EMAIL ADDRESS
**jpkernisan@quinnemanuel.com**

March 16, 2026

VIA ELECTRONIC FILING

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_3/19/2026____

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Flores, et al. v. The National Football League, et al.*; No. 22-cv-00871-VEC

Dear Judge Caproni:

We represent the Miami Dolphins, Ltd. ("Dolphins"), Arizona Cardinals Football Club LLC ("Cardinals"), and Tennessee Football, LLC ("Titans")—collectively, "the Clubs"—in this matter. We write to respectfully request that, in light of several recent procedural developments, the Court stay proceedings in the case regarding the Clubs until the Court resolves the Clubs' pending motions for reconsideration—or, in the alternative, adjourn the deadline for the Clubs to respond to the Second Amended Complaint. The Clubs have not previously requested an adjournment of this deadline. Given multiple upcoming deadlines, the Clubs respectfully request a ruling by March 23, 2026.

***Background.*** On February 27, 2026, the Clubs each moved for reconsideration of this Court's February 13, 2026 order, which denied the Clubs' respective motions to compel arbitration of Plaintiffs' claims. Dkts. 187, 194, 196. The Dolphins and Cardinals also asked this Court to stay further proceedings pending resolution of their reconsideration motions. Dkt. 195 at 9–10; Dkt. 197 at 11. The Titans did not formally seek a stay but support the Dolphins' and Cardinals' requests and submit that any stay should apply to all the Clubs that filed reconsideration motions. The Court has not yet ruled on the stay requests or the reconsideration motions, which will be fully briefed on March 20, 2026.

On March 4, 2026, the Court granted Plaintiffs leave to file the Second Amended Complaint and set an April 17, 2026, deadline for the Clubs to file motions to dismiss. On March 13, 2026, each of the Clubs filed a notice of appeal from the Court's February 13 Order, invoking their statutory rights to pursue interlocutory appeals from the Court's denial of their motions to compel arbitration. Dkts. 212, 214, 216. These notices of appeal were filed as a protective matter

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

and would, under the Clubs' reading of the law, become effective only after this Court resolves the last pending reconsideration motion.  *See* Fed. R. App. P. 4(a)(4)(A)(iv).

*A prompt ruling on the stay request is warranted.*  The combination of the pending motions for reconsideration and the recently filed notices of appeal create a binary outcome in which continuing with the currently scheduled proceedings (*e.g.*, discovery and briefing on motions to dismiss) would be unnecessary regardless of how the Court rules on the pending motions.  To the extent the Court grants any or all of the reconsideration motions, Plaintiffs' claims will return to arbitration and there will be no need for motions to dismiss or any other proceedings in this Court.  To the extent the Court denies the reconsideration motions, the Clubs' notices of appeal will become effective and an automatic stay pending appeal will apply under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), until proceedings in the Second Circuit are complete.  Either way, considerations of judicial efficiency weigh strongly against further proceedings at this time.

Courts in this district have stayed proceedings in materially similar circumstances.  In *McSweeney v. Cohen*, 2025 WL 1898351 (S.D.N.Y. July 9, 2025), the court applied *Coinbase*'s reasoning to stay discovery while a motion to compel arbitration was still pending before the district court, before any appeal had been filed, because an appeal was inevitable and proceedings in the interim would serve no purpose.  The court observed that there was "likely little discovery that the parties would be able to accomplish before the Court's decision." *Id.* at *1.  That reasoning applies here with greater force: the Clubs have already filed their notices of appeal, and the only question is whether this Court will grant the pending motions for reconsideration (returning the cases to arbitration), or deny the motions and trigger an automatic stay.

The recent setting of an April 17, 2026, deadline for motions to dismiss further illustrates the propriety of a prompt ruling on the stay request.  Otherwise, the Clubs will have little choice but to prepare motions to dismiss in the interim, thereby undermining a core aspect of the efficiency rationale for the stay.

The Clubs note that this request is distinct from Defendants' request that the Court maintain the prior stay when it ruled on Plaintiffs' motion for reconsideration.  In lifting the prior stay, the Court observed that the case had "lingered at the starting block for four years" and that discovery should begin in light of the Second Circuit's ruling. Dkt. 182 at 6.  The posture is now materially different.  At the time of the February 13 Order, no motion for reconsideration raising severability had been filed, and no notice of appeal was pending as to the Clubs' claims.  All of that has changed.  Requiring the Clubs—and Plaintiffs—to brief motions to dismiss while these threshold issues remain unresolved would risk precisely the waste of resources that *Coinbase* identified as "irretrievabl[e]." *See* 599 U.S. at 743.

*In the alternative, the Court should adjourn the Clubs' deadline to respond to the Second Amended Complaint.*  Even if the Court declines to stay all proceedings, it should at a minimum adjourn the April 17, 2026 deadline for the Clubs to file motions to dismiss.  As explained, the Court's resolution of the pending motions for reconsideration will either result in Plaintiffs' claims returning to arbitration or an automatic stay of proceedings in this Court pending the Clubs' appeal under 9 U.S.C. § 16.  Either way, requiring the parties to proceed with briefing on the motion to dismiss at this time would waste judicial and litigant resources.  Adjourning the deadline until 30

days after the Court rules on the Clubs' reconsideration motions imposes no prejudice on Plaintiffs; it simply aligns the briefing schedule with the resolution of the threshold question about whether these claims belong in court.

***Plaintiffs' position.***   Plaintiffs oppose the stay and adjournment requests, as explained in their opposition to the reconsideration motions (Dkt. 215) and in communications with counsel.

***Conclusion.***   The Clubs respectfully request that the Court (1) stay all proceedings as to the Clubs, including any deadline to file a motion to dismiss the Second Amended Complaint, pending resolution of the Clubs' motions for reconsideration; or, in the alternative, (2) adjourn the Clubs' deadline to respond to the Second Amended Complaint until 30 days after the Court rules on the last pending reconsideration motion.  To provide all parties with adequate preparation time and clarity moving forward, we respectfully request a ruling by March 23, 2026.

The Clubs also respectfully submit that, for similar reasons (and in particular if the Court grants a stay), the Court should adjourn the requirement to submit a case management plan by March 26, 2026, and the pretrial conference scheduled for April 3, 2026.

Respectfully submitted,

/s/*JP Kernisan*
JP Kernisan
Counsel for Defendant Miami Dolphins, Ltd.

/s/*Eric Savage*
Eric Savage
Counsel for Defendant Arizona Cardinals Football Club LLC

/s/*Duvol M. Thompson*
Duvol M. Thompson
Counsel for Defendant Tennessee Football, LLC

cc:    All Counsel of Record (via electronic filing)

The briefing schedule for Defendants' Motion(s) to Dismiss, set via this Court's March 4, 2026, Order at Dkt. 202, is now held in abeyance of this Court's ruling on the pending Motions for Reconsideration.  The Court agrees with the Plaintiffs that it smacks of gamesmanship for these Defendants to propose a briefing schedule, get Plaintiff and the Court to agree to it, and then move to stay it.  While the Court will do so for the sake of efficiency, these Defendants should note that the Court does not approve of such gamesmanship.

The March 26, 2026, deadline to submit a joint letter and proposed case management plan as well as the April 3, 2026, pretrial conference are unaffected and will go forward as planned.

SO ORDERED.                     3/19/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE