

March 26, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:    Flores v. The National Football League, et al., No. 22-cv-871 (VEC)

Dear Judge Caproni:

The parties write jointly to provide the information requested pursuant to the Court's February 13, 2026 order in advance of the pretrial conference scheduled for April 3, 2026 at 10:00 a.m., including the enclosed proposed Case Management Plan and Scheduling Order for the Court's consideration.

**A.       Statement of All Existing Deadlines, Due Dates and/or Cutoffs**

Defendants National Football League ("NFL"), New York Giants, Houston Texans, and Denver Broncos' Supreme Court Petition:

The NFL, Giants, Texans and Broncos' Petition for Certiorari to the United States Supreme Court as to the Second Circuit's decision in *Flores v. New York Football Giants, Inc.*, 150 F.4th 172 (2d Cir. 2025) was fully briefed as of March 25, 2026.  The Supreme Court has indicated that the matter will be conferenced on April 17, 2026, and the parties therefore believe that it is likely that the Supreme Court will resolve the petition by the end of April 2026.  If the Supreme Court grants the petition for certiorari, those defendants intend to move for a stay of proceedings as to the claims against them.

Defendants Miami Dolphins, Arizona Cardinals and Tennessee Titans' Motions for Reconsideration:

On February 27, 2026, the Dolphins, Cardinals and Titans each separately filed motions for reconsideration of the Court's February 13, 2026 order.  Dkts. 188, 195, 197.  These motions were fully submitted on March 20, 2026.

Anticipated Motions to Dismiss by all Defendants:

The Court has endorsed the following briefing schedule with respect to the NFL, Giants, Texans, and Broncos' anticipated motion(s) to dismiss the Second Amended Complaint: (i) those



Defendants' moving papers by April 17, 2026, (ii) Plaintiffs' opposition papers by June 1, 2026, and (iii) those Defendants' reply papers by July 16, 2026.  Dkt. 202.  The Court ordered that the motion to dismiss briefing schedule for any motions to be filed by the Dolphins, Cardinals, and Titans be held in abeyance pending resolution of those Defendants' motions for reconsideration.  Dkt. 232.

**B.    Statement Describing the Status of any Settlement Discussions and Whether the Parties Would Like a Settlement Conference**

Plaintiffs' Position:

Plaintiffs have attempted to engage Defendants in discussions regarding resolution including through a proposed mediation with a neutral third party, such as retired federal judges and respected members of the legal and civil rights community.  Plaintiffs have expressed their belief that such a process will provide all parties an opportunity to engage in a collaborative and respectful dialogue to address the important issues raised by this matter.  Defendants have declined Plaintiffs' efforts at engagement and request to mediate.

Defendants' Position:

Defendants have long been engaged in efforts to support opportunities for coaches of all backgrounds.  Defendants welcome a dialogue with Plaintiffs and others about ideas to further strengthen those efforts. However, Defendants believe that the claims asserted in this lawsuit are without merit as a matter of law, and intend to vigorously defend against them.  Defendants remain open to productive discussions, although Defendants do not believe a settlement conference would be helpful at this juncture.

**C.    Statement of the Anticipated Length of Trial and Whether the Case is to be Tried to a Jury**

Plaintiffs' Position:

30 days.

Defendants' Position:

Defendants believe that this case must be arbitrated and continue to litigate this issue.  However, if all of Plaintiffs' claims proceed in this court, Defendants believe that 10 days would be appropriate for a jury trial on any damages claims.  Any claims for declaratory or injunctive relief should be resolved in a bench trial.



**D.      Statement Regarding the Anticipated Length of Arbitration**

Not currently applicable.  As discussed above, the arbitrability of Plaintiffs' claims continues to be litigated.

**E.      Any Contemplated Motions**

<u>Plaintiffs' Position</u>:

Plaintiffs reserve the right to move for leave to amend the complaint following Defendants' filing of their anticipated motions to dismiss.

Plaintiff intends to file a motion for class certification upon the completion of sufficient discovery, consistent with Fed. R. Civ. P. 23(c).

<u>Defendants' Position</u>:

The NFL, Giants, Texans, and Broncos intend to move to dismiss the Second Amended Complaint pursuant to the so-ordered briefing schedule.  Dkt 202.  While the deadline for the Dolphins, Cardinals, and Titans' motion to dismiss is currently held in abeyance, those Defendants reserve the right to file a motion to dismiss in the future, if necessary.  Defendants also reserve the right to oppose any request by Plaintiffs for permission to file a third amended complaint.

If the Supreme Court grants the pending petition for certiorari, the NFL, Giants, Texans, and Broncos intend to move for a stay proceedings under the principles articulated in *Coinbase, Inc.* v. *Bielski*, 599 U.S. 736, 747 (2023).

Defendants believe that any motion by Plaintiffs for class certification should be filed at an early practicable time during the discovery period, pursuant to Federal Rule of Civil Procedure 23(c). They reserve the right to object to Plaintiffs' filing of a motion for class certification as untimely.

All Defendants reserve the right to move for summary judgment on any claims that remain following the Court's resolution of Defendants' motions to dismiss the Second Amended Complaint.

**F.      Proposed Schedule for Discovery, Which Must Comply With the Guidance Set Forth in the Court's Model Civil Case Management Plan and Scheduling Order, Available on the Court's Website**

A proposed Case Management Plan and Scheduling Order is attached.



**G.     Any Other Issue That the Parties Would Like to Address at the Pretrial Conference; and**

<u>Plaintiffs' Position</u>:

Plaintiffs will respond to Defendants' arguments set forth below in connection with the referenced motion practice.  To the extent Court desires to discuss these points in a preliminary manner at the conference, Plaintiffs' counsel will be prepared to discuss these matters.

<u>Defendants' Position</u>:

Plaintiffs purport to allege class claims, including pattern or practice allegations.  Defendants intend to move to dismiss the Second Amended Complaint, including on the basis that the NFL was not an employer of Plaintiffs.  Further, Defendants dispute that Plaintiffs' individual employment grievances against different employers are susceptible to class treatment, particularly with respect to the broad class proposed by Plaintiffs, which includes numerous individuals employed by Member Clubs of the NFL for which Plaintiffs never worked, and in coaching or executive positions that Plaintiffs never held.  In the event that Plaintiffs' pattern or practice claims survive Defendants' anticipated motions to dismiss and a class is certified as to them, Defendants may request leave to amend the Civil Case Management Plan to bifurcate the proceedings into a liability phase and a damages phase.  *See Int'l Bd. of Teamsters v. United States*, 431 U.S. 324 (1977).

**H.     Any Other Information that the Parties Believe May Assist the Court in Advancing the Case to Settlement or Trial**

<u>Plaintiffs' Position</u>:

Nothing further from Plaintiffs.  In response to Defendants' below remarks, Plaintiffs respectfully refer to §G, above.

<u>Defendants' Position</u>:

Defendants dispute that Plaintiffs' individual employment grievances against different employers are susceptible to class treatment, particularly with respect to the broad class proposed by Plaintiffs, which includes numerous individuals employed by Member Clubs of the NFL for which Plaintiffs never worked, and in coaching or executive positions that Plaintiffs never held.

*                    *                    *



Respectfully submitted,

Wigdor LLP                           Paul, Weiss, Rifkind, Wharton & Garrison LLP

/s/ David E. Gottlieb                /s/ Loretta E. Lynch

Douglas H. Wigdor                    Loretta E. Lynch
David E. Gottlieb                    Brad S. Karp
Michael J. Willemin                  Lynn B. Bayard
*For Plaintiffs*                     Brette Tannenbaum
                                     Aubrey Smith
                                     *For Defendants*


cc:      All counsel