UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

BRIAN FLORES, STEVE WILKS, and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated,

                                Plaintiffs,

-against-

THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE, TITANS and JOHN DOE TEAMS 1 through 26,

                                Defendants.

----------------------------------------------------------------X

22-CV-0871 (VEC)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2026

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 3, 2026, the parties appeared before the Court for a conference.

IT IS HEREBY ORDERED that discovery — and the Motion to Dismiss briefing schedule set in the Court's March 4, 2026, Order at Dkt. 202 — will proceed for the Giants, Texans, and Broncos, and the National Football League as to any related claims. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) are due no later than **April 17, 2026**. The parties are directed to meet and confer regarding HIPAA-compliant medical records release authorizations if necessary. Fact discovery must be completed by **January 8, 2027**. Expert discovery must be completed by **April 8, 2027**. The parties are directed to meet and confer to agree upon a joint plan for meeting the discovery deadlines. Beginning June 1, 2026, and throughout the discovery period, the parties must submit joint monthly status reports of no more

1

than three pages on the 1st of the month (or the soonest business day thereafter). The status reports must contain (1) a short description of what was accomplished during the prior month, (2) a short description of what the parties expect to be accomplished during the upcoming month, and (3) a short description of any problems that have arisen (and whether the parties are conferring regarding those problems or are requesting Court intervention to resolve them).

IT IS FURTHER ORDERED that in the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly email Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

IT IS FURTHER ORDERED that no later than **April 30, 2026**, the parties must submit a proposed (1) protective order and (2) an agreed-upon date for substantial completion of document production that is well before the fact discovery deadline. The deadline for production of privilege logs — for materials withheld on grounds of privilege or as trial preparation materials pursuant to Fed. R. Civ. P. 26(b)(5)(A) — will be two weeks after the substantial completion deadline that the Court orders.

IT IS FURTHER ORDERED that no later than **May 15, 2026**, the parties must submit a joint letter regarding amending the Complaint. If Plaintiffs seek leave to amend the Complaint, the letter shall indicate whether Defendants consent. If Defendants consent, the letter shall indicate a proposed (1) deadline for Plaintiffs to file an amended complaint and (2) schedule for Defendants' answers or Motions to Dismiss.

IT IS FURTHER ORDERED that if at any point the parties jointly desire a settlement conference, they may submit a letter to the Court.

IT IS FURTHER ORDERED that when Plaintiffs believe they have adequate discovery to pursue class certification, they must seek the Court's leave to file a Motion for Class Certification.  Alternatively, a Motion for Class Certification may be discussed at the close of fact discovery.

IT IS FURTHER ORDERED that the parties must appear for a conference on **Friday, January 8, 2027, at 10:00 a.m.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007.  No later than **December 31, 2026**, the parties shall submit a joint letter of no more than five pages regarding the status of the case, including an updated statement or description of:

a)  all existing deadlines;

b)  any outstanding motions;

c)  the status of discovery;

d)  the status of any settlement discussions and whether the parties would like a settlement conference;

e)  the anticipated length of trial and whether the case is to be tried to a jury;

f)  whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g)  any other issue that the parties would like to address at the conference; and

h)  any other information that the parties believe may assist the Court.

**SO ORDERED.**

**Date:   April 3, 2026**
       **New York, New York**

                                **VALERIE CAPRONI**
                               **United States District Judge**