**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN FLORES, STEVE WILKS and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated<br><br>        Plaintiffs,<br><br> v.<br><br>THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE TITANS and JOHN DOE TEAMS 1 through 26,<br><br>        Defendants. | Docket No. 22-cv-00871 (VEC) |

**[PROPOSED] PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, the parties to the above-captioned action (the "Action" or "Litigation") will engage, or are engaged, in discovery proceedings, which may include, among other things, producing documents, responding to written discovery requests, and taking depositions; and

WHEREAS, those discovery proceedings may involve the production of certain information that one or more of the parties to the Action (collectively, the "Parties," and each, a "Party") believe to be confidential and sensitive personal, commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Protective Order for the Production and Exchange of Confidential Information (the "Order") will govern the handling of documents, written discovery requests, interrogatory responses, responses to requests for admissions and responses to requests for documents and electronically stored information, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the Action.

1.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of the Order if such Producing Party, in good faith, reasonably believes that such Discovery Material contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in the Order ("Confidential Discovery Material").  Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only" ("Attorneys' Eyes Only Discovery Material") or "Outside Attorneys' Eyes Only" ("Outside Attorneys' Eyes Only Discovery Material") under the terms of the Order if such Producing Party believes in good faith that such material is of such a private, sensitive, competitive or propriety nature that present disclosure or dissemination to persons other than those identified in paragraph 5 (for Attorneys' Eyes Only Discovery Material) or 6 (for Outside Attorneys' Eyes Only Discovery Material) below would (i) reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party or create a substantial risk of serious harm that could not be avoided by less restrictive means and (ii) the Receiving Party would not be materially harmed in its ability to aid in the prosecution and/or defense of the Litigation with such designation and applicable

2

restrictions.  A Producing Party may designate any Discovery Material as "Outside Attorneys' Eyes Only" under the terms of this Order only if such Producing Party reasonably believes it to be so competitively sensitive that it is entitled to even more extraordinary protections than those accorded Confidential and Attorneys' Eyes Only Discovery Material, without which the disclosure of the information to another party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.    The designation of Discovery Material as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only shall be made in the following manner:

(a)    In the case of documents or other materials: (i) by affixing the legend "Confidential," "Attorneys' Eyes Only," or "Outside Attorneys' Eyes Only" to each page containing any such material, except that in the case of multi-page documents bound together by staple or other permanent binding, the applicable term need only be stamped on the first page of the document in order for the entire document to be treated in accordance with its designation; or (ii) in the case of electronically stored information produced in native format, by including "Confidential," "Attorneys' Eyes Only," or "Outside Attorneys' Eyes Only" on the endorsement on the bottom left-hand corner of the corresponding TIFF image slipsheet.

(b)    In the case of any other Discovery Material, by written notice to the party receiving the Discovery Material (the "Receiving Party") that the Discovery Material constitutes Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material, as applicable.

3.    Inadvertent failure to designate Discovery Material as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only shall not constitute a waiver of such claim and may be

3

corrected promptly upon discovery of such failure.  A Producing Party may designate as "Confidential," "Attorneys' Eyes Only," or "Outside Attorneys' Eyes Only" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material, (i) by notifying in writing to the Receiving Party that the Discovery Material constitutes Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material or (ii) in a manner consistent with Paragraph 2.  The Party making the designation shall mark and replace previously supplied Discovery Material.  Upon receiving notice of the inadvertent failure to designate, the Parties shall thereafter treat the Discovery Material so designated as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward.  The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material.  In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material before its designation as Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material shall exercise its best efforts to ensure (i) the return or destruction of such Discovery Material by any person not authorized to receive the Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material under the terms of this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material when originally produced, (iii) that such Discovery Material is not further disclosed except

4

in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 10 of this Order.

4.    Confidential Discovery Material shall not be disclosed to any person, except:

(a)    The Receiving Party, its employees and counsel, including in-house counsel;

(b)    Employees of such counsel assigned to and necessary to assist in the Litigation;

(c)    Retained experts or consultants assisting in the prosecution or defense of the matter (including outside vendors and service providers) and stenographers, to the extent deemed necessary by counsel;

(d)    Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

(e)    The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;

(f)    As to any document, its author, its addressee, any other person indicated on the face of the document as having received a copy, the custodian as reflected in corresponding metadata or as confirmed by the Producing Party; and, in the case of meeting minutes and presentations, an attendee of the meeting; or

(g)    Any prospective or actual witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action; and

(h)    Any witness, during his or her deposition or testimony at a hearing.

5.    Attorneys' Eyes Only Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Order:

(a)    Counsel who represent Parties in the Litigation (including in-house counsel), and the partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

(b)    Subject to Paragraph 8, retained experts or consultants assisting counsel for the Parties, and employees of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

(c)    Any Party or witness to the Litigation indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, (or indicated as a blind copy recipient in such document/communication's metadata);

(d)    Any Party or witness to the Litigation indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

(e)    Any Party or witness to the Litigation not described in subsections (c) or (d) as may be necessary in connection with any legal process or proceedings in this Litigation, including but not limited to, depositions, hearings and/or trial, with the prior agreement of the Producing Party who designated the Attorneys' Eyes Only Discovery Material.

(f)    The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

6.        Outside Attorneys' Eyes Only information may not be disclosed to the officers, directors and employees of any party, including in-house counsel, legal assistants, and other legal staff.  Outside Attorneys' Eyes Only information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Order:

        (a)        Outside counsel of record for the respective parties to this action and their paralegal and clerical staff, each of whom shall be required to abide by the terms of this Order.

        (b)        Subject to Paragraph 8, retained experts or consultants assisting counsel for the Parties, and employees of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

        (c)        Any Party or witness to the Litigation indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, (or indicated as a blind copy recipient in such document/communication's metadata);

        (d)        Any Party or witness to the Litigation indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

        (e)        Any Party or witness to the Litigation not described in subsections (c) or (d) as may be necessary in connection with any legal process or proceedings in this Litigation, including but not limited to, depositions, hearings and/or trial, with the prior agreement of the Producing Party who designated the Outside Attorneys' Eyes Only Discovery Material.

(f)     The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

7.      Whenever information designated as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material pursuant to this Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than persons designated in Paragraphs 4, 5, and 6 of this Order, as appropriate, for the portion of the deposition, with the exception that no Party shall be excluded where the doing so would materially harm such Party's ability to aid in the prosecution and/or defense of the Litigation.  Parties may, at the deposition or hearing or within seven (7) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "Confidential," "Attorneys' Eyes Only" or "Outside Attorneys' Eyes Only" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 7-day period, the entire deposition or hearing transcript shall be treated as Confidential, provided that any portions of the transcript designated as Attorney's Eyes Only or Outside Attorneys' Eyes Only on the record at the deposition shall be treated as such until designated otherwise.

8.      Notwithstanding Paragraphs 4(c), 5(b), and 6(b), Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in this Action, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to (aside from expert services provided in connection with this Litigation), any other Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential, Attorneys' Eyes Only or

8

Outside Attorneys' Eyes Only Discovery Material pursuant to the terms of this Order; and further provided that such expert or consultant agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking pursuant to this Paragraph shall be responsible for obtaining and retaining such signed undertaking before provision of the Discovery Material to such expert or consultant.

9.      All information provided in discovery shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in any other judicial action.  This provision shall not create any limitations on public information or information obtained through lawful means other than this Litigation that permit such use.

10.     Every person to whom Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder.  Each such person shall maintain the Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.  Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order apply to such non-Party, however, for the avoidance of doubt, the failure to enclose a copy of this Order in any subpoena will not render that subpoena null and void.

9

11.     Prior to the filing of Discovery Material designated as "Confidential," "Attorneys' Eyes Only," or "Outside Attorneys' Eyes Only" the parties shall either (i) file such information under seal in accordance with any applicable rules or (ii) meet and confer with respect to filing Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material under seal and/or redacting any Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material, and if the parties are unable to reach an agreement, the information will be filed under seal pending a ruling by the Court on the motion for leave to file under seal by the party seeking such leave.  The Parties shall follow Section V.A of Judge Caproni's Individual Rules and Practices with respect to redactions and filing under seal.

12.     During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only may, after making a good faith effort to resolve any such objection, may move the Court on reasonable notice for an order vacating or amending the designation.  While such a motion is pending, the Discovery Material in question shall be treated as Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material, as applicable, pursuant to this Order.  The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material, which burden remains on the Producing Party that designates such Discovery Material as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only.

13.     The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the

terms of this Order.  The Parties agree to meet and confer in good faith prior to moving the Court for any modifications or additional safeguards.

14.     Entering into this Order, or agreeing to and/or producing or receiving Discovery Material (regardless of confidentiality designation, if any) or otherwise complying with the terms of the Order, shall not:

(a)     Prejudice in any way the rights of any Party to (i) seek production of documents or information the Party considers subject to discovery, (ii) object to the production of documents or information it considers not subject to discovery, or (iii) seek or object to the appropriateness of any type of discovery in this Litigation;

(b)     Operate as an admission by any Party that any Discovery Material constitutes Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material or contains or reflects trade secrets or any other type of confidential information;

(c)     Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(d)     Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege immunity or protection.

15.     This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose.  Nothing herein shall:  (i) prevent a Producing Party from disclosing its own Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material; or (ii) impose any restrictions on the use or disclosure by any

11

person of documents, materials, or information designated as Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

16.    Pursuant to Rule 502(d) of the Federal Rules of Evidence and subject to the provisions of this Order, if a Producing Party discloses information in connection with this Litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter.   This Order shall be interpreted to provide the maximum protection allowed under applicable law.

17.    For the avoidance of doubt, to the extent there is any conflict between Federal Rule of Evidence 502(b) and provisions of this Order related to the disclosure of Privileged Material, the provisions of this Order control.

18.    The process for handling and return of disclosed Privileged Material shall be as follows:

(a)    If the Producing Party has disclosed or made available to the Receiving Party information it claims to be Privileged Material, the Producing Party may notify the Receiving Party of its claim and the basis for it ("Privileged Material Notice").

(b)    Upon such notification, the Receiving Party must:

(i)  make reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to destroy the Privileged Material, any reasonably accessible

copies it has, and any work product reflecting the contents of the Privileged

Material within 72 hours;

(ii) not use or disclose the information until the privilege claim is resolved; and

(iii) take reasonable steps to notify any other person or entity the Receiving

Party disclosed the Privileged Material to that the Privileged Material must

be destroyed and receive written confirmation of such destruction.

(c)     For purposes of this Order, Privileged Material that is not reasonably

accessible because of undue burden or cost is sequestered.

(d)     Upon the request of the Producing Party, the Receiving Party shall provide a

certification to the Producing Party that it has undertaken the foregoing efforts, and that it

will cease further review, dissemination, and use of the Privileged Material.

(e)     In the event the Receiving Party disputes the designation of such material as

Privileged Material, the parties will meet and confer in good faith before seeking judicial

intervention to resolve the dispute.

19.     Nothing herein shall be deemed to waive any applicable common law or statutory

privilege or work product protection.

20.     To ensure the security and protection of all information produced and exchanged

in this Action, the Parties agree to the following conditions for and restrictions on the use of any

form of generative AI ("GenAI") with such Confidential, Attorneys' Eyes Only, or Outside

Attorneys' Eyes Only Discovery Material:

(a)     Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only

Discovery Material (in whole or in part) shall not be submitted to any open GenAI platform

(e.g., ChatGPT) or any substantially similar tool that is available to the public.  Providing

Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material to an open tool is considered disclosure to a third party and is strictly prohibited.

(b)     Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material (in whole or in part) shall not be submitted to any GenAI platform that does not meet industry-standard security measures, including, but not limited to, encryption of data in transit and at rest, robust access controls, and audit trails, security standards, and protocols to protect against unauthorized access, use, or disclosure.

(c)     Before placing Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material in a permitted GenAI platform, each Party receiving the Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material shall ensure that the platform is not accessible to the public, is used in a secure, controlled environment, and gives the Receiving Party the capability to delete all such Discovery Material from the platform at the close of the matter.

(d)     The Receiving Party must ensure that the terms of service do not allow for the input data to be stored, cached, or used for the purpose of training or fine tuning any GenAI models.

(e)     Upon conclusion of the proceeding, the Receiving Party shall cease the use of Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only Discovery Material in any and all GenAI platforms and, upon request of the Producing Party, certify the deletion or anonymization of such Discovery Material within those platforms, except as otherwise required by law or court order.

(f)     In the event of a breach or suspected breach of security leading to potential unauthorized access to Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes

14

Only Discovery Material in GenAI platforms, the Receiving Party shall immediately, and in no case more than twenty-four (24) hours after being informed of a breach or a suspected breach, notify the other Parties and their respective counsel.  The Receiving Party shall promptly take all steps reasonably necessary and consistent with other legal and technical requirements to mitigate the impact of the breach and fully cooperate with implicated Parties and other entities in handling the matter, including providing relevant details concerning the breach to the extent reasonably possible and in any investigation and remediation efforts.

21.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event the Party who received PII and/or Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material experiences a data breach, it shall immediately notify the producing party of the same and cooperate with the Producing Party to address and remedy the breach.  Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII or Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material from unauthorized disclosure.

22.    Nothing herein shall impact a Party's right to redact PII and other non-relevant, personal and/or sensitive information relating to a third-party non-litigant, including for security reasons.

15

23.    In the event additional Parties join or are joined in this Action, they shall not have access to Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be bound fully by this Order.

24.    The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

25.    The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, except as provided in Paragraph 26.

26.    Within thirty (30) days after receiving notice of the entry of a final order, judgment, or decree fully disposing of this Action, and upon the written request of the Producing Party, all persons having received Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material  shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party or (ii) make a good-faith and reasonable effort to destroy all Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material, and if so requested, to certify to that fact in writing to counsel for the Producing Party.  However, counsel for the Parties shall be entitled to retain court papers, hearing transcripts, and other litigation files (including attorney work product and Discovery Material containing Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, correspondence, pleadings, hearing transcripts, and other litigation files (including attorney work

16

product and discovery material containing Confidential, Attorneys' Eyes Only or Outside

Attorneys' Eyes Only Discovery Material), to any person except pursuant to an order of the Court,

agreement by the Producing Party, or as otherwise required by law.  For purposes of this

Paragraph, good faith reasonable efforts to return or destroy material need not include destroying

Discovery Material residing on back-up tapes or other disaster recovery systems, so long as the

person who has received such Discovery Material maintains the confidentiality of such material.

All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in

accordance with this Paragraph.

27.     If any person subject to this Order in possession of Confidential, Attorneys' Eyes

Only or Outside Attorneys' Eyes Only Discovery Material (the "Receiver") receives a subpoena

or other compulsory process seeking the production or other disclosure of Confidential, Attorneys'

Eyes Only or Outside Attorneys' Eyes Only Discovery Material produced or designated by a

Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give

written notice (by email) to counsel for the Producing Party (or Producing Parties) within three (3)

business days of receipt of such Demand (or if a response to the Demand is due in less than three

(3) business days, at least twenty-four (24) hours prior to the deadline for a response to the

Demand), identifying the Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only

Discovery Material sought and enclosing a copy of the Demand, and must object to the production

of the Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material on

the grounds of the existence of this Order, and not produce such material until ordered to do so,

unless the Producing Party provides consent otherwise.  The burden of opposing the enforcement

of the Demand will fall on the Producing Party.  Nothing herein shall be construed as requiring the

Receiver or anyone else covered by this Order to challenge or appeal any order requiring

production of Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material will not constitute a violation of this Order.

28.     In the event that Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material, the Receiving Party responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made, and cooperate with the Producing Party in seeking any necessary protections. The Receiving Party responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential, Attorneys' Eyes Only or Outside Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

29.     The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order. Any non-Party who produces documents or information in response to a subpoena or other legal process may avail itself of all the protections afforded to Producing Parties pursuant to this Order.

18

Respectfully submitted,

**WIGDOR LLP**

By: */s/ David E. Gottlieb*
Douglas H. Wigdor
Michael J. Willemin
David E. Gottlieb
85 Fifth Avenue
New York, NY 10013
Tel: (212) 257-6800
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
dgottlieb@wigdorlaw.com

*Attorneys for Plaintiffs*
*Proposed Counsel for the Proposed Class*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Loretta E. Lynch*
Loretta E. Lynch
Brad S. Karp
Lynn B. Bayard
Brette Tannenbaum
B. Aubrey Smith
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
lelynch@paulweiss.com
bkarp@paulweiss.com
lbayard@paulweiss.com
btannenbaum@paulweiss.com
asmith@paulweiss.com

*Attorneys for Defendant*
*The National Football League*

**ELEFTERAKIS, ELEFTERAKIS & PANEK**

By: */s/ John Elefterakis*
John Elefterakis
Nicholas Elefterakis
Raymond Panek
Johnson Atkinson
80 Pine Street, 38th Floor
New York, NY 10005
Tel: (212) 532-1116

*Attorneys for Plaintiffs*
*Proposed Counsel for the Proposed Class*

**KUTAK ROCK LLP**

By: */s/ Reid A. Page*
Reid A. Page (admitted *pro hac vice*)
Marcia A. Washkuhn (admitted *pro hac vice*)
Tara A. Leesar (admitted *pro hac vice*)
2001 16th Street, Suite 1800
Denver, Colorado 80202
Tel: (303) 297-2400
reid.page@kutakrock.com
marcia.washkuhn@kutakrock.com
tara.leesar@kutakrock.com

*Attorneys for Defendant*
*Denver Broncos Football Club,*
*d/b/a Denver Broncos*

**McCARTER & ENGLISH, LLP**

By: */s/ Brian W. Carroll*
Brian W. Carroll
Hugh F. Murray, III (*pro hac vice* forthcoming)
Mark A. Makar
Scott Weingart (*pro hac vice* forthcoming)
250 W 55th Street, 13th Floor,
New York, NY 10019
Tel: (212) 609-6800
bcarroll@mccarter.com
hmurray@mccarter.com
mmakar@mccarter.com
sweingart@mccarter.com

*Attorneys for Defendant*
*New York Football Giants, Inc.*
*n/k/a New York Football Giants LLC*


**SO ORDERED.**


**REYNOLDS, FRIZZELL LLP**

By: */s/ Elizabeth J. Wilkerson*
Jean C. Frizzell (admitted *pro hac vice*)
Elizabeth J. Wilkerson
1100 Louisiana, Suite 3500
Houston, Texas 77002
Tel:  (713) 485-7200
jfrizzell@reynoldsfrizzell.com
ewilkerson@reynoldsfrizzell.com

*Attorneys for Defendant*
*Houston NFL Holdings, L.P.*
*d/b/a Houston Texans*


**Date:** _____

  **New York, New York**

_____

**VALERIE CAPRONI**
**United States District Judge**

20

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN FLORES, STEVE WILKS and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated<br><br>                            Plaintiffs,<br><br>  v.<br><br>THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE TITANS and JOHN DOE TEAMS 1 through 26,<br><br>                         Defendants. | Docket No. 22-cv-00871 (VEC) |

**AGREEMENT TO BE BOUND BY ORDER FOR THE**
**PRODUCTION AND EXCHANGE OF CONFIDENTIAL**
**AND ATTORNEYS' EYES ONLY INFORMATION**

I have read the Order for the Production and Exchange of Confidential and Attorneys' Eyes Only Information (the "Order") in the above-captioned action.  I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York of enforcement of the Order. I further agree not to disclose or use any Confidential or Attorneys' Eyes Only Discovery Material (as defined in the Order) for purposes other than those permitted under the Order.

22

_____
**Signature**

**Name**
_____
**Affiliation**

_____                    _____
**Date**                                            **Title**