

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

May 15, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

>          Re:      *Flores v. The National Football League, et al.*; Case No. 22 Civ. 00871 (VEC)

Dear Judge Caproni,

The parties write jointly pursuant to Your Honor's April 3, 2026 order (Dkt. No. 246) directing the parties to inform the Court whether Plaintiffs would seek leave to file an amended complaint, whether Defendants consent and to provide a briefing schedule for renewed motions to dismiss. Defendants have consented to Plaintiffs' filing the Third Amended Complaint, but the parties have been unable to agree on a briefing schedule for renewed motions to dismiss to be filed by Defendants the National Football League, Denver Broncos, New York Giants and Houston Texans, necessitating this request for the Court's intervention.

**Plaintiffs' Position**

Plaintiffs propose the following briefing schedule, which mirrors the parties' prior agreement:

- May 20, 2026:     Plaintiffs file the Third Amended Complaint
- June 5, 2026:      Defendants file motions to dismiss
- July 20, 2026:     Plaintiffs file opposition papers
- August 19, 2026:  Defendants file reply papers

This is the exact same agreed upon schedule the parties had previously arranged (Dkt. No. 202), with Plaintiffs having 45 days to oppose four separate motions to dismiss (one motion from each of the NFL, Giants, Broncos and Texans) and with Defendants having 30 days to file reply papers. In fact, upon Defendants' filing of their motion to dismiss papers, collectively totaling more than 90 pages of argument and dozens of distinct legal arguments, it would have been more than reasonable for Plaintiffs to seek more than 45 days for opposition papers. Nonetheless, Plaintiffs agreed to hold to the previously agreed upon briefing schedule. Defendants refused.

Defendants argue that this schedule is somehow unfairly advantageous to Plaintiffs because their motion papers were filed several weeks ago—supposedly giving Plaintiffs, in effect, additional



time to prepare opposition papers.  This is logically and factually incorrect.  Plaintiffs' counsel represents to the Court that we have not used the last several weeks to draft opposition papers; rather, it has been used to prepare an amended complaint as was well known would be the case. Even if that were the case, Defendants have had several *years* to draft their motion papers.  Mr. Flores filed the Complaint and Amended Complaint on February 1, 2022 and April 7, 2022, respectively.  As early as April 21, 2022, Defendants indicated an intention to file motions to dismiss.  Dkt. No. 35.  Defendants have had that entire multi-year period to research, draft and prepare their motion papers.[1]

Rather than simply reaffirm the previous schedule, Defendants seek to limit Plaintiffs' time to submit opposition papers from 45 to 21 days, perhaps in the hope that the Court splits the difference which will still limit Plaintiffs' time.  Moreover, Defendants ask the Court to provide them with more time for reply papers that the original request—seeking an increase from 30 to 35 days.[2]  Respectfully, Plaintiffs submit that the parties should not need to litigate the issue of this briefing schedule when the parties already agreed on a schedule and there is no legitimate basis to deviate from that agreement.

Defendants devote substantial argument below to the merits of Plaintiffs' claims and/or their anticipated arguments in their motions to dismiss and gripes about the burdens of discovery. Plaintiffs do not respond to those arguments herein as Defendants have consented to the amended complaint and Plaintiffs will address those arguments at the appropriate time—in motion opposition papers.

**Defendants' Position**

On May 12, 2026, Plaintiffs shared a proposed Third Amended Complaint with Defendants, which primarily adds conclusory allegations unsupported by any additional facts and does not remedy the deficiencies that are fatal to Mr. Flores's claims as set forth in the motions to dismiss filed by Defendants the NFL, Denver Broncos, New York Giants, and Houston Texans. On May 13, Defendants informed Plaintiffs that while Defendants believe Plaintiffs' proposed amendments are futile and are prepared to make that showing, Defendants would consent to Plaintiffs filing their Third Amended Complaint in the interest of efficiency, so long as the parties could agree to a reasonably expedited briefing schedule on Defendants' renewed motions to dismiss.  Defendants informed Plaintiffs that they are prepared to file renewed motions to dismiss by June 5, 2026, and proposed the below schedule to Plaintiffs.  However, Defendants are amenable to any expedited briefing schedule on their renewed motions that the Court determines to be appropriate and that ensures this case proceeds in an orderly fashion. Plaintiffs' refusal to

---

[1]    We do not claim to have any direct knowledge as to how much time Defendants have used over the last several years working on their motion papers.  However, if Defendants' argument is that the total time to prepare opposition papers should consider the date the original motions were filed, it only stands to reason that the time in which Defendants' time to prepare moving papers should run from when the Complaint was filed.

[2]    The Court previously gave Defendants more time than was requested.  <u>See</u> Dkt. No. 202 (reflecting the parties' agreement to 30 days for reply papers but memo endorsement provided Defendants with 45 days).



agree to an expedited briefing schedule is unreasonable and will only further delay the Court's consideration of Defendants' threshold arguments for dismissal.

- Plaintiffs to file their Third Amended Complaint by May 20, 2026;

- Defendants the National Football League, Denver Broncos, New York Giants, and Houston Texans to file renewed motions to dismiss as to certain claims asserted by Mr. Flores by no later than June 5, 2026;

- Mr. Flores to file opposition briefs by no later than June 26, 2026; and

- Defendants the National Football League, Denver Broncos, New York Giants, and Houston Texans to file reply briefs by no later than July 31, 2026.

To be clear, Defendants consent to Plaintiffs' amendment only to expedite the resolution of their motions to dismiss, and not because they believe the proposed amendment is sufficient. To highlight just a few of the deficiencies in Plaintiffs' proposed amendments, Plaintiffs' new draft pleading does not, and cannot, plead any factual allegations that the NFL is Mr. Flores's (or any named or putative plaintiff's) employer, which is a required element of each of his purported employment discrimination claims. *See* ECF No. 263 at 8–15. Nor does it allege facts to support the notion that any Defendant intentionally discriminated against Mr. Flores (or any named or putative plaintiff) to support a disparate treatment claim, *see* ECF No. 257 at 10–16; ECF No. 260 at 19–22; ECF No. 263 at 15–21; ECF No. 265 at 9–14; or that there was a facially neutral policy that had a disproportionate impact on Black coaches and general managers to support a disparate impact claim, ECF No. 257 at 16–18; ECF No. 260 at 22–23; ECF No. 263 at 21–23; ECF No. 265 at 15–17. The proposed amendments likewise do not, and cannot, rehabilitate the fact that, for purposes of the NYSHRL and NYCHRL claims, Mr. Flores did not experience any purported discrimination in New York State or City, ECF No. 257 at 13–14; ECF No. 260 at 23–25; ECF No. 263 at 24–25; ECF No. 265 at 19–20, and they do not provide a sufficient basis to confer personal jurisdiction over the Denver Broncos or Houston Texans in this Court. ECF No. 257 at 3–7; ECF No. 260 at 5–13. The proposed amendments also do not and cannot resolve that the statute of limitations bars certain of Mr. Flores's claims. ECF No. 257 at 8–9.

The proposed Third Amended Complaint also improperly purports to add a brand new claim for retaliation against the NFL that in no way responds to, let alone cures, the deficiencies in the Second Amended Complaint. *See* ECF No. 247 at 10:5–23. In any event, that claim too— asserting supposed retaliation based upon the NFL's enforcement of its arbitration provisions in employment agreements that this Court found to be binding upon the parties, *see* ECF No. 76—is meritless.

Although Plaintiffs' proposed amendments are futile, Defendants are prepared to consent to them because there are numerous and critical threshold issues presented in the motions to dismiss that Defendants submit should be resolved as soon as possible, as they may dispose of



Plaintiffs' claims entirely, or else will have a significant impact on the proper scope of the parties, claims, and relevant discovery should Plaintiffs' claims survive. Expeditious resolution of Defendants' motions to dismiss is particularly important in light of the punishingly overbroad discovery requests that Plaintiffs have served on Defendants. In just their initial discovery requests, Plaintiffs propounded **1,061** document requests and interrogatories to Defendants, and soon after served sweeping document subpoenas on 25 non-party clubs—all seeking wide-ranging information related to distinct hiring and employment practices of the League and 31 different employer-clubs across an over 24-year period, as well as information about any claims of discrimination at those distinct entities, regardless of its relation to the allegations in the operative Complaint. The burden of responding to these discovery requests is massive, and Defendants have serious concerns about proceeding to do so while their motions to dismiss—which may narrow or obviate some or all of those requests—are pending.

While Plaintiffs' discovery requests likely will be the subject of future discovery disputes, for present purposes, Defendants request only that the Court enter an expedited briefing schedule for their motions to dismiss. Plaintiffs' proposed schedule—which would result in Defendants' motions being fully briefed less than a month before the substantial completion deadline—is a delay tactic intended to permit them to secure as much of their requested overbroad discovery as possible before the motions to dismiss are decided.[3] As a matter of law, Plaintiffs are not entitled to discovery in an effort to shore up deficiencies in their pleadings.[4]

*     *     *

Respectfully submitted,

/s/
Counsel for Plaintiffs and Defendants

---

[3] Plaintiffs' protestations that Defendants' schedule only permits them three weeks to respond to Defendants' motions to dismiss are disingenuous, considering Plaintiffs' proposed amendments are minimal and the arguments presented in Defendants' motions will not substantially change from what was filed on April 17, 2026. Plaintiffs therefore will have had ten weeks to review Defendants' initial briefing, and three additional weeks following receipt of Defendants' renewed papers, before filing their opposition brief under Defendants' proposed schedule. Plaintiffs represent that they "have not used the last several weeks to draft opposition papers," but they have been aware since the April 3, 2026 conference that if they were granted leave to amend, Defendants would renew their motions to dismiss. Defendants should not be prejudiced by further delay simply because Plaintiffs have apparently chosen not to begin work on their opposition papers.

[4] *Ashcroft* v. *Iqbal*, 556 U.S. 662, 686 (2009) (a plaintiff who has failed to adequately state a claim "is not entitled to discovery"); *Podany* v. *Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("Except in certain limited circumstances . . . discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out where he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim.").