PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Loretta E. Lynch**
**Direct Dial:** +1 212 373 3118
**Email:** lelynch@paulweiss.com

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

June 1, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Flores, et al.* v. *The National Football League, et al.*, No. 22-cv-871-VEC

Dear Judge Caproni:

Pursuant to Your Honor's April 3, 2026 Order, ECF No. 246, Plaintiffs and Defendants the National Football League (the "NFL"), Denver Broncos, New York Giants, and Houston Texans (the "Discovery Defendants") submit this joint status update.

## I.    Accomplishments During the Months of April and May

- **Initial Disclosures**. Plaintiffs and the Discovery Defendants served initial disclosures on April 17, 2026.

- **Protective Order**. The parties negotiated a Protective Order, and, following the Court's resolution of two outstanding issues, submitted a Protective Order that the Court so-ordered on May 11, 2026. ECF No. 271.

- **ESI Protocol**. The parties have agreed to a protocol with the technical specifications for the production of Electronically Stored Information, which is appended to this status report as **Exhibit 1**.

- **Service of Discovery Requests**. The following parties served the following discovery during the month of May:

  o Plaintiffs served document requests on each Defendant and interrogatories on each club Defendant on April 24, 2026. Plaintiffs have agreed that the discovery requests that they served on the Miami Dolphins, Tennessee Titans, and Arizona Cardinals do not require a response at this time, consistent with the Court's April 3, 2026 order. ECF No. 246.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                          2

- o Plaintiffs served 25 third-party subpoenas, dated May 1, 2026, directed to NFL clubs that are not party to this action.  The non-party clubs accepted service on May 4, 2026.  Plaintiffs and the non-party clubs agreed that the subpoenas would be returnable on June 2, 2026 and that the time to serve responses and objections was also extended to June 2, 2026.

- o The Discovery Defendants served document requests and interrogatories on Mr. Flores on the following dates:  (i) NFL – May 1, 2026; (ii) Broncos – May 4, 2026; (iii) Texans – May 7, 2026; (iv) Giants – May 18, 2026.

- **Discovery Defendants' Service of Responses and Objections**.  The Discovery Defendants served responses and objections to Plaintiffs' document requests and interrogatories on May 29, 2026.

II.     **Expectations for the Month of June**

- **Renewed Motions to Dismiss**.  The NFL, Broncos, Giants, and Texans will file renewed motions to dismiss on June 5, 2026, pursuant to the Court's May 18, 2026 order.  ECF No. 273.

- **Mr. Flores's Service of Responses and Objections**.  Mr. Flores's deadlines to serve responses and objections to the Discovery Defendants' discovery requests are on the following dates:  (i) NFL, Broncos, and Texans – June 8, 2026; and (ii) Giants – June 17, 2026.

- **Conferral on the Scope of Discovery**.  The parties expect to confer on the proper scope of document discovery based upon their respective discovery requests and responses and objections in June.  This will include discussions on proper custodians and search terms.  Plaintiffs have provided a list of proposed custodians for each Discovery Defendant, and the parties are continuing to confer.

III.    **Disputes Where the Parties Currently Require the Court's Assistance**

None at this time.

IV.     **Disputes That Have Arisen or are Likely to Arise, Where the Parties are Continuing to Confer**

Plaintiffs' Position:

Plaintiffs have sought from the applicable Defendants appropriate disclosures with respect to the sources of ESI which will require a search methodology (e.g. list of custodians, date ranges and potential search terms).  Defendants have informed us only that there are likely corporate email systems and potentially employer-issued devices.  However, the disclosure has not been comprehensive.  We are confident that there are hard drives, electronic storage, social media and

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                          3

other sources of ESI that will need to be searched for responsive documents and absent such disclosures, the advancement of discovery will be stymied.  We are well aware that each NFL team uses an information and messaging application called TeamWorks, but none of the Defendants have disclosed this as a source of information for the parties to engage in collaborative engagement on a search methodology.

Moreover, Plaintiffs have identified witnesses either currently or formally employed/associated with each applicable Defendant who are likely to have been involved in communications or have documents relevant to this litigation: Giants (12 witnesses), Broncos (6), Texans (8), NFL (7).  Plaintiffs have asked for confirmation whether each applicable Defendant (i) will agree for each such individual to search any and all corporate systems (corporate emails, corporate devices, etc.) and (ii) will represent those individuals for purposes of ensuring that their personal devices and files are searched for relevant materials.  It is respectfully stating the obvious that people engage in communication on their personal devices to discuss matters related to work.  We have explained that if each applicable Defendants' counsel does not represent those individuals for these purposes, we will issue subpoenas.

We made the above-described requests to all applicable Defendants on May 20, 2026—almost two weeks ago.  While the NFL provided some information last week, the teams only responded this morning with this status report due today.  The following summarizes the responses:

- Defendant NFL has identified the custodians they would agree to search corporate emails and devices but has not disclosed any other ESI data sources.  Defendant NFL has refused to search personal devices even for the individuals who they agree are relevant or even confirm whether they represent the individuals for those purposes.
- We only heard back from the Texans' counsel this morning, and while there appears to largely be alignment on custodians, they also failed to make any disclosures on the ESI sources.  The Texans' counsel also told us today that they will not review personal devices or materials and that the individuals will likely (at some unspecified time in the future) have personal counsel for disclosure related to personal devices or materials.
- We heard back from the Broncos' counsel this afternoon and they appear to be willing to search some personal devices but not others, even for witnesses they acknowledge are relevant to the litigation.
- We hard back from the Giants late this afternoon.  The Giants have refused to search any personal devices of any employees, even for witnesses they acknowledge are relevant to the litigation.

We will attempt to confer between counsel regarding these matters, but we suspect we will need to bring all these matters to the Court for judicial intervention, or to inform the Court that certain Defendants' counsel is not actively engaged, cooperating or responding in a prompt manner.

In response to the applicable Defendants' positions below, we only received their respective formal discovery responses on Friday and will meet-and-confer with them regarding their objections to the scope of documents and information requested.  We will do the same with

respect to non-party teams upon receipt of subpoena responses.  Plaintiffs continue to oppose Defendants' request for a stay of discovery due to their pending motions to dismiss.

Defendants' Position:

### A.    Plaintiffs' Discovery Requests

The parties have not yet met and conferred regarding Plaintiffs' discovery requests. However, Discovery Defendants expect there to be disputes between the parties, particularly given the extreme overbreadth of the propounded discovery.  As to just the Discovery Defendants, Plaintiffs have served 529 document requests and 71 interrogatories, which seek wide-ranging information, from 2002 until the present, across numerous topics that are wholly irrelevant to the claims and defenses in this action.  To provide the Court with just a flavor of the extreme breadth of Plaintiffs' requests, the propounded discovery seeks:  (i) all documents and communications between the NFL and any club related to any employee of any team; (ii) all documents related to the NFL's investigations into any alleged conduct of club employees, regardless of whether that conduct is related to the claims in this case; (iii) the personnel files for every Head Coach, General Manager, Offensive and Defensive Coordinator, and Quarterback Coach at each of the Broncos, Giants, and Texans from 2002 to the present; and (iv) identification of every person at the NFL league office with whom the Broncos, Giants, and Texans, have communicated regarding the NFL's rules, policies, practices, regardless of whether those rules or policies concern the employment practices at issue in this case.

While Discovery Defendants do not seek the Court's intervention at this time, they have serious concerns about Plaintiffs' discovery requests and the punishing burden that answering them would cause, particularly in light of the substantial threshold deficiencies in Plaintiffs' claims that are the subject of Discovery Defendants' motions to dismiss, which will be renewed on June 5, 2026.  Discovery Defendants intend to meet and confer with Plaintiffs about these issues, having recently served their responses and objections to Plaintiffs' discovery requests.  However, Discovery Defendants expect they will require the Court's guidance in the near future on the proper scope of discovery, as well as the sequencing of that discovery and whether broad discovery should proceed while the renewed motions to dismiss are pending, given the impact those motions are likely to have on the scope of discovery and the fact that the extended briefing schedule on those motions may result in the completion of fact discovery before the Court has an opportunity to issue decisions on the motions.

### B.    Document Custodians and Sources of Custodial Data

The parties continue to confer on the proper document custodians and the sources of custodial data to be searched for document discovery.  On May 20, Plaintiffs sent an email identifying who they asserted would be proper document custodians from the NFL, Broncos, Giants, and Texans.  Each Discovery Defendant has separately responded with their respective positions on appropriate custodians, and the information that they currently have available related to sources of custodial and non-custodial data for agreed-to custodians, as well as the status of whether any agreed-to custodians will be separately represented for the purposes of a personal

subpoena.  Discovery Defendants intend to continue to confer with Plaintiffs as to other sources of custodial data that may be appropriate.

Plaintiffs have preliminarily insisted on each custodian's personal devices also being searched, without any basis to assert that those custodians use their personal devices for work-related purposes, or that their personal devices would contain any relevant discovery that is not duplicative of what is on a work-issued device.  Although Plaintiffs speculate that it is "stating the obvious" that each custodian used personal devices for work purposes, Discovery Defendants have already notified Plaintiffs that certain of the proposed custodians use work devices that were issued by their employers, and it is not at all apparent why those custodians would have used a personal device for work purposes.  In any event, Discovery Defendants are going through the process of assessing the facts as to each custodian (some of whom are former employees and/or may be separately represented), and the appropriate counsel will confer with Plaintiffs once that process is complete.  While Discovery Defendants have made clear that they are continuing to gather relevant information, Plaintiffs have indicated that they intend to proceed with personal subpoenas in short order.  Discovery Defendants believe it is possible a dispute will be forthcoming related to these subpoenas.

## C.    Third-Party Subpoenas

While the 25 non-party clubs who have been served subpoenas are represented by independent counsel, if Plaintiffs insist on pursuing the 47 broad and expansive categories of documents sought in each subpoena—including, for example, communications dating back to 2002 and for documents unrelated to any claim asserted in the Third Amended Complaint—it is possible that there will be a dispute regarding these subpoenas that will require the Court's attention during the next month.

Respectfully submitted,

**WIGDOR LLP**

By: /s/ *David E. Gottlieb*
Douglas H. Wigdor
Michael J. Willemin
David E. Gottlieb
85 Fifth Avenue
New York, NY 10013
Tel: (212) 257-6800
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
dgottlieb@wigdorlaw.com

*Attorneys for Plaintiffs*
*Proposed Counsel for the Proposed Class*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Loretta E. Lynch*
Loretta E. Lynch
Brad S. Karp
Lynn B. Bayard
Brette Tannenbaum
B. Aubrey Smith
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
lelynch@paulweiss.com
bkarp@paulweiss.com
lbayard@paulweiss.com
btannenbaum@paulweiss.com
asmith@paulweiss.com

*Attorneys for Defendant*
*The National Football League*

**ELEFTERAKIS, ELEFTERAKIS & PANEK**

By: /s/ *John Elefterakis*
John Elefterakis
Nicholas Elefterakis
Raymond Panek
Johnson Atkinson
80 Pine Street, 38th Floor
New York, NY 10005
Tel: (212) 532-1116

*Attorneys for Plaintiffs*
*Proposed Counsel for the Proposed Class*

**KUTAK ROCK LLP**

By: /s/ *Reid A. Page*
Reid A. Page (admitted *pro hac vice*)
Marcia A. Washkuhn (admitted *pro hac vice*)
Tara A. Leesar (admitted *pro hac vice*)
2001 16th Street, Suite 1800
Denver, Colorado 80202
Tel: (303) 297-2400
reid.page@kutakrock.com
marcia.washkuhn@kutakrock.com
tara.leesar@kutakrock.com

*Attorneys for Defendant*
*Denver Broncos Football Club,*
*d/b/a Denver Broncos*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                      7

**McCARTER & ENGLISH, LLP**

By: /s/ *Brian W. Carroll*
Brian W. Carroll
Hugh F. Murray, III (*pro hac vice*
forthcoming)
Mark A. Makar
Scott Weingart (*pro hac vice* forthcoming)
250 W 55th Street, 13th Floor,
New York, NY 10019
Tel: (212) 609-6800
bcarroll@mccarter.com
hmurray@mccarter.com
mmakar@mccarter.com
sweingart@mccarter.com

*Attorneys for Defendant*
*New York Football Giants, Inc.*
*n/k/a New York Football Giants LLC*

**REYNOLDS, FRIZZELL LLP**

By: /s/ *Elizabeth J. Wilkerson*
Jean C. Frizzell (admitted *pro hac vice*)
Elizabeth J. Wilkerson
1100 Louisiana, Suite 3500
Houston, Texas 77002
Tel:  (713) 485-7200
jfrizzell@reynoldsfrizzell.com
ewilkerson@reynoldsfrizzell.com

*Attorneys for Defendant*
*Houston NFL Holdings, L.P.*
*d/b/a Houston Texans*