

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

**Michael J. Willemin**
mwillemin@wigdorlaw.com

June 30, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

   Re:  *Flores, et al. v. The National Football League, et al*.; No. 22 Civ. 00871 (VEC)

Dear Judge Caproni,

We represent Plaintiffs and write to respectfully request an in-person status conference as soon as administratively possible.  We have been trying in earnest to advance discovery, but we cannot do so on our own when Defendants collectively are refusing to engage in a meaningful manner.  We have written dozens of emails requesting information on macro issues (i.e. sources of ESI, whether personal data will be searched, search protocols) and attempting to meet and confer to advance these items.  Defendants' responses have been minimal or nonexistent, and they have been resistant to meet and confers.  Even when meet and confers have happened, information is not available at the time of the conference, and promises to provide it go unfulfilled.  The upshot is that discovery is moving at a snail's pace, if at all.

We are respectfully stuck—as Defendants surely know—in a Catch-22:  On the one hand, Defendants will surely say this application is premature as they are willing to address these issues; but, on the other hand, if we proceed at Defendants' pace, we will run out of time and be prejudiced in discovery.  Of course, we are willing to move discovery forward between now and any scheduled conference, and if somehow all of the issues are resolved before such conference, we would notify the Court.  The following are some representative examples:

-  Under the ESI Protocol, the parties agreed to collaborate on the process for narrowing large data sources (as one example, email systems) likely to contain responsive information for review.  Specifically, the ESI Protocol provides that "To the extent that there is a source of data that is too voluminous or impractical to review in a manual or linear manner, the parties will meet and confer regarding an appropriate review method (i.e. identifying document custodians and search terms to be applied, or alternative search



parameters as may be appropriate) to identify documents from such data source for the Producing Party's review in advance of production." The entire purpose of this provision is to encourage collaboration on an efficient process for dealing with large sources of discoverable information. Nonetheless, even though litigation was filed more than four years ago, and discovery requests were served more than two months ago, we still do not have information from Defendants as to important sources of information which require an ESI search protocol from *any* of the Defendants.

- Specifically, as to the NFL, counsel has disclosed that a search protocol is necessary for custodial emails; but, they have also informed us that it has collected league-issued mobile devices and that those devices *may* need a search protocol as well—and that they *will get back to us* at some undefined time as they continue to process custodial data. Needless to say, mobile devices contain text messages and other electronic documents that would almost certainly require an ESI search protocol.[1] We have been seeking this information for months to move discovery along.

- The Giants have only informed us that they are "in the process of collecting" ESI for review. While they have informed us that they need a search protocol for emails, they have informed us that they are "not sure" if they need one for text messages—again, the only viable way to search text messages is with a search protocol, unless the reason one might not be needed is because they are only searching rarely used team-issued devices and are refusing to search regularly used personal devices. The Giants also proposed searching emails for an extremely limited time period of one-month—from January 1, 2022 to January 31, 2022—which, while a highly relevant period, cannot legitimately be considered the entirety of discovery. Moreover, given the narrow timeframe proposed, we asked why a search protocol would even be necessary for a one-month volume which would likely be manageable for a linear review. We asked what the volume of emails was for that period and the Giants were unable to provide that information, saying that they hoped to provide it "sometime next week."

- The Texans have similarly evaded advancement of discovery. After requesting the information related to ESI data sources, a meet and confer was scheduled for June 6, 2026. During the conference, we were told they were not in a position to discuss the sources of ESI and that additional information would be shortly forthcoming.[2] Then, on

---

[1] As mentioned below, the NFL is flat out refusing to search the personal phones of any custodians. This begs the question—on which devices are these custodians engaging in text messaging? One? Both? These questions should be answered before depositions begin. And whichever one or ones are being used for text messages will require a search protocol, yet the NFL has said the *only* systems that require such a protocol is league-issued email accounts.

[2] We have heard repeatedly from the various Defendants that they are still determining and assessing the appropriate sources of discoverable information. This case was filed more than four years ago. Defendants should have all conducted custodial interviews years ago, when the preservation obligation attached. They should have been able to promptly process the relevant information to report on the volume and whether a search protocol was



June 15, 2026, when we still did not have this information, Texans' counsel informed us that the week before, a partner of the firm passed away and asked for our understanding that they would need more time to get back to us (for which we expressed our condolences and agreed to show some patience).  By the end of last week, Friday, June 26, 2026, we still had not heard anything and we followed up.  We did not hear back until this morning; we were told a search protocol would be needed for corporate emails, and "[w]e are assessing whether search terms may be needed as to other data sources and will follow up with you on that front."  We were also told: "We also wanted to notify you promptly that we have learned of certain circumstances that, at this stage, are impacting our immediate ability to access specific categories of data for some custodians. We are continuing to evaluate this matter and will update you as soon as possible, including with respect to the specific custodians and types of data affected."  We have no idea what this means but it raises concerns.

- It is more of the same with the Broncos.  The Broncos have not informed us which data sources require an ESI protocol.  They have also refused to get on the phone for a meet and confer to address these and other related issues—each time we have asked for a time to speak, we are met with an email demanding more information in writing before agreeing to speak.  Due to this, we have not been able to have a single call with the Broncos' counsel regarding discovery.

- In addition, several Defendants are refusing to search through personal devices of some of the most critical witnesses in the case.  It is stating the obvious that people use their personal cell phone to communicate about work-related matters.  The NFL is refusing to search *any* personal devices of any custodian for relevant information.  In fact, the NFL is refusing to search any data at all from Commissioner Roger Goodell, whether from corporate or personal sources.  The Giants are refusing to search the personal devices of any custodian other than Steve Tisch.  The NFL and Giants have both based their refusal on the witnesses' purported statements to counsel that they did not use personal devices for work-related communications; however, when pressed on whether any steps were taken to confirm or verify those positions, counsel refused to provide information, citing privilege.  The Texans informed us that they will agree to search personal devices from specified custodians "to the extent such phone data exists," without explaining what this means or whether it may have been deleted or destroyed.  Other Texans' witnesses have retained separate personal counsel to address personal device discovery.  The Broncos have agreed to search personal devices of some but not all relevant custodians.  However, even where personal devices are being searched, we have not been told by any Defendant whether a search protocol is necessary—we assume it is, but we have not been advised despite repeated requests.

---

necessary.  That they are all apparently still in the process of identifying the ESI that should have been preserved four years ago raises serious spoliation concerns.



- As yet another example, last week we asked all the applicable Defendants via separate emails to meet and confer this week on an array of document and interrogatory deficiencies, specifying the specific document responses we wanted to discuss.  The NFL has refused to schedule a meet and confer until next week.  The Texans have also refused to meet and confer until next week and are demanding more information before doing so.  The Giants and Broncos have simply not responded to our requests to meet and confer at all.

In sum, we respectfully require the Court's intervention as we have been unable to advance discovery through basic cooperation between counsel.  We are available to schedule a conference at the Court's earliest possible convenience and availability.

Respectfully submitted,

David E. Gottlieb

Michael J. Willemin