# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Loretta E. Lynch**
**Direct Dial:** +1 212 373 3118
**Email:** lelynch@paulweiss.com

July 1, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Flores, et al.* v. *The National Football League, et al.*, No. 22-cv-871-VEC

Dear Judge Caproni:

Pursuant to Your Honor's April 3, 2026 Order, ECF No. 246, Plaintiffs and Defendants the National Football League (the "NFL"), Denver Broncos, New York Giants, and Houston Texans (the "Discovery Defendants") submit this joint status update.

## I.    A short description of what was accomplished during the prior month

- **Renewed Motions to Dismiss**.  The NFL, Broncos, Giants, and Texans served their renewed motions to dismiss on June 5, 2026.

- **Plaintiffs' Responses and Objections to Discovery Defendants' Requests.** Plaintiffs served responses and objections in response to the NFL, Broncos, and Texans' discovery requests on June 8, 2026 and in response to the Giants' discovery requests on June 17, 2026.

## II.    A short description of what the parties expect to be accomplished during the upcoming month

- **Renewed Motions to Dismiss**.  Plaintiffs will serve their opposition brief to Discovery Defendants' renewed motions to dismiss on July 20, 2026.  *See* ECF No. 273.

**III.      A short description of any problems that have arisen (and whether the parties are conferring regarding those problems or are requesting Court intervention to resolve them)**

Plaintiffs' Position:

Pursuant to Dkt. No. 294, and for the reasons stated therein, Plaintiffs request the Court's intervention as discovery is not advancing at the current level of cooperation or collaboration. For the sake of brevity herein, Plaintiffs do not repeat the contents of that submission here. However, in short, we believe that absent the Court's involvement macro issues will remain unresolved and create an impudent to the advancement of discovery.

Plaintiffs identify the following disputes likely to require Court intervention:

- As to ESI search term protocols for data sources identified as too voluminous to search linearly, disputes related to the custodians, time frames and search terms. Plaintiffs have met and conferred briefly with the NFL, Giants and Texans on these matters through we still do not have complete information as to the applicable data sources for which a search protocol is required. The Broncos have refused to even get on the phone with us. The email correspondence reflects Plaintiff's counsel's repeated description of topics needed to discuss (including the ESI protocol), identification of specific deficient discovery responses and requests to schedule times to confer. The Broncos have either repeatedly asked for more information before agreeing to schedule a call or ignored those emails entirely. To date, we have literally never had a chance to speak with Broncos' counsel—causing a complete logjam in discovery. The first time the Broncos' counsel has ever agreed to schedule a call is in this status letter below (in which they merely agree to "listen" to our objections). It should not take weeks of repeated emails, a letter motion and this status letter for the Broncos to agree to confer on discovery. Finally, the Broncos state below that "on June 26, Plaintiffs requested a proposal for search terms, time frames, etc., apparently forgetting that those had been provided on June 1st and 14th." This all but proves Plaintiff's point that a call is necessary; specifically, Plaintiff had requested proposed terms from the Broncos that would like to be used to search Mr. Flores' ESI (we would not presume to search Plaintiff's ESI without collaborative input on search terms) and the Broncos had only previously proposed terms to use to search their own custodians. This confusion on the Broncos' counsel's part, and many other issues, could be sorted out and explained with a simple phone call—but the Broncos have stonewalled us and refused to speak at any point in the discovery process to date.

- As to sources of data necessary for Defendants to search, disputes as to whether certain relevant witnesses' personal data (e.g. personal text messages and personal emails) should be searched for relevant and responsive information. Plaintiffs have met and conferred briefly with the NFL, Giants and Texans on these matters. We expect that this will likely result in a formal dispute submission.

- As to document requests and interrogatories, an array of disputes as to objections asserted and narrowed scope of responses. Plaintiffs have identified deficiencies and asked to schedule meet and confers with all counsel on these matters but only the NFL and Texans have responded and offered to meet next week. We expect many of the substantive issues to remain disputed following those meet and confers.

- Plaintiffs are hearing for the first time in this submission that Defendants are apparently seeking a stay or limitation of discovery due to the scope and/or burden of litigation and/or their apparent belief in the success of their motions to dismiss, and have apparently engaged in self-help in this regard. We agree with Defendants that this will be a disputed issue, though there has not yet been any meet and confer or communication regarding this request.

- Plaintiffs have served many non-party subpoenas to relevant witnesses and entities (separate and apart from the subpoenas on other NFL teams), all of which have been noticed in advance to all Defendants and none of which have been the subject of any party objection or motion to quash. We are currently awaiting responses to these subpoenas and we believe it is likely some of them will result in service-related disputes and/or substantive disputes, though it is premature to make such determination at this point.

The above-described disputes represent a summary of the macro discovery disputes that can currently be identified. Plaintiffs are unable to provide more granularity on the substantive disputes given the inability to meet and confer with Defendants and the other information set forth in Dkt. No. 294.

Defendants' submission below appears to be in contravention of what the Court envisioned in these status reports. Defendants have attempted to turn this status report into a quasi-letter motion providing Plaintiffs with virtually no time to respond to requested relief. We will be prepared to address any issues in the appropriate manner whether through properly filed motions or letter motions or Court-ordered conferences.

Discovery Defendants' Position:

A.    **Plaintiffs' June 30, 2026 Letter**

Discovery Defendants vigorously dispute the contents of Plaintiffs' June 30, 2026 letter (ECF No. 294)—filed last night on the eve of the status report deadline without any notice to Discovery Defendants, and violates the Court's Individual Practices. *See* Individual Practices 3.B. The parties have been conferring and will continue to confer on the proper scope of document discovery, including on issues related to document custodians, search terms, custodial data sources, and the responses and positions taken in responses and objections to discovery requests. As set forth in their letter filed this morning, ECF No. 295, Discovery Defendants respectfully submit that the parties should raise any ripe disputes following the meet-and-confers that are currently being scheduled, and through the procedures that the Court's Individual Practices prescribe.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                    4

**B.        Scope of Discovery During Pendency of Motions to Dismiss**

As noted in the June 1, 2026 status report, Discovery Defendants anticipate significant disputes between the parties on the proper scope of discovery, particularly given the extreme overbreadth of Plaintiffs' initial discovery requests.  Just as to Discovery Defendants, Plaintiffs have served 529 document requests and 71 interrogatories, seeking wide-ranging information from 2002 until the present regarding topics that Discovery Defendants believe are either wholly irrelevant to the claims and defenses in this action, or otherwise premature at this time given Discovery Defendants' pending renewed motions to dismiss—which present threshold grounds for dismissal, including on personal jurisdiction and statute of limitations grounds, and that the NFL cannot be deemed Mr. Flores's employer—and that no class action has been certified.  *See, e.g.*, ECF No. 277 (June 1, 2026 Status Report) at 4.  The parties have exchanged responses and objections to each other's initial discovery requests and expect to begin meeting and conferring about these requests in the coming days.  Plaintiffs also, to date, have served or are in the process of serving 42 non-party subpoenas, seeking significant document productions from 25 non-party NFL Member Clubs (every Member Club except Mr. Flores's current employer, the Minnesota Vikings), and 17 other individuals and entities, including current or former NFL coaches, coaches' agents, executives, and players, as well as the law firm and related individuals associated with the administration of the arbitration proceedings in this case.

Discovery Defendants have serious concerns about the scope of Plaintiffs' party and non-party discovery requests—and the likelihood of significant discovery disputes as a result—in light of the substantial threshold deficiencies in Plaintiffs' claims that are the subject of Discovery Defendants' renewed motions to dismiss.  Those motions are not set to be fully briefed until August 19, 2026, less than one month before the September 15, 2026 substantial completion deadline for document discovery, and approximately four-and-a-half months before the close of all fact discovery.  The current schedule places Discovery Defendants in the difficult position of having to complete a considerable portion, if not all, of fact discovery before the Court reaches the threshold issues of personal jurisdiction and liability that may dispose of Plaintiffs' claims entirely, or at least crystallize the actionable issues moving forward.  Discovery Defendants intend to meet and confer with Plaintiffs about these issues shortly and  expect that the parties will soon require the Court's guidance on the proper scope and sequencing of discovery.

**C.        Search of Personal Devices Not Used for Substantive Work Communications**

Plaintiffs have pressed—including in their letter to the Court last night, ECF No. 294—for Discovery Defendants to search, collect, and review documents from each custodian's personal mobile devices, personal computers and other devices, and personal email accounts, despite Discovery Defendants' representations in conferrals with Plaintiffs that there is no basis to believe that every custodian uses those personal devices and accounts for substantive work communications.  For instance, the NFL has conducted interviews in which it confirmed that its custodians do not use their personal mobile devices for substantive work purposes (as opposed to, on occasion, for purely ministerial or administrative communications with work colleagues, such

as scheduling), and do not use their personal email accounts or computers for work purposes at all. Instead, they use their work-issued mobile devices, computers, and email for work.  The NFL has agreed to search these custodians' work devices and work email accounts for documents responsive to Plaintiffs' discovery requests, but not their personal devices or accounts, given that there is no basis to believe that responsive information will be found on these personal, private sources.  *Cf. Bakhit* v. *Safety Marking, Inc.*, 2014 WL 2916490, at *3 (D. Conn. June 26, 2014) (denying personal mobile device inspection when the "privacy interests in the data stored on [custodian's] cell phones" outweighed the moving party's "right to information").

Before any search of any personal device or account is warranted, there must be "some evidence" that relevant information is contained on those personal devices.  *Volpe* v. *Ryder*, 2022 WL 4329475, at *4 (E.D.N.Y. Sept. 19, 2022) ("[A]s it relates to a search for text messages on custodian's personal cell phone, in order to require search and production of those text messages, some evidence that [the custodian] used his personal cell phone for work or work-related texts is required.").  Indeed, "where courts have directed the production of ESI from personal devices, the parties in those cases have set forth specific, prior incidents or examples where the employee's personal accounts or mobile devices were used for work purposes, thus revealing a valid justification for their suspicion." *Muslims on Long Island, Inc.* v. *Town of Oyster Bay*, 2025 WL 1582250 at *4 (E.D.N.Y. June 4, 2025).  Plaintiffs have made no such showing here, asserting only that it is "stating the obvious that people use their personal cell phone to communicate about work-related matters." ECF No. 294 at 3.  Yet they continue to demand invasive and burdensome searches of all personal devices and email accounts.  That is improper.  If, as discovery proceeds, Plaintiffs present a good faith justification for the search of a personal source of data for a particular custodian, Discovery Defendants are willing to consider that request at that time.  But there is no basis to demand wide-ranging searches of personal devices now, without any suggestion that relevant documents might exist from those sources.

Separately, while Discovery Defendants have been transparent about the universe of potential sources of custodial data they intend to search (and, where applicable, have indicated areas where they are continuing to follow-up), Plaintiffs have refused to provide the same information.  In particular, Plaintiffs have only confirmed the sources of data they will be searching from the files of Mr. Flores that they believe require the running of search terms or some other non-linear review methodology under the ESI Protocol.  There is no good faith basis for Plaintiffs' lack of reciprocal transparency, particularly on a topic that they raised in the first instance, and Discovery Defendants reserve all rights to raise a dispute at the appropriate time if it becomes clear that Plaintiffs have failed to properly search all relevant sources of data Mr. Flores may have.

### D.   Commissioner Roger Goodell as Document Custodian

On May 20, 2026, Plaintiffs informed the NFL that they believed that seven individuals, including NFL Commissioner Roger Goodell, would be appropriate custodians for document discovery.  On May 29, the NFL responded and agreed to four of these individuals as custodians (each of which were named in the NFL's initial disclosures), but stated that it did not believe Commissioner Goodell was a proper custodian at this time because he is not likely to have relevant documents in his files that are not duplicative of relevant documents from the files of other

custodians requested by Plaintiffs and agreed to by the NFL.  The NFL further stated that if Plaintiffs still had a basis to request Commissioner Goodell as a custodian after reviewing the produced documents from the NFL's other custodians, then the NFL would consider that request at that time.  Plaintiffs did not respond to the NFL on this issue for almost four weeks.  Then, Plaintiffs raised it on a meet-and-confer on June 24, 2026, where they—for the first time— provided the NFL with a high-level explanation as to why they believe Commissioner Goodell is a proper custodian to be included now before document productions have begun, citing his role as the head of the League and public statements he has made on issues concerning the Rooney Rule and Mr. Flores's initiation of this lawsuit.  The NFL has informed Plaintiffs that it is currently considering Plaintiffs' request.

The NFL disputes that Plaintiffs have any right to dictate the NFL's custodians for document discovery.  As the producing party, the NFL "is entitled to select the custodians most likely to possess responsive information and to search the files of those individuals." *Mortgage Resolution Servicing, LLC* v. *JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017).  Nor does the NFL believe this is a dispute ripe for the Court's resolution at this time.  Courts generally "play no role" in designating a producing party's document custodians, unless a party's custodian selection is "manifestly unreasonable" or the requesting party is able to "demonstrate[] that the resulting production is deficient." *Id.*  That is not the case here.  The NFL's current position—that it does not believe that Commissioner Goodell is likely to have non-duplicative documents in his files, but that it is willing to consider a renewed request from Plaintiffs as discovery proceeds—is not "manifestly unreasonable."  And document production has not even begun, meaning that there is no basis for Plaintiffs to claim that the NFL's productions are "deficient" absent the inclusion of documents from Commissioner Goodell's custodial files, or to seek to compel those documents at this time. *City of Providence, Rhode Island* v. *BATS Glob. Markets, Inc.*, 2020 WL 14051318, at *1 (S.D.N.Y. May 6, 2020) (denying motion to compel because defendants' selected custodians were not "so manifestly unreasonable or deficient as to require judicial intervention" before document production had begun).

### E.       Denver Broncos' Willingness to Confer

With respect to ESI issues, the Broncos provided Plaintiffs with custodians, search locations, search terms, and specific methodologies on June 1st and June 14th.  Plaintiffs provided no specific objection to the Broncos' framework yet requested meet and confer telephone conferences to discuss unstated objections.  In fact, on June 26th, Plaintiffs requested a proposal for "search terms, times frames, etc.", apparently forgetting that those had been provided on June 1st and 14th.  With respect to the Broncos' discovery responses, on Friday, June 26th, Plaintiffs also listed 83 responses about which they want to meet and confer, with no specific objections provided. Plaintiffs repeatedly demand calls with no agenda or summary of what issues they want to discuss, despite the Broncos' request for an agenda or summary. The Broncos believe it is inefficient to conduct a meet and confer without any idea of the topics of discussion and without having an opportunity to investigate those issues in advance. However, to resolve this impasse, the Broncos will provide dates/times they are available to listen to Plaintiffs' objections (as it will be

the first time they will be explained and will be difficult to resolve at that time without any ability to prepare for the then-stated objections).

Respectfully submitted,

| | |
|---|---|
| **WIGDOR LLP** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| By: /s/ *David E. Gottlieb*<br>Douglas H. Wigdor<br>Michael J. Willemin<br>David E. Gottlieb<br>85 Fifth Avenue<br>New York, NY 10013<br>Tel: (212) 257-6800<br>dwigdor@wigdorlaw.com<br>mwillemin@wigdorlaw.com<br>dgottlieb@wigdorlaw.com | By: /s/ *Loretta E. Lynch*<br>Loretta E. Lynch<br>Brad S. Karp<br>Lynn B. Bayard<br>Brette Tannenbaum<br>B. Aubrey Smith<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 373-3000<br>lelynch@paulweiss.com<br>bkarp@paulweiss.com<br>lbayard@paulweiss.com<br>btannenbaum@paulweiss.com<br>asmith@paulweiss.com |
| *Attorneys for Plaintiffs*<br>*Proposed Counsel for the Proposed Class* | *Attorneys for Defendant*<br>*The National Football League* |
| **ELEFTERAKIS, ELEFTERAKIS & PANEK** | |
| By: /s/ *John Elerfterakis*<br>John Elefterakis<br>Nicholas Elefterakis<br>Raymond Panek<br>Johnson Atkinson<br>80 Pine Street, 38th Floor<br>New York, NY 10005<br>Tel: (212) 532-1116 | |
| *Attorneys for Plaintiffs*<br>*Proposed Counsel for the Proposed Class* | |

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                                                  8

**McCARTER & ENGLISH, LLP**

By: /s/ *Brian W. Carroll*
Brian W. Carroll
Hugh F. Murray, III (admitted *pro hac vice*)
Mark A. Makar
Scott Weingart (*pro hac vice* forthcoming)
250 W 55th Street, 13th Floor,
New York, NY 10019
Tel: (212) 609-6800
bcarroll@mccarter.com
hmurray@mccarter.com
mmakar@mccarter.com
sweingart@mccarter.com

*Attorneys for Defendant*
*New York Football Giants, Inc.*
*n/k/a New York Football Giants LLC*

**KUTAK ROCK LLP**

By: /s/ *Reid A. Page*
Reid A. Page (admitted *pro hac vice*)
Marcia A. Washkuhn (admitted *pro hac vice*)
Tara A. Leesar (admitted *pro hac vice*)
2001 16th Street, Suite 1800
Denver, Colorado 80202
Tel: (303) 297-2400
reid.page@kutakrock.com
marcia.washkuhn@kutakrock.com
tara.leesar@kutakrock.com

*Attorneys for Defendant*
*Denver Broncos Football Club,*
*d/b/a Denver Broncos*

**REYNOLDS, FRIZZELL LLP**

By: /s/ *Elizabeth J. Wilkerson*
Jean C. Frizzell (admitted *pro hac vice*)
Elizabeth J. Wilkerson
1100 Louisiana, Suite 3500
Houston, Texas 77002
Tel:  (713) 485-7200
jfrizzell@reynoldsfrizzell.com
ewilkerson@reynoldsfrizzell.com

*Attorneys for Defendant*
*Houston NFL Holdings, L.P.*
*d/b/a Houston Texans*