**WIGDOR.**

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/21/2026____

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

July 20, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 420
New York, New York 10007

       Re:    *Flores, et al. v. The National Football League, et al.*; No. 22 Civ. 00871 (VEC)

Dear Judge Caproni,

We represent Plaintiffs and write pursuant to §5 of Your Honor's Individual Practices regarding documents that Plaintiff Brian Flores intends to file under seal in connection with his opposition to Defendants the National Football League ("NFL"), New York Football Giants, Inc. d/b/a New York Giants ("Giants"), Denver Broncos Football Club d/b/a Denver Broncos ("Broncos") and Houston NFL Holdings, L.P. d/b/a Houston Texans' ("Texans") (collectively, "Defendants") motions to dismiss. Specifically, Plaintiff respectfully requests leave to file provisionally under seal documents identified in Plaintiff's opposition papers as Exhibits A and C, and to redact associated portions of his Omnibus Memorandum of Law in Opposition to Defendants' motions discussing aspects of those documents.

For the avoidance of any doubt, Plaintiff does not contend that such documents should be filed under seal pursuant to the applicable law as discussed by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). However, Plaintiff received these documents in response to a third-party subpoena to Korn Ferry and they were marked as "Confidential-Subject to Protective Order." As such, we must handle the documents pursuant to that designation and the term of the Protective Order. Dkt. No. 271. It is ultimately Defendants and/or third-party Korn Ferry's obligation to meet the necessary burden for sealing to apply. We have contacted Defendants and Korn Ferry and requested their positions on whether these documents should be subject to sealing and received the following responses:

- The NFL stated: "Defendant NFL does not object to [Exhibit C] being filed publicly in connection with Plaintiffs' opposition brief. The NFL does not take any position on [Exhibit A]."

- The Texans, Broncos and Giants collectively stated that they "do not have a position on the confidentiality designation of either [Exhibit C] or [Exhibit A]."



- Korn Ferry stated: "All of the documents provided to Korn Ferry and created by Korn Ferry as part of the confidential search engagements for its clients are confidential. Korn Ferry is not able to waive the confidential designation for those documents without our client's agreement."

Plaintiff maintains that this entire case is a matter of significant public interest and concern and these documents should not be sealed (or marked Confidential). Plaintiff also submits that the requisite showing or burden has not been met by any party or third-party to justify sealing of these documents. Plaintiff, therefore, submits that the Court should unseal these documents. To the extent Defendants, Korn Ferry or any other third-party believe these documents should be sealed, it is incumbent on them to file an appropriate motion. Plaintiff will oppose any such application.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

David E. Gottlieb

These documents may be filed under provisional seal. Any applications for these documents to remain sealed must be filed **no later than August 20, 2026**. Any oppositions are due **no later than September 3, 2026**, and any responses are due **no later than September 17, 2026**.

Plaintiff must provide this endorsement to Korn Ferry and file proof of doing so on the docket **no later than Thursday, July 23, 2026**.

SO ORDERED.          7/21/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE