WIGDOR.

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

July 31, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 420
New York, New York 10007

Re: *Flores, et al. v. The National Football League, et al.*; No. 22 Civ. 00871 (VEC)

Dear Judge Caproni,

We represent Plaintiffs and write pursuant to §5 of Your Honor's Individual Practices regarding a Supplemental Complaint that Plaintiff Brian Flores intends to file against Defendant Miami Dolphins, Ltd. d/b/a Miami Dolphins. Plaintiff respectfully requests leave to file the Supplemental Complaint under provisional seal.

For the avoidance of any doubt, Plaintiff does not contend that Supplemental Complaint should be filed under seal pursuant to the applicable law as discussed by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). However, the Supplemental Complaint concerns documents that Plaintiff received in response to a third-party subpoena to Korn Ferry, and they were marked as "Confidential-Subject to Protective Order." As such, we must handle the documents pursuant to that designation and the terms of the Protective Order. Dkt. No. 271. It is, however, ultimately Defendants' and/or third-party Korn Ferry's obligation to meet the necessary burden for sealing to apply. We have previously contacted Defendants and Korn Ferry regarding the designation and provided their responses to the Court in our letter of July 20, 2026.

Plaintiff maintains that this entire case is a matter of significant public interest and concern and the Supplemental Complaint should not be sealed. Plaintiff also submits that the requisite showing or burden has not been met by any party or third-party to justify sealing it. Plaintiff, therefore, submits that the Court should unseal the Supplemental Complaint. To the extent Defendants, Korn Ferry or any other third-party believe that the Supplemental Complaint should be sealed, it is incumbent on them to file an appropriate motion. Plaintiff will oppose any such application.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

David E. Gottlieb