WIGDOR.

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

July 31, 2026

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re: *Flores, et al. v. The National Football League, et al.*; No. 22 Civ. 00871 (VEC)

Dear Judge Caproni,

We represent Plaintiff Brian Flores and write to respectfully request leave to file a Supplemental Complaint pursuant to Fed. R. Civ. P. 15(d), setting forth additional claims of unlawful conduct that have arisen since the commencement of this action. See Ex. A (Proposed Supplemental Complaint).

Fed. R. Civ. P. 15(d) provides that:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

The Second Circuit has held that "leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (holding lower court abused discretion in denying motion for leave to file a supplemental complaint) (citing cases). The Quaratino Court further stated that "[l]eave is normally granted, especially when the opposing party is not prejudiced by the supplemental pleading." Id. (citing cases).

Here, Plaintiff's proposed Supplemental Complaint contains allegations and additional claims "that happened after the date of the pleading to be supplemented." See Fed. R. Civ. P (15)(d); see also Ex. A. Moreover, Plaintiff has raised these claims expeditiously, within two weeks after learning about the conduct at issue through documents produced pursuant to a third-party subpoena. See Dkt. Nos. 309 and 310 at Ex. A. Defendants cannot legitimately raise any claim of undue delay, bad faith or dilatory motive, undue prejudice or futility.

Plaintiff sought Defendants' consent to this application. No party responded except for the Dolphins, who have stated that they object on the basis that the case against the Dolphins is stayed pending the Second Circuit appeal. However, this proposed filing does not interfere with the stay of those proceedings as it is a new pleading, and Plaintiff will consent to a stay of proceedings pending the Second Circuit's ruling on the enforceability of the putative arbitration agreement. Moreover, the Dolphins' objection appears to be strictly procedural; even if the Dolphins were correct that a supplemental complaint is not permitted due to the stay, Plaintiff could still file a new action, which would be deemed "related" to this action and would return to this Court. Put another way, this is purely a procedural debate as the Dolphins cannot prevent Mr. Flores from pursuing his claims.

Accordingly, Plaintiff requests leave to file the attached Supplemental Complaint.

Respectfully submitted,

David E. Gottlieb

Enc.