quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8258**

WRITER'S EMAIL ADDRESS
**jpkernisan@quinnemanuel.com**

August 4, 2026

**VIA ELECTRONIC FILING**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Flores, et al. v. The National Football League, et al.*; No. 22-cv-00871

Dear Judge Caproni:

On behalf of Defendant Miami Dolphins, Ltd. (the "Club"), we write in opposition to Plaintiff Brian Flores's motion for leave to file a supplemental complaint ("Motion"). ECF No. 316. The motion should be denied.

First and foremost, as the Court ordered, "[p]roceedings against the Dolphins" are "STAYED pending appeal." ECF No. 311. There is no reason for the Court to take it up while the Club's appeal on the enforceability of its arbitration agreement is pending before the Second Circuit. The stay squarely bars the Motion. Both the leave Flores seeks and the new claims he would add are steps in the proceedings the stay has halted. The Club's appeal from the refusal to enforce its arbitration agreement carries an automatic stay of the district-court proceedings. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023).

Second, the claims Flores seeks to add fall within the same arbitration agreement as his existing claims. In his Employment Agreement ("Agreement"), Flores agreed to arbitrate "all matters in dispute between Employee and the Club, including, without limitation, any dispute arising from the terms of this Agreement, Employee's employment with the Club, or otherwise." ECF No. 198-1. Flores's supplemental complaint implicates this provision, and by extension, the Club's pending appeal. This Court already has ruled that Flores's existing "retaliation claim against the Dolphins," which was also based on alleged post-termination conduct, ECF No. 22 at 95, "arises from his employment with the club." ECF No. 76 at 12. Flores's supplemental complaint is no different, alleging post-termination retaliation which arises from his employment with the Club. This is plainly within the scope of the Agreement's arbitration provisions. *Fla. Woman Care LLC v. Nguyen*, 329 So. 3d 146, 151 (Fla. Dist. Ct. App. 2021) (arbitration clauses

survive termination unless provided otherwise); *Auchter Co. v. Zagloul*, 949 So. 2d 1189, 1194 (Fla. Dist. Ct. App. 2007) ("Because post-termination disputes are not expressly excluded from the scope of the dispute resolution provisions of the contract, we must construe them as intended to be included.").

However, these threshold questions—whether the arbitration provisions in the Agreement are enforceable, and whether Flores's claims must be arbitrated—are on appeal at this moment and the Court lacks jurisdiction to address them. A pending appeal "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), and the Court "may not rule on any motion affecting an aspect of the case" on appeal including a motion to amend a complaint, *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002) (citing *Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994)). Granting leave to add these claims to Flores's court complaint necessarily presumes that such claims are properly before a federal court, and his offer to stay the pleading does not alter the Court's lack of jurisdiction.

Third, as a practical matter, the Motion is premature. Flores agrees the supplemental complaint should be stayed the moment it is filed, so deciding it now would serve no purpose in this litigation; the Motion can be taken up, if at all, once the appeal is resolved. These are not the "just terms" in which Fed. R. Civ. P. 15(d) permits supplementing a complaint. Flores offers no reason it must be decided during the appeal instead. Flores's closing suggestion that denial would be futile because he could instead file a new action is beside the point, whether or not that is so: the issue is not what Flores might do in a separate action, but whether this motion should be decided now. It should not.

Fourth, and finally, the Motion was improperly brought as a letter motion. The Local Rules permit letter motions only for extensions, adjournments, premotion conferences, and "similar non-dispositive matters," Local Civ. R. 7.1(e); a request to add new causes of action and enlarge the case is not among them. The Court's individual rules are to the same effect, authorizing letter motions for sealing but not for supplementing a complaint. J. Caproni Indiv. R. 5. That defect is a further reason to decline to take up the Motion now.

The Court need not grant or deny the Motion now, but may defer ruling on it until after the Second Circuit resolves the Club's appeal. Fed. R. Civ. P. 62.1 (where a court "lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . defer considering the motion"); *see Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 223 (S.D.N.Y. 2013) (deferring ruling on motion to amend complaint pending interlocutory appeal).

The Club respectfully requests that the Court deny Flores's motion for leave to file a supplemental complaint or, alternatively, defer ruling on the Motion pending the resolution of the Club's outstanding appeal to the Second Circuit. The Club does not address the substance of the proposed claims, and reserves all rights and defenses, including its right to arbitrate, should the motion ever properly be before the Court.

Respectfully submitted,

/s/*JP Kernisan*
JP Kernisan
Counsel for Defendant Miami Dolphins, Ltd.

cc: All Counsel of Record (via electronic filing)