WIGDOR.

Plaintiffs' motion to seal at Dkt. No. 334 is **GRANTED**. The sealed documents filed by Plaintiffs at Dkt. Nos. 335 and 335-1 shall remain sealed.

The Clerk of Court is respectfully directed to close Dkt. No. 334.

SO ORDERED. August 12, 2026

SARAH L. CAVE
United States Magistrate Judge

**Russell L. Kornblith**
rkornblith@wigdorlaw.com

August 11, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

Re: *Flores, et al. v. The National Football League, et al.*; No. 22 Civ. 00871 (VEC)

Dear Judge Cave,

We represent Plaintiffs and write pursuant to § F(2) of Your Honor's Individual Practices regarding an exhibit (the "Exhibit") to Plaintiff Brian Flores' letter addressing the Parties' discovery disputes. ECF 330. Plaintiff respectfully requests leave to file the exhibit under provisional seal.

The Exhibit contains text messages Plaintiff recently received in response to a third-party subpoena to Mike McCartney, who is Josh McCown's agent. In producing the messages, Mr. McCartney marked them "confidential." As such, we must handle the documents pursuant to that designation and the terms of the Protective Order. ECF 271. For the avoidance of any doubt, Plaintiff does not contend that the Exhibit should be filed under seal pursuant to the applicable law as discussed by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). It is, however, ultimately Defendants' and/or third-party Mr. McCartney's obligation to meet the necessary burden for sealing to apply.

Plaintiff maintains that this entire case is a matter of significant public interest and concern. Plaintiff also submits that the requisite burden has not been met by any party or third party to justify sealing the Exhibit. Plaintiff, therefore, submits that the Court should unseal the Exhibit. To the extent Defendants, Mr. McCartney or any other third party believe that the Exhibit should remain sealed, it is incumbent on them to file an appropriate motion. Plaintiff will oppose any such application.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Russell L. Kornblith