BLANKROME

1271 Avenue of the Americas | New York, NY 10020

*Phone:* *(212) 885-5345*

*Email:* *Andrew.Hambelton@blankrome.com*

August 12, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Court – Southern District of New York Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Brian Flores et al., v. The National Football League*
Civil Action No. 22-cv-871 (VEC)
Third-Party Korn Ferry's Letter Motion for Exhibit A from Plaintiff's Opposition to Defendant's Motion to Dismiss to Remain Under Seal

Dear Judge Caproni:

On behalf of third-party Korn Ferry ("Korn Ferry"), undersigned counsel writes pursuant to Your Honor's Order dated July 21, 2026 (D.I. 313) for the above captioned matter, and Individual Rules of Practice Section 5(A)(ii), and respectfully requests that Exhibit A, a one (1) page document previously attached to Plaintiff's Opposition to Defendant's Motion to Dismiss (D.I. 310), remain sealed. In support thereof, Korn Ferry states as follows:

On June 15, 2026, Plaintiff issued a subpoena *duces tecum* to non-party Korn Ferry. In response to that subpoena *duces tecum*, Korn Ferry produced a number of documents, including Exhibits A and C, documents attached to Plaintiff's Opposition to Defendant's Motion to Dismiss (D.I. 310), and both of which relate to confidential employment searches that Korn Ferry conducted on behalf of its client, the Las Vegas Raiders.

Although there is a presumption of public access to judicial documents, that presumption may be outweighed by other factors, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006). Continued sealing of certain documents is appropriate and justified with "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124.

Korn Ferry is specifically requesting that Exhibit A remain under seal. Exhibit A references a confidential candidate search and was prepared by Korn Ferry in connection with a confidential search engagement with its client, the Las Vegas Raiders. As such, it is confidential work product that was prepared to facilitate a confidential client relationship and engagement agreement. Additionally, Exhibit A contains confidential candidate information obtained through confidential references during Korn Ferry's candidate search. Public disclosure of this information would undermine and impact Korn Ferry's ability to conduct these confidential searches and gather confidential information for its clients as part of these search engagements.

Korn Ferry is narrowly limiting this request to Exhibit A, a one-page document, based on the above confidentiality concerns. Plaintiff's position is that Exhibit A should not remain under seal. The NFL previously stated that it has no position on Exhibit A remaining under seal. (D.I. 309).

Accordingly, for the specific and tailored reasons stated herein, Korn Ferry respectfully requests that Exhibit A remain under seal.

Respectfully Submitted,

*/s/ Andrew T. Hambelton*
Andrew T. Hambelton
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, New York 10020

cc: All Counsel of Record