WIGDOR.

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

August 17, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

Re: *Flores, et al. v. The National Football League, et al.;* No. 22 Civ. 00871 (VEC)

Dear Judge Cave,

We represent Plaintiff Brian Flores and write in further consideration of his request for leave to file a Supplemental Complaint under Fed. R. Civ. P. 15(d). Plaintiff's request is consistent with Rule 15(d), which expressly envisions a supplemental pleading rather than a new lawsuit as to "any transaction, occurrence, or event that happened after the date of the pleading." Nonetheless, if the Court believes filing such pleading would contravene the stay of the previously asserted claims, Plaintiff is amenable to commencing a separate action and filing it as "related" under Rule 13 of the Rules for the Division of Business Among District Judges.

Notwithstanding the above, the filing of a supplemental pleading appears to be the proper procedural mechanism here. While the Dolphins have appealed the Court's order denying the motion to compel arbitration of the previously asserted claims, the divestiture of jurisdiction of an appeal applies only to "those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). As applicable here, the Court is currently divested of jurisdiction only as to the arbitrability of the previously asserted claims. Whether the newly accrued claims proposed for the Supplemental Complaint are ultimately subject to arbitration may well be informed by the Second Circuit's ruling, but that does not transform claims that did not yet exist into an "aspect[] of the case involved in the appeal."[1]

Nor does Coinbase Inc. v. Bielski, 599 U.S. 736, 738 (2023) compel a different result. Coinbase requires a stay of district court proceedings concerning the controversy whose arbitrability is on appeal; it did not address whether newly accrued claims that were neither pleaded nor

[1] The Dolphins citation to Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002) misses the mark. Ching involved a Rule 15(a) amended complaint that affected the very proceeding that was already before the Second Circuit. Here, by contrast, the proposed Rule 15(d) Supplemental Complaint concerns later-accruing claims that were never before this Court in the order on appeal and are not themselves before the Second Circuit.

WIGDOR.



adjudicated when the appealed order was entered are subject to such a stay, let alone suggest that to be the case. At minimum, Coinbase does not foreclose the filing of such claims where, as here, Plaintiff proposes that all further proceedings concerning newly accrued claims be stayed pending the appeal. Put another way, even if Coinbase were to somehow dictate a stay of the Supplemental Complaint, such a stay cannot be applied until it is filed—and Plaintiff has agreed to such a stay upon filing as a matter of practicality.

The Dolphins, as well as the Titans,[2] contend that it would be more "practical" for Mr. Flores to hold off the filing of a Supplemental Complaint until a later point. That gets the practicalities backwards. Mr. Flores is entitled to seek redress for his newly accrued anti-discrimination claims—that is not disputed by the Dolphins or Titans, nor could it be. Mr. Flores is attempting to pursue those claims in a manner that is completely practical—through a Rule 15(d) supplemental pleading coupled with a proposed stay pending the Second Circuit's decision. If the Dolphins have it their way, the alternative would be for Mr. Flores to file a separate action under a separate case number and request that the action be deemed "related" under Rule 13, requiring the Dolphins to then file a responsive pleading or, more likely, a motion to compel arbitration, or, perhaps, a motion to stay proceedings. The Dolphins offer no reason why that approach would be more practical than the path proposed by Plaintiff.

Finally, the Dolphins do not appear to contest Mr. Flores' ability to file a separate action having stated that the issue is "beside the point" and not currently before the Court. However, for the avoidance of any doubt, were the Dolphins to take the position that Mr. Flores should somehow be enjoined from pursuing these claims in a separate action, it would raise serious First Amendment concerns because access to the courts is protected by the First Amendment's Petition Clause. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972); Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 741 (1983). In short, Mr. Flores has a First Amendment-protected right to seek judicial redress for his claims; the practical question is simply whether those claims should proceed through supplementation under Rule 15(d) or commencement of a separate action.

Respectfully submitted,

David E. Gottlieb

[2] The Titans cite no authority supporting its position other than Coinbase.