McCarter English

Brian W. Carroll
Partner

T. 973-639-2020
F. 973-297-3713

bcarroll@McCarter.com

McCarter & English, LLP

250 W 55th Street, 13th Floor
New York, NY 10019

www.mccarter.com

August 17, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007-1312

**Re:** ***Flores, et al. v. The National Football League, et al.*, 1:22-cv-00871-VEC-SLC**

Dear Judge Cave:

Pursuant to Your Honor's Order (Dkt. 342), Defendants respectfully submit this joint letter regarding the scope of documents Plaintiff should be compelled to produce in light of his claims for "loss of reputation" and "loss of opportunity," which he alleges he "suffered, and continues to suffer" as a "direct and proximate result" of Defendants' alleged discriminatory conduct. *See, e.g.*, Dkt. 274 ("TAC") ¶¶ 424, 429, 433, 438, 442.

In connection with Defendants' respective Requests for Production, Plaintiff has refused to produce, *inter alia*, any records of disciplinary actions or complaints concerning his conduct toward employees of any NFL Member Club. Plaintiff instead plans to produce only "documents that he intends to use ***in support of*** his damages claim." Dkt. 303 at 12. That proposed limitation improperly conditions Plaintiff's discovery obligations on his own litigation strategy and should be rejected.

By attributing continuing harm to his professional reputation and employment prospects to Defendants, Plaintiff has placed the existence, extent, and cause of those alleged injuries squarely at issue.[1] Defendants are therefore entitled to test whether the alleged injuries resulted from Defendants' purported conduct or independent factors.[2] *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim ***or defense***"); Fed. R. Evid. 405(b) (where "character or traits of character of a person is an essential element of a . . . defense, proof may . . . be made of specific instances of that person's conduct"). That inquiry extends beyond materials Plaintiff believes support his damages theories and encompasses discovery that contradicts, diminishes, mitigates, or otherwise explains the claimed injuries. This includes documents bearing on whether other circumstances have affected Plaintiff's reputation and employment prospects before and after the events alleged in the TAC—such as performance

[1] Plaintiff alleges that, notwithstanding his status as an "elite Head Coach candidate," he "has not been offered a Head Coach job since starting this lawsuit." TAC ¶ 311.

[2] To be clear, the discovery Defendants seek is directed to Plaintiff's claimed injuries—not to identifying additional reasons for any Defendant Club's decisions not to hire Plaintiff or new support for any challenged hiring decision.

evaluations, disciplinary records, complaints concerning Plaintiff's conduct or management style, and communications concerning his professional reputation or candidacy.

Plaintiff's own allegations confirm the relevance of these materials. The TAC alleges that NFL Clubs assess Head Coach candidates through a "discretionary, subjective" process and evaluate "leadership," "culture," and "organizational fit." TAC ¶¶ 121–23. Complaints about a candidate's treatment of players, coaches, or staff, and related discipline, plainly bear on those considerations. The TAC itself relies on such alleged evidence concerning other Club personnel, with Plaintiff invoking Steve Keim's DUI, discipline, and suspension in challenging the Cardinals' treatment of Steve Wilks. *Id.* ¶¶ 249–68. Plaintiff cannot rely on disciplinary and workplace-conduct evidence when he believes it illuminates employment decisions, yet deem the same categories irrelevant when they concern him.

Plaintiff also placed his own workplace reputation at issue by alleging that, while with the Dolphins, he was portrayed as "noncompliant and difficult to work with" and later "defamed throughout the media and the League" on that basis. *Id.* ¶¶ 175–77. According to Plaintiff, his "only failure to collaborate" was refusing to follow allegedly improper directives. *Id.* ¶ 178. But Defendants understand, for example, that Plaintiff threatened the General Manager to whom he reported and developed contentious relationships with certain key Dolphins players, and that Plaintiff discussed these incidents with Club representatives in subsequent hiring processes. Complaints from prior employers, disciplinary materials, and communications concerning Plaintiff's workplace conduct therefore bear directly on his professional reputation and on whether any later reputational injury or loss of opportunity was attributable to Defendants.

Courts addressing reputational and/or future-employment damages have permitted the discovery Defendants seek here. *Weber v. Multimedia Ent., Inc.*, 1997 WL 729039, at *2 (S.D.N.Y. Nov. 24, 1997) ("Generally, when damages are sought for loss of reputation, the plaintiff's personal history is relevant and discoverable."); *Condit v. Dunne*, 225 F.R.D. 100, 110 n.4 (S.D.N.Y. 2004) ("[W]here plaintiff claims reputational injury, defendants must be permitted to introduce specific evidence that the plaintiff's reputation has already been compromised."); *Munafo v. Metro. Transp. Auth.*, 2003 WL 21799913, at *24 (E.D.N.Y. Jan. 22, 2003) (same); *Ghonda v. Time Warner Cable, Inc.*, 2017 WL 395111, at *4 & n.3 (E.D.N.Y. Jan. 27, 2017) ("Plaintiff should not now be heard to challenge defendants' efforts to obtain discovery concerning the very allegations referenced in her complaint" where plaintiff "affirmatively crafted a litigation strategy that relies on the events that transpired at [her prior employer]."); *McEvoy v. Washington Cnty.*, 2026 WL 161499, at *3 (D. Or. Jan. 21, 2026) (finding "McEvoy's prior personnel file is relevant to her alleged lost earning capacity and reputational harm," including her "disciplinary records, performance evaluations, and any documents related to her termination"); *Marquardt v. McDonough*, 2024 WL 3857546, at *4 (W.D. Wis. Aug. 19, 2024) ("By implicating her past satisfactory job performance, Marquardt has opened the door to discovery . . . to her performance, discipline, reviews, complaints, and termination."); *Luck v. Univ. of San Diego*, 2014 WL 7111950, at *6–7 (S.D. Cal. Oct. 3, 2014) (finding "[plaintiff] has placed his professional reputation and any damage to it at issue" and permitting discovery of "termination records," "performance reviews," "complaints, warnings and discipline").

The cases Plaintiff cited at the August 14 hearing—*Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016), and *Alexander v. New York City Department of Education*, 339 F.R.D. 372 (S.D.N.Y. 2021)—do not support Plaintiff's position. Neither case holds that a plaintiff seeking reputational and lost-opportunity damages may produce only favorable documents. Both involved subpoenas to former employers, implicating third-party burdens and concerns that alerting employers to the litigation could prejudice plaintiff's future employment prospects. Those concerns are absent here: Defendants seek these documents directly from Plaintiff, who himself subpoenaed every non-party NFL Member Club except his current employer. And Plaintiff neglected to mention that the court in *Alexander* ultimately reconsidered its ruling and authorized a subpoena for plaintiff's "performance evaluations, disciplinary records," and reasons for separation. 2022 WL 1125582, at *3 (S.D.N.Y. Apr. 15, 2022).

Defendants therefore respectfully request that the Court require Plaintiff to produce all responsive documents concerning his professional reputation, workplace conduct, and discipline.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By: /s/ *Brian W. Carroll*
Brian W. Carroll
Hugh F. Murray, III (admitted *pro hac vice*)
Mark A. Makar
Scott Weingart (*pro hac vice* forthcoming)
250 W 55th Street, 13th Floor
New York, NY 10019
Tel: (212) 609-6800
bcarroll@mccarter.com
hmurray@mccarter.com
mmakar@mccarter.com
sweingart@mccarter.com

*Attorneys for Defendant*
*New York Football Giants, Inc.*
*n/k/a New York Football Giants LLC*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Loretta E. Lynch*
Loretta E. Lynch
Brad S. Karp
Lynn B. Bayard
Brette Tannenbaum
Daniel J. Toal
B. Aubrey Smith
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
lelynch@paulweiss.com
bkarp@paulweiss.com
lbayard@paulweiss.com
btannenbaum@paulweiss.com
dtoal@ paulweiss.com
asmith@paulweiss.com

*Attorneys for Defendant*
*The National Football League*

**REYNOLDS, FRIZZELL LLP**

By: /s/ *Elizabeth J. Wilkerson*
Jean C. Frizzell (admitted *pro hac vice*)
Elizabeth J. Wilkerson
1100 Louisiana, Suite 3500
Houston, Texas 77002
Tel: (713) 485-7200
jfrizzell@reynoldsfrizzell.com
ewilkerson@reynoldsfrizzell.com

*Attorneys for Defendant*
*Houston NFL Holdings, L.P.*
*d/b/a Houston Texans*

**KUTAK ROCK LLP**

By: /s/ *Reid A. Page*
Reid A. Page (admitted *pro hac vice*)
Marcia A. Washkuhn (admitted *pro hac vice*)
Anna M. Berman (admitted *pro hac vice*)
Tara A. Leesar (admitted *pro hac vice*)
2001 16th Street, Suite 1800
Denver, Colorado 80202
Tel: (303) 297-2400
reid.page@kutakrock.com
marcia.washkuhn@kutakrock.com
anna.berman@kutakrock.com
tara.leesar@kutakrock.com

*Attorneys for Defendant*
*Denver Broncos Football Club,*
*d/b/a Denver Broncos*