UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN FLORES, STEVE WILKS, and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated,

Plaintiffs,

-v-

THE NATIONAL FOOTBALL LEAGUE, et al.,

Defendants.

CIVIL ACTION NO. 22 Civ. 871 (VEC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of a letter from Plaintiff Brian Flores ("Plaintiff") requesting leave to file a supplemental complaint (Dkt. No. 317-1 (the "Supplemental Complaint")), against Defendant Miami Dolphins, LTD. d/b/a Miami Dolphins (the "Dolphins"). (Dkt. No. 316 (the "Request")). For the reasons set forth below, Plaintiff's Request is **GRANTED** but the Dolphins' obligation to answer, move, or otherwise respond to the Supplemental Complaint is **HELD IN ABEYANCE**.

## I. BACKGROUND

We incorporate by reference the procedural background set forth in Flores v. N.Y. Football Giants, Inc., 150 F.4th 172, 176–81 (2d Cir. 2025).[1] We set forth only the additional procedural background necessary to analyze Plaintiff's Request.

On July 31, 2026, Plaintiff filed his Request seeking "leave to file a Supplemental Complaint pursuant to [Federal Rule of Civil Procedure] 15(d), setting forth additional claims of

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

unlawful conduct that have arisen since the commencement of this action" against the Dolphins. (Dkt. No. 316 at 1; see generally Dkt. No. 317-1). On August 4, 2026, the Dolphins opposed the Request (Dkt. No. 328), because, inter alia, proceedings against the Dolphins as well as against Defendants Tennessee Football, LLC d/b/a the Tennessee Titans (the "Titans") and Arizona Football Club LLC d/b/a Arizona Cardinals have been stayed pending appeal pursuant to the July 20, 2026 Order of the Honorable Valerie E. Caproni. (Dkt. No. 311 (the "Stay Order")). On August 10, 2023, the Titans filed a letter in opposition to Plaintiff's Request, asserting that granting leave to file the Supplemental Complaint would be premature given the Stay Order. (Dkt. No. 333). On August 17, 2026, Plaintiff filed a letter in reply. (Dkt. No. 343).

## II. DISCUSSION

Rule 15(d) permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Absent undue delay, bad faith, dilatory tactics, undue prejudice. . . or futility" a motion to serve a supplemental pleading pursuant to Rule 15(d) "should be freely granted." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995); Evliyaoglu Tekstil A.S. v. Turko Textile LLC, No. 19 Civ. 10769 (LJL), 2021 WL 6211686, at *1 (S.D.N.Y. Apr. 14, 2021) (same). The Court has "broad discretion" to grant leave to file a supplemental pleading. Evliyaoglu, 2021 WL 6211686, at *1.

The Dolphins and the Titans do not identify any futility, bad faith, or prejudice that would justify denying leave to file the Supplemental Complaint. (Dkt. Nos. 328; 333). See Nat'l Credit Union Admin. Bd. v. HSBC Bank US, Nat'l Ass'n, 331 F.R.D. 63, 69 (S.D.N.Y. 2019) (explaining that "[t]he burden is on the non-moving party to demonstrate the existence of" grounds to deny a

motion to supplement under Rule 15(d)). Indeed, the Dolphins expressly declines to "address the substance of the proposed claims[.]" (Dkt. No. 328 at 2). The Court will, therefore, accept the Supplemental Complaint given Rule 15(d)'s "liberal policy favoring a merit-based resolution of the entire controversy between the parties[,]" and in the interest of efficiency and preservation of both the Plaintiff's claims and the Dolphins' defenses. Nat'l Credit Union Admin. Bd., 331 F.R.D. at 69.

In deference to the Stay Order, however, the Court holds in abeyance the time for the Dolphins to move, answer, or otherwise respond to the Supplemental Complaint pending the outcome of the Dolphins' appeal. (See Dkt. Nos. 212; 311; 320). See also Fed. R. Civ. P. 12(a).

**III. CONCLUSION**

For the reasons set forth above, the Plaintiff's Request is **GRANTED**. (See Dkt. No. 316). The Dolphins' obligation to answer, move, or otherwise respond to Supplemental Complaint is **HELD IN ABEYANCE** pending the outcome of their appeal. (See Dkt. Nos. 212; 311; 320). The deadlines regarding any application for sealing of the Supplemental Complaint remain. (Dkt. No. 319).

Plaintiff shall serve a copy of this Order on third-party Korn Ferry and file proof of service on the docket by **August 21, 2026**.

The Clerk of Court is respectfully directed to close Dkt. No. 316.

Dated: New York, New York
August 18, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**