KUTAKROCK

**Reid Page | Partner**
2001 16th Street | #1800, Denver, CO 80202-2652
O: 303-297-2400 | D: 303-292-7707 | C: 303-514-7359
Reid.Page@kutakrock.com

August 18, 2026

**VIA ECF**

The Honorable Sarah L. Cave
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007-1312

Re: *Flores, et al. v. The National Football League, et al.;* No. 22-cv-00871 (VEC)(SLC)

Defendant Denver Broncos Football Club submits this response to Plaintiff's Letter (Dkt. 336).

## I. THE BRONCOS ARE DIFFERENTLY SITUATED

Plaintiff's pattern-or-practice and disparate impact claims under Title VII (11th, 12th, and 13th Causes of Action) were not pled against the Broncos, and neither was any retaliation claim. The only claims against the Broncos are a Section 1981 disparate treatment claim (1st Cause of Action) and NYSHRL/NYCHRL claims (2nd, 3rd, 4th and 5th Causes of Action). (TAC ¶¶ 207-213, 421-443). Plaintiff conceded that the NYSHRL/NYCHRL claims are untimely, having raised no objection in his opposition to the Broncos' motion to dismiss (Dkt. 310.10) or at the recent hearing. (Aug. 4, 2026 Tr. 80:22-81:6). Thus, the Broncos only face one Section 1981 disparate treatment claim, which remains subject to possible dismissal.[1] (Dkt. 281, 282).

The Section 1981 claim against the Broncos is based entirely on one hiring decision made by then-General Manager John Elway in January 2019. The TAC identifies no other Broncos' decisions, no Broncos' "standard operating procedure," no Broncos-specific policy, and no Broncos-related statistics. Those allegations run only to the NFL. Discovery relevant to an alleged systemic case against the NFL is not relevant or proportional to a disparate treatment claim against the Broncos based on one hiring decision.

Because "intent is the critical issue" in assessing a disparate treatment claim, "only a comparison between persons evaluated by the same decision-maker is probative of discrimination," *See Smith v. Xerox Corp.*, 196 F.3d 358, 370 (2d Cir. 1999). *See also Sundaram v. Brookhaven Nat'l Lab.*, 1996 WL 563829, at *2 (E.D.N.Y. 1996) ("a statistical examination of decisionmaking by others not involved in the challenged decision . . . would usually not be

[1] The Broncos pending motion to dismiss also provides a separate basis to narrow the scope of discovery. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

probative[,]" even when a pattern-or-practice is alleged). Moreover, even in a putative class action, discovery must "bear some relationship to the claims of the named Plaintiff." *See Chow v. SentosaCare, LLC*, 2020 WL 883514, at *5 (E.D.N.Y. 2020). *See also General Tel. Co. v. Falcon*, 457 U.S. 147, 159 (1982). Discovery also should be confined to the type of employment action alleged; here that is failure to hire, not performance or termination. *See Vuona v. Merrill Lynch & Co.*, 2011 WL 5553709, at *3 (S.D.N.Y. 2011).

## II. EXPANDED DISCOVERY IS NOT WARRANTED

Plaintiff relies on *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013), but *Chen-Oster* does not support expanding discovery against the Broncos. *Chen-Oster* involved company-wide compensation and promotion policies that directly impacted the plaintiffs. 293 F.R.D. at 562-63. But even with that direct impact, the court limited discovery to the same divisions (which contained the relevant decision-makers) that impacted the putative class. *Id.* at 565.

Here, unlike *Chen-Oster*, Plaintiff affirmatively alleges that the Broncos' decision was solely based on the team's subjective discretion, rather than any outcome-focused NFL policy. The TAC admits each team's hiring decisions are made in its "unfettered" "subjective" "discretion." (TAC ¶¶ 121, 124). Thus, *Chen-Oster* should not expand discovery.

The TAC only identifies specific, centralized NFL policies that only govern process, not decisions, so broad discovery is not justified. *See Cronas v. Willis Group Holdings Ltd*., 2008 WL 4548861 (S.D.N.Y. 2008). In *Cronas*, senior management outside the local decisional unit approved compensation decisions under company-wide policies, but the court denied discovery beyond the local decisionmakers because "evidence of discriminatory acts taken by different supervisors in different offices against different employees would not tend to prove that plaintiffs had suffered discrimination." *Id.* "For similar reasons, such evidence would not tend to establish plaintiffs' class allegations," making broader discovery unwarranted even for class purposes. *Id.* As in *Cronas*, because the alleged NFL policies do not dictate team decision-making, they do not justify broad discovery.

Plaintiff also cites *Hollander v. American Cyanamid Co.,* 895 F.2d 80 (2d Cir. 1990), but it too is distinguishable. *Hollander* allowed broader discovery because "there was no proof that the primary decision maker resided in the local unit." 895 F.2d at 85. *See Tse v. UBS Fin. Servs., Inc.*, 2005 WL 1949961, at *2 (S.D.N.Y. 2005) (rejecting *Hollander* for this reason and limiting discovery to decisionmakers where "all decisions were made solely by management at the [plaintiff's] branch"); *In re Western Dist. Xerox Litig.*, 140 F.R.D. 264, 268-69 (W.D.N.Y. 1991)

(similarly distinguishing *Hollander* and noting, in pattern and practice case, "[t]he courts have often disparaged the probative value of statistical evidence" outside the relevant decisionmakers).[2]

Here, Elway is identified as the undisputed decisionmaker (TAC ¶¶ 208, 211), so expanding beyond his decisionmaking is unwarranted. Elway's only head coach hire in that period was selecting Fangio over Plaintiff in January 2019, yet Plaintiff seeks discovery from 2018 to the present. Ownership changed and decisionmakers differed for later hiring cycles. The Broncos agreed to produce discovery for both the Fangio (2018-2019) and Vance Joseph (2016-2017) hiring cycles, since both were Elway's decisions. The Broncos also agree to produce personnel files for Fangio and Joseph.

Finally, the NFL has agreed to produce racial demographics of the head coach candidate pool and hires for all teams from 2018 to present. (Aug. 4, 2026 Tr. 27:1-7). That production moots any claimed need by Plaintiff for discovery into post-Elway cycles and further justifies limiting discovery to the Broncos.

## III. COMPLAINT DISCOVERY

For similar reasons, discovery of employee or candidate complaints should be limited to race discrimination complaints against Elway and the Broncos' custodians who participated in the Fangio and Joseph hiring processes. *See Vuona*, 2011 WL 5553709, at *3 (limiting production of complaints to those made against the decisionmakers); *O'Connor v. Bimbo Bakeries USA, Inc.*, 2025 WL 3101269, at *4 (W.D.N.Y. 2025). The Broncos have agreed to produce this information.

## IV. ELWAY'S CALENDAR

Head Coach interview processes are quite compressed (often taking only a week). The Broncos agree to produce Elway's December 2018/January 2019 calendar.[3] This window would provide all relevant pre-and-post interview entries and would encompass the entire hiring process.

## V. ESI ISSUES

ESI search terms should not be resolved before the scope of discovery is determined. The Broncos' response to Plaintiff's proposed ESI terms is Exhibit A; the hit report is Exhibit B. Plaintiff's proposed terms extend to post-Elway cycles and the post-lawsuit period; ESI terms should be confined to the Fangio and Joseph cycles.

---

[2] *Hollander* was also decided before the 1993 amendments to Rule 26(b)(2), which added proportionality requirements further limiting *Hollander*'s applicability. *See Bellinger v. Astrue*, 2009 WL 2496476 (E.D.N.Y. 2009); *Tse*, 2005 WL 1949961, at *2.

[3] The Broncos propose that all personal or non-interview-related calendar entries be redacted.

As to Keith Bishop, the Broncos understand he has relevant text messages, but he will not permit a search; the Broncos do not oppose an order addressing his device but submit the Court should not dictate the retrieval method. *See Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *5 (S.D.N.Y. 2022). The Broncos are unaware of any spoliation; Matt Russell's phone was set to 30-day auto-delete as routine practice during the 2018-2019 hiring cycle, and litigation was not anticipated until February 2022. *See Raymond v. City of New York*, 2020 WL 1847556, at *5 (S.D.N.Y. 2020).

For the foregoing reasons, the Broncos request that discovery be limited as outlined above.

Respectfully submitted,

Reid A. Page

cc: All Counsel of Record *via ECF*