PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Daniel Toal**
**Direct Dial:** +1 212 373 3869
**Email:** dtoal@paulweiss.com

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

August 18, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Flores, et al.* v. *The National Football League, et al.*, No. 22-cv-871-VEC

Dear Judge Cave:

We write on behalf of the NFL in response to Flores's August 11 Letter.

**I. Alleged Discrimination - League Employees & Non-Head Coaches**

The NFL has agreed to produce documents related to allegations of race discrimination by any head coach or head coach candidate. Flores seeks far more: documents related to any allegation of race discrimination (i) within the League Office or (ii) concerning *any* Club employee. Flores's cases confirm that discovery into other claims of discrimination "is often limited to a plaintiff's employment department or unit." *Chen-Oster* v. *Goldman, Sachs & Co.*, 293 F.R.D. 557, 567 (S.D.N.Y. 2013); *Sasikumar* v. *Brooklyn Hosp. Ctr.*, 2011 WL 1642585, at *4 (E.D.N.Y. May 2, 2011) (same). That is because "[e]vidence of discriminatory acts taken by different supervisors in different offices against different employees would not tend to prove that plaintiffs had suffered discrimination." *Cronas* v. *Willis Grp. Holdings Ltd.*, 2008 WL 4548861, at *2 (S.D.N.Y. Oct. 8, 2008).

Because there is no allegation that any League employee supervised any head coach or otherwise was a decisionmaker in any challenged employment decision, alleged discrimination within the League Office (*i.e.*, by League employees) would not be probative of any supposed discrimination by Club owners and executives in the hiring of head coaches.[1]

---

[1] Requests concerning Colin Kaepernick and Jon Gruden, along with other requests raised by Flores at the August 14 conference, are likewise not relevant or discoverable. If the Court determines these requests are outside the purview of this letter, the NFL requests the opportunity to elaborate on their lack of relevance.

The same is true for non-head coach Club employees. Flores does not attempt to defend his requests concerning non-coach employees (*e.g.*, Club security); those individuals are not "similarly situated" to head coaches and therefore are not proper subjects of discovery. *Rifkinson* v. *CBS Inc.*, 1995 WL 614565, at *1 (S.D.N.Y. Oct. 18, 1995). Nor are assistant coaches, who are hired and supervised *by head coaches* and therefore are subject to "significantly different" management and supervision than head coaches. *Chen-Oster*, 293 F.R.D. at 567–68.

Nor does this information relate to Flores's indirect employer theories. The relevant inquiry in those contexts is control over "employment matters ***related to the person claiming discrimination***." *Hill* v. *Major League Soccer*, 2024 WL 3361216, at *4 (S.D.N.Y. July 10, 2024); *see also Benedict* v. *Manfred*, 2026 WL 836679, at *5 (S.D.N.Y. Mar. 26, 2026). Discovery into positions other than head coach therefore has no relevance. *Suggs* v. *Cap. Cities/ABC, Inc.*, 122 F.R.D. 430, 431 (S.D.N.Y. 1988). The NFL has agreed to provide Flores with all of the requested discovery concerning head coach employment, which is "narrowly tailored" to his indirect employer claims. *Copantitla* v. *Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *11 (S.D.N.Y. Apr. 5, 2010).

## II. Arbitration-Retaliation Claim

Flores added his arbitration-retaliation claim in contravention of Judge Caproni's instructions, which permitted amendment to his Complaint only to "fix" issues raised in Defendants' initial motions to dismiss. *See* ECF No. 247, 10:5–23. Not only was this claim added after the discovery schedule was set, but it also suffers from substantial deficiencies, including a failure to plead an adverse employment action or retaliatory intent. *See* ECF No. 285 at 28–30.

Courts routinely stay discovery where, as here, there is a strong motion to dismiss pending and the discovery sought is exceedingly broad. *Cota* v. *Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022); *Valentini* v. *Grp. Health Inc.*, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021).

## III. Custodians and Search Terms

Flores is not entitled to insert himself into the NFL's selection of custodians or search terms prior to reviewing the NFL's production. *Mortgage Resolution Servicing, LLC* v. *JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017); *Kaye* v. *New York City Health and Hospitals Corp.*, 2020 WL 283702, at *2 (S.D.N.Y. Jan. 21, 2020); *Brown* v. *Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 644–46 (S.D.N.Y. 2019). As the NFL has not completed its document production, any such dispute is premature. *Blackrock Allocation Target Shares* v. *Bank of New York Mellon*, 2018 WL 2215510, at *10 (S.D.N.Y. May 15, 2018); *Zhaoo* v. *Deutsche Bank AG*, No. 2014 WL 12526256, at *3 (S.D.N.Y. June 24, 2014).

**Custodians**. The NFL agreed to four custodians: (i) Dasha Smith, EVP and Chief Administrative Officer, responsible for the League's inclusion function; (ii) Troy Vincent, EVP of Football Operations, responsible for inclusion initiatives related to the head coach candidate pool; (iii) Jonathan Beane, SVP, League Leadership & Inclusion, responsible for inclusion policies

applicable to head coach hiring; and (iv) Ken Fiore, VP Player Personnel, responsible for club reporting of interview and hiring information. Smith and Vincent report directly to Commissioner Goodell; and Beane and Fiore are senior executives. The NFL will consider requests from Flores for additional custodians following its forthcoming production. But Flores has not met his burden for demanding additional custodians now:

- Commissioner Roger Goodell. Flores alleges the Commissioner "controls the policies at issue."[2] But simply being the chief executive with ultimate responsibility is insufficient to render an individual a proper custodian. *Blackrock*, 2018 WL 2215510, at *6, 12; *Fort Worth Employees' Ret. Fund* v. *J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 106–07 (S.D.N.Y. 2013). Flores also points to: (i) *oral* communications after the lawsuit was filed, which do not suggest the Commissioner has non-unique responsive *documents*; and (ii) the Commissioner's role in the arbitration, where discovery should not proceed.

- Jeff Pash (Former GC). The parties have not conferred on Jeff Pash. Regardless, Flores relies on speculation of Pash's "likely" involvement in the arbitration and a single *oral* communication with the Texans to justify his inclusion as a custodian. Contrary to Plaintiff's assertion, Pash's documents are subject to numerous privilege issues.

- Katie Hill and Brian McCarthy (Communications Executives). Flores speculates these individuals "likely" were involved in certain public statements made about the lawsuit. Flores offers no reason why the discovery he will already receive about these statements from the NFL's current custodians will be insufficient.

**Search Terms**. On July 20, the NFL proposed search terms based on the scope of agreed-to discovery. Flores's July 28 response refused to engage with the NFL's proposed terms, providing instead a separate set of overbroad terms—many of which were targeted at discovery that remained subject to dispute. The NFL provided an updated proposal (attached as **Exhibit A**) on August 3, which incorporated some of Flores's terms and results in 262,123 hits from the NFL's agreed-to custodians. Instead of engaging with the NFL's strings, Flores has appended a new set of terms to his Letter, which again is non-responsive to the NFL's proposal and targets numerous irrelevant subjects. Flores's proposal results in over 370,000 hits, which will only grow if new custodians are added.

Personal Devices. The NFL's custodians each have work-issued devices and have confirmed they do not use personal devices for substantive work purposes.

---

[2] Even if the Commissioner personally approved employment agreements, as Flores asserts, there are no allegations connecting the provisions of Flores's contract to his discrimination claims or that this approval authority impacted Flores (or any putative class member) in any way.

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: *Daniel J. Toal*

Loretta E. Lynch
Brad S. Karp
Lynn B. Bayard
Daniel J. Toal
Brette Tannenbaum
B. Aubrey Smith
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
lelynch@paulweiss.com
bkarp@paulweiss.com
dtoal@paulweiss.com
lbayard@paulweiss.com
btannenbaum@paulweiss.com
asmith@paulweiss.com

*Attorneys for Defendant*
*The National Football League*