McCarter & English

Brian W. Carroll
Partner

T. 973-639-2020
F. 973-297-3713

bcarroll@McCarter.com

McCarter & English, LLP

250 W 55th Street, 13th Floor
New York, NY 10019

www.mccarter.com

August 18, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 18A
New York, New York 10007-1312

**Re:** ***Flores, et al. v. The National Football League, et al.*, 1:22-cv-00871-VEC-SLC**

Dear Judge Cave:

We write on behalf of Defendant New York Football Giants LLC in response to Plaintiffs' August 11, 2026 correspondence (Dkt. 336) and, specifically, Plaintiffs' request to compel discovery concerning the Giants' 2026 Head Coach hiring cycle.

Plaintiffs acknowledge at the outset that discovery should "match the scope of claims set out in the" TAC. Dkt. 336 at 1. As to the Giants, those claims arise from an 18-day period in January 2022 when the Giants considered and interviewed Brian Flores for their Head Coach position. The TAC does not even mention the Giants' 2026 Head Coach search, much less connect that search to Flores's interview four years earlier.

Unable to identify such a connection, Plaintiffs devote much of their letter to the general proposition that discovery in employment-discrimination and putative class actions may be broad. But Plaintiffs ignore that Rule 26 requires discovery to be "***proportional*** to the needs of the case" and places limits on "cumulative" discovery. Fed. R. Civ. P. 26(b)(1), (b)(2)(C); 8/14/26 Tr. 92:9-12 ("[P]roportionality is part of Rule 26, and I have a significant concern that the plaintiffs have lost sight of that, and we are going to have to take that into account because this discovery has to have limits[.]"). Indeed, nearly all the authorities cited in Plaintiffs' letter on the asserted breadth of employment-discrimination discovery predate the 2015 amendment to Rule 26, which "clarif[ied] that the scope of permissible discovery is grounded not only in relevance but also proportionality." *Hedgeye Risk Mgmt., LLC v. Dale*, 2023 WL 4353076, at *3 (S.D.N.Y. July 5, 2023). The question, therefore, is not whether the 2026 hiring cycle has some conceivable relevance; it is whether discovery into an independent hiring process four years after the one at issue is proportionate given the substantial discovery Plaintiffs will already receive. It is not.

The Giants have struck the balance Rule 26 requires by agreeing to some discovery beyond the January 2022 hiring cycle at issue. Specifically, the Giants have agreed to produce documents concerning the two preceding Head Coach hiring cycles dating back to January 1, 2018, including candidate research and interviews, meeting notes and logs, and internal deliberations. The Giants have also agreed to produce, *inter alia*, any (i) communications referencing race, ethnicity, color, race discrimination, and the representation of Black individuals in connection with their consideration of Head Coach candidates; (ii) formal complaints or reports alleging race

discrimination or retaliation relating to Head Coach hiring;[1] and (iii) Rooney Rule materials over an eight-year period. The Giants are providing ESI from corporate emails, text messages on corporate devices,[2] hard and shared drives, as well as responsive hard-copy documents. This extensive, multi-year discovery covers multiple Head Coach hiring cycles and subjects extending well beyond the brief period giving rise to Flores's individual claim.[3]

Despite the Court's explicit directions (8/4/26 Tr. 90:1-2), Plaintiffs offer no meaningful justification for further expanding discovery. Instead, Plaintiffs simply state: "The Giants' 2026 hiring cycle is discoverable for the same reasons: whether practices tracked earlier cycles and those of other teams, and whether the Giants meaningfully considered Black candidates is relevant to the class claims." Dkt. 336 at 7. That half-hearted assertion identifies neither a feature of the 2026 cycle bearing on Flores's 2022 discrimination claim nor any non-cumulative evidence unavailable from the earlier cycles already within discovery.

Plaintiffs' position additionally lacks any limiting principle. Every subsequent hiring cycle could theoretically be compared to an earlier cycle, and Plaintiffs could always assert an interest in determining whether Black candidates were "meaningfully considered." If that were sufficient, every Head Coach search while this case remains pending could be added to the discovery pool, regardless of its temporal distance from the challenged decision. As this Court has recognized, however, courts must "limit the time period to one that is proportionate to the needs of the case." *Delancey v. Wells*, 2025 WL 1009415, at *4 (S.D.N.Y. Apr. 4, 2025) (noting complaints postdating a plaintiff's departure would have "marginal bearing" on the issues). Here, the 2026 search was an independent process four years after the challenged hiring decision, and Plaintiffs will already receive comparative discovery from two earlier cycles.

The cases cited by Plaintiffs do not establish otherwise. Plaintiffs' principal case, *Chen-Oster v. Goldman, Sachs & Co.*, recognized that even in a pattern-or-practice case discovery may "go[] too far" and declined to compel discovery concerning employees outside the departments at

---

[1] Plaintiffs separately seek race-discrimination complaints by non-coach team employees. Dkt. 336 at 2-3. But as this Court emphasized, "the claims here are by individuals who didn't get head coaching jobs" and discovery should therefore be "focused on the head coaching" and "the coach hiring process," not "every incident of racial discrimination that may have happened throughout the entire NFL organization" and teams. 8/4/26 Tr. 21:25-22:15. The Giants' agreement to produce complaints relating to Head Coach hiring tracks that guidance.

[2] Although Plaintiffs still seek text messages from custodians' personal devices (Dkt. 336 at 5), the Court has explained that a personal-phone search requires "some evidence that the person used their personal phone for communications related to this case or related to their job." 8/4/26 Tr. 69:2-3. The Court should decline Plaintiffs' invitation to decide this issue absent that threshold showing. *Volpe v. Ryder*, 2022 WL 4329475, at *4 (E.D.N.Y. Sept. 19, 2022) ("[S]ome evidence that [the custodian] used his personal cell phone for work or work-related texts is required.").

[3] Plaintiffs attempt to obscure the breadth of discovery the Giants have agreed to produce through an incomplete presentation of the parties' search-term negotiations. The chart attached to Plaintiffs' submission (Dkt. 336-2 at 8) does not fairly reflect the Giants' actual search proposal. Before Plaintiffs filed their August 11 letter, the Giants served a detailed counterproposal, a copy of which is attached as Exhibit A.

issue where the potential evidentiary value was too attenuated. 293 F.R.D. 557, 564, 567-68 (S.D.N.Y. 2013). *Sprint/United Management Co. v. Mendelsohn* likewise held that the relevance of other alleged employment discrimination depends on "how closely related the evidence is to the plaintiff's circumstances and theory of the case." 552 U.S. 379, 388 (2008). Nor does *Wal-Mart Stores, Inc. v. Dukes* establish an entitlement to every employment decision bearing on a putative class theory. 564 U.S. 338, 355-57 (2011) ("In a company of Wal–Mart's size and geographical scope, it is quite unbelievable that all managers would exercise their discretion in a common way without some common direction. Respondents attempt to make that showing by means of statistical and anecdotal evidence, but" fall "well short.").[4]

* * *

Accordingly, the Giants respectfully request that the Court deny Plaintiffs' request to compel the additional discovery sought from the Giants.

Respectfully submitted,

*s/ Brian W. Carroll*

Brian W. Carroll

cc: All Counsel of Record (via ECF)

---

[4] Plaintiffs' reliance on hit reports does not cure the threshold relevance problem. Dkt. 336 at 5. A hit report may inform burden for an otherwise relevant search, but it does not establish relevance. *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*—which Plaintiffs also cite—recognized that the requesting party bears the initial burden of demonstrating relevance and denied additional ESI discovery where plaintiffs failed to establish that certain additional custodians would yield unique relevant information not already captured by existing discovery. 297 F.R.D. 102, 107-08 (S.D.N.Y. 2013).