Reynolds Frizzell LLP

August 18, 2026

***Via ECF***
The Honorable Sarah L. Cave
Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007-1312

Re: *Flores, et al. v. The National Football League, et al.*; No. 22-00871 (VEC) (SLC)

Dear Judge Cave,

We write on behalf of the Texans to address the Court's request for briefing following the August 4, 2026 conference.

**I. <u>Scope of Discovery</u>**

Discovery as to the Texans should be limited to the 2022 head coach hiring cycle during which Plaintiff Brian Flores (the only Plaintiff with claims against the Texans) interviewed with the Texans and from which his retaliation claim against the Texans arises. Although Plaintiff asserts claims for disparate impact and disparate treatment against the Texans, these are not supported by any specific facts in Plaintiff's operative Complaint. *See generally* ECF 287. Further, Plaintiff appears to have abandoned at least part of the latter by failing to respond to the Texans' relevant Motion to Dismiss arguments.

Plaintiff's failure to plead facts related to these non-retaliation claims is unsurprising because there are none: the Texans' last four head coaches, including all hired during the time period Plaintiff seeks for discovery and the coach hired instead of Plaintiff in 2022, are members of the same protected class as Plaintiff. There are no allegations that the Texans conducted any sham Rooney Rule interviews of Plaintiff, and Plaintiff has no claims that he was improperly terminated against any Defendant currently subject to discovery.

Yet Plaintiff contends he is entitled to broad discovery from the Texans wholly unrelated to his pleaded claims[1] because he has "plead[ed] that Black coaches are subject to heightened scrutiny, leading to shorter tenures, which poison candidates in the market and damage perceptions of Black coaches leaguewide."[2] Plaintiff thus characterizes his discovery requests as part of pattern and practice discovery (and related class discovery) seeking evidence of "whether there are practices common to all teams and whether 'a common mode of exercising discretion' exists."

Plaintiff's requests for discovery outside of the 2022 hiring cycle can only be characterized as an impermissible fishing expedition, given the absence of any specific allegations against the

[1] The Texans have agreed to produce formal, non-privileged complaints of racial discrimination (asserted by anyone and dating back to 2018) against its 2022 head coach hiring cycle decision-makers.
[2] The Texans' current head coach has been in that role since 2023.

1100 Louisiana, Suite 3500 | Houston, Texas 77002 | Office: (713) 485-7200 | Fax: (713) 485-7250 | reynoldsfrizzell.com

Texans tied to the discovery sought. *See In re Alper Holdings, Inc.*, 398 B.R. 736, 754 (S.D.N.Y.2008). As courts recognize, "class discovery must. . . be proportional to the needs of the case and bear some relationship to the claims of the named Plaintiff[.]" *Flores v. Stanford*, 2021 WL 4441614, at *5 (S.D.N.Y. Sept. 28, 2021) (internal quotations omitted). Here, evidence about "shorter tenures" for Black coaches is fundamentally related to termination, and (again) Plaintiff has no termination-based claim against any Defendant currently subject to discovery.

Plaintiff characterizes the NFL as responsible for promulgating and managing the alleged practices at issue, *see, e.g.*, TAC ¶ 123, and the NFL agreed to produce documents concerning those topics. Thus, discovery from the Texans outside of the 2022 head coach hiring cycle would be unduly burdensome. *Benavides v. Serenity Spa NY Inc.*, 166 F.Supp.3d at 490–91 (S.D.N.Y. 2016) (pre-class-certification discovery must protect defendants from discovery that is "overly burdensome, irrelevant, or which invades privileged or confidential areas").

Moreover, courts "must limit discovery if. . .  the discovery sought is. . . obtainable from some other source that is more convenient, less burdensome, or less expensive[.]" *Youngblood v. Family Dollar Stores, Inc.*, 2011 WL 1742109, at *1 (S.D.N.Y. Jan. 5, 2011) (internal quotations omitted). Plaintiff seeks this discovery for statistical and anecdotal evidence to determine whether the Texans' hiring process is common to other teams. But he has not explained why the evidence available from the NFL is insufficient or why anecdotal evidence from the Texans is necessary. *Kassman v. KPMG LLP*, 416 F.Supp.3d 252, 281 (S.D.N.Y. 2018) (anecdotal evidence is relevant but "not required' to show policy of intentional discrimination). The requested discovery is therefore disproportionate.

## II. <u>Search Terms</u>

Plaintiff attempts to put the cart before the horse by demanding hit counts before the search terms have been appropriately narrowed. It is Plaintiff's burden to first "demonstrat[e] relevance to justify expanding the discovery of ESI in this case[.]" *Fort Worth Emp. Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 104 (S.D.N.Y. 2013) (declining plaintiff's suggestion that defendant must first show the search protocol would yield irrelevant documents).

Plaintiff's proposed search terms utterly fail to meet this standard. They bear no relation to the claims asserted against the Texans; the appropriate course is to first tie the search terms to the claims (including resolving certain issues related to scope of discovery), and then run hit counts to determine whether those terms are overbroad.

In the interest of advancing discovery, we have enclosed comments to Plaintiff's proposed search terms, reserving the right to further modification and negotiation after the scope of discovery has been determined.

## III. <u>Disputed Custodians</u>

Plaintiff claims that "[t]he Texans offer no explanation why they cannot search [Janice McNair's] corporate ESI." That assertion is puzzling given that Plaintiff has never actually *sought*

an explanation. On May 20, Plaintiff first proposed Mrs. McNair as a corporate custodian. On June 1, we expressly offered to confer regarding this issue and did not agree to her inclusion. The next day, we informed Plaintiff that Mrs. McNair would be represented in her personal capacity by separate counsel. Plaintiff never took us up on our offer to confer. Nor did Plaintiff raise the issue in the July 2 status update to Judge Caproni, during the July 8-9 in-person meet and confer, or in the July 15 letter to Judge Caproni summarizing remaining discovery disputes. Indeed, Plaintiff's inclusion of Mrs. McNair in a set of proposed search terms received shortly before the August 4 hearing was the first suggestion that Plaintiff continues to believe Mrs. McNair should be designated as a Texans' custodian.

We believe it is unlikely that Mrs. McNair possesses unique responsive ESI that would not be captured through the other agreed-upon custodians. *Fort Worth Emp. Ret. Fund*, 297 F.R.D. at 107. Plaintiff should therefore explain what specific category of unique, responsive information he believes Mrs. McNair possessed that would justify imposing an additional, duplicative custodian search.

**IV. <u>Texts</u>**

Plaintiff's letter suggests that all Defendants declined to collect text messages. However, to the extent phones are in the Texans' possession, custody, or control, the Texans have agreed to produce responsive text messages from phones used for work and to spot check personal phones.

**V. <u>Summary Hiring Process Documents</u>**

Your Honor asked whether a summary set of documents with respect to previous head coach hiring cycles existed, such as a candidate list or a final memo about how hiring decisions were ultimately made.

As detailed during the August 4 conference, candidates for each head coach hiring cycle are publicized, and the NFL agreed to produce relevant communications with teams regarding each team's head coach hiring cycles from 2018 to present, which would presumably include reporting to the league on candidates interviewed. To date, the Texans have not identified official, summary-style documents reflecting the sought-after information. However, the Texans continue to inquire as to the existence of such a document and will update the Court during the August 21 conference.

Respectfully submitted,

**REYNOLDS FRIZZELL LLP**

Jean C. Frizzell

Enclosure: Texans' Comments on Plaintiff's Proposed Search Terms