WIGDOR.

**Russell L. Kornblith**
rkornblith@wigdorlaw.com

August 19, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

Re: *Flores, et al. v. The National Football League, et al.*; No. 22 Civ. 00871 (VEC)

Dear Judge Cave,

Brian Flores's race-discrimination and retaliation claims turn on whether race and/or protected conduct played a role in the decisions of the Broncos, Giants, and Texans to subject him to sham interviews and/or not hire him. And his claims for reputational harm are measured by NFL insiders and potential employers' opinions of him and the reasons therefore. Neither inquiry turns on as-yet-unknown facts Defendants now speculate are contained in his personnel files. Defendants' proposal for broad discovery into Flores's personnel files—current, subsequent and present—although couched in the language of reputation, is, in fact, a fishing expedition for after-acquired evidence.

Courts overwhelmingly reject such inquiries on relevance grounds (and to prevent harassment of anti-discrimination plaintiffs). *See Gambale v. Deutsche Bank AG*, 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003) ("[T]he dispositive factor here is the weakness of the defendants' claims as to relevance."); *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2016 WL 11673310, at *5 (E.D.N.Y. Mar. 31, 2016) (finding prior-employer personnel records irrelevant to discrimination claims and circumscribing discovery of post-employment records). As succinctly put by one court in this district:

> Simply put, the issue here is whether [defendant's] decision-making as to Plaintiffs was based on valid considerations or whether it was influenced by [impermissible] bias. On the record before the Court, Plaintiffs' prior work histories have nothing to do with that.

*Vuona v. Merrill Lynch & Co.*, 2011 WL 5553709, at *9 (S.D.N.Y. Nov. 15, 2011) (further noting that defendant presumably retained access to the bases for its decisions, obviating need for discovery).

That Defendants here frame their request as an inquiry into reputational harm does not alter this calculus. Defendants speculate that Flores damaged his own reputation by his conduct while employed by the Dolphins. But testing this hypothesis does not require ascertaining whether Flores's personnel files at every employer contain negative information. Indeed, if any such negative information remains confidential, it is irrelevant to his reputation, and if it is known, Defendants do not need all of Plaintiff's records to substantiate it.

Plaintiff's reputation must instead be assessed by asking others in the industry what they understand Flores's reputation to be and why. Defendants are not entitled to a fishing expedition in search of heretofore-unknown adverse evidence in hopes of uncovering new bases to damage Flores's reputation and exculpate them—i.e. after-acquired evidence. *See Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (rejecting defendant's argument that plaintiff's prior employment records would offer after-acquired evidence and undermine credibility, by proving he lied on employment application); *Walker v. H & M Henner & Mauritz, L.P.*, 2016 WL 4742334, at *1 (S.D.N.Y. Sept. 12, 2016) ("A former employer's 'belief' that it 'may' have an after-acquired evidence defense…does not warrant the sort of discovery proposed here."); *Peddy v. L'Oreal USA, Inc.*, 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019) (holding "speculation" does not justify intrusion into prior employment relationships). Likewise, speculation that this discovery may undermine Flores's credibility fails to justify discovery. *See Guercia v. Equinox Holdings, Inc.*, 2013 WL 2156496, at *5 (S.D.N.Y. May 20, 2013) (holding employment records of "[l]ittle [v]alue" to credibility); *Rodriguez*, 2016 WL 11673310, at *4 (holding "perceived incongruity" insufficient to justify prior-employment discovery).

The proposed discovery would also damage Flores. Courts recognize "the direct negative effect that disclosures of disputes with past employers can have…on a person's current and future employment prospects." *Gambale*, 2003 WL 115221, at *1 (quoting *Conrod v. Bank of New York*, 1998 WL 430546, at *2 (S.D.N.Y. July 30, 1998)). That Defendants presently seek this information from Flores himself does not mitigate this chill. Teams will be reluctant to hire Flores if they know that interactions with him will be subject to scrutiny—including by on-the-field competitors. *See Henry*, 2016 WL 303114, at *2 (finding "legitimate concern" that employment prospects "might well be adversely affected by the fact that [third-party employment] records had been subpoenaed"); *Guercia*, 2013 WL 2156496, at *4 (expressing concern for plaintiff's reputation in the industry).

When courts do allow discovery around other employers, they reject "wholesale disclosure of a plaintiff's employment history [a]s not 'proportional to the needs of the case' absent some additional showing of relevance." *Graham v. Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs.*, 2025 WL 1168243, at *3 (N.D.N.Y. Apr. 22, 2025). "It may be that there are certain limited categories of documents in Plaintiff's employment file…that are relevant to claims or defenses in this case. However, it is not incumbent on the Court to craft specific requests for Defendants." *Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 374-75

(S.D.N.Y. 2021).[1] Courts thus reject unfocused requests for "personnel files, disciplinary files, and any other employment documents or records," such as Defendants here propose. *See Henry*, 2016 WL 303114, at *2.

Defendants' authorities do not compel a different outcome. *Luck v. University of San Diego*, 2014 WL 7111950 (S.D. Cal. Oct. 3, 2014) and *Marquardt v. McDonough*, 2024 WL 3857546 (W.D. Wis. Aug. 19, 2024) are out-of-circuit cases (one pro se) offering cursory analysis and no discussion of this Court's precedents. *Weber v. Multimedia Entertainment, Inc*., 1997 WL 729039 (S.D.N.Y. Nov. 24, 1997) and *Condit v. Dunne*, 225 F.R.D. 100 (S.D.N.Y. 2004) involved defamation claims and did not discuss personnel files. In *McEvoy v. Washington County*, the court found defendant's "request for McEvoy's *entire* personnel file…overbroad and must be modified." 2026 WL 161499, at *4 (D. Or. Jan. 21, 2026). Similarly, in *Ghonda v. Time Warner Cable, Inc*., the court allowed discovery because the defendant presented "independent evidence that provides a reasonable basis for it to believe" that the inquiry would bear fruit. 2017 WL 395111, at *4 & n.3 (E.D.N.Y. Jan. 27, 2017). And *Munafo v. Metropolitan Transportation Authority* considered admissibility of a report already in defendants' possession. 2003 WL 21799913, at *24 (E.D.N.Y. Jan. 22, 2003). Defendants here offer no such evidentiary basis for discovery, and speculation that discovery may yield one is insufficient. *See Peddy*, 2019 WL 3926984, at *2 (distinguishing *Ghonda*).

Respectfully submitted,

Russell L. Kornblith

---

[1] The *Alexander* court later reconsidered this ruling, because plaintiff's deposition testimony "provided an adequate factual basis for seeking these documents." 2022 WL 1125582, at *3 (S.D.N.Y. Apr. 15, 2022). Defendants here provide no such evidentiary basis.