**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRIAN FLORES,

Plaintiff,

v.

MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS,

Defendant.

No.: 22-cv-00871 (VEC) (SLC)

**SUPPLEMENTAL COMPLAINT**

**Jury Trial Demanded**

Plaintiff Brian Flores alleges in this Supplemental Complaint against Defendant Miami Dolphins, Ltd. d/b/a Miami Dolphins ("Dolphins") as follows:

## SUPPLEMENTAL FACTUAL ALLEGATIONS

1. Mr. Flores originally filed a lawsuit against the National Football League ("NFL"), Dolphins and other teams on February 1, 2022 alleging systemic race discrimination with respect to the treatment of Black Head Coaches and a culture of retaliation throughout the NFL against anyone who challenged the NFL's conduct.

2. After he filed the lawsuit, Mr. Flores predictably faced immediate retaliation when the NFL issued a public statement claiming that the allegations in his lawsuit were "without merit" within hours of the lawsuit being filed and without having done any investigation. Moreover, immediately after the lawsuit was filed, Mr. Flores was denied the Texans Head Coach job for which he had been considered a finalist and front runner.

3. While this litigation has been pending, Mr. Flores has performed exceptionally, first as a coach for the Pittsburgh Steelers, and then and now as the Defensive Coordinator for the Minnesota Vikings, leading to him being widely viewed as a leading Head Coach candidate

during each hiring cycle that has followed. However, despite Mr. Flores' experience as a Head Coach and unquestionable success as a Defensive Coordinator, he has not obtained a Head Coach job and in many cases, has not even been offered a job interview for potential Head Coach opportunities.

4. During discovery, it was revealed that an executive from a former employer (upon information and belief, from the Dolphins)[1] has bad-mouthed Mr. Flores in connection with his candidacy to become a Head Coach again. Specifically, the executive said about Mr. Flores in response to at least one inquiry that, "He may have changed since, but he was the worst hiring decision we've ever made." See Ex. A. Mr. Flores was not interviewed for a Head Coach job by the team to whom that remark was conveyed.

5. Those remarks, which appear to have been made in or around January 2025, three years removed from the end of Mr. Flores' tenure with the Dolphins, were clearly intended to interfere with Mr. Flores' ability to obtain a Head Coach job in retaliation for him having raised claims of discrimination and retaliation against the Dolphins and the NFL.

6. Moreover, the statement at issue is either objectively false or, at best, such an extreme over-exaggeration such that it was clearly intended to harm Mr. Flores. Mr. Flores' tenure with the Dolphins lasted three years in which the Dolphins enjoyed progress and a measure of success: after a first season in which he inherited a subpar team and led them to a 5-11 record, he went on to have successive winning records of 10-6 and 9-8 in 2020-21 and 2021-22, respectively.

7. Defendant's conduct constitutes continued and ongoing unlawful discrimination and retaliation in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et*

[1] Plaintiff reserves all rights to amend this Supplemental Complaint to include additional Defendants as may be necessary and/or appropriate.

*seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), Florida Private Whistleblower Statute § 448-102 ("FPWBS")

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981 and Title VII.

9. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the underlying events or omissions giving rise to the original action occurred in this district and because the protected activity engaged in by Plaintiff giving rise to this Supplemental Complaint occurred in this district.

**ADMINISTRATIVE PROCEDURES**

10. The claims set forth herein are reasonably related to those set forth in Plaintiff's initial charge filed with the Equal Employment Opportunity Commission ("EEOC") against the Dolphins. Therefore, Mr. Flores has no obligation to file a new EEOC charge to pursue the claims asserted herein. Nonetheless, out of an abundance of caution, Mr. Flores will file an additional charge with the EEOC.

11. Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

12. Plaintiff Brian Flores is a Black man and a resident of the State of Minnesota.

13. Defendant Miami Dolphins, Ltd. is a corporation that owns and operates the Miami Dolphins professional football team. Miami Dolphins, Ltd. is headquartered at 346 Don Shula Drive, Miami Gardens, FL 33056, and, through the NFL, at 345 Park Avenue, New York, NY 10154.

**<u>FIRST CAUSE OF ACTION</u>**
**(Retaliation in Violation of Title VII)**
***Against Defendant Dolphins***

14. Plaintiff repeats, reiterates and re-alleges each and every allegation in the Third Amended Complaint and in this Supplemental Complaint as if fully set forth herein.

15. By the actions described above, Defendant Dolphins retaliated against Plaintiff based on his protected activities in violation of Title VII.

16. As a direct and proximate result of Defendant Dolphins' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, economic damages, loss of opportunity, loss of reputation and mental anguish for which he is entitled to an award of damages.

17. Defendant Dolphins' unlawful discriminatory actions constitute reckless, malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

**<u>SECOND CAUSE OF ACTION</u>**
**(Retaliation in Violation of Section 1981)**
***Against Defendant Dolphins***

18. Plaintiff repeats, reiterates and re-alleges each and every allegation in the Third Amended Complaint and in this Supplemental Complaint as if fully set forth herein.

19. By the actions described above, Defendant retaliated against Plaintiff based on his protected activities in violation of Section 1981.

20. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, economic damages, loss of opportunity, loss of reputation and mental anguish for which he is entitled to an award of damages.

21. Defendant's unlawful discriminatory actions constitute reckless, malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**(Retaliation under the Florida Private Whistleblower Statute)**
***Against Defendant Dolphins***

22. Plaintiff repeats, reiterates and re-alleges each and every allegation in the Third Amended Complaint and in this Supplemental Complaint as if fully set forth herein.

23. By the actions described above, Defendant Dolphins retaliated against Plaintiff based on his protected activities in violation of the FPWBS.

24. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FPWBS, Plaintiff has suffered, and continues to suffer, economic damages, loss of opportunity, loss of reputation and mental anguish for which he is entitled to an award of damages.

25. Defendant's unlawful discriminatory actions constitute reckless, malicious, willful and wanton violations of the FPWBS for which Plaintiff is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enters judgment in his favor and against Defendant for the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States;

B. An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate Plaintiff for all monetary and/or economic damages;

C. An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate Plaintiff for all non-monetary and/or compensatory damages;

D. An award of punitive damages in an amount to be determined at trial;

E. Pre- and post-judgment interest on all amounts due;

F. An award of Plaintiff's reasonable attorneys' fees and costs; and

G. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: August 21, 2026
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: ______________________________

Douglas H. Wigdor
Michael J. Willemin
David E. Gottlieb
Russell L. Kornblith
Daniel J. Altaras
Noah Jacobs

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
dgottlieb@wigdorlaw.com
rkornblith@wigdorlaw.com
daltaras@wigdorlaw.com
njacobs@wigdorlaw.com

*Counsel for Plaintiff*

- and -

**ELEFTERAKIS, ELEFTERAKIS & PANEK**

By: ___________/s/________________
John Elefterakis
Nicholas Elefterakis
Raymond Panek
Johnson Atkinson

80 Pine Street, 38th Floor
New York, New York 10005
Telephone: 212-532-1116
Facsimile: 212 532-1176

*Counsel for Plaintiff*