BLANKROME

1271 Avenue of the Americas | New York, NY 10020

***Phone:*** ***(212) 885-5345***

***Email:*** ***Andrew.Hambelton@blankrome.com***

September 17, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Court – Southern District of New York Courthouse
500 Pearl St.
New York, NY 10007–1312

Re: *Brian Flores et al., v. The National Football League*
Civil Action No. 22-cv-871 (VEC)

Dear Judges Caproni and Cave[1]:

Plaintiff's response in opposition ("Plaintiff's Response") to third-party Korn Ferry's application to seal Exhibit A (Dkt. Nos. 340-41) should be denied, and Exhibit A should remain sealed for the following reasons.

This court has found that narrowly tailored requests to seal documents containing "sensitive business information from non–parties" are appropriate. *See Jackpocket, Inc. v. Lottomatrix* NY LLC, No. 22-CV-5772 (LJL), 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022). And, "the privacy interest of a non–party is a 'venerable common law exception to presumption of access'" *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14CV09764KPFSN, 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018) (citing *United States v. Amodeo*, 71 F.3d 1044, 1951 (2d Cir. 1995) (finding that continued redaction/sealing of sensitive business information of non-parties, obtained via subpoena, was appropriate); *see also Mirlis v. Greer*, 952 F.3d 51, 65 (2d Cir. 2020) (noting that innocent third parties' privacy interests are weighed heavily in the court's balancing equation). At a minimum, courts recognize that an applicant's interest in protecting business information that might harm its competitive standing may be sufficient to defeat the presumption of public access. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 CIV. 2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008).

Here, Korn Ferry has narrowly tailored its request for continued sealing to one-page of text contained in Exhibit A, which contains sensitive business information compiled from confidential sources for the purpose of executing a confidential search engagement. Korn Ferry is not a party

[1] The sealing of the Supplemental Complaint appears to be before Judge Cave and the sealing of exhibits to the motion to dismiss appears to be before Judge Caproni. *See* Dkt. Nos. 313, 346.

to this proceeding, and as an innocent third party, its privacy interests in protecting its work in executing a confidential search engagement, which is fundamental to Korn Ferry's business, should outweigh any presumption of public access. *See Jackpocket, Inc*., 2022 WL 17738779, at *2; *Royal Park Invs. SA/NV*, 2018 WL 739580, at *18.

The case law Plaintiff cites in his Response is inapposite and supports Korn Ferry's position that it has a valid privacy interest in Exhibit A because it contains non–public information, and that interest should outweigh any presumption to public access. In *Olson v. Major League Baseball*, when weighing the presumption of privacy for an internal MLB investigation letter, the court found that the privacy interest of MLB was "modest at best" because **the internal investigation letter had been made public** through a MLB press release. *Id.* at 455. The court also found that MLB's argument that disclosure would undermine its ability to conduct future internal investigations was contradicted by the fact that **the investigation was made public** by the MLB through a press release. *Id.* at 456. Similarly, in *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164 (E.D.N.Y. 2024), TileBar moved to seal two documents attached to the parties' motion to dismiss briefing related to TileBar's business portfolio. The court rejected the request, finding that a **majority of the information sought to remain sealed was publicly accessible** on TileBar's website and social media. *Id.* at 210. *Olson* and *TileBar* are distinct from the facts of Korn Ferry's application because the material in Exhibit A has never been, and will never be, made public by Korn Ferry. Exhibit A contains information compiled from confidential sources pursuant to a confidential candidate search and engagement agreement with a Korn Ferry client. Korn Ferry compiled this information solely to report it to the client, and it was never intended to be publicly accessible, and it has not been publicly disclosed.

Plaintiff also cites *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663 (S.D.N.Y. 2019), which is additionally distinguishable from Korn Ferry's application. In *Next Caller Inc*., the defendant sought to seal all filings on the docket and, in support of this request, cited only confidential business interactions and general competition concerns without specification. *Id.* at 667. In this matter, Korn Ferry is not requesting to seal any docket filings (including the relevant pleadings) apart from Exhibit A, a one-page document referenced in the Supplemental Complaint. And, Korn Ferry's concerns regarding its confidential client and business relationships are concrete and specific: Korn Ferry signed a confidential search engagement agreement with its client, the Las Vegas Raiders. Korn Ferry conducted a confidential candidate search for that client. Korn Ferry collected and presented information from confidential sources, under the presumption that such information would remain confidential and would not be publicly disclosed. Korn Ferry's clients engage Korn Ferry to conduct similar types of confidential candidate searches every day, and the clients rely on Korn Ferry's commitment to keep those searches confidential. If Exhibit A were to be publicly available, it would certainly give Korn Ferry's sources apprehension that future searches would be made public and thus have a deterrent effect on those sources' willingness to speak openly and candidly with Korn Ferry. That would have a detrimental effect on Korn Ferry's ability to conduct confidential, high profile candidate search engagements for its clients.

Finally, whether the limited information from Exhibit A that Korn Ferry requests remain sealed is purportedly "discriminatory" or "retaliatory," such that it supports and is relevant to Plaintiff's claims in the Supplemental Complaint, has no bearing on whether Korn Ferry is legally entitled to have Exhibit A remain under seal. *See* Plaintiff's Response p. 3, ¶6. And, Plaintiff's assumption that Korn Ferry is concerned the information in Exhibit A may be "embarrassing" or "reputationally" harmful is just that – an unsupported assumption. *See id.* Korn Ferry does not argue that Exhibit A should remain sealed because it would be "embarrassing." Rather, Korn Ferry properly moves for Exhibit A to remain under seal because the information contained therein is non-public, confidential information of a third–party and public disclosure of this information would undermine and impact Korn Ferry's ability to conduct confidential searches and gather confidential information for its clients as part of its search engagements.

Korn Ferry is narrowly limiting this request to Exhibit A, a one-page document, based on the above confidentiality concerns. Accordingly, for the specific and tailored reasons stated herein, Korn Ferry respectfully requests that Exhibit A remain under seal.

Respectfully Submitted,

*/s/ Andrew T. Hambelton*
Andrew T. Hambelton
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, New York 10020

cc: All Counsel of Record