**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRIAN FLORES, STEVE WILKS and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated,

Plaintiffs,

- against -

THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE TITANS and JOHN DOE TEAMS 1 through 26,

Defendants.

Case No. 22-cv-00871 (VEC) (SLC)

**DEFENDANT NEW YORK FOOTBALL GIANTS, INC., N/K/A NEW YORK FOOTBALL GIANTS LLC'S OPPOSITION TO PLAINTIFF'S RULE 72(A) OBJECTIONS TO MAGISTRATE JUDGE CAVE'S AUGUST 28, 2026 ORDER**

**McCARTER & ENGLISH, LLP**
250 W. 55th Street, 13th Floor
New York, New York 10019
(212) 609-6800

*Counsel for Defendant*
*New York Football Giants, Inc.,*
*n/k/a New York Football Giants LLC*

Dated: September 25, 2026

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ........................................ 1

ARGUMENT ........................................ 2

I. THE ORDER REASONABLY LIMITS DISCOVERY INTO THE GIANTS' 2026 HIRING CYCLE ........................................ 3

II. THE LIMITATIONS ON OTHER DISCRIMINATION COMPLAINTS ARE NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW ........................................ 6

III. THE ORDER REASONABLY DECLINES PLAINTIFF'S REQUEST FOR KAEPERNICK AND GRUDEN SEARCHES ........................................ 8

CONCLUSION ........................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpex Computer Corp. v. Nintendo Co., Ltd.*,
1992 WL 51534 (S.D.N.Y. Mar. 10, 1992) ....................2

*Chen-Oster v. Goldman, Sachs & Co.*,
293 F.R.D. 557 (S.D.N.Y. 2013) ....................1, 2, 6, 7, 10

*Dupres v. Houslanger & Associates, PLLC*,
2021 WL 2373737 (E.D.N.Y. June 9, 2021) ....................9, 10

*Elisa W. by Barricelli v. City of New York*,
2018 WL 6695278 (S.D.N.Y. Dec. 20, 2018) ....................4

*Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*,
2024 WL 1436133 (S.D.N.Y. Mar. 22, 2024) ....................4

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016)....................5

*Parker v. Time Warner Ent. Co., LP*,
331 F.3d 13 (2d Cir. 2003)....................5

*Radio Music License Comm., Inc. v. Broad. Music, Inc.*,
347 F.R.D. 269 (S.D.N.Y. 2024) ....................10

*Thompson v. Keane*,
1996 WL 229887 (S.D.N.Y. May 6, 1996) ....................2

*Vaigasi v. Solow Mgmt. Corp.*,
2016 WL 616386 (S.D.N.Y. Feb. 16, 2016)....................8

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)....................5

*Wandering Dago Inc. v. New York State Off. of Gen. Servs.*,
2015 WL 3453321 (N.D.N.Y. May 29, 2015)....................4

*Winfield v. City of New York*,
2018 WL 840085 (S.D.N.Y. Feb. 12, 2018)....................5

**Statute**

28 U.S.C. § 636(b)(1)(A)....................2



ME1\63059883.v2

**TABLE OF AUTHORITIES**
**(*Continued*)**

**Page(s)**

**Rules**

Fed. R. Civ. P. 23 ....... 5, 7, 8

Fed. R. Civ. P. 26 ....... 4, 7, 8

Fed. R. Civ. P. 72(a) ....... 1, 2, 11

**PRELIMINARY STATEMENT**

Plaintiff Brian Flores's objections should be overruled because they identify no clear error or legal defect in Judge Cave's carefully tailored discovery rulings. After multiple rounds of briefing and discovery conferences, Magistrate Judge Cave authorized substantial discovery tailored to the claims at issue and explained why the additional discovery sought by Plaintiff exceeded what was warranted. Her August 28, 2026 Opinion & Order (Dkt. 365) (the "Order") expressly considered class certification, pattern-or-practice evidence, disparate impact, and Plaintiff's asserted need for injunctive relief. Plaintiff's disagreement with the reasonable limits Judge Cave imposed does not establish that the Order is clearly erroneous or contrary to law under Federal Rule of Civil Procedure 72(a).

The discovery authorized from the Giants illustrates the point. Although the claims against the Giants arise from a brief eighteen-day period in January 2022 when the team considered Mr. Flores and several other candidates for its vacant head coach position, the Giants have agreed to discovery encompassing, among other things, materials concerning three head-coach hiring cycles dating to 2018, as well as communications concerning race and the representation of Black individuals in head-coach hiring, any race discrimination complaints relating to head-coach hiring, and Rooney Rule materials spanning a nearly eight-year period. Judge Cave also directed the Giants to ascertain whether policies or procedures covered the 2026 hiring cycle. Order at 30. This discovery allows Plaintiff to compare hiring practices across multiple cycles and investigate the broader practice he alleges. Plaintiff's objections do not explain what material gap remains or why production of another hiring cycle's candidate files and deliberations is necessary to fill it.

As for the remaining rulings challenged by Plaintiff, Judge Cave properly weighed the discovery sought against its connection to the claims. Applying this Court's analysis in *Chen-*

*Oster v. Goldman, Sachs & Co.,* 293 F.R.D. 557 (S.D.N.Y. 2013), Judge Cave permitted complaint discovery tied to the challenged employment practices and declined to extend it to complaints lacking a sufficient connection. She also required the NFL to produce its race-discrimination complaint procedures. Order at 14. And although she declined Plaintiff's requests for searches concerning Colin Kaepernick and Jon Gruden, she required production of otherwise responsive documents mentioning either incident. *Id.* at 16. Each ruling preserves potentially relevant avenues of discovery while limiting additional burdens—without prematurely deciding whether Plaintiff can certify a class or prove his claims.

For these reasons and those set forth below, the Giants respectfully request that the Court overrule Plaintiff's objections and affirm Judge Cave's Order.

## **ARGUMENT**[1]

Judge Cave's Order is a nondispositive order reviewable under Federal Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Accordingly, Judge Cave's decision cannot be set aside unless it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). That standard is highly deferential and "[m]agistrate judges are given broad latitude in resolving discovery disputes[.]" *Id.* (citing *Alpex Computer Corp. v. Nintendo Co., Ltd.*, 1992 WL 51534, at *1 (S.D.N.Y. Mar. 10, 1992)). As set forth below, Plaintiff has not met this demanding standard, and his objections should be overruled.

---

1 The Giants join in the NFL's opposition to Plaintiff's Rule 72(a) objections to the extent applicable to the Giants.

## I. THE ORDER REASONABLY LIMITS DISCOVERY INTO THE GIANTS' 2026 HIRING CYCLE.

Plaintiff's claims against the Giants arise from a brief eighteen-day period in January 2022, when the Giants considered and interviewed Mr. Flores, along with several other candidates, including two other minority candidates, for its vacant head coach position. *See* Order at 29. Nevertheless, the Giants agreed to produce documents concerning the two preceding hiring cycles dating to January 2018, including materials concerning candidate research and interviews, meeting notes and logs, and internal deliberations. *See id.* The Giants also agreed to produce, *inter alia*, communications concerning race and the representation of Black individuals in head-coach hiring, any complaints or reports alleging race discrimination relating to head-coach hiring, and Rooney Rule materials over a nearly eight-year period. *See id.* Those searches encompass corporate email, text messages on corporate devices, hard and shared drives, and corporate hard-copy documents. *Id.* Although Plaintiff is dissatisfied and seeks even more discovery (*see* Obj. at 7–9), Judge Cave found that Plaintiff has not been "very realistic about what's not overly broad and unduly burdensome and what is really necessary . . . to prove [his] case." Sept. 9 Tr. at 13:2–4 (Dkt. 375). She also observed that Plaintiff has "lost perspective on how to focus on what is relevant and what is achievable." Aug. 14 Tr. at 92:6–8 (Dkt. 366). By contrast, Judge Cave expressly acknowledged that the Giants' proposed discovery is "proportional and sufficiently related to Mr. Flores's claims against the Giants." Order at 30.

Indeed, the scope of discovery agreed to by the Giants gives Plaintiff a substantial basis to test his contention that the Giants' alleged treatment of Mr. Flores reflected a broader practice. The production covers the Giants' head-coach searches resulting in the hiring of Pat Shurmur in 2018 and Joe Judge in 2020, in addition to the challenged search resulting in the hiring of Brian Daboll in 2022. Aug. 21, 2026 Tr. at 90:8–15 (Dkt. 362). That enables Plaintiff to examine how

candidates were considered, how interviews were conducted, and how hiring decisions were reached across those three distinct searches. *See id.* 90:13–18.

Despite Plaintiff's desire to add yet another complete hiring cycle, he has not established that the scope of discovery already approved by Judge Cave is inadequate under Federal Rule 26. Notably, Plaintiff fails to explain why he cannot meaningfully test the pattern he alleges under the current discovery parameters. Nor does he offer any meaningful justification for expanding discovery further, much less identify any feature of the 2026 hiring cycle that would make the complete files and deliberations from that cycle uniquely probative.

Instead, Plaintiff confuses the showing necessary to obtain class certification or injunctive relief with an entitlement to the extraordinarily broad discovery he has sought. *See* Obj. at 7–9. His need to prove a recurring practice may explain why discovery is needed from the Giants beyond Mr. Flores's own interview in 2022. It does not resolve the extent of additional discovery that Rule 26 requires. As this Court has explained, "[t]he fact that particular information is relevant does not mean that its production will always be proportional to the needs of the case." *Elisa W. by Barricelli v. City of New York*, 2018 WL 6695278, at *2 (S.D.N.Y. Dec. 20, 2018); *see also Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, 2024 WL 1436133, at *3 (S.D.N.Y. Mar. 22, 2024) (same). The proportionality inquiry also considers what the requested discovery would *add* to the evidence otherwise available. *See Elisa W. by Barricelli,* 2018 WL 6695278, at *2 ("If relevance alone always rendered information discoverable, the proportionality limitation would be meaningless."); *Wandering Dago Inc. v. New York State Off. of Gen. Servs.*, 2015 WL 3453321, at *15 (N.D.N.Y. May 29, 2015) ("Discovery is never expected to be perfect, boundless nor pursued *ad infinitum*."). Here, Plaintiff does not explain what material evidentiary gap remains after discovery into three distinct hiring cycles and nearly eight years of communications concerning

race and the representation of Black individuals in head-coach hiring, as well as Rooney Rule materials, or how the additional 2026 hiring cycle materials would fill that "gap." Because it is the party moving to compel that "bears the initial burden of demonstrating relevance ***and proportionality***," Plaintiff cannot now complain, after making no such showing, that Judge Cave committed error in denying the additional and cumulative discovery he sought. *Winfield v. City of New York*, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) (emphasis added).

None of the cases cited by Plaintiff requires a different outcome. *Wal-Mart Stores, Inc. v. Dukes* addressed the requirements for class certification, not the permissible scope of discovery to establish a pattern or practice of discrimination. 564 U.S. 338, 349–60 (2011). *Parker v. Time Warner Ent. Co., LP* is likewise distinguishable. 331 F.3d 13 (2d Cir. 2003). There, the district court denied certification after it had "precluded any class discovery." *Id.* at 21. In reversing the district court's decision, the Second Circuit held that "it is likely that at least minimal class discovery must be conducted in order to provide the court with the factual information necessary to decide whether or not to certify a Rule 23(b)(2) class." *Id.* Here, the Giants have agreed to, and Judge Cave has authorized, discovery of multiple hiring cycles, and Judge Cave has made no premature determinations as to whether class certification is proper.

Plaintiff's request for prospective relief also does not alter this analysis. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016), does not hold that a claim for injunctive relief requires unrestricted discovery through the present. In addition to failing to address the scope and value of the discovery already authorized, Plaintiff also overlooks Judge Cave's direction that the Giants ascertain whether policies or procedures applied to the 2026 head-coach hiring cycle. Order at 30. Thus, the Order does not exclude the 2026 cycle altogether; it permits discovery into whether relevant policies or procedures extended to that cycle while declining to require wholesale

production of the files and deliberations related thereto. More fundamentally, the Order neither finds that the alleged practice ended nor forecloses Plaintiff from proving that it continues.[2] It simply imposes a proportional limit on document discovery.

## II. THE LIMITATIONS ON OTHER DISCRIMINATION COMPLAINTS ARE NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW.

Plaintiff's challenge to the limitation on complaints of discrimination by employees other than head coaches and head coach candidates should also be rejected. Obj. at 1–7. The NFL has agreed to produce documents concerning allegations of race discrimination by any head coach or head coach candidate. Order at 9. The scope of discovery agreed to by the Giants similarly includes any complaints or reports alleging race discrimination relating to head-coach hiring. *Id.* at 29. Although Plaintiff seeks broader complaint discovery to purportedly support class certification, Mr. Flores's individual claims, and his joint-employer and integrated-enterprise theories, Judge Cave considered each asserted purpose and reasonably concluded that the requested expansion was not warranted. *Id.* at 11–15.

Plaintiff places particular reliance on *Chen-Oster*, but that decision supports the distinctions Judge Cave drew. *See* Obj. at 3. *Chen-Oster* did not adopt a categorical rule permitting discovery of complaints wherever employees were subject to some common policy. Rather, it held that the relevance of complaints from employees outside the plaintiffs' own divisions turned on a fact-specific inquiry into "how closely related the evidence is to the plaintiffs['] circumstances and theory of the case." 293 F.R.D. at 567. On that inquiry, the court denied discovery of complaints

---

[2] By Plaintiff's logic, had the Giants maintained the same head coach in 2026, leaving 2022 as the most recent hiring cycle, Plaintiff would not be able to obtain injunctive relief based on discovery into that cycle and the preceding cycles. That would make his ability to obtain prospective relief turn on whether the Giants happened to conduct another head-coach search, rather than on whether the evidence establishes an ongoing discriminatory practice.

from employees in other divisions because the plaintiffs had not sufficiently connected those complaints to the discrimination allegedly affecting the putative class. *See id.* at 567–68. Most significantly, the court found that plaintiffs' reliance on Goldman Sachs's company-wide "360-degree review" and "forced-quartile ranking systems" did not establish that connection. *Id.* at 568.

Judge Cave applied the same fact-specific approach here. She found that League Office employees and non-coach club employees were not subject to the same hiring decision-making process as head coaches and that Plaintiff had not identified a sufficiently particularized connection between complaints arising in those settings and the alleged discrimination in head-coach hiring. Order at 13–14. Neither Plaintiff's objection nor even the Third Amended Complaint ("TAC") supplies that missing connection. Notably, Plaintiff does not attempt to identify a Giants-specific policy or practice that allegedly affected both head-coach hiring and the employment decisions underlying any additional complaints sought. Plaintiff simply argues that the NFL Constitution, Anti-Tampering Policy, and Rooney Rule extend beyond head-coach hiring. Obj. at 2–3. But, as *Chen-Oster* demonstrates, the reach of a policy alone does not establish the relevance of complaints arising in different employment settings.

Plaintiff's proportionality argument fares no better. Obj. at 6–7. Plaintiff emphasizes that the 2015 amendments merely moved the existing proportionality factors into Rule 26(b)(1), rather than imposing a new requirement. *Id.* But the Order expressly acknowledges that point. *See* Order at 14 n.3. Judge Cave began by recognizing the scope of appropriate discrimination discovery, including its importance to class certification, and then evaluated the relevance and likely value of the additional discovery sought. Order at 5–7, 11–15. Judge Cave's reliance on *Chen-Oster*, which predates the amendments, further confirms that her analysis did not depend on treating proportionality as a new requirement. *See* Order at 11–14.

Nor is proportionality confined to counting documents or estimating production costs, as Plaintiff suggests. *See* Obj. at 7.[3] Rule 26(b)(1) also directs attention to the "importance of the [proposed] discovery in resolving the issues." *See also Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality focuses on the marginal utility of the discovery sought."). Judge Cave raised that concern during the parties' discovery conferences, stating that "proportionality is part of Rule 26, and I have a significant concern that the plaintiffs have lost sight of that," Aug. 14 Tr. 92:9–10, and questioning "what is really necessary for [Plaintiff] to prove [his] case," Sept. 9 Tr. at 13:3–4. The Order reflects that assessment by allowing focused discovery responsive to Plaintiff's stated needs. *See* Order at 11–15. Plaintiff's disagreement with the weight Judge Cave assigned to the additional discovery he sought does not establish clear error.

Finally, Plaintiff's alternative request to preclude Defendants from challenging the sufficiency of his class evidence (*see* Obj. at 4) lacks supporting authority and would improperly relieve Plaintiff of his burden of proof based on reasonable discovery limitations that the Court is well within its discretion to impose.

## III. THE ORDER REASONABLY DECLINES PLAINTIFF'S REQUEST FOR KAEPERNICK AND GRUDEN SEARCHES.

Judge Cave also acted within her discretion in declining Plaintiff's request for searches specifically directed to the Kaepernick and Gruden incidents. She considered Plaintiff's contention that those events would reveal discriminatory or retaliatory animus, coordinated conduct by the NFL and club owners, and the relationship between the NFL and the clubs. Order

---

[3] Plaintiff confusingly claims that the potential burden of a broad search establishes that discrimination was a standard operating procedure. *See* Obj. at 5. But search and review burdens concern the materials that must be examined to locate responsive complaints; they do not establish the number or merits of complaints ultimately found.

at 9. She nevertheless concluded that the incidents were insufficiently related to the challenged head-coach hiring processes to justify the additional searches. *Id.* at 15–16.

The attenuated connection between both incidents and Plaintiff's claims against the Giants is clear. Kaepernick was a player for the San Francisco 49ers—a nonparty to this litigation—when he kneeled during the national anthem during the 2016 NFL season. *See id.* at 16. Kaepernick had no association with the Giants organization.[4] He was not a head coach or a head-coach candidate, and the hiring cycle underlying Plaintiff's claims against the Giants occurred in 2022—more than five years after the Kaepernick incident. *See* Order at 16; TAC ¶¶ 182–87. Mr. Flores also has not asserted a retaliation claim against the Giants (*see* TAC ¶¶ 421–83), further attenuating the relevance of Plaintiff's request for discovery concerning alleged retaliation against Kaepernick by the NFL and team owners.

Similarly, as Judge Cave observed, Gruden made offensive statements while he was an ESPN analyst, not an NFL coach. *See* Order at 16. Although those statements became public when he was the Las Vegas Raiders' head coach in 2021, Gruden subsequently resigned, and Plaintiff did not allege that the Raiders' head-coach hiring process was racially discriminatory. *Id.* at 16. Like Kaepernick, Gruden was also never associated in any way with the Giants organization.[5]

Plaintiff's characterization of these incidents as evidence of a broader discriminatory culture does not establish a sufficiently close connection to the claims at issue to warrant separate

---

4 *See* PRO-FOOTBALL-REFERENCE, *Colin Kaepernick Stats*, PRO-FOOTBALL-REFERENCE.COM, https://www.pro-football-reference.com/players/K/KaepCo00.htm (last visited Sept. 25, 2026).

5 *See* PRO-FOOTBALL-REFERENCE, *Jon Gruden Coaching Results*, PRO-FOOTBALL-REFERENCE.COM, https://www.pro-football-reference.com/coaches/GrudJo0.htm (last visited Sept. 25, 2026).

discovery into them. *See Dupres v. Houslanger & Associates, PLLC*, 2021 WL 2373737, at *2 (E.D.N.Y. June 9, 2021) ("Any class discovery must also be proportional to the need of the case and 'bear some relationship to the claims of the named Plaintiff[s].'" (alteration in original)). As *Chen-Oster* illustrates, even a pattern-or-practice theory permits distinctions between evidence bearing on the challenged employment practices and allegations arising in other settings. 293 F.R.D. at 567–68.

Judge Cave also found—and Plaintiff does not dispute—that the extensive media attention surrounding both the Kaepernick and Gruden incidents would likely generate a large volume of search hits, imposing review and production burdens disproportionate to their negligible relevance. Order at 16; *see also Radio Music License Comm., Inc. v. Broad. Music, Inc.*, 347 F.R.D. 269, 274 (S.D.N.Y. 2024) ("Even assuming, *arguendo*, that [this information] were somehow relevant to a claim or defense in this case, . . . [t]he discovery sought by [plaintiff] is, at best, a sideshow."). Most significantly, the Order requires the production of otherwise responsive documents mentioning Kaepernick or Gruden. Order at 16. The Order therefore avoids the disproportionate burden of conducting Plaintiff's broad searches to capture these incidents without foreclosing Plaintiff from obtaining Kaepernick- or Gruden-related information otherwise captured in responsive documents.

Plaintiff identifies no authority requiring Judge Cave to order these additional searches despite the incidents' limited connection to his claims, the associated review burden, and Defendants' continued obligation to produce otherwise responsive documents referencing either incident. Thus, Plaintiff's objection should be overruled.

**CONCLUSION**

For these reasons, the Giants respectfully request that the Court overrule Plaintiff's Rule 72(a) objections, deny his alternative requests for estoppel, and leave Magistrate Judge Cave's August 28, 2026 Order undisturbed.

Dated: September 25, 2026

Respectfully submitted,

By: *_/s/ Brian W. Carroll_*

Brian W. Carroll
Hugh F. Murray, III (*pro hac vice*)
Mark A. Makar
**McCARTER & ENGLISH, LLP**
250 W. 55th Street, 13th Floor
New York, New York 10019
(212) 609-6800
bcarroll@mccarter.com
hmurray@mccarter.com
mmakar@mccarter.com

*Counsel for Defendant*
*New York Football Giants, Inc.,*
*n/k/a New York Football Giants LLC*

**CERTIFICATE OF COMPLIANCE**

In accordance with Rule 7.1(c) of the Local Civil Rules of the United States District Court for the Southern District of New York, I hereby certify that this document contains 3,077 words, excluding the parts of the document that are exempted by Rule 7.1(c).

*/s/ Brian W. Carroll*
Brian W. Carroll

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on all counsel of record in this matter, on September 25, 2026.

*/s/ Brian W. Carroll*
Brian W. Carroll