UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BRIAN FLORES, STEVE WILKS and RAY HORTON, as Class Representatives, on behalf of themselves and all others similarly situated

Plaintiffs,

-v.-

THE NATIONAL FOOTBALL LEAGUE; NEW YORK FOOTBALL GIANTS, INC. d/b/a NEW YORK GIANTS; MIAMI DOLPHINS, LTD. d/b/a MIAMI DOLPHINS; DENVER BRONCOS FOOTBALL CLUB d/b/a DENVER BRONCOS; HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS; ARIZONA CARDINALS FOOTBALL CLUB LLC d/b/a ARIZONA CARDINALS; TENNESSEE TITANS ENTERTAINMENT, INC. d/b/a TENNESSEE TITANS and JOHN DOE TEAMS 1 through 26,

Defendants.

Case No. 1:22-cv-00871-VEC

**DEFENDANT HOUSTON NFL HOLDINGS, L.P. d/b/a HOUSTON TEXANS' OPPOSITION TO PLAINTIFF'S RULE 72(A) OBJECTIONS TO MAGISTRATE JUDGE CAVE'S DISCOVERY ORDER**

REYNOLDS FRIZZELL LLP
1100 Louisiana, Suite 3500
Houston, Texas 77002
(713) 485-7200

*Attorneys for Defendant Houston NFL Holdings, L.P. d/b/a Houston Texans*

Dated: September 25, 2026

Defendant Houston NFL Holdings, L.P. d/b/a Houston Texans (the "Texans") respectfully submits this Opposition to Plaintiff's Rule 72(a) Objections to Magistrate Judge Cave's Discovery Order (ECF No. 372, the "Objection").

**PRELIMINARY STATEMENT**

This dispute reaches the Court following a comprehensive, roughly two-month process conducted by Judge Cave, during which the parties filed letter briefs and participated in four separate multi-hour discovery conferences. That process was necessitated by Plaintiff's efforts to seek remarkably expansive discovery far surpassing the scope of his claims. Judge Cave has expressed concern about Plaintiff's ability to maintain "perspective" on "what is relevant and what is achievable" for discovery in this case (ECF No. 366, "Aug. 14 Tr." at 92:6–8), and her detailed, thirty-six-page Opinion and Order dated August 28, 2026 (ECF No. 365, the "Order") reflects the exercise of her broad discretion to chart an attainable and proportional path forward after weighing the parties' arguments. Plaintiff's Objection simply repackages arguments that Judge Cave properly rejected in tailoring discovery to the claims pleaded against the Texans and other Defendants.

The majority of the Objection takes issue with discovery rulings directed toward the NFL concerning Plaintiff's broad theory of discrimination across the League, despite the significant discovery to which the NFL has already agreed. As to the Texans, Judge Cave's Order recognizes that discovery must have some reasonable relationship to the unique facts actually pleaded against the Texans, whose last four of eight head coaches (including the current head coach) have been Black and who, during the relevant period, have hired head coaches only from the same protected class as Plaintiff. Plaintiff claims that, because the Texans declined to hire him in favor of Lovie Smith, an admittedly well-qualified Black candidate, following the commencement of this lawsuit

in 2022, that decision must have been retaliatory. Although Plaintiff nominally asserts claims for disparate treatment and disparate impact against the Texans, he does not (as argued in the Texans' Motion to Dismiss) identify any allegedly discriminatory act against him by the Texans or any specific Texans policy having a disparate impact. Indeed, he appears to have conceded that any claim of intentional discrimination as to the Texans is not pleaded. *See* ECF No. 355, Texans Reply ISO Motion to Dismiss at 6–7. Plaintiff's inability to plead such facts is unsurprising given the Texans' hiring record.

Thus, Judge Cave has in large part appropriately limited discovery by the Texans to materials concerning the 2022 head coach hiring cycle in which Plaintiff was a candidate. As to that 2022 hiring cycle, the Texans have agreed to provide comprehensive discovery not restricted to facts concerning the alleged claim of retaliation. Moreover, the Texans agreed months ago to produce complaints of racial discrimination against its 2022 decision-makers dating back to 2018 and were instructed by Judge Cave to investigate whether any hiring policies covered the non-2022 head coach hiring cycles. While Plaintiff continues to advocate that his claims of League-wide discrimination entitle him to subject the Texans to further discovery outside the 2022 hiring cycle, that request is untethered from any facts pleaded against Texans and disproportionate given the discovery he will already receive. The Objection comes nowhere close to establishing that Judge Cave's Order was clearly erroneous or contrary to law under the applicable standard and should be overruled.

## **ARGUMENT**

### **I. Legal Standard**

Under Rule 72(a), "[t]he party seeking to overturn a magistrate judge's decision carries a heavy burden." *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

"This standard of review is highly deferential; magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). A magistrate judge's discovery ruling is not clearly erroneous or contrary to law merely because Plaintiff would have preferred a broader scope of discovery; it must be affirmed unless it misapplies the governing law or leaves the reviewing court with a "definite and firm conviction that a mistake has been committed." *Mumin* v. *City of New York*, No. 1:23-CV-03932, 2026 WL 2620238, at *2 (S.D.N.Y. Sept. 4, 2026) (citing *Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 228 (2d Cir. 2021)).

## II. Discovery has been properly defined relative to the unique facts pleaded against the Texans.

Judge Cave appropriately focused discovery from the Texans on the 2022 head coach hiring cycle from which the alleged facts concerning the retaliation claim against the Texans arise. Order at 24. As Judge Cave acknowledges, this discovery—combined with discovery about any formal complaints of race discrimination against the 2022 decision-makers dating back to 2018 (to which the Texans agreed)—is "proportional to the needs of the case and bear[s] some relationship to" Plaintiff's claims against the Texans. *Id.* (citing *Flores v. Stanford*, No. 18-CV-2468, 2021 WL 4441614, at *5 (S.D.N.Y. Sept. 28, 2021) (internal quotations omitted)). That decision is well within the broad discretion afforded Judge Cave under Rule 72(a).

None of Plaintiff's arguments for why he is entitled to wide-ranging discovery into other Texans hiring cycles are premised on his retaliation claim against the Texans. Nor are they premised on a specific *Texans* practice, policy, or action. Instead, he argues he needs discovery about non-2022 cycles to establish a League-wide pattern of intentional discrimination and to seek

related class treatment and injunctive relief for such claims. Obj. at 7–8 (explaining that he must show that alleged discriminatory practices are the NFL's and clubs' "usual practices").

As Judge Cave recognized, this request far exceeds relevant and proportional discovery as to the Texans, even in the context of a putative class action. Flores only nominally asserts a disparate treatment claim against the Texans—as outlined in the Texans' pending Motion to Dismiss, (a) the only facts asserted by Flores about any alleged adverse employment action taken against him by the Texans concern his retaliation claim alleging another Black candidate was chosen over him and (b) his disparate treatment claim is not supported by a single specific fact about any adverse treatment of Flores or any other named Plaintiff by the Texans.[1] *See generally* ECF 287 at 20–21. As noted, the last four head coaches of the Texans have been Black, and there is no allegation in the Complaint that the Texans discriminated against any Black candidate in the process of hiring a head coach during any cycle. In response to such arguments in the Texans' Motion to Dismiss, Plaintiff appeared to concede that he has not pleaded intentional discrimination against the Texans. ECF No. 355 at 6–7; *see also* Order at 23 (noting Texans' contention of the same).

Plaintiff cites *Teamsters v. United States*, 431 U.S. 324 (1977) in an effort to avoid the import of the Texans' undisputed hiring record for head coaches. Obj. at 9–10. That case confirms why the Texans are uniquely situated in this case. In *Teamsters*, the government proved that "racial discrimination was the company's standard operating procedure" through statistics. 431 U.S. at

[1] While Plaintiff has at times indicated that his interest in broader discovery outside the 2022 head coach hiring cycle is aimed at allegedly discriminatory terminations and related class treatment for such claims, there are no termination-related claims pleaded against the Texans or any Defendant currently in discovery. *See Vuona v. Merrill Lynch and Co.*, No. 10-CV-6529, 2011 WL 5553709, at *6 (S.D.N.Y. Nov. 15, 2011) (disallowing discovery into employment decisions outside the allegations related to the employment decisions actually at issue); *see generally Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). As Judge Cave notes in her Order, Plaintiff's asserted need for broad discovery into other hiring cycles "falls short" because he "does not, and cannot, base his retaliation claims against the Texans on termination or the terms and conditions of employment as a head coach." Order at 24 (citing *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016)).

337. Black employees made up 5% of the employer's workforce but only 0.4% of its line drivers, and even in areas with substantial Black populations, every line driver was white. *Id.* The testifying individuals Plaintiff invokes recounted more than 40 specific instances of discrimination. *Id.* at 338. These were qualified applicants who sought line-drive jobs over several years, only to have their requests ignored, receive false or misleading information about requirements and application procedures, or be passed over in favor of white applicants. *Id.* Plaintiff is correct that he need not show that "*every* minority applicant failed to advance to certify a class, just a disparity[,]" Obj. at 10 (emphasis in original), but here, he does not allege a *single* instance in which the Texans passed over a qualified Black head coach candidate for an applicant in another protected class. To the contrary, the Texans' last four head coaches out of eight total (and three of six interim coaches), have all been Black. That record has no resemblance to the disparity in *Teamsters*.

Plaintiff attempts to dismiss the Texans' post-filing hires as "not dispositive" (Obj. at 10) but, even putting aside the exact number of Black coaches the Texans have hired overall, the Texans have hired *only* Black head coaches during the relevant time period, such that Plaintiff has not and cannot plead that the Texans have discriminated in head coach hiring to the detriment of Black candidates. Here, where the Texans hold a consistent record of hiring Black head coaches and in the absence of any discriminatory hiring decision pleaded, the request for discovery outside of the 2022 hiring cycle to assess possible patterns of racial discrimination is a "fishing expedition for evidence in search of a theory that has yet to be asserted." *In re Alper Holdings, Inc.*, 398 B.R. 736, 754 (S.D.N.Y. 2008).

In any event, Plaintiff has been offered discovery more than adequate for the purpose he has identified, i.e., to explore "the NFL and the teams' usual [employment policies or] practices" so that he can attempt to "establish that discrimination is the NFL and the teams' 'standard

operating procedure,'" such that "injunctive relief is merited" and for class purposes. Obj. at 7. It is already established that the NFL will produce discovery into the league-wide policies concerning head coach hiring not limited to any one hiring cycle, in addition to its communications with the teams regarding head coach hiring, documents related to any supposed "control" over teams' hiring cycles in the proposed class period, and league-wide demographic data concerning the head-coach hiring candidates and hirees. *See* ECF No. 356 ("Aug. 4 Tr.") at 26–28, 64; Aug. 14 Tr. at 69–70.

Moreover, as the Objection fails to acknowledge, the Texans have already offered to provide—in addition to comprehensive discovery concerning the 2022 head coach hiring cycle—formal complaints of race discrimination against the 2022 decision makers going back to 2018. Likewise, the Texans were instructed by Judge Cave to determine whether they had hiring policies governing the head coach hiring cycles not currently subject to other discovery. Order at 24. The Objection inaccurately asserts that "the Texans represented at the September 9, 2026, conference that they have been unable to so ascertain" "whether they have the same policies and procedures in place in other cycles." Obj. at 8. At the September 9 conference, the Texans' counsel explicitly stated that they had "not been able to identify any. . . *one written policy document* that exists as [to] those other hiring cycles" and instead offered to answer an interrogatory as to how those hiring cycles were conducted. ECF No. 376 ("Sept. 9 Tr.") at 87:10–14; *id.* at 89:7–16 (emphasis added). Plaintiff has not yet responded to that proposal, but Judge Cave has considered Plaintiff's argument that he needs discovery into policies applicable to the class period and directed a proportionate inquiry in response. Combined with the discovery described above, this approach is well within Judge Cave's discretion, and Plaintiff has not identified why the current state of discovery ordered and agreed is insufficient for the purpose he has identified or why his proposed additions would be proportional. *See Johnson v. United States*, 832 F. Supp. 3d 290, 296 (S.D.N.Y. 2026) (the

moving party "must articulate a concrete linkage between the discovery sought and the claims or defenses asserted in the case" and "has the initial burden to prove relevancy and proportionality") (citation omitted).[2]

Indeed, the notion that the Texans should be ordered to submit to expansive discovery on cycles outside of 2022 merely to help establish the existence of common practices on which the NFL is already offering discovery exemplifies Plaintiff's repeated inability to adhere to any limiting principles or notions of proportionality during this process. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490–91 (S.D.N.Y. 2016) (pre-class-certification discovery must protect defendants from discovery that is "overly burdensome, irrelevant, or which invades privileged or confidential areas"); *Youngblood v. Family Dollar Stores, Inc.*, No. 09-CV-3176, 2011 WL 1742109, at *1 (S.D.N.Y. Jan. 5, 2011) (Courts must limit discovery if "the discovery sought. . . is obtainable from some other source that is more convenient, less burdensome, or less expensive[.]") (internal quotations omitted).

Likewise, to the extent Plaintiff argues he is entitled to discovery from the clubs outside the 2022 cycle due to his disparate impact claim, he has failed to establish clear error or legal mistake under Rule 72. Plaintiff asserts he needs this discovery to "show that NFL-implemented 'employment policies or practices that are neutral on their face and were not intended to discriminate have nevertheless had a disparate effect on the protected group,' warranting 'prospective class-wide injunctive relief.'" Obj. at 7. However, this very argument concedes that any purported "policies" into which he seeks discovery are "NFL-implemented," and he is already receiving substantial discovery into NFL policies.

---

[2] Plaintiff asserts that, if his positions are not accepted, Defendants should be "estopped" from making certain substantive arguments in this case, such as that their current hiring processes differ from those in place when he was a candidate. Obj. at 4. Plaintiff cites no support for this proposition, which is merely an attempt to transform reasonable discovery limitations into a leg up in meeting the burden on his claims.

## III. <u>The current scope of complaint discovery is likewise appropriate.</u>

Plaintiff also argues that the limitation of discovery to "complaints by any head coach or head coach candidate alleging race discrimination" is error, Obj. at 1, and argues that, under *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011),[3] "complaints of systemic discrimination and complaints from NFL-team employees, such as players, coaches, and candidates" are relevant to determining whether there is a "common, discriminatory mode of exercising discretion." Obj. at 2.

This portion of the Objection does not appear to take issue with the Texans' scope of discovery. As noted above and in Judge Cave's Order, prior to the parties' appearance before Judge Cave, the Texans agreed to produce formal complaints of race discrimination against the 2022 decision-makers from 2018 to present, regardless of whether the complainants were a head coach or head coach candidate. Order at 24. Thus, the Texans have agreed to provide this non-head-coach discovery on common decision-makers and intend to abide by that agreement. Challenges to the Order's reasoning that complaints by non-head coaches need not be produced (Obj. at 3 (citing Order at 13)) therefore do not appear directed toward the Texans.

In any event, additional complaints outside the 2022 hiring cycle against other decision-makers would not be relevant or proportional as to the Texans. Even when evidence of discrimination against employees other than a plaintiff is offered as background to an individual discrimination claim, its relevance "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). Here, Plaintiff has not pleaded a single fact alleging *any* discriminatory hiring against the Texans (in the head coach context or

[3] *Wal-Mart* concerns class certification requirements, not the appropriate scope of discovery considering relevance and proportionality.

otherwise). Requests for discovery into non-head coach hiring against non-2022 decision-makers are too far removed from Plaintiff's circumstances and theory as to the Texans to be discoverable.

Moreover, Plaintiff's reliance on *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) to seek discovery concerning non-head coach hiring in general is misplaced.[4] Judge Cave applied *Chen-Oster* and correctly concluded that it did not "support[]. . . the breadth of Plaintiffs' requests." Order at 13. *Chen-Oster* confined discovery of other complaints to the plaintiffs' own revenue-generating divisions, declining to reach divisions with "significantly different" compensation and evaluation models. *Chen-Oster*, 293 F.R.D. at 567–68. Plaintiff's demand for complaints by non-head coaches are the analogue of the out-of-division discovery *Chen-Oster* refused. *See id.* at 567 (collecting cases); Order at 13 (determining that non-coaches were not subject to the same hiring processes as head coaches); *see also Curtis v. Citibank, N.A.*, 70 Fed. Appx. 20, 24 (2d Cir. 2003) ("[T]he district court acted within its discretion in rejecting plaintiffs' sweeping discovery request for all formal and informal complaints of racial and sexual harassment and discrimination throughout the company, and in limiting discovery to the plaintiffs' supervisors and to their division.").

Here, Plaintiff has not identified a sufficient connection between non-head coach hiring and his claims of discrimination in head-coach hiring. As in *Chen-Oster*, "the likelihood that discovery of complaints by [non-head coaches or candidates] will be overly burdensome outweighs the scant possibility of uncovering admissible evidence," and Plaintiff has not demonstrated that these complaints are relevant. *Chen-Oster*, 293 F.R.D. at 567. Thus, even to the

[4] The Texans join the NFL's opposition to the Objection to the extent applicable to the Texans.

degree this portion of the Objection applies to the Texans, Plaintiff has not established clear error or legal mistake in Judge Cave's Order.[5]

## CONCLUSION

For the foregoing reasons, the Houston Texans respectfully request that the Court overrule Plaintiff's Rule 72(a) objections and affirm Magistrate Judge Cave's August 28, 2026 Order in all respects.

Dated: September 25, 2026

Respectfully submitted,

**REYNOLDS FRIZZELL LLP**

*/s/ Jean C. Frizzell*
Jean C. Frizzell (admitted *pro hac vice*)
Elizabeth J. Wilkerson
Laura C. Murray (admitted *pro hac vice*)
1100 Louisiana, Suite 3500
Houston, Texas 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
jfrizzell@reynoldsfrizzell.com
ewilkerson@reynoldsfrizzell.com
lmurray@reynoldsfrizzell.com

*Attorneys for Defendant Houston NFL Holdings, L.P. d/b/a Houston Texans*

## CERTIFICATE OF COMPLIANCE

As required by Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York, I certify that this document contains 3,073 words, excluding the parts of the document that are exempted by Rule 7.1(c).

*/s/ Laura C. Murray*
Laura C. Murray

[5] Plaintiff's third and fourth objections (Obj. at 1, 10) plainly do not apply to the Texans. As for the third objection, Plaintiff served no requests for production on the Texans about Colin Kaepernick or Jon Gruden. The fourth objection concerns a non-Texans custodian.